U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

**2022 JUL 13  AM 10: 58**

HEATHER THOMAS
CLERK
Rachard Smith
DEPUTY CLERK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| IN RE: | : | CASE NO. 15-58442-WLH |
|  | : |  |
| SUGARLOAF CENTRE, LLC, | : | CHAPTER 11 |
|  | : |  |
| Debtor. | : |  |

**CHITTRANJAN THAKKAR'S MOTION TO [1] REMOVE AND BAR THE CHAPTER 11 TRUSTEE; [2] DISQUALIFY AND BAR GLASSRATNER ADVISORY & CAPITAL GROUP, LLC, ACCOUNTANTS FOR THE TRUSTEE; AND [3] DISGORGE ANY FEES AND EXPENSES OF THE TRUSTEE AND THE TRUSTEE'S FINANCIAL ADVISOR**

Interested Party, Chittranjan Thakkar, appearing in this matter *pro se*, ("Thakkar"),

hereby files this Motion to [1] Remove and Bar the Chapter 11 Trustee; [2] Disqualify and Bar

GlassRatner Advisory & Capital Group, LLC, Accountants for the Trustee, or its successor;

[3] and Disgorge any Fees and Expenses of the Trustee and the Trustee's Financial Advisor,

("Motion"), whether awarded, awarded and paid, or applied for, and states the following.  For

the reasons stated below, and as the Court previously determined following its 54-page

decision in Case No. 15-442, Doc. No. 300 and in Case No. 15-58444, Doc. No. 230, the

Court should enter an order of disqualification of the Trustee, Ronald Glass ("Glass"), his

retained accountants, GlassRatner Advisory & Capital Group, LLC ("GlassRatner"), and enter

such an order, *nunc pro tunc*:

    **I.**    **Relevant Proceedings in this Case Since April 17, 2021 (Date of Removal Order)**

    1.    On November 17, 2020, the Court entered its Order on Final Application for

Compensation filed by Glass Ratner Advisory & Capital Group, LLC ("GR Final Order").  On

1

or about November 17, 2020,  the Court also entered its Order on Final Application for

Compensation filed by Ronald L. Glass, Chapter 11 Trustee ("Glass") ("Glass Fee Order").

      2.     Thakkar appealed the GR Final Order and the Glass Fee Order to the United

States District Court for the Northern District of Georgia, Atlanta Division ("District Court")

and the Eleventh Circuit Court of Appeals. The appeal to the Eleventh Circuit of Appeals was

dismissed as untimely and the GR Final Order and Glass Fee Orders are final and non-

appealable.

      3.     After entry of the GR Final Order and the Glass Fee Order, the Court entered its

Order on Motion to (1) Remove the Chapter 11 Trustee; (2) Disqualify Glass Ratner Advisory

& Capital Group, LLC, Accountants for the Trustee; (3) Disgorge Any Fees and Expenses of

the Trustee, and (4) Disgorge Any Fees and Expenses of the Accountants for the Trustee (Case

No. 15-58442, Doc. No. 300 & Case No. 15-58444 Doc. No. 230) ("Removal Order") entered

on April 19, 2021 wherein, among other things, the Court concluded the Glass and Glass

Ratner were entitled to fees startling on April 28, 2019. The Court further found that Glass as

trustee "…is governed by Section 330(a)(3) and is capped at the maximum commission

provided in section 326." 11 U.S.C. 326 & 330(a)(3). The Court then awarded Glass for all

time billed on or after April 28, 2019. See Removal Order.

      4.     Thakkar incorporates by reference as if fully rewritten herein all the pleadings in

the bankruptcy cases of NRCT, LLC ("NRCT") and Nilhan Developers, LLC ("Developers"),

including the several motions giving rise to the Removal Order.

      5.     This Court conducted an extensive evidentiary hearing on February 22, 2021

with respect to the motions to remove Glass and Glass Ratner in the NRCT and Developers

bankruptcy cases.

6.    These hearings and the information with respect to the incomplete and inaccurate

disclosures occurred after entry of the GR Fee Order and Glass Ratner Fee Order. At the time

the Court conducted the hearings in NRCT and Developers, the GR Fee Order and Glass Fee

Order were on appeal to the District Court and then to the Eleventh Circuit Court of Appeals.

The appeals have been dismissed and this Court now has jurisdiction over the orders.

7.    The Court scheduled a status conference in this case which was conducted on

June 30, 2022. It appears that final disbursements to the professionals and creditor,

Westmoore, are the remaining issues. **Thakkar brings this Motion as his objection to all**

**final disbursements and his request for the Court to enter an order**, *nunc pro tunc*,

**through the date of appointment of Glass as Trustee and employment of GlassRatner on**

**his behalf.**

8.    This Court is extremely familiar with the facts and evidence leading to the

removal of Ronald Glass as Plan Agent in the bankruptcy cases of NRCT and Developers. The

failures to disclosure directly related to and impacted the administration of the Sugarloaf

bankruptcy case. Counsel for Thakkar, Niloy Thakkar and Rohan Thakkar raised issues

concerning the actions taken of the Trustee on numerous occasions prior to learning of the

relationship between Ian Ratner and SEG Gateway, LLC and Good Gateway, LLC.

9.    The facts and evidence related to the inappropriate and incomplete disclosures

were not known at the time the Court entered the GR Fee Order and the Glass Fee Order. Only

after an exhaustive hearing was a determination made and information finally disclosed about

the nature and extent of the prior relationship between Ian Ratner ("Ratner"), SEG Gateway

LLC ("SEG") and Good Gateway, LLC ("GG") and their undisclosed plans with respect to

Sugarloaf.

3

10.    If the information had been properly disclosed to the Court and all parties-in-interest it is unlikely that Ronald Glass and Glass Ratner, would have been involved as professionals in any of the cases including, without limitation, this case where the failures to properly disclose are directly related to Sugarloaf. Thakkar guaranteed the payment of approximately $7,500,000.00 to SIMBA which was assigned to Westmoore and after application of all payments and foreclosure on the real property there will remain an outstanding balance on the claim. **Thakkar, as a guarantor, will be held responsible for the balance due**.

11.    Sugarloaf will not receive a discharge and the indebtedness to Westmoore will remain due and owing. Granting the relief requested by this Motion with respect to Glass and Glass Ratner,  will result in additional funds to Westmoore and may provide an opportunity for Sugarloaf to continue its operations and repay the indebtedness **and will reduce the personal liability of Thakkar as guarantor of that indebtedness.**

**II.     Thakkar is an Interested Party in this Proceeding and has Standing**

The Court also entered an Order on Final Application for Compensation filed by Morris, Manning & Martin, LLP, the Trustee's legal counsel ("MMM"), on November 17, 2020 in this case. [D.E. 201]. Thakkar filed objections to that fee application as well as objections to the applications submitted on behalf of Glass and GlassRatner. The Court addressed the issue of Thakkar's standing to submit objections and found as follows:

4

As the Court noted at the hearing on October 6, 2020, though Mr. Thakkar has been the manager of the Debtor and aided in driving the Debtors' cases, his standing is attenuated. Nevertheless, the Court allowed Mr. Thakkar to proceed, noting the Court has an independent duty to review professional fees. Just as the court found in Sarkis Investments Co., this Court finds it must consider the reasonableness of the compensation requested and will review each of the Applications.

D.E. 201 at 17-18.

As mentioned above, the Court's November 17, 2020 Orders were thereafter appealed twice by Thakkar—once to the District Court and once to the Eleventh Circuit Court of Appeals. The District Court affirmed this Court's decisions and remarked as follows, adopting a finding made by this Court in addressing Thakkar's contention that his claim of standing based on his status as a guarantor of the SIMBA/Westmoore debt was not substantiated:

Whether such a financial interest would satisfy the standard is a question for another day; the problem for Thakkar is that there is no evidence in the record of such a guaranty. The bankruptcy Court made a similar finding in its Order:

In his supplemental response, [Thakkar] states he has standing because of the Westmoore debt. At the hearing, his counsel stated he has standing for three reasons because: 1) he is the former manager of the Debtor; 2) he is the manager of the equity interest holder; and 3) he is a guarantor of the Westmoore debt (a reduction in fees resulting in a greater distribution to Westmoore benefits him personally through a reduction in his guaranty). *No evidence was presented on any of these points.*

Case No. 1:20-cv-04876-RWS at *3.

On appeal to the Eleventh Circuit, the District Court's decision was unaltered due to the

appellate court's dismissal of Thakkar's notice of appeal as untimely. *Thakkar v. Ronald Glass, Trustee*, 11th Circuit Case No. 21-12844-DD. At bottom, neither this Court nor the District Court held that Thakkar did not have standing to object to the fee applications submitted by Glass and GlassRatner. Now, however, as represented by Thakkar's counsel at the hearing on approval of the fee applications, his standing is derived from the fact that Thakkar is a guarantor of the SIMBA/Westmoore obligation as demonstrated by his written guarantee of that debt, a copy of which is attached hereto and incorporated herein by reference as Exhibit A. Thakkar therefore has standing to bring this Motion. Although mention of this guarantee was made at the time of the hearing on the fee applications, it was an oversight on not having it readily available at the time. **Any additional funds distributed to Westmoore as the assignee of SIMBA reduces Thakkar's guarantor obligation dollar for dollar. He therefore has a direct interest in the outcome of this proceeding.**

### III.  Background On Appointment of Trustee and Employment of GlassRatner and MMM

12.  This case was commenced by the Debtor through the filing of a Voluntary Petition, under Chapter 11 of the Bankruptcy Code.

13.  On June 8, 2015, the Court entered an Order that this case and additional other Chapter 11 Cases were consolidated for procedural purposes only and shall be jointly administered by the Court under the case of Bay Circle Properties, LLC Case No. 15-58440-wlh.

14.  On November 8, 2018, the United States Trustee ("UST") filed a Motion for the Appointment of a Chapter 11 Trustee (ECF 903) (Motion).

15.  On November 30, 2018, alleged creditors Good Gateway, LLC ("GG")

and SEG Gateway, LLC ("SEG") filed a joinder to the UST's Motion (ECF 913).

16.     On December 11, 2018, the following occurred: [1] an Order was entered directing the UST to appoint a Chapter 11 Trustee (ECF 919); [2] a Notice of Appointment of Ch. 11 Trustee and Setting of Bond was filed by the UST (ECF 920); [3] an Application for Approval of Appointment of Trustee was filed by the UST accompanied by a Verified Statement of Ronald L. Glass (ECF 921); and, [4] an Order Approving Appointment of Chapter 11 Trustee (ECF 922) was entered.

17.     On December 20, 2018, the Trustee caused the filing of an Application to Employ GlassRatner Advisory & Capital Group, LLC as Financial Advisor (ECF 934) and an Order was entered on January 22, 2019 approving the selection of GlassRatner.

**IV.     Litigation Leading Up to The Filing of The Bankruptcy Cases**

18.     Good Gateway, LLC  is a Florida limited liability company, formed on August 13, 2007.

19.     SEG Gateway, LLC  is an active Florida limited liability company.

20.     Carson Good ("Good") is an individual who currently is the sole member of GG and claims GG is the sole member of SEG.

21.     On July 6, 2010, Good commenced litigation, which was assigned Case Number 2010-CA-015315-O in the Ninth Judicial Circuit Court of Orange County, Florida ("Good Gateway Litigation"), through GG, which listed Good as a member.

22.     The Good Gateway Litigation started as a simple contract dispute ten years ago and blossomed into multi-state litigation involving tens of millions of dollars of judgments and millions of dollars of attorneys' fees and costs.

23.     The first filed Annual Report, filed May 5, 2008, listed Good as the sole

7

managing member of GG. Good served as such until April 27, 2016 when the GG Annual Report was filed in Florida which listed Good only as the Manager of GG. This designation has continued until the most recent filed Annual Report, March 18, 2020, where he continued in that role. There are no listed members of GG.

24. In January 2015, GG obtained an Amended Final Judgment in the amount of $2,500,000 against Thakkar, Orlando Gateway Partners, LLC, Nilhan Financial, LLC, Nilhan & Rohan, LLC and NCT Systems, Inc, all Thakkar entities.

25. On or around November 13, 2007, SEG was formed in Florida.

26. The initial members of SEG were a company known as Orlando Gateway, LLC, a Georgia limited liability company ("Old OG") and GG.

27. While the value of the membership interest Old OG held in SEG, in early 2012, was probably negative, the use of Old OG's interest in SEG led to a multi-million dollar judgment in favor of SEG against some of the Defendants in that action.

28. SEG became a judgment creditor of numerous parties, along with certain entities which mostly filed bankruptcy cases after SEG obtained a $12,000,000 judgment against Thakkar, Nilhan Hospitality, LLC, NCT Systems, Inc., Orlando Gateway Partners, LLC and Niloy & Rohan, LLC. GG also obtained a judgment in the amount of $2,500,000 against Thakkar, Orlando Gateway Partners, LLC, Nilhan Hospitality, LLC, Niloy & Rohan, LLC and NCT Systems, Inc.

29. NCT was dissolved by the Florida Secretary of State at some point in 2017 probably for the failure to file an Annual Report.

30. NCT was owned by the Judgment Debtor, Thakkar before he was compelled to transfer his common stock to GG and SEG.

31.     Thakkar thereafter was ordered to relinquish his ownership of all NCT common stock to the Judgment Creditors.

*32.*     On September 10, 2018, NCT was reinstated as an active Florida corporation with its mailing and principal address listed as on 174 W. Comstock Ave . #100 Winter Park, FL 32789 (the same address used by GG and SEG). The Registered Agent was listed as Clay M. Townsend, Esq. 20 N. Orange Ave. Suite 1500 Orlando, FL 33801 who has represented GG and SEG for over ten years in various courts, including this Court upon being admitted *pro hac vice.*

33.     A review of the Florida Secretary of State, Division of Corporations for Florida website reveals that NCT also filed an Annual Report for 2019 again using the address of NCT as the same address of GG and SEG.

34.     Apparently, GG and SEG found the ownership of Thakkar's interest in the NCT stock important enough to not be managed by the Judgment Creditors but by, what appeared to be a totally different entity as the sole officer and director of NCT and who was responsible for the reinstatement of Gateway's new company, NCT Systems, Inc., a Florida Corporation. The digital signature of the electronically-filed form naming Ratner as the chief executive officer of NCT Systems, Inc. allegedly without his consent is an identifiable record within the custody and possession of the Florida Secretary of State, Division of Corporations.

35.     A recent accounting supplied to Thakkar by GG does not give any monetary credit to Thakkar for the value of NCT placed upon it after the stock was transferred to  the Judgment Creditor(s).

**V.      Bankruptcy Law - Appointment of Trustees & Employment of Accountants**

The appointment of a Trustee is governed by 11 U.S.C. § 1104 in conjunction with

Fed.R.Bankr.P 5002(a).

The award of compensation for the Trustee and the Trustee's professionals was addressed by the Eleventh Circuit Court of Appeals, in which the court noted that "A bankruptcy judge's discretion in awarding compensation for services performed during bankruptcy proceedings deserves great deference. *See In re Holywell Corp., 967 F.2d at 571; In re Red Carpet Corp. of Panama City Beach, 902 F.2d at 890"* and the Court agreed that "... both the district court and bankruptcy court that the language of 11 U.S.C. § 328(c)[4] permits a court to deny compensation to professionals found not to be disinterested persons . . .". *Electro-Wire Prods. V. Sirote & Permutt, P.C. (In re Prince)*, 40 F.3d 356, 359 (11th Cir. 1994).

"The Tenth Circuit Court of Appeals stated in another bankruptcy fee compensation case that in exercising the discretion granted by the statute we think the [bankruptcy] court should lean strongly toward denial of fees, and if the past benefit to the wrongdoer fiduciary can be quantified, to require disgorgement of compensation previously paid that fiduciary even before the conflict arose. *Gray, 30 F.3d at 1324". Id. at 360*. The Eleventh Circuit agreed with this reasoning. *Id.*

"As the Supreme Court noted over half a century ago: the incidence of a particular conflict of interest can seldom be measured with any degree of certainty. The bankruptcy court need not speculate as to whether the result of the conflict was to delay action where speed was essential, to close the record of past transactions where publicity and investigation were needed, to compromise claims by inattention where vigilant assertion was necessary, or otherwise to dilute the undivided loyalty owed to those whom the claimant purported to represent. Where an actual conflict of interest exists, no more need be shown in this type of case

to support a denial of compensation. *Woods v. City National Bank & Trust Co., 312 U.S. 262, 268, 61 S. Ct. 493, 497, 85 L. Ed. 820 (1940)*." Id

The accurate measure of prejudice here is not what a trustee or professional did or did not do in handling a case but **rather whether the trustee or professional could have unbiasedly made decisions in the best interest of its client.** *Id.* Emphasis added.

"The purpose of section 327(a)[5] of Title 11 of the United States Code is to ensure impartiality in bankruptcy representation. See *In re Roberts,* 46 Bankr. 815, 826-27 (Bankr.D.Utah 1985)." *Id.* at 361. The hiring of a professional under § 327(a) also directly implicates the definition of a "disinterested person", pursuant to § 101(14).[6]

Whether a trustee or professional inadvertently or intentionally neglected to inform the court of its conflicts is of no import. *Id.* "It is no answer to say that fraud or unfairness were [sic] not shown to have resulted." *Woods v. City National Bank & Trust Co., 312 U.S. 262, 268, 61 S. Ct. 493, 497, 85 L. Ed. 820 (19400.)*" *Id.*

"While a bankruptcy judge's discretion in deciding compensation cases under section 328 enjoys great bounds, it is not unlimited." *Id.*

**A complete denial of fees may be extreme in some instances, this case requires nothing less.** "This sanction serves to deter future wrongdoing by those punished and also to warn others who might consider similar defalcations. *Gray*, 30 F.3d at 1323." *Id.*

The appointment of the trustee and the employment of GlassRatner by the bankruptcy court along with any award of fees to the trustee and GlassRatner constitutes an abuse of discretion as defined in *Neville v. Eufaula Bank & Trust Co. (In re U.S. Golf Corp.),* 639 F.2d 1197, 1201 (5th Cir.1981) and any such fees or expenses received by the trustee and GlassRatner should be disgorged in toto. Electro-Wire Prods. V. Sirote & Permutt, P.C. (In re

11

Prince), 40 F.3d 356 (11th Cir. 1994).

The conflicts under which the Trustee, his legal counsel, and GlassRatner operated are extreme and neither could impartially serve under the circumstances of this case given the extreme circumstance of the conflict.

The conflict that exists is evident in Exhibit "B" which shows that the Trustee's partner in forming GlassRatner, Ian Ratner, not only served as the President and Director of NCT, the very same entity upon which stock Good Gateway, LLC and SEG Gateway, LLC recovered from Thakkar and the very same NCT for which Clay Townsend served as Registered Agent, when NCT was reactivated on September 10, 2018 (prior to the appointment of Glass as Trustee) and continued on record as President and Director until the 2019 Annual Report for NCT was filed with the Secretary of State, Division of Corporations, on April 26, 2019, but signed the reinstatement using the business address of GlassRatner.

**Neither the trustee nor GlassRatner were disinterested and neither should have or should continue to serve in such capacities. All fees and expenses paid to the trustee and GlassRatner should be returned to the Bankruptcy Estate.** A new trustee should be appointed and an accounting firm should thereafter be employed by a newly appointed Trustee, who does not hold such disqualifying conflict and who truly is a disinterested party capable of being appointed.

The fact that the founding members of GlassRatner, Ronald Glass and Ian Ratner, have been partners for numerous years, the extensive litigation between the Thakkars and Good Gateway added to a bankruptcy case where the Trustee and the Equity holders, have been at odds, makes this undisclosed conflict even more egregious than a simple failure to disclose a fact, since the very

12

appearance of the Trustee's partner having represented the adversary of the Equity Holders in this and other cases, reeks of an extreme conflict which disqualified both from service as trustee and professionals for the Chapter 11 Trustee. Given the undisclosed nature of the conflict, it is of no import whether the Chapter 11 Debtor Estate was directly damaged financially. The conflict is extreme and detrimental to the Estate and the sanctity of the Bankruptcy process itself. No trustee with said conflict would ever be appointed by the U.S. Trustee and approved by the Court given this conflict.

**VI.    Glass and GlassRatner Should be Compelled to Disgorge All Fees and Expenses Paid to Date and Denied Further Compensation; Removed from Their Respective Capacities; and Barred from Bankruptcy Proceedings for No Less Than Two Years**

"At the conclusion of the Court's December 4, 2018 hearing, the Court ordered the appointment of a trustee. Counsel for the U.S. Trustee stated the U.S. Trustee would solicit suggestions from any parties in interest as to who should serve as a trustee and invited anyone with a person to nominate to do so by the close of business on December 6, 2018. On December 11, 2018, the U.S. Trustee filed a Notice of Appointment of Chapter 11 Trustee and Setting of Bond (Case No. 15-58440 Doc. No. 920), and an Application for Approval of Appointment of Trustee (Case No. 15-58440 Doc. No. 921), which is discussed in more detail below. That same day, the Court entered an order granting the Motion for the Appointment of a Chapter 11 Trustee (Case No. 15-58440 Doc. No. 919), and an order approving Mr. Glass as Trustee (Case No. 15-58440 Doc. No. 922). On December 20, 2018, the Trustee filed an Application to Employ GR as Financial Advisor (Case No. 15-58440 Doc. No. 934), which is described below. GR is a firm named for Glass and Ian Ratner ("Mr. Ratner"). (Case No. 15-58440 Doc. No. 965)." Removal Order at *6-7.

13

Upon discovery of the existence of the September 7, 2018 Letter Agreement, motions were filed in the NRCT and Developers bankruptcy cases for removal of the Trustee and GlassRatner, requesting the removal of the Trustee and his Financial Advisor, disgorgement of fees approved and paid. Those motions were fully briefed and depositions of Glass, Jones, Townsend and Ratner were taken by *pro hac vice* counsel appearing for Thakkar.

An evidentiary hearing was conducted by the Court after considering the evidence presented through the testimony of Glass, Ratner, Townsend and Jones. The Court took the motions under advisement and invited the parties to file supplemental briefs, which was done. For ease of reference, Thakkar attaches hereto and incorporates herein by reference a copy of the Court's Removal Order as Exhibit C.

It is clear beyond peradventure that as the UST solicited names for the appointment of a trustee from counsel for Good Gateway, LLC, that Glass's name was tendered. **This was done quite likely by Jones or Townsend or their offices. At the time this was accomplished the signatories to the Letter Agreement were deep into the undisclosed mission of wresting control of Sugarloaf's assets from the Debtor, Thakkar, and all other interested parties.** No matter how the parties to the Letter Agreement wish to "spin" their non-involvement or failure to remember the extent of their involvement, the documents demonstrate otherwise. Based only on what facts were unearthed following the Court's evidentiary hearing, the Court made the following stunning findings:

[Continued on next page]

14

Moreover, Mr. Glass's disclosure was insufficient under Rule 2007.1. Mr. Glass did make a partial disclosure, and the Engagement Letter was shared with the U.S. Trustee. His communications with counsel for the U.S. Trustee, however, have turned out not to be entirely accurate. He stated the Engagement Letter was not executed (which evidence has shown to the contrary), and that "[n]o conversations or information was exchanged[.]" This statement was not accurate, as the abundant email communications demonstrate. Information about Sugarloaf and Gateway's interest in the case was also shared with GR in several emails and in the text of the Engagement Letter itself, which Mr. Glass had and shared, and in the shareholder's consent. Mr. Glass had to have known GR was retained specifically to take action against Sugarloaf; it was stated plainly in the Engagement Letter. This demonstrates Mr. Glass's failure to fully disclose the Engagement Letter was not inadvertent. He intentionally chose not to fully disclose the nature of the planned engagement. Further, Mr. Glass did not supplement or amend his disclosures at

Removal Order at *46.

Moreover, GR and the Trustee failed to update their disclosures when they learned of the Reinstatement. It is also very troubling that GR and the Trustee seemingly take no responsibility for their failure to disclose. They place the responsibility of "discovering" the issue on everyone else—the U.S. Trustee, their counsel Morris Manning and Martin, the Court, and Mr. Thakkar. To be clear, the responsibility of accurate disclosures is on the professional. While the U.S. Trustee must propose the specific trustee, it is the Court who approves the trustee, not the U.S. Trustee. So, it is the Court to whom the professional owes the duty, not the U.S. Trustee.

Removal Order at *52.

15

As a further sanction, the Court will remove Mr. Glass as Plan Agent under both confirmed plans and remove GR from working for any Plan Agent in these cases. The issues raised here now make it most difficult to move forward with either of them involved in these cases.

Removal Order at 53.

**Yet, these are the same individuals who continued their efforts on behalf of the Debtor, NRCT, LLC and were integrally involved in the contribution claim specifically formulated by Glass, Dopp, Townsend, Jones and likely others.** All to the detriment of Thakkar and related Thakkar entities. In the Court's follow-on Order on Motion for An Order to Show Cause Why Walter E. Jones And Clay Townsend Should Not Be Sanctioned in Case 15-58443-wlh [D.E. 358], no less serious criticisms were lodged against Townsend and Jones for their undisclosed role in this scheme. Although the Court decided not to issue an order to show cause as the movants requested, the Court's conclusion was anything but complimentary of Townsend's and Jones' involvement in the above-described improprieties.

[Continued on next page]

The Court does not condone Mr. Jones's and Mr. Townsend's behavior. The Court expected them and the U.S. Trustee <u>and</u> the professionals to be more forthcoming. Nevertheless, their conduct is not tantamount to bad faith. They did not interfere with a Court order, and they did not violate a statutory duty. Mr. Jones's and Mr. Townsend's behavior was certainly not ideal. The better practice would have been to disclose the Engagement Letter and Reinstatement when the Court was considering the appointment of the Trustee and his application to retain GR, particularly since Mr. Glass's declaration said the letter had not been signed.[3] Nevertheless, Mr. Jones's and Mr. Townsend's conduct is not sufficiently egregious to warrant the imposition of sanctions pursuant to the Court's inherent authority. There is also no basis to sanction Mr. Jones and Mr. Townsend pursuant to section 105(a) as there are no allegations they violated a Court order or rule.

Id. at *12.

Additional facts have been revealed since the Removal Order was entered that further demonstrate the veracity of the presence of a collusive effort undertaken by Glass, GlassRatner, aided and abetted by Glass's counsel, MMM, Townsend and Jones. Some of this information relates specifically to the recently completed trial by the Court on the contribution claim prosecuted in the NRCT adversary proceeding, which was completed on May 11, 2022, subject to closing arguments now scheduled for July12, 2022. See *Good Gateway v. NRCT, LLC* (Case No. 19-05284-wlh). **Considering this additional information, the Court should undertake an immediate supplementary review of the circumstances which involves the background of the Letter Agreement dated September 7, 2018 and actions and communications of the involved parties to the Letter Agreement after the execution thereof.** Thakkar contends that, upon further review by the Court of all of the information known at the time of the Removal Order, as supplemented by the newly discovered information described below, the Court should

grant the relief requested in this Motion, order the disgorgement of all fees and costs paid and

applied for by Glass and GlassRatner on a retroactive or *nunc pro tunc* basis, and due to the

obvious false and perjured testimony given by the witnesses who testified at the evidentiary

hearing and the related obstruction of these proceedings before the Court, **Thakkar requests the**

**Court to refer this matter to the United States Attorney's Office for the Northern District**

**of Georgia**. Such a referral should include Townsend and Jones as they both aided and abetted

the undisclosed activities of Glass, GlassRatner, and MMM.[1] Attached hereto as <u>Exhibit D</u> is a

copy of the very revealing email message directed to Jones by counsel, John Moffa, on January

25, 2021, which was previously filed as Exhibit 9, Doc. No. 263 in Case No. 15-58443-WLH.

Although Thakkar realizes this request will be seen by the Trustee and his advisors as

unnecessary, the testimony heard by this Court during the evidentiary hearing from the

participants to the Letter Agreement, compared to the real facts disclosed in the record and the

additional email communications attached hereto, there is at least probable cause to believe that

the participants to the collusion revealed in the Court's Removal Order violated the following

federal obstruction of justice statute:

> **"(a) Whoever corruptly, or by threats or force, or by any threatening letter or**
> **communication, endeavors to influence, intimidate, or impede any grand or petit**
> **juror, or officer in or of any court of the United States**, or officer who may be
> serving at any examination or other proceeding before any United States magistrate
> judge or other committing magistrate, in the discharge of his duty, or injures any such
> grand or petit juror in his person or property on account of any verdict or indictment
> assented to by him, or on account of his being or having been such juror, or injures any
> such officer, magistrate judge, or other committing magistrate in his person or property
> on account of the performance of his official duties, **or corruptly or by threats or**

---

[1] Rule 4-1.8(e), Rules Regulating the Florida Bar, which prohibits a lawyer from providing financial
assistance to litigation clients and states: e) Financial Assistance to Client. A lawyer is prohibited from
providing financial assistance to a client in connection with pending or contemplated litigation, except
that: (1) a lawyer may advance court costs and expenses of litigation, the repayment of which may be
contingent on the outcome of the matter. The provisions of the Letter Agreement signed by Townsend
binding his law firm, Morgan & Morgan, P.A. violate Rule 4-1.8(e). This Court is obligated to refer this
violation to the State Bar of Georgia.

**force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished as provided in subsection (b).....**

18 U.S.C. § 1503.

Thakkar submits the following documentary evidence attached as additional referenced exhibits wholly support this Motion and the relief requested herein. The Court's Removal Order provides a clear differentiation among the statements made by Jones, Ratner, Townsend and Glass before the evidentiary hearing in the form of a plethora of email strings which evidence the naked discussions of collusion among the participants compared to the sworn testimony provided to the Court at the evidentiary hearing where much of the collusive conduct was denied or "forgotten." The denials under oath in the face of the facts disclosed in the documentary evidence point to only one logical conclusion—perjurious testimony and obstruction of justice. For example, attached hereto as Exhibit E is a collection of email messages and other relevant documents identified in the Table below which clearly are at odds with the sworn testimony provided to this Court by the participants involved in this rather bold scheme:[2]

| Nature of Communication | Individuals Involved | Description |
| --- | --- | --- |
| Multiple email messages among counsel for Good Gateway LLC and representatives of GlassRatner that address the purpose and negotiation of the terms of the Letter Agreement | Clay Townsend, Ian Ratner, Jason Cristal, Walter Jones and others employed at Balch & Bingham, LLP | June 1, 2018 through September 10, 2018. Several drafts of the Letter Agreement were exchanged among the parties thereto as early as July 2018. |
| Verified Statement of Ronald Glass | Ronald Glass | December 10, 2018. Paragraphs 2 through 5 of the Verified Statements are false as shown by the compilation of email communications attached hereto. [D.E. 247-1]. |

---

[2] The dates of the UST recommendation for approval of Glass as Trustee and the December 4, 2018 hearing on appointment of a Trustee are paramount compared to the months earlier where the signatories to the September 7, 2018 Letter Agreement, and their accomplices structured their collusive effort to wrest control of the Sugarloaf assets from Thakkar entities.

19

| Declaration of Ian Ratner | Ian Ratner | January 24, 2021 (three years after appointment of Trustee). At a minimum, paragraphs 8, 10-12, 14-15 of the declaration are false as shown by the compilation of email communications attached hereto. Ian Ratner did sign the Letter Agreement and exchanged email communications concerning same including an email dated September 7, 2018 to Walter Jones at 3:24 p.m. stating "All good-thank you-proceed." |
|---|---|---|
| Multiple email messages among counsel for Good Gateway LLC (Townsend and Jones), Carson Good of Good Gateway, LLC and representatives of GlassRatner that address the purpose and services under the terms of the Letter Agreement | Carson Good, Ron Glass, Walter Jones, Ian Ratner and other representatives of Glass Ratner (jmurovitz). | April 18, 2019, May 4, 6-7, 2018, May 13, 2019, June 1, 2019, June 13, 2019. These communications include messages that include the Trustee, Ron Glass exchanged with Carson Good and counsel representing Good Gateway, LLC AFTER the date Glass became Trustee. The emails further the engagement evidenced in the Letter Agreement. |
| Multiple email messages among counsel for Good Gateway LLC (Townsend and Jones), Carson Good of Good Gateway, LLC and representatives of GlassRatner that address the purpose and services under the terms of the Letter Agreement—most notably the rent rolls and possible valuation of the Sugarloaf income generating assets | Lara Fernandez, Damien Prosser, Clay Townsend, Benjamin Webster, Raj Patel, Sonial Patel, Douglas Menchise, | September 22, 2019, September 24, 2019, September 27, 2019, October 10, 2019, October 15, 2019, November 25-26, 2019, December 7, 2019. These messages relate principally to the exchange of financial information among the Trustee appointed in the Nilhan Financial, LLC bankruptcy proceeding then pending in the MDFL and the valuation of the Sugarloaf assets along with a prospective interested purchaser of the assets, JMS Family, LP. |
| Email communication by Lisa Wolgast and Frank DeBorde of MMM to counsel for Good Gateway, LLC disclosing a preliminary draft of the Dopp Report commissioned in the NRCT contribution claim adversary proceeding. Attached to | Lisa Wolgast, Frank DeBorde, Walter Jones, Paul Dopp (GlassRatner) | April 25, 2019. This message represents a disclosure of the Dopp Report for tacit approval by counsel for Good Gateway, LLC before Dopp formally filed his report with the Court in support of the contribution claim made by Good Gateway against |

| | | |
|---|---|---|
| the email is a copy of the Dopp Report for review and approval of Good Gateway LLC's counsel, Walter Jones. | | NRCT, LLC. This disclosure was never disclosed by anyone during the evidentiary hearing. |
| Deposition of Carson Good taken in Good Gateway v. Orlando Gateway Partners, LLC (Ninth Judicial Circuit Court for the County of Orange, State of Florida | Carson Good | February 28, 2022 deposition of Carson Good taken by John Moffa, Esq. and cross-noticed by Thakkar. Deposition taken for purposes of the "NCT Valuation Hearing conducted on October 5, 2021 and March 15, 2022—continued to date TBD. As reflected on the attached Exhibit E, Good provided testimony to the effect that based on the annual lease revenue of Sugarloaf, the value of the asset could significant as shown in the emails exchanged among himself, Ron Glass, and another representative of GlassRatner. |
| Statements made by Townsend and Jones at the Court's hearing on the U.S. Trustee's Motion for Appointment held on December 4, 2018 | Clay Townsend and Walter Jones, counsel for Good Gateway, LLC and SEG Gateway, LLC | Both attorneys felt the hearing was of sufficient importance that Townsend traveled from Florida to attend. Both made statements on the record supporting the Trustee's motion, disparaged Thakkar, emphasized that bankruptcy Judge Jennemen in the MDFL issued a bench warrant for Thakkar's arrest and incarcerated him for discovery violations and that a second bankruptcy judge, Judge Williamson, found Thakkar to be a serial discovery violator. The significance of these statements, attached hereto as part of Exhibit E, is that Townsend and Jones were enmeshed at the time in the activities associated with the terms of the undisclosed Letter Agreement dated September 7, 2018. **None of this was disclosed by them to this Court.** |

| Deposition testimony of Walter Jones, Clay Townsend, Ronald Glass, and Ian Ratner taken on February 17, 2021. Filed on April 1, 2021 in Case No. 15-58443-wlh [D.E. 291] | Walter Jones, Clay Townsend, Ronald Glass, and Ian Ratner | The testimony establishes that the Letter Agreement was developed in some vacuum having no relevance to anything. It is, however, unreasonable to believe that these individuals had as much communication as they had between June 2018 and April 2019 regarding the terms of the September 7, 2018 Letter Agreement and remained absolutely silent three months later when Glass was appointed as Trustee. Townsend's testimony establishes that he (or his paralegal) electronically amended the records for NCT Systems, Inc. at the Florida Secretary of State's Office to reflect the appointment of Ratner as CEO of NCT. According to the summary provided to Jones by Attorney Moffa by email on January 25, 2021, entry of false information into that database is a third-class felony in Florida. Ratner testified he never signed the Letter Agreement and never permitted the appointment of him as CEO for NCT. Therefore, there is probably cause to believe that Townsend or Jones may have committed a felony by falsely altering the records of the Florida Secretary of State. This occurred and was in place when Glass was appointed Chapter 11 Trustee. |
| Statements made by Thomas Wayne Dworschak, Office of the U. S. Trustee, at the December 4, 2018 hearing before the Court on appointment of a Chapter 11 trustee in this case | Thomas Wayne Dworschak | And third, Your Honor, the U.S. Trustee is also proceeding under (indiscernible) 1104(e) in that the grounds exist because there are reasonable grounds to suspect that the Debtors' manager, **Charles Thakkar, participated in actual fraud, dishonesty, or criminal** |

| | | **conduct in the management of the Debtor.** The only source from which such defamatory information could have been obtained is from counsel representing Good Gateway, LLC (Townsend and Jones). |
|---|---|---|

## VII.   Conclusion and Relief Requested

**The improprieties of the participants to the Letter Agreement and those who aided and abetted them, should not be overlooked by this Court.** False statements, perjury, obstruction of this Court's proceedings are all evident in the record of this case. The Trustee, Glass, and his advisors (both legal and financial), Townsend and Jones were all integrally involved in the undisclosed scheme involving the income producing assets of Sugarloaf. This is reprehensible conduct, especially both individuals who are lawyers, accountants, and professionals in general. Individuals who have in the past frequently appear before this Court. The Court must protect the integrity of bankruptcy proceedings and must hold the professionals who participate in these proceedings accountable for their misdeeds. They should not be rewarded for what was attempted here. Their ill-gotten gains should be returned to the Debtor's Estate and these individuals held accountable. Thakkar therefore submits that the Court should enter an order providing for the following relief:

   **A.**   **Schedule an evidentiary hearing on this Motion prior to any determination thereon;**

   **B.**   **Permit the parties to engage in discovery for 90 days prior to the hearing date on the issues addressed in this Motion;**

23

C.     Enter an Order to Show Cause compelling Glass and GlassRatner to show cause if any may exist as to why the Court should not enter an order providing for the disgorgement of all fees and expenses paid to the respondents prior to the date of this Motion;

D.     Removing Glass as Trustee as well as GlassRatner and MMM as professionals employed by the Trustee in this bankruptcy case;

E.     Provide in the Order of Removal that the respondents be barred from employment in any bankruptcy proceeding in the Northern District of Georgia for a period of two years after the date of disqualification; and

F.     Refer the findings by this Court as to the misconduct alleged in this Motion, and found to exist following an evidentiary hearing, to the United States Attorney's Office for the Northern District of Georgia for further investigation.

Dated July 12, 2022.

Chittranjan K. Thakkar, *pro se*
3985 Steve Reynolds Boulevard
Building L-101
Norcross, GA 30350
Phone: 678-488-6897
Email: cthakkar1111@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of July, 2022, I submitted by courier

delivery for filing a true and correct version of the foregoing with the Clerk of the United

States Bankruptcy Court for the Northern District of Georgia for filing by the Clerk

electronically by using the CM/ECF system, which sent automatic email notices of electronic

filing to all parties indicated on the electronic filing receipt. In addition, I further certify that as

of the date hereof, I also served copies of the foregoing by delivering same by email

transmission to the following persons at the addresses shown below using the email addresses

for each included in the CM/ECF system:

Lisa Wolgast
Frank W. DeBorde
Morris, Manning & Martin, LLP
3343 Peachtree Rd., N.E., Suite 1600
Atlanta, Georgia 30326

M. Denise Dotson
M. Denise Dotson, LLC
PO Box 767
Avondale Estates, GA 30002

Valerie K. Richmond
Burr & Forman LLP
171 17th Street, Suite 1100
Atlanta, Georgia 30363

Walter E. Jones
Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W., Suite 700
Atlanta, GA 30308

Clay M. Townsend
Morgan & Morgan, P.A.
20 North Orange Avenue, Suite 1500
Orlando, FL 32801

Paul Reece Marr
Paul Reece Marr, P.C.
Suite 960
300 Galleria Parkway, N.W.
Atlanta, GA 30339

Henry F. Sewell, Jr., Esq.
Law Offices of Henry F. Sewell, Jr. LLC
2964 Peachtree Road, NW
Suite 555
Atlanta, Georgia 30305

David Weidenbaum
Office of the U.S. Trustee
Room 362
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

Chittranjan K. Thakkar, *pro se*
3985 Steve Reynolds Boulevard

25

# EXHIBIT A

## UNCONDITIONAL GUARANTY OF PAYMENT AND PERFORMANCE

FOR AND IN CONSIDERATION OF the sum of Ten and No/100 Dollars ($10.00) and other good and valuable considerations paid or delivered to the undersigned CHITTRANJAN K. THAKKAR, a Florida resident (hereinafter referred to as "Guarantor"), the receipt and sufficiency whereof is hereby acknowledged by Guarantor, and for the purpose of seeking to induce SIMBA GLOBAL PTY LTD, a registered Australian proprietary limited company, whose mailing address is 189-311 Bayswater Road, Bayswater North, Victoria, Australia 3153, (hereinafter referred to as "Lender"), to extend credit to SUGALOAF CENTER, LLC, a limited liability company organized in the State of Georgia (hereinafter referred to as "Borrower"), which extension of credit will be to the direct interest and advantage of Guarantor, Guarantor does hereby jointly, severally and unconditionally guarantee to Lender, its successors, successors-in-title and assigns, (a) the full and prompt payment when due, whether by acceleration or otherwise, with such interest as may accrue on the loan, either before or after maturity thereof of that certain Revolving Promissory Note dated effective October 28, 2016 made by Borrower to the order of Lender in the principal amount of Seven Million Five Hundred Thousand and No/100 Dollars ($7,500,000.00) (hereinafter referred to as the "Note"), together with any renewals, modifications. consolidations and extensions thereof, (b) the full and prompt payment and performance of any and all other obligations of Borrower to Lender under any other documents or instruments now or hereafter evidencing. Securing, or otherwise relating to the indebtedness evidenced by the Note (the Note and said other documents and instruments are hereinafter, referred to collectively as the "Loan Documents"). Guarantor does hereby agree that if the Note is not paid by Borrower in accordance with its terms, or if any and all sums which are now or may hereafter become due from Borrower to Lender under the Loan Documents are not paid by Borrower in accordance with their terms, Guarantor will immediately make such payments. Guarantor further agrees to pay Lender all expenses (including reasonable attorney's fees) paid or actually incurred by Lender in endeavoring to collect the indebtedness, to enforce the obligations of Borrower guaranteed hereby, or any portion thereof, or to enforce this Guaranty.

Guarantor hereby consents and agrees that Lender may at any time, and from time to time, without notice to or further consent from Guarantor, whether with or without consideration. surrender any property or other security of any kind or nature whatsoever held by them or by any person, firm or cooperation on its behalf or for its account, securing any indebtedness or liability hereby guaranteed; substitute for any collateral so held by it, other collateral of like kind, or of any kind; modify the terms of the Note or the Loan Documents; extend or renew the Note for any period, grant releases, compromises and indulgences with respect to the Note or the Loan Documents and to any persons or entities now or hereafter liable thereunder or hereunder; release any Guarantor or any other guarantor or endorser of the Note, the Security Instruments, or any other of the Loan Documents; or take or fail to take any action of any type whatsoever. No such action which Lender shall take or fail to take in connection with the Loan Documents, or any of them or any security for the payment of the indebtedness of Borrower to Lender or for the performance of any obligations or undertakings of Borrower, nor any course of dealing with Borrower or any other person, shall release Guarantor's obligations hereunder, affect this Guaranty in any way or afford Guarantor any recourse against Lender. The provisions of this Guaranty shall extend and be applicable to all renewals, extensions, amendments, consolidations or modifications

thereof. This Guaranty unconditionally guarantees the performance of all obligations to Lender as set forth in the Loan Documents made on behalf of Borrower by any officer, partner, or agent of Borrower.

Guarantor hereby subordinates any and an indebtedness of Borrower now or hereafter owed to Guarantor to all indebtedness of Borrower to Lender, and agrees with Lender that Guarantor shall not demand or accept any payment of principal or interest from Borrower, shall not claim any offset or other reduction of Guarantor's obligations hereunder because of any such indebtedness and shall not take any action to obtain any of the security described in and encumbered by the Security Instrument; provided, however, that, if Lender so requests, such indebtedness shall be collected, enforced and received by Guarantor as trustees for Lender and be paid over to Lender on account of the indebtedness of Borrower to Lender, but without reducing or affecting in any manner the liability of Guarantor under the other provisions of this Guaranty.

Guarantor hereby waives and agrees not to assert or take advantage of (a) any defense that may arise by reason of the incapacity, lack of authority, death or disability of Guarantor or any other person or entity or the failure of lender to file or enforce a claim against the estate (either in administration, bankruptcy, or any other proceeding) of Borrower or any other person or entity; (b) any defense based on the failure of Lender to give notice of the existence, creation or incurring of any new or additional indebtedness or obligation or of any action or non-action on the part of any other person whomsoever, in connection with any obligation hereby guaranteed: (c) any defense based upon an election of remedies by Lender which destroys or otherwise impairs any subrogation rights of Guarantor or the right of Guarantor to proceed against Borrower or reimbursement, or both; (d) notwithstanding the application of Official Code of Georgia Annotated § 10-7-24, any defense based upon failure of Lender to commence an action against Borrower; (e) any duty on the part of Lender to disclose to Guarantor any facts it may now or hereafter know regarding Borrower; (f) acceptance or notice of acceptance of this Guaranty by Lender; (g) notice of presentment and demand for payment of any of the indebtedness or performance of any of the obligations hereby guaranteed; (h) protest and notice of dishonor or of default to Guarantor or to any other party with respect to the indebtedness or performance of obligations hereby guaranteed; and (j) any defense based on lack of due diligence by Lender in collection, protection or realization upon any collateral securing the indebtedness evidenced by the Note.

This is a guaranty of payment and performance and not of collection. The liability of Guarantor under this Guaranty shall be direct and immediate and not conditional or contingent upon the pursuit of any remedies against Borrower or any other person, nor against securities or liens available to Lender, its successors, successors-in-title, endorsees or assigns. Notwithstanding the application of Official Code of Georgia Annotated § 10-7-24, Guarantor waives any right to require that an action be brought against Borrower or any other person or to require that resort be had to any security to any balance of any deposit account or credit on the books of lender in favor of Borrower or any other person. In the event of a Default under the Loan Documents, or any of them, Lender shall have the right to enforce its rights, powers and remedies thereunder or hereunder or under any other instrument now or hereafter evidencing. securing or otherwise relating to the transactions contemplated hereby, in any order, and all rights, powers and remedies available to lender in such event shall be non-exclusive and cumulative of all other rights, powers and remedies provided thereunder or hereunder

or by law or in equity. Accordingly, Guarantor hereby authorizes and empowers Lender upon acceleration of the maturity of the Note at its sole discretion, and without notice to Guarantor, except as may be provided in the Loan Documents, to exercise any right or remedy which Lender may have included but not limited to judicial foreclosure, exercise of rights of power of sale, acceptance of a deed or assignment in lieu of foreclosure, appointment of a receiver to collect rents and profits, exercise of remedies against personal property, or enforcement of any assignment of leases, as to any security, whether real, personal or intangible. If the indebtedness guaranteed hereby is partially paid by reason of the election of Lender, its successors. endorsees or assigns, to pursue any of the remedies available to Lender, or if such indebtedness is otherwise partially paid, this Guaranty shall nevertheless remain in full force and effect, and Guarantor shall remain liable for the entire balance of the indebtedness guaranteed hereby, even though any rights which Guarantor may have against Borrower may be destroyed or diminished by the exercise of any such remedy. Until all or the obligations or Borrower to Lender have been paid and performed in full, Guarantor shall have no right of subrogation to Lender against Borrower, and Guarantor hereby waives any rights to enforce any remedy which Lender may have against Borrower and any rights to participate in any security for the Note.

Guarantor hereby authorizes Lender, without notice to Guarantor, to apply all payments and credits received from Borrower or from Guarantor or realized from any security in such manner and in such priority as Lender in its sole judgment shall see fit to the indebtednesses, obligations and undertakings which are the subject of this Guaranty.

The books and records of Lender showing the accounts between Lender and Borrower shall be admissible in evidence in any action or proceeding hereon.

Guarantor acknowledges that this Guaranty, the Note and the Loan Documents were executed and delivered in the State of Georgia and shall be governed and construed in accordance with the law of the State of Georgia.

Guarantor warrants and represents to Lender that all financial statements heretofore delivered by them to Lender are true and correct in all material respects as of the date hereof. In addition, Guarantor agrees to maintain current financial statements and personal tax returns including form K-1's, on an annual basis, which financial statements shall be in form acceptable to Lender, signed and dated.

Guarantor waives any and all homestead and exemption rights which any of them may have under or by virtue of the Constitution of the laws of the United States of America or of any state as against the Guaranty, any renewal hereof, or any indebtedness represented hereby, and does transfer, convey and assign to Lender a sufficient amount of such homestead or exemption as may be allowed, including such homestead or exemption as may be set apart in bankruptcy, to pay an amounts due hereunder in full, with all costs of collection, and does hereby direct any trustee in bankruptcy having possession of such homestead or exemption to deliver to Lender a sufficient amount of property or money set apart as exempt to pay the indebtedness guaranteed hereby, or any renewal thereof, and does hereby appoint Lender the attorney-in-fact for each of them. to claim any and all homestead exemptions allowed by law.

C:\USERS\CHOWARD\APPDATA\LOCAL\MICROSOFT\WINDOWS\
TEMPORARY INTERNET FILES\CONTENT.OUTLOOK\NFNP3ZGS\     -3-
REVISIONS_GUARANTY.DOCX

As security for the liabilities and obligations of Guarantor hereunder, Lender is hereby given a lien upon, security title to and security interest in all property of Guarantor of every kind and description now or hereafter in the possession or control of Lender for any reason, including all dividends, balances, credits, deposits, accounts, items and monies, distributions on or other rights in connection therewith (hereinafter referred to collectively as "Guarantor's Funds"). Lender may at any time, or from time to time when any monetary Default occurs hereunder, appropriate and apply toward the payment of such monetary Default so much of the Guarantor's Funds as may be necessary to cure such monetary Default. Lender shall not otherwise use any such Guarantors Funds to pay down or pay off the Note or accelerated amount of the Note unless said Note has matured. Notwithstanding any other provisions contained in the foregoing portions of this paragraph, lender shall not exercise its rights hereunder nor exercise Lender's lien, security title or security interest in any of the items described in this paragraph (except to cure the monetary Defaults referred to in this paragraph) until a Default occurs under the Loan Documents or hereunder. Guarantor shall be free to use, withdraw and manage all of Guarantor's Funds without hindrance or interruption up to the amount necessary to cure any such Defaults; provided, however, once such Default has been cured, Guarantor shall again be free to use. withdraw and manage all of Guarantor's Funds.

This Guaranty may not be changed orally, and no obligation of Guarantor can be released or waived by Lender or any officer or agent of Lender, except by a writing signed by a duty authorized officer of Lender. This Guaranty shall be irrevocable by Guarantor, until all indebtedness guaranteed hereby has been completely repaid and all obligations and undertakings of Borrower under, by reason of, or pursuant to the Loan Documents have been completely performed.

All notices, demands, or requests provided for or permitted to be given pursuant to this Guaranty must be in writing and shall be deemed to have been property given or served by personal delivery, by depositing with a recognized overnight courier service, or by depositing in the United States Mail, postpaid and registered or certified, return receipt requested, and addressed to the address set forth below. All notices, demands and requests shall be effective upon being deposited with a recognized overnight courier service or in the United States Mail; however, the time period in which a response to any notice, demand, or request must be given or cure effected, if any, shall commence to run from the date of receipt or the notice, demand, or request by the addressee thereof. Rejection or other refusal to accept or the inability to deliver because of changed address of which no notice was given shall be deemed to be receipt of the notice, demand or request sent. By giving at least thirty (30) days written notice hereof, any party hereto shall have the right from time to time and at any time during the term of this Guaranty to change their respective addresses. and each shall have the right to specify as its address any other address within the United States of America. For the purposes of this Guaranty:

The address of Lender is:        SIMBA GLOBAL PTY LTD
                                 189-311 Bayswater Road
                                 Bayswater North,
                                 Victoria, Australia 3153

The address of Guarantor is:    Chittranjan K. Thakkar
5875 Peachtree Industrial Boulevard
Suite 340
Norcross, Georgia 30092

The provisions of this Guaranty shall be binding upon Guarantor and his successors, successors-in-title, heirs, legal representatives and assigns and shall inure to the benefit of Lender, its successors, successors-in-title, legal representatives and assigns. This Guaranty shall in no event be impaired by any change which may arise by reason of the death of Borrower or Guarantor, if individuals, or by reason of the dissolution of Borrower or Guarantor, if Borrower or Guarantor is a corporation. partnership or limited liability company.

Guarantor hereby waives any right Guarantor may have under any applicable law to a trial by jury with respect to any suit or legal action which may be commenced by or against Lender concerning the interpretation, construction, validity, enforcement or performance of this Guaranty or any other agreement or instrument executed in connection herewith. In the event any such suit or legal action is commenced by Lender, Guarantor hereby expressly agrees, consents and submits io the personal jurisdiction of any state or federal court sitting in the State of Georgia, with respect to such suit or legal action, and Guarantor also expressly consents and submits to and agrees that venue in any such suit or legal action is proper in said courts and county and Guarantor hereby expressly waives any and all personal rights under applicable law or in equity to object to the jurisdiction and venue in said courts and county. The jurisdiction and venue of the courts consented and submitted to and agreed upon in this paragraph are not exclusive but are cumulative and in addition to the jurisdiction and venue of any other court under any applicable laws or in equity.

If from any circumstances whatsoever fulfillment of any provisions or this Guaranty, at the time performance of such provision shall be due, shall involve transcending the limit of validity presently prescribed by any applicable usury statute or any other applicable law, with regard to obligations of like character and amount, then ipso facto the obligation to be fulfilled shall be reduced to the limit of such validity. The provisions of this paragraph shall control every other provision of this Guaranty.

This Guaranty is assignable by Lender, and any assignment hereof or any transfer or assignment of the Note or portions thereof by Lender shall operate to vest in any such assignee all rights and powers herein conferred upon and granted to Lender.

IN WITNESS WHEREOF. the undersigned have executed this Guaranty under seal as of the 28th day or October, 2016.

GUARANTOR:

_____[SEAL]
Chittranjan K. Thakkar

C:\USERS\CHOWARD\APPDATA\LOCAL\MICROSOFT\WINDOWS\
TEMPORARY INTERNET FILES\CONTENT.OUTLOOK\NPNP3ZQS\
REVISIONS_GUARANTY.DOCX

-5-

# EXHIBIT B

## 2018  FLORIDA PROFIT CORPORATION REINSTATEMENT

DOCUMENT# P09000028456

**Entity Name:** NCT SYSTEMS INC.

**FILED**
**Sep 10, 2018**
**Secretary of State**
**CR3303511414**

**Current Principal  Place of Business:**

174 W. COMSTOCK AVE .
#100
WINTER PARK,  FL  32789

**Current Mailing Address:**

174 W. COMSTOCK AVE.
SUITE 100
WINTER PARK,  FL  32789  US

**FEI Number:** 36-3740236                                        **Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

TOWNSEND, CLAY M.  ESQ.
20 N. ORANGE AVE.
 SUITE 1500
ORLANDO, FL  33801  US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:   CLAY M. TOWNSEND                                                                09/10/2018

Electronic Signature of Registered Agent                                               Date

**Officer/Director Detail :**

| Title | PRESIDENT | Title | DIRECTOR |
|---|---|---|---|
| Name | RATNER, IAN | Name | RATNER, IAN |
| Address | 3445 PEACHTREE ROAD SUITE 1225 | Address | 3445 PEACHTREE RD. #1225 |
| City-State-Zip: | ATLANTA GA 30326 | City-State-Zip: | ATLANTA FL 30326 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: IAN RATNER                                      PRESIDENT                      09/10/2018

Electronic Signature of Signing Officer/Director Detail                               Date



# State of Florida

### Department of State

I certify the attached is a true and correct copy of the annual report(s)/uniform business report(s) for the year(s) 2019 for NCT SYSTEMS INC., a limited liability company, organized under the laws of the State of Florida, as shown by the records of this office.

The document number of this company is P09000028456.

Given under my hand and the Great Seal of the State of Florida at Tallahassee, the Capital, this the Third day of February, 2021



*Laurel M. Lee*
*Secretary of State*

CR2E022 (01-11)

□□□ □□□□ 6□

## 2019 FLORIDA PROFIT CORPORATION ANNUAL REPORT

DOCUMENT# P09000028456

**Entity Name: NCT SYSTEMS INC.**

**FILED**
**Apr 26, 2019**
**Secretary of State**
**4605062909CC**

**Current Principal Place of Business:**

174 W. COMSTOCK AVE .
#100
WINTER PARK, FL 32789

**Current Mailing Address:**

174 W. COMSTOCK AVE.
SUITE 100
WINTER PARK, FL 32789 US

**FEI Number: 36-3740236**

**Certificate of Status Desired: No**

**Name and Address of Current Registered Agent:**

TOWNSEND, CLAY M. ESQ.
20 N. ORANGE AVE.
SUITE 1500
ORLANDO, FL 33801 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:  CLAY M. TOWNSEND                                                        04/26/2019

Electronic Signature of Registered Agent                                                Date

**Officer/Director Detail :**

| Title | PRESIDENT | Title | DIRECTOR |
|---|---|---|---|
| Name | GOOD GATEWAY, LLC | Name | GOOD GATEWAY, LLC |
| Address | 174 W. COMSTOCK AVE . #100 | Address | 174 W. COMSTOCK AVE . #100 |
| City-State-Zip: | WINTER PARK FL 32789 | City-State-Zip: | WINTER PARK FL 32789 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: CLAY M. TOWNSEND                        REGISTERED AGENT        04/26/2019

Electronic Signature of Signing Officer/Director Detail                                Date

# EXHIBIT C

**IT IS ORDERED as set forth below:**

**Date: April 19, 2021**

*Wendy L. Hagenau*

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>NILHAN DEVELOPERS, LLC,<br><br>    Debtor. | CASE NO. 15-58443-WLH<br><br>CHAPTER 11 |
| IN RE:<br><br>NRCT, LLC,<br><br>    Debtor. | CASE NO. 15-58444-WLH<br><br>CHAPTER 11 |

**ORDER ON MOTIONS TO (1) REMOVE THE CHAPTER 11 TRUSTEE;
(2) DISQUALIFY GLASSRATNER ADVISORY & CAPITAL GROUP, LLC,
ACCOUNTANTS FOR THE TRUSTEE; (3) DISGORGE ANY FEES AND EXPENSES
OF THE TRUSTEE; AND, (4) DISGORGE ANY FEES AND EXPENSES OF THE
ACCOUNTANTS FOR THE TRUSTEE**

1

**THIS MATTER** is before the Court on the Motions to (1) Remove the Chapter 11 Trustee; (2) Disqualify GlassRatner Advisory & Capital Group, LLC, Accountants for the Trustee; (3) Disgorge Any Fees And Expenses of the Trustee; and, (4) Disgorge Any Fees And Expenses of the Accountants for the Trustee filed by Niloy Thakkar and Rohan Thakkar as equity interest holders in the Debtors Nilhan Developers, LLC and NRCT, LLC (Case No. 15-58443 Doc. No. 238 & Case No. 15-58444 Doc. No. 178) (the "Motions"). The Motions require the Court to determine whether Ron Glass ("Mr. Glass" or the "Trustee") and GlassRatner Advisory & Capital Group, LLC ("GR") were and are disinterested, held or hold or represent an interest adverse to the estate, or failed to make adequate disclosures about GR's connections to NCT and Gateway (as defined below).

The Court has jurisdiction over the parties and subject matter of these contested matters pursuant to 28 U.S.C. §§ 1334(b) and 157(a), and this is a core matter under 28 U.S.C. §§ 157(b)(1) and (2)(A).

    I.    **FACTS**

        a.  General

The Court makes the following finding of general facts. Nilhan Developers, LLC ("Nilhan Developers"), NRCT, LLC ("NRCT"), Bay Circle Properties, LLC ("Bay Circle"), DCT Systems Group, LLC ("DCT"), and Sugarloaf Centre, LLC ("Sugarloaf"), (collectively the "Debtors"), each filed a petition for relief under Chapter 11 of the Bankruptcy Code on May 4, 2015. The cases were procedurally consolidated. The manager of each of the Debtors is Chuck Thakkar, the father of Niloy and Rohan Thakkar. Ownership in each debtor differs somewhat but is generally held by members of the Thakkar family and/or a company the Thakkars own in part. According to the schedules,

2

1. Nilhan Developers is owned 50% by Niloy Thakkar and 50% by Rohan Thakkar (Case No. 15-58443 Doc. No. 18 p.5);

2. NRCT is owned 50% by Niloy Thakkar and 50% by Rohan Thakkar (Case No. 15-58444 Doc. No. 18 p. 5);

3. Bay Circle is owned 50% by Chuck Thakkar and 50% by his wife, Saloni Thakkar (Case No. 15-58440 Doc. No. 18 p. 5);

4. DCT is owned by 50% by Niloy Thakkar and 50% by Rohan Thakkar (Case No. 15-58441 Doc. No. 19 pp. 5-6); and

5. Sugarloaf is owned 100% by Sugarloaf Centre Partners, LLC (Case No. 15-58442 Doc. No. 18 p. 5), which in turn is owned 50% by NRCT (one of the Debtors) and 50% by NCT Systems, Inc. ("NCT").

The immediate reason the Debtors filed bankruptcy was their default on a series of loan agreements with Wells Fargo Bank, N.A.[1] The obligations to Wells Fargo were secured by certain real property owned by the Debtors. The first several months of these cases were devoted to the Debtors liquidating or refinancing various pieces of property to meet milestone payment deadlines agreed to by Wells Fargo.

Behind the scenes, these bankruptcy cases have been impacted and driven to a certain extent by litigation between Mr. Thakkar and his family, on the one hand, and Good Gateway, LLC and SEG Gateway, LLC (collectively "Gateway"), on the other. Prior to the filing of the bankruptcy petitions, Gateway obtained judgments in the amounts of $2.5 million and $12 million against Mr. Thakkar and other non-debtor entities in a Florida state court.

---

[1] Wells Fargo Bank, N.A. began its association with the Debtors in 2008. The history is set out in several prior orders issued by the Court, including the Order Denying Substantive Consolidation (Case No. 15-58440 Doc. No. 797).

All of the Debtors except NRCT liquidated property to satisfy Wells Fargo. NRCT held

only non-income producing real property and did not liquidate any real property to pay Wells

Fargo. As one of the milestone payments was approaching, Bay Circle sought to sell its property.

Gateway held a judgment lien on a one-half interest in the Bay Circle property by virtue of Mr.

Thakkar's prior ownership of a one-half interest in the property. Gateway objected that its interest

in the Bay Circle property was unnecessarily lost and asked for adequate protection of the lien it

lost by virtue of the sale of the Bay Circle property. The Court approved the sale and provided

Gateway a replacement lien on Bay Circle's claims for contribution and subrogation

("Contribution Claim") (Case No. 15-58440 Doc. No. 797) (the "AP Order"). The Court later

modified the AP Order.

At various times in the cases, Gateway has claimed multiple interests in the Debtors' cases.

First, Gateway claims 100% ownership of NCT, an indirect owner with NRCT of Sugarloaf.

Gateway acquired its interest in NCT by virtue of its judgment and a court order transferring the

stock of NCT to Gateway. In compliance with the order, Mr. Thakkar executed a transfer

agreement on August 9, 2017 and, on August 11, 2017, he delivered the stock certificate to

Gateway. Second, Gateway claims an economic interest in NRCT, by way of a judgment against

Rohan Thakkar and certain charging orders. Third, Gateway asserts an interest in claims of Nilhan

Financial, LLC ("Nilhan Financial"), an entity also previously controlled by the Thakkars. Nilhan

Financial is a creditor of all the Debtors including Nilhan Developers and NRCT. Gateway filed

notices of transfer of Nilhan Financial's claims against Bay Circle to it on March 10, 2017. Later,

Nilhan Financial had its own Chapter 7 bankruptcy case in Florida in which Gateway had various

claims. On May 18, 2018, Gateway and the Nilhan Financial Trustee filed a motion in the Florida

case seeking approval of a settlement agreement pursuant to which Gateway would receive 50%

4

of, inter alia, any recovery by Nilhan Financial in the Nilhan Developers and NRCT cases. The

settlement was approved on September 6, 2018 (Case No. 8:17-bk-03597-MGW, Bankr. M.D. Fla.

Sept. 6, 2018, Docs. Nos. 210 & 292). Fourth, Gateway holds the Contribution Claim in the Bay

Circle Case. Fifth, Gateway requested discovery from Sugarloaf and NRCT on July 31, 2018

(Case No. 15-58440 Docs. Nos. 856 & 857) relating to the management, organization, and

formation of Sugarloaf and Sugarloaf's sole member, Sugarloaf Centre Partners, LLC, which is

owned 50% by NCT and 50% by NRCT.[2]

On October 10, 2018, after learning about actions taken without Court approval in the

Nilhan Developers case, actions which are extensively detailed in prior orders (see e.g., Amended

and Restated Order on Claim of Norcross Hospitality, Case No. 15-58443 Doc. No. 164), the Court

entered an order requiring the parties to show cause why a trustee should not be appointed. In

short, without notifying the Court or his counsel and without Court approval, Mr. Thakkar, on

behalf of Nilhan Developers, exercised an option to re-acquire property for over $9 million and

incurred unauthorized secured post-petition financing in that amount from an insider (for over $5

million) and a third party.

After a hearing on the show cause order, the U.S. Trustee filed a Motion to Appoint a

Chapter 11 Trustee (Case No. 15-58440 Doc. No. 903) on November 8, 2018. The Court held a

hearing on the Motion to Appoint Chapter 11 Trustee on December 4, 2018. The Court found the

U.S. Trustee had established a trustee was necessary for cause under section 1104, due to

management's incompetence, gross mismanagement, dishonesty, lack of trustworthiness, self-

---

[2] The Court granted the requests on August 1, 2018 (Case No. 15-58440 Docs. No. 858 & 859). Gateway then filed
a motion to compel the production on November 30, 2018, contending Sugarloaf and NRCT did not produce the
documents as directed (Case No. 15-58440 Doc. No. 912). The Trustee, upon his appointment, later responded on
February 28, 2019, stating he was not aware of any documents in his possession, custody, or control responsive to the
requests (Case No. 15-58440 Doc. No. 988).

dealing with insiders, and the consistent failure to follow the rules and procedures of the Bankruptcy Code.

The Court explained that cause existed to appoint a trustee in all five cases, and it was in the best interest of creditors in each case to do so. The Court also believed an independent party was needed to analyze Bay Circle's Contribution Claim—to review the financials of all five debtors to "see who paid what and see if, in fact, there is a contribution claim that Bay Circle has against anyone." The Court stated, "[y]ou need to figure out if there is, in fact, a claim, and I think a trustee is an ideal person to do that, get their accountant involved and actually, . . . get the books and records together and figure out who paid what and . . . whether Bay Circle has a claim or not." In NRCT, the Court noted a trustee was appropriate because NRCT had significant assets and, given management's willingness in the Nilhan Developer's case to buy, sell, and encumber estate assets without Court permission, a trustee was necessary to ensure the assets remained unencumbered until deemed necessary (unless and until it was determined there was some reason that they need to be liquidated to pay claims, i.e. the Contribution Claim). Ultimately, the Court counseled it wanted a trustee to methodically analyze what was necessary in all the cases.

At the conclusion of the December 4, 2018 hearing, the Court ordered the appointment of a trustee. Counsel for the U.S. Trustee stated the U.S. Trustee would solicit suggestions from any parties in interest as to who should serve as a trustee and invited anyone with a person to nominate to do so by the close of business on December 6, 2018. On December 11, 2018, the U.S. Trustee filed a Notice of Appointment of Chapter 11 Trustee and Setting of Bond (Case No. 15-58440 Doc. No. 920), and an Application for Approval of Appointment of Trustee (Case No. 15-58440 Doc. No. 921), which is discussed in more detail below. That same day, the Court entered an order

6

granting the Motion for the Appointment of a Chapter 11 Trustee (Case No. 15-58440 Doc. No. 919), and an order approving Mr. Glass as Trustee (Case No. 15-58440 Doc. No. 922).

On December 20, 2018, the Trustee filed an Application to Employ GR as Financial Advisor (Case No. 15-58440 Doc. No. 934), which is described below. GR is a firm named for Mr. Glass and Ian Ratner ("Mr. Ratner"). It has provided services for many years in the Atlanta market and elsewhere, including forensic accounting, workout and restructuring services, and services as a trustee, receiver, and chief restructuring officer. The Court granted the application to employ GR on January 22, 2019 (Case No. 15-58440 Doc. No. 965).

Eventually, the Trustee moved forward in each case to bring matters to a posture to be decided by the Court. When it became clear the cases were all taking different paths to resolution, the cases were severed on May 5, 2020 (Case No. 15-58440 Doc. No. 1420). The DCT case was dismissed on May 1, 2020 (Case No. 15-58440 Doc. No. 1417). Bay Circle was converted to a case under Chapter 7 (Case No. 15-58440 Doc. No. 1420), and John Lewis, Jr. was appointed as Chapter 7 Trustee. The Court entered an order granting GR's Final Application for Compensation and Reimbursement of Expenses in the Bay Circle case on June 22, 2020 (Case No. 15-58440 Doc. No. 1444).

In Sugarloaf, the Trustee sold real property and initially filed a Chapter 11 plan. After the secured lender filed a proof of claim that far exceeded the amount anticipated, the Trustee determined dismissal was in the best interest of all parties. The Trustee objected to and settled the lender's claim, and then moved to dismiss the case on August 5, 2020 (Case No. 15-58442 Doc. No. 147). The Court granted the Motion to Dismiss on August 28, 2020, subject to the final fee applications being approved (Case No. 15-58442 Doc. No. 164). Final fee applications were

approved on November 17, 2020 (Case No. 15-58442 Docs. Nos. 200-202), and the orders approving the applications are currently on appeal.

In the NRCT case, the Court confirmed the Trustee's Fourth Amended Plan (Case No. 15-58444 Docs. Nos. 131 & 132) and denied a request to dismiss the case filed by Mr. Thakkar (Case No. 15-58444 Doc. No. 133). The plan provided for the Trustee to hold property of the estate pending the outcome of the Contribution Claim and for disbursement upon its resolution. The plan also provided for a release of the Trustee and GR for actions that predated the effective date. Mr. Thakkar appealed the confirmation order, but the appeal was dismissed (Case No. 15-58444 Doc. No. 170). The effective date of the plan was November 17, 2020 (Case No. 15-58444 Doc. No. 171).

In the Nilhan Developers case, the Court confirmed the Trustee's Sixth Amended Plan on December 8, 2020 (Case No. 15-58443 Doc. No. 227), and the plan became effective on December 23, 2020. The plan provided for immediate payment to certain creditors, and alternative means of distribution to Nilhan Financial and Norcross Hospitality (an entity owned by Rohan and Niloy Thakkar) depending on the outcome of Norcross Hospitality's appeal of this Court's order regarding its entitlement to payment. The plan also provided for the release of the Trustee and GR for actions that pre-dated the effective date.

As the cases have wound towards resolution, the Trustee and his professionals have filed final applications for compensation. The Motions were filed in response to Final Fee Applications in the Nilhan Developers case on January 5, 2021 (Case No. 15-58443 Doc. No. 238) and in the NRCT case on January 8, 2021 (Case No. 15-58444 Doc. No. 178). Niloy and Rohan Thakkar contend Mr. Ratner, Mr. Glass's business partner at GR, represented an adversary of the equity holders of Nilhan Developers and NRCT when he served as the President and Director of NCT, as

reflected on documents filed with the Florida Secretary of State on September 10, 2018 (prior to the appointment of Mr. Glass as Trustee), until a new filing removed Mr. Ratner from the designated positions on April 26, 2019. GR and Mr. Glass vehemently oppose the Motions, arguing GR and Mr. Glass did not hold or represent a materially adverse interest to the estate and were, and have been, disinterested.

The Court set the Motions for hearing on February 22, 2021, before having a hearing on the merits of GR's and Mr. Glass's fee applications. Mr. Glass and GR filed a Motion for Involuntary Dismissal Under Rule 52(c) on February 19, 2021 (Case No. 15-58443 Doc. No. 279 & Case No. 15-58444 Doc. No. 216), asking the Court to dismiss Niloy and Rohan Thakkar's claims and enter judgment in favor of Mr. Glass and GR.

The evidentiary hearing was attended by Mr. Glass, Mr. Ratner, William A. DuPré, IV and Kimberly A. Miller (counsel for Mr. Glass and GR), John A. Moffa (counsel for Niloy and Rohan Thakkar), Frank Wilensky (local counsel for Niloy and Rohan Thakkar), David Weidenbaum (counsel for the U.S. Trustee), and Walter Jones (of Balch & Bingham LLP; Gateway's local counsel). After considering the evidence presented, and the testimony of Mr. Glass, Mr. Ratner, and Mr. Jones, the Court took the Motions under advisement and invited the parties to file supplemental briefs. On March 8, 2021, Mr. Glass and GR (Case No. 15-58444 Doc. No. 218), the U.S. Trustee (Case No. 15-58444 Doc. No. 219); and Niloy and Rohan Thakkar (Case No. 15-58444 Docs. Nos. 220 & 221) filed supplemental authority in support of their positions.

      b.  <u>Facts Represented Prior to Hearing</u>

The facts relating to this matter have evolved as more information has come to light. The facts originally presented in the Trustee's affidavit in connection with retention, in the Motions and response to the Motions, and in Mr. Ratner's declaration, are as follows.

i. Declarations

A Verified Statement of Ronald Glass was attached to the Application for Approval of

Appointment of Trustee (Case No. 15-58440 Doc. No. 921). The affidavit stated, in part:

> To the best of my knowledge, information, and belief, I do not hold or represent
> any interest adverse (i) to the estate of the Debtors; or (ii) to any class of creditors
> or equity security holders, by reason of any direct or indirect relationship to,
> connection with, or interest in, the Debtors, or for any other reason.
>
> In September 2018, my partner, Ian Ratner, was approached by Walter Jones, Esq.
> of Balch & Bingham, on behalf of NCT Systems, Inc. to serve as an Officer and as
> a Board Member. Subsequently, an engagement letter was sent to NCT. The letter
> was not executed. No conversations or information was exchanged, and
> GlassRatner did no work on this matter.
>
> I will promptly advise the Bankruptcy Court and the Office of the United States
> Trustee of any circumstances that cause the foregoing to change.

The Application to Employ GR (Case No. 15-58440 Doc. No. 934), included a Declaration

of William McCaleb ("Mr. McCaleb"), a Managing Director of GlassRatner, which stated:

> GlassRatner is a "disinterested person" as that term is defined in Section 101(14)
> of the Bankruptcy Code, in that, except as otherwise disclosed herein, GlassRatner,
> its principals, managing directors, managers and other employees
>
> > a. Are not creditors, equity holders, or insiders of Debtors;
> > b. Are not and were not, within 2 years before the date of filing of
> > the petition, a director, officer, or employee of the Debtors; and
> > c. Do not have interests materially adverse to the interests of the
> > estates or of any class of creditors or equity security holders, by
> > reason of any direct or indirect relationship to, connection with, or
> > interest in, the Debtors, or for any other reason.
>
> To the best of my knowledge, information, and belief formed after reasonable
> inquiry, other than in connection with this case, neither GlassRatner nor I have any
> connection with the Debtors, their creditors, the United States Trustee, any
> employee of the Office of the United States Trustee, the Bankruptcy Judge
> presiding in this case, or any party in interest (including their respective attorneys
> and accountants), except that (a) GlassRatner may have been engaged from time to
> time in the past, and may be engaged in the future, in other matters where one or
> more of such parties may have been or may be involved; and (b) GlassRatner may
> have been engaged by certain creditors and other parties in interest or their
> attorneys, accountants, or professionals in other matters unrelated to the Debtors'

10

jointly-administered cases. GlassRatner is a specialty financial advisory services firm. As a result, GlassRatner has and may in the future represent certain parties-in-interest in matters unrelated to the Debtors' jointly-administered cases.

### ii. Allegations in Motions

The Motions allege neither Mr. Glass nor GR were disinterested by virtue of Mr. Ratner's role as an officer and director of NCT. The Motions allege that NCT was dissolved by the Florida Secretary of State at some point in 2017. On September 10, 2018, NCT was reinstated by the filing of a 2018 Florida Profit Corporation Reinstatement with the Florida Secretary of State (the "Reinstatement"). The Reinstatement listed Mr. Ratner as President and Director of NCT, and it was electronically signed by "Ian Ratner, President, 09/10/2018." Mr. Ratner continued on record as President and Director until a 2019 Annual Report for NCT was filed with the Secretary of State, Division of Corporations, on April 26, 2019 identifying Good Gateway, LLC as NCT's President and Director.

### iii. Response to Motions

The position of GR and Mr. Glass is that Mr. Jones contacted Mr. Ratner about a possible engagement and, while there were preliminary discussions between GR and Mr. Jones in which the parties discussed Mr. Ratner serving as a corporate officer and/or director for NCT, the conversations did not result in Mr. Ratner or GR being appointed and engaged. Mr. Ratner's declaration contends that in or about July 2018, several months prior to the appointment of Mr. Glass and GR, Mr. Jones contacted Mr. Ratner by phone on behalf of Clay Townsend (Gateway's counsel at Morgan & Morgan, P.A. ("Mr. Townsend")), Gateway, and NCT to possibly engage GR to provide services. During a July 2018 telephone call, Mr. Jones provided Mr. Ratner and his colleague, Jason Cristal ("Mr. Cristal"), with general background information about the scope and terms of the potential engagement. GR ran a conflicts' check and sent a proposed engagement

11

letter to Mr. Jones, outlining the proposed scope and terms of the proposed engagement, on September 7, 2018.

Mr. Glass and GR characterize these discussions as preliminary and the relationship with Gateway and NCT as brief and limited. Mr. Ratner acknowledged he sent an engagement letter to Mr. Jones on September 7, 2018. Mr. Ratner contended, however, that he had no recollection of receiving or reviewing the draft Written Consent of the Shareholders of NCT authorizing Mr. Ratner to serve as President, Secretary, and Director of the company, and GR never received a copy of the engagement letter signed by the named counterparties: NCT Systems, Good Gateway, and Morgan & Morgan. Mr. Glass and GR maintained that neither Mr. Ratner nor GR were ever engaged or instructed to perform any services for Good Gateway, NCT Systems, or Morgan & Morgan. They stated GR never opened a file, performed any work, or billed for any work related to the proposed engagement. According to Mr. Ratner, other than the draft Written Consent of the Shareholders and the engagement letter, GR neither received nor reviewed any other documents related to the proposed engagement, and no one at GR received any further information or instruction with respect to the proposed engagement.

On September 10, 2018, NCT filed the Reinstatement. Mr. Ratner states he was unaware of the filing.

The U.S. Trustee contacted Mr. Glass, at least by December 7, 2018, regarding serving as trustee. Mr. Glass contends he disclosed Mr. Ratner's prior contacts with NCT in response to the U.S. Trustee's inquiry to him. On December 7, 2018, Mr. Glass sent to the U.S. Trustee the proposed engagement letter between GR and NCT stating, "The letter was never signed and GlassRatner has not spoken to representatives of the company or done any work." In response, the U.S. Trustee office stated, "The Verified Statement needs to mention the proposed September

12

7, 2018 Engagement Letter Agreement with [NCT]. I'm not looking for a full-scale recitation, but I do need a succinct description and ultimate outcome." Mr. Glass's verified statement did not include the engagement letter and Mr. McCaleb's Declaration did not mention Mr. Ratner's proposed engagement with NCT, nor did it refer to or incorporate Mr. Glass's affidavit.

Mr. Ratner stated he did not hear anything more from Gateway or NCT about the engagement. He said, at some point in April 2019, he learned his name appeared on the Florida Secretary of State's website as President and Director of NCT. Mr. Ratner maintained he never served in either role, and he never authorized anyone to submit a record with the Florida Secretary of State indicating he held a position with NCT. In an email sent April 22, 2019, Mr. Ratner asked Mr. Jones to have the records corrected. A new Annual Report was filed on April 26, 2019 and Mr. Ratner was not listed as an officer or director. Nevertheless, the Reinstatement was never amended or withdrawn. Neither Mr. Glass nor GR supplemented their disclosures to explain what had been discovered about Mr. Ratner's prior identification as President and Director or the subsequent annual report naming a new President and Director.

### c. Facts Learned from Evidentiary Hearing

The evidence and testimony presented at the hearing on the Motions shows the relationship between Mr. Ratner, GR, and NCT/Gateway was much more extensive than the brief and limited interaction GR and Mr. Glass described. The evidence shows that, contrary to what GR and Mr. Glass originally claimed and Mr. Ratner stated in his declaration, there were extensive discussions about and numerous iterations of the engagement letter. Mr. Ratner signed the engagement letter knowing it would be forwarded to Gateway for signature, and Mr. Ratner acknowledged receipt of the NCT Written Consent of Shareholders and authorized Gateway to "proceed." The Court makes the following findings of fact.

In June 2018, earlier than originally believed, Mr. Jones contacted Mr. Ratner about GR providing services as an officer of NCT. A sample engagement letter was sent by GR to Mr. Jones on June 1, 2018. On July 23, 2018, Mr. Jones emailed Mr. Ratner asking for a proposal from GR "along the lines . . . [of] the example engagement letter you sent me last month." He described the engagement, stating:

> [W]e would want you to serve as non-member manager/CRO for an entity called **Sugarloaf Centre Partners, LLC**. That entity is owned 50/50 by **NCT Systems, Inc.** and **NRCT**. Our client holds 100% of the stock in NCT Systems. NRCT is a debtor in a chapter 11 bankruptcy case before Judge Hagenau. Sugarloaf Centre Partners is the sole member in an entity called **Sugarloaf Centre, LLC**, which is also a chapter 11 debtor in bankruptcy.

Mr. Jones also provided Mr. Ratner with some background information. He wrote:

> The principal of NRCT is an individual named Chuck Thakkar. Our client and Thakkar have been engaged in litigation in Florida for nearly 10 years. Our client holds a $15 million judgment against Thakkar and various entities of his, although not against the Sugarloaf entities. Our client, on account of its 50% membership in Sugarloaf Centre Partners (by way of its 100% interest in NCT Systems), would like to assert control over Sugarloaf Centre Partners and thus assert control over Sugarloaf Centre, LLC, which owns valuable property in Atlanta. The Sugarloaf Centre, LLC property is subject to the lien of a DIP lender that we believe is affiliated with Thakkar.

> Until recently, John Christy represented Thakkar, NRCT, and the Sugarloaf entities. Denise Dotson has recently stepped in. Either way, Thakkar is litigious. Florida counsel is providing us with corporate documentation concerning Sugarloaf Centre Partners so that our corporate guys can determine whether NCT Systems has an absolute contractual right to replace Thakkar or his entity as manager of Sugarloaf Centre Partners, LLC. Otherwise, we will be forced to file an adversary proceeding.

Mr. Ratner responded stating that he could discuss "on Thursday," and Mr. Jones and Mr. Ratner talked about the engagement that Thursday, July 26, 2018. The planned length of the call was 30 minutes. That same day, at 6:05 p.m., Mr. Cristal sent a template fiduciary engagement letter to Mr. Jones.

14

Discussions continued until August, as evidenced by an email from Mr. Cristal on August 10, 2018 scheduling a further call for "Monday." By early September, Gateway was prepared to move forward with the engagement. One impetus, according to Mr. Jones, was that Sugarloaf had filed a Motion to Dismiss its bankruptcy case on July 25, 2018 (Case No. 15-58442 Doc. No. 100).[3] Gateway wanted to object to the motion.[4] NCT had been administratively dissolved in Florida and needed to be reinstated, in Mr. Jones' opinion, to file such an opposition.

The engagement of GR was finalized through a series of emails and drafts on September 6 and 7, 2018. On September 6, 2018, Mr. Jones emailed Mr. Ratner to set up a time to talk about "a couple of possible engagements, including the one we discussed previously." They agreed to speak that afternoon.

The next day, September 7, 2018, at 10:39 a.m., Mr. Jones sent Mr. Ratner a draft of an engagement letter based on the template sent by GR on July 26, 2018. Mr. Jones filled in the description of the engagement and proposed that Mr. Glass and Mr. Ratner be co-CEO's. The email states:

> As a follow up to my discussion with Ian yesterday, our clients Good Gateway, LLC and Carson Good, would like to proceed with engaging GlassRatner to first have Ian appointed as President/CEO of NCT Systems, Inc. and then to serve as manager of Sugarloaf Centre Partners, LLC and Sugarloaf Centre, LLC, assuming we are successful in gaining control of those two entities through a court action. As you will recall, Good Gateway, LLC is the sole shareholder of NCT Systems, Inc., which is a 50% owner of Sugarloaf Centre Partners, LLC, which is the sole member

---

[3] The Motion to Dismiss was docketed only in Sugarloaf's bankruptcy case, though the cases were then jointly administered.

[4] Gateway filed an Emergency Motion to Reschedule Hearing (Case No. 15-58440 Doc. No. 871) seeking to reschedule the hearing on Sugarloaf's motion to dismiss set for August 30, 2018. Gateway argued the hearing conflicted with a hearing in the Nilhan Financial bankruptcy case in Florida on the settlement agreement between Gateway and the Nilhan Financial trustee which ultimately provided Gateway with a share of any recovery Nilhan Financial would receive on its claims filed in the Nilhan Developers and NRCT cases. Gateway asked the Court to delay the hearing on Sugarloaf's motion to dismiss until after consideration of the Debtors' disclosure statements in mid-October. Sugarloaf responded in opposition, stating it wanted to continue with the hearing on the motion to dismiss as scheduled to pursue dismissal and, ultimately, refinancing (Case No. 15-58440 Doc. No. 872). On August 23, 2018, the Court rescheduled the hearing for September 11, 2018 (Case No. 15-58440 Doc. No. 874).

of Sugarloaf Centre, LCC, a chapter 11 debtor and the owner of valuable CRE in Atlanta.

Attached is [a] redline and clean copy of the Engagement Letter you sent over, together with the corporate docs that counsel in Florida prepared concerning NCT Systems. Appointing Ian as President/CEO of NCT Systems is not adversarial considering Carson's entity, Good Gateway, is the sole shareholder. It's the first step in the ultimate action. We need to finalize the appointment as soon as possible because we have to file an Objection to a Motion to Dismiss Sugarloaf Centre's bankruptcy.

The email also included a proposed Written Consent of the Shareholders where Good Gateway, as

the shareholder of NCT, authorized and instructed NCT

to take all appropriate actions to reinstate the Corporation and to amend the annual report to reflect Ian Ratner as President, Secretary, and Director; Ian Ratner as Director; the Registered Agent as Morgan & Morgan, PA c/o Clay Townsend, Esq; the principal place of business as 174 W. COMSTOCK AVENUE, STE. 100, WINTER PARK, FL 32789[.]

The Written Consent of the Shareholders of NCT, when executed by Carson Good ("Mr. Good"),

as manager of Good Gateway, LLC, would appoint Mr. Ratner as President, Secretary, and

Director of NCT. The Written Consent included a recitation of the history of some of the litigation

between Gateway and Mr. Thakkar and the basis for Gateway's assertion it owned NCT.

At 11:33 a.m. on September 7, 2018, Mr. Jones sent Mr. Ratner a second draft of the letter

incorporating comments from his client Gateway. The email states, "to be consistent with the

Consent I forwarded, I note the engagement as President." This revision continued to name Mr.

Glass as co-president. A third revision of the engagement letter was sent by Mr. Jones at 12:11

p.m. It still contained the provision with Mr. Glass as co-president. At 12:50 p.m., Mr. Cristal of

GR sent Mr. Jones a fourth revision of the engagement letter which, among other things, removed

Mr. Glass as an officer.

A fifth revision was sent by Mr. Jones to Mr. Ratner at 1:55 p.m. Mr. Jones wrote: "See

below from Clay with a small revision to the paragraph concerning Morgan & Morgan. Please let

16

us know that this meets with your approval and Clay will have it executed." He continued, "Also,

we need the okay from you guys on the Shareholders Consent appointing Ian as President etc."

At 2:06 p.m., Mr. Cristal emailed "[t]his all looks fine to me, subject to Ian's approval."

At 2:59 p.m., Mr. Townsend emailed that he was waiting for Mr. Ratner's approval before signing

and sending to Carson Good of Gateway for signature. He wrote: "I will wait for Ian's approval

before signing and sending to Carson. I would like to have Ian's and my signature on the final I

send to Carson please. tx"

Mr. Ratner responded at 3:24 p.m., "All good—thank you—proceed." After several more

emails asking Mr. Ratner to sign on September 7, 2018, Mr. Cristal emailed a copy of the

engagement letter executed by Mr. Ratner at 4:25 p.m. to Mr. Jones and Mr. Townsend, copying

Mr. Ratner and Austin Alexander (an attorney with Balch & Bingham ("Mr. Alexander"))

("Engagement Letter").

> The signed Engagement Letter provided:
>
> This letter confirms and sets forth the terms and conditions of the engagement
> between GlassRatner Advisory & Capital Group, LLC ("GlassRatner") and the
> Company [defined as NCT Systems, Inc.], including the scope of the services to be
> performed and the basis of compensation for those services. Upon execution of this
> letter by each of the parties below, this letter will constitute an agreement between
> the Company and GlassRatner. It is anticipated that the Company will file an action
> to gain control of Sugarloaf Centre Partners, LLC ("Sugarloaf Partners") and
> Sugarloaf Centre, LLC ("Sugarloaf Centre"), either in state court or in the chapter
> 11 bankruptcy case of Sugarloaf Centre, which case is pending in the United States
> Bankruptcy Court for the Northern District of Georgia, Atlanta Division, before
> The Honorable Wendy Hagenau (the "Control Action"). In the Control Action, the
> Company would seek to have GlassRatner appointed as non-member manager of
> Sugarloaf Partners and Sugarloaf Centre. Sugarloaf Centre owns and operates
> commercial, income producing real property in the Atlanta area.

The Engagement Letter contemplated Mr. Ratner and Mr. Cristal would work on the matter as well

as "other staff as appropriate." The Engagement Letter provided all compensation to be paid by

NCT to GR would be advanced by Gateway's counsel, Morgan & Morgan. GR's compensation

would be based on standard hourly rates (of $595 per hour for Mr. Ratner, $395 per hour for Mr. Cristal, and $225--$395 per hour for other staff) for the first three months of the assignment, after which GR would re-evaluate the fee structure and propose a monthly fixed fee.

The Engagement Letter was then signed by Mr. Good on behalf of Good Gateway, LLC. Mr. Jones received a fully executed copy of the Engagement Letter on September 10, 2018. However, Mr. Ratner testified GR never received the executed letter and Mr. Jones agreed he did not forward it.

In apparent reliance on the signed Engagement Letter and approval of the Written Shareholder Consent, NCT filed the Reinstatement on September 10, 2018 representing that Mr. Ratner was President and Director of NCT. On the same day, Mr. Jones filed the opposition to Sugarloaf's motion to dismiss as planned (Case No. 15-58440 Doc. No. 878). It stated Gateway was the sole shareholder of NCT, a 50% owner of Sugarloaf's sole member and, as such, it had an interest in the proper management of Sugarloaf and opposed dismissal (in light of Mr. Thakkar's involvement in the management and adversarial relationship between Mr. Thakkar and Gateway, Gateway wanted Sugarloaf to remain in bankruptcy). Gateway also referenced the settlement agreement in the Nilhan Financial bankruptcy case and noted it had recently requested discovery from Sugarloaf and NRCT in their bankruptcy cases.[5]

On September 17, 2018, Mr. Cristal sent an email to Mr. Jones, Mr. Townsend, and Mr. Ratner, copying Mr. Alexander, stating: "I just wanted to follow up on the Engagement letter. Is there anything additional you need from us[?] Further, can we schedule a call, perhaps later this week, to update case status, plan, etc." Mr. Ratner testified GR did not receive a response, and GR never opened a file, performed any work, or billed for any work related to the engagement.

---

[5] At a hearing on September 27, 2018, the Court denied Sugarloaf's motion to dismiss without prejudice.

On October 10, 2018, a month to the day after the Reinstatement was filed, the Court ordered parties to show cause why a trustee should not be appointed. At the conclusion of the December 4, 2018 hearing, the Court ordered the appointment of a trustee. Counsel for the U.S. Trustee stated he would solicit suggestions from any parties in interest as to who should serve as a trustee and invited anyone with a person to nominate to do so by the close of business on December 6, 2018.

Mr. Jones testified he spoke with the U.S. Trustee's office during the selection process and informed it of the prior contacts between NCT and GR. While the U.S. Trustee, Mr. Glass, GR, and Mr. Jones had information about the details of the Engagement Letter, and Mr. Jones, Mr. Glass, and GR knew of the Reinstatement, none of this was filed with the Court or disclosed in any Court hearing. Mr. Glass stated he never discussed the Reinstatement with Mr. Thakkar and had no reason to believe he knew all the details.

In early 2019, Mr. Ratner was deposed in an unrelated case in Florida. There, he was asked about NCT's Reinstatement which had named him as President and Director of NCT. Mr. Ratner testified he was surprised. Upon return to Atlanta, he contacted Mr. Jones on April 22, 2019 via an email marked "URGENT" and asked Mr. Jones to remove his name as an officer and director. Mr. Jones contacted Mr. Townsend and, on April 26, 2019, NCT filed a 2019 Annual Report that identified Mr. Townsend as the registered agent and Good Gateway, LLC as NCT's President and Director. Mr. Ratner's name was not listed on the annual report. Mr. Ratner testified that he informed Mr. Glass about the Reinstatement and cure. Mr. Glass and Mr. McCaleb did not amend their declarations to address the Reinstatement or the subsequent Annual Report, and no information about the Reinstatement was provided to the Court.

19

The cases continued on their paths to resolution. The Court learned about the Reinstatement and Mr. Ratner's roles in NCT for the first time on January 5, 2021, when the first of the Motions was filed.

## II.   APPLICABLE LAW

Separate standards apply to GR, as a professional to the Trustee, and Mr. Glass, as the Trustee. The Court will look at the law for each before applying the law to the facts.

### a.   Glass Ratner

Movants seek an order disqualifying GR. The burden of proof lies with the Movants, as the party seeking disqualification, to prove their case by a preponderance of the evidence. See Evans v. Artek Sys. Corp., 715 F.2d 788, 794 (2d Cir. 1983); In re Barkany, 542 B.R. 699, 714 (Bankr. E.D.N.Y. 2015).

#### i.   Denial of Compensation Pursuant to Section 328

Movants' request that GR disgorge any fees and expenses previously paid, and that all other fees and expenses should be denied, is analyzed under section 328 of the Bankruptcy Code. Under section 328(c), and with exceptions that are not relevant,

> the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title if, at any time during such professional person's employment under section 327 or 1103 of this title, such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.

11 U.S.C. § 328(c). This section is a penalty for professionals who fail to satisfy section 327(a)'s dual requirements by authorizing the bankruptcy court to deny compensation for services and reimbursement of expenses. Kravit, Gass & Weber, S.C. v. Michel (In re Crivello), 134 F.3d 831, 836 (7th Cir. 1998).

Section 327 states, in part:

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327.

A "disinterested person," in turn, is defined as a person who

(A) is not a creditor, an equity security holder, or an insider;
(B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
(C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the debtor or for any other reason.

11 U.S.C. § 101(14).  The requirement that a professional be "disinterested" cannot be waived or circumvented by agreement or consent among creditors and the debtor.  See In re Granite Partners, L.P., 219 B.R. 22, 34 (Bankr. S.D.N.Y. 1998).

"In construing the disinterestedness standard, bankruptcy courts have held trustees and their retained professionals to a rigorous standard." In re MF Global Inc., 464 B.R. 594, 600-01 (Bankr. S.D.N.Y. 2011) (citing In re Allegheny Int'l, Inc., 117 B.R. 171, 178-79 (W.D. Pa. 1990)).  "The purpose of the disinterestedness requirement is to avoid any associations or connections, whether direct or indirect, between potential employees of the trustee and the estate, which could introduce conflicting loyalties into the bankruptcy case." In re Barkany, 542 B.R. at 713 (citing Allegheny Int'l, Inc., 117 B.R. at 179 (citing In re Philadelphia Athletic Club, Inc., 20 B.R. 328, 333 (E.D. Pa. 1982))).  "Adherence to the disinterestedness requirement avoids not only actual conflicts of interests, but the appearance of conflicts, as well." Id.  "The requirements of section 327 cannot be taken lightly, for they 'serve the important policy of ensuring that all professionals appointed pursuant to [the section] tender undivided loyalty and provide untainted advice and

assistance in furtherance of their fiduciary responsibilities.'" In re Leslie Fay Cos., Inc., 175 B.R. 525, 532 (Bankr. S.D.N.Y. 1994).

The term "interest adverse to the estate" is not defined in the Code, but courts have held that a party is "adverse" to the estate if it possesses "either an 'economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant . . . or . . . a predisposition under the circumstances that render such a bias against the estate.'" In re Prince, 40 F.3d 356, 361 (11th Cir. 1994) (citation omitted). While the use of adverse interest differs slightly between section 327(a) and section 101(14) (in section 327(a) the professional must not hold or represent an interest adverse to the estate, while to be disinterested, the professional must not have an interest materially adverse to the interest of the estate, or any class of creditors or equity holders), courts have generally combined them and stated the adverse interest test is objective and precludes "any interest or relationship, however slight, that would even faintly color the independence and impartial attitude required by the Code and Bankruptcy Rules." In re Black & White Stripes, LLC, 623 B.R. 34, 50 (Bankr. S.D.N.Y. 2020) (quoting Granite Partners, 219 B.R. at 33). "The determination of adverse interest is objective and is concerned with the appearance of impropriety." In re Angelika Films 57th, Inc., 227 B.R. 29, 38 (Bankr. S.D.N.Y. 1998). Whether an adverse interest exists is generally determined on a case-by-case basis. Black & White Stripes, 623 B.R. at 50 (citing In re AroChem Corp. 176 F.3d 610, 623 (2d Cir. 1999)). The interest "may be materially adverse either for one of the specific reasons delineated in the statute or 'for any other reason.'" In re Marvel Entm't Grp., Inc., 140 F.3d 463, 476 (3d Cir. 1998).

In determining whether to disqualify a professional who has or represents an interest adverse to the estate, courts have held that section 327(a) "mandates disqualification when there

is an actual conflict of interest[.]" In re First Jersey Sec., Inc., 180 F.3d 504, 509 (3d Cir. 1999);

In re Fullenkamp, 477 B.R. 826, 832 (Bankr. M.D. Fla. 2011). But the court has "wide discretion

in deciding whether to approve the appointment of a law firm with a potential conflict." Marvel

Entm't Grp, 140 F.3d at 477. Whether a conflict is actual, potential, or presents an appearance of

conflict, and "the decision concerning whether to disqualify a professional . . . in situations not yet

rising to the level of an actual conflict[,] are matters committed to the bankruptcy court's sound

exercise of discretion." In re Art Van Furniture, LLC, 617 B.R. 509, 515 (Bankr. D. Del. 2020)

(citation omitted).

On the one hand, a court may approve a professional with a potential conflict "where the

possibility that the potential conflict will become actual is remote," such as where the length and

extent of a prior representation were minimal. In re Vascular Access Centers, L.P., 613 B.R. 613,

627 (Bankr. E.D. Pa. 2020) (citation omitted). In Vascular Access before representing the debtor,

the professional represented an LLC that was clearly adverse to the debtor. 613 B.R. at 627. The

court concluded that, at a minimum, the professional had a potential conflict of interest. Id.

Throughout the course of the bankruptcy case, the professional only filed pleadings on behalf of

the debtor, not the LLC, and did not send any invoices to, or receive payment from, the LLC. Id.

The court concluded, in light of the short period of time he represented the LLC, which did not

overlap with the firm's representation of the debtor, it would not exercise its discretion to

disqualify the professional based upon his potential conflict of interest. Id.

On the other hand, even a prior engagement that is limited in scope and short may

disqualify a professional from later serving as a professional to the estate. In Black & White

Stripes, 623 B.R. at 51, for example, the bankruptcy court found a law firm's prior representation

of the bankrupt LLC's members, in jointly administered Chapter 11 cases in which one of the

23

estate's most significant assets was its avoidance claims against these same members, was a disqualifying conflict that prevented the law firm's employment as general bankruptcy counsel to the debtors. The law firm argued its representation of the members was brief and its scope was adequately limited by the retainer agreement. Id. The court found, though, that the firm's position was belied by the plain terms of the state-court retainer, which provided for "review of the entire litigation file and services as may, in [the firm's] opinion, be necessary or proper in connection with that matter." Id. The court noted, however brief the firm's role was in the prior action, the representation undermined the firm's ability to perform faithfully as bankruptcy counsel. Id. at 52. The court concluded the prior representation created, at the very least, a potential conflict and it was "worrying that proposed counsel would be so dismissive of such claims." Id.

Courts have also found a professional may hold an interest adverse to the estate even in the absence of a formal agreement or formalized relationship. In In re New River Dry Dock, Inc., 497 F. App'x 882, 887 (11th Cir. 2012), the professional argued he had no formal agreement or understanding with the buyers. The court found that fact not material—while he "may not have formalized his relationship with the buyers", "he discussed working for them and had a strong expectation that he would work for them." Id. That strong expectation was enough to give him an interest adverse to the estate, and he should have disclosed that interest to the bankruptcy court. The court acknowledged the estate may not have suffered any actual financial loss because of the professional's relationship with the buyers, and the professional may not have intended to enrich himself at the expense of the estate, but the issue was not whether he caused any actual harm but, rather, whether the professional "could have unbiasedly made decisions in the best interest" of the estate. Id. (citing Prince, 40 F.3d at 360).

Some courts have found, as a general rule, one member's disinterestedness affects the entire firm's disinterestedness "such that the firm must be disqualified under section 327(a) of the Code." In re Essential Therapeutics, Inc., 295 B.R. 203, 211 (Bankr. D. Del.2003). The majority of courts to consider the issue, however, have found there is no *per se* rule of imputation. See In re McDermott Int'l, Inc., 614 B.R. 244, 254 (Bankr. S.D. Tex. 2020); In re Timber Creek, Inc., 187 B.R. 240, 244 (Bankr. W.D. Tenn.1995).

These courts observe there is no express basis for indirect or imputed disqualification in sections 101(14)(A) & (B), which provide a "disinterested person" means "a person that (A) is not a creditor, an equity security holder, or an insider; and (B) is not and was not, within 2 year before the date of the filing of the petition, a director, officer, or employee of the debtor." 11 U.S.C. § 101(14)(A) & (B). Person" is defined in § 101(41) as including an "individual, partnership, and corporation". 11 U.S.C. § 101(41). Section 101(14) by its plain language applies only to the "person" serving in the defined capacity. Thus, an individual's disqualification under section 101(14)(A) or (B) will not automatically disqualify the individual's firm. In re Young Mens Christian Ass'n of Marquette Cty., 570 B.R. 64, 68-69 (Bankr. W.D. Mich. 2017) (attorney was disqualified under section 101(14)(B) but not necessarily his firm—"a distinct 'person' as that term is defined in section 101(41)"); In re Sea Island Co., 2010 WL 4386855, at *4 (Bankr. S.D. Ga. Oct. 20, 2010) (while some attorneys were disqualified under section 101(14)(A), the disqualifying interests did not disqualify the firm from representing the debtors provided the firm maintained an ethical screen with certain features).

An entire firm may, however, be non-disinterested due to one professional's involvement under section 101(14)(C), which covers a person (here the firm) that has:

> an interest materially adverse to the interest of the estate or of any class of creditors
> or equity security holders, by reason of any direct or indirect relationship to,
> connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14)(C). Under this provision, one professional's direct connection with the estate or any class of creditors or equity security holders creates an indirect and potentially disqualifying connection for the professional's firm. Sea Island Co., 2010 WL 4386855 at *3; In re Cygnus Oil & Gas, 2007 WL 1580111, at *3 (Bankr. S.D. Tex. May 29, 2007).

The foregoing law regarding disinterestedness and adverse interest as developed under section 327 applies in determining whether a court should deny fees under section 328. The decision to discount or deny fees under section 328(c) is within the discretion of the bankruptcy court. In Prince, the Court of Appeals for the Eleventh Circuit stated that "the language of 11 U.S.C. § 328(c) *permits* a court to deny compensation to professionals found not to be disinterested persons but does not *require* a denial of fees in those instances." 40 F.3d at 359. Instead, the bankruptcy courts have "wide discretion to determine whether full or partial denial or disgorgement of fees and expenses is appropriate". In re US Bentonite, Inc., 536 B.R. 948, 958 (Bankr. D. Wyo. 2015); see also In re Shelnut, 577 B.R. 605, 611–12 (Bankr. S.D. Ga. 2017). This is true even if the court subsequently learns that a professional never should have been employed under section 327(a) in the first place. If the court errs in approving a professional person's employment (when the person is either "not a disinterested person" or "represents or holds an interest adverse to the interest of the estate"), a bankruptcy court has discretion under section 328(c) to deny the erroneously employed professional's fees, in whole or in part. In re Fish & Fisher, Inc., 574 B.R. 608, 614-16 (Bankr. S.D. Miss. 2017). "[Section] 328(c) remains as a retroactive penalty for those professionals whose retention under § 327(a) was improper or who fail to satisfy § 327(a) requirements while working for the estate." Id. at 616; see also In re

Mitchell, 497 B.R. 788, 793 (Bankr. E.D.N.C. 2013). A bankruptcy court should weigh the equities in deciding whether to deny fees under section 328(c), Crivello, 134 F.3d at 838, and may limit the denial or reduction of fees to the specific time period when the conflict existed. See e.g., In re Paine, 14 B.R. 272 (W.D. Mich. 1981).

A bankruptcy court retains jurisdiction over an award of fees even after the conclusion of the bankruptcy case. New River Dry Dock, 497 F. App'x at 886; see also Greater Blessed Assurance Apostolic Temple, Inc., 2021 WL 1117760, at *2 (Bankr. M.D. Fla. Mar. 24, 2021). Moreover, a Chapter 11 plan's "release of liability against professionals does not affect the Court's authority over the fees paid to those professionals." Id.; see 11 U.S.C. §§ 328(c), 330(a)(2). For example, in New River Dry Dock, the bankruptcy court initially reviewed and approved a professional's fee without knowledge that he had an interest adverse to the estate. 497 F. App'x at 886. Once the court learned of the adverse interest, it had the authority to revisit the professional's prior fee award. Id.

ii.   Disclosure Pursuant to Rule 2014

Whether a professional is disinterested and may be employed under section 327 is a separate question from whether the professional adequately disclosed all connections. See In re Condor Sys., 302 B.R. 55, 74 n.32 (Bankr. N.D. Cal. 2003) (quoting In re EWC, Inc., 138 B.R. 276, 281 (Bankr. W.D. Okla. 1992)). Rule 2014(a) "effectuates [section] 327(a)'s disinterestedness requirement, and mandates that a[n . . . ] application to employ the professional 'be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States

Trustee.'" Vascular Access, 613 B.R. at 625 (citing In re Jade Mgmt. Servs., 386 Fed.Appx. 145, 150 (3d Cir. 2010) (quoting Rule 2014(a)).

The professional seeking to be retained must make "[f]ull, complete, and timely disclosure" of all the professional's connections to the debtor, creditors and any other party in interest. In re Harris Agency, LLC, 451 B.R. 378, 390 (Bankr. E.D. Pa. 2011); see also In re B.E.S. Concrete Prods., Inc., 93 B.R. 228, 237 (Bankr. E.D. Cal. 1988). While the term "connections" is not defined in Rule 2014(a), the disclosure requirements of Rule 2014(a) are much broader than the rules governing disqualification, and an applicant must disclose all connections regardless of whether they rise to the level of a disqualifying interest under section 327(a). See Granite Partners, 219 B.R. at 35 (citations omitted) (emphasis added). The disclosure requirements of Rule 2014 are strictly applied and impose an independent duty upon the professional applicant; thus, failure to comply with the disclosure rules is a sanctionable violation, even if proper disclosure would have shown that the professional had not actually violated any Bankruptcy Code provision or any Bankruptcy Rule. "[T]hese standards are 'strict' and . . . attorneys engaged in the conduct of a bankruptcy case 'should be free of the slightest personal interest' ... [a]ccordingly, we are 'sensitive to preventing conflicts of interest' and require a 'painstaking analysis of the facts and precise application of precedent.'" I.G. Petroleum, L.L.C. v. Fenasci (In re West Delta Oil Co.), 432 F.3d 347, 355 (5th Cir. 2005) (citations omitted). "There is no de minimus threshold excusing [a professional] from failing to disclose" information regarding his connections. Greater Blessed Assurance Apostolic Temple, 2021 WL 1117760, at *3.

It is incumbent upon the professional to disclose all its previous contacts and professional connections so that the bankruptcy court can determine if there are any conflicts or potential conflicts. Miller Buckfire & Co., LLC v. Citation Corp. (In re Citation Corp.), 493 F.3d 1313,

28

1321-22 (11th Cir. 2007). The bankruptcy court, not the professionals, must determine which

prior connections rise to the level of an actual conflict or pose the threat of a potential conflict.

See Granite Partners, 219 B.R. at 35. "[I]t is the role of the court, and not the professional, to make

the ultimate determination vis-à-vis the information disclosed and compliance with the Bankruptcy

Code and Rules." In re GSC Grp., Inc., 502 B.R. 673, 729 (Bankr. S.D.N.Y. 2013). "[B]y making

the determination there was no connection worth disclosing, the firm broke the "cardinal principle

of Rule 2014(a) . . . [, it] arrogated to [itself] a disclosure decision that the Court must make" and

deprived the court of its function to make a section 327(a) determination. Condor Sys., 302 B.R.

at 71.

Professionals cannot pick and choose the connections they deem relevant or important.

United States v. Gellene, 182 F.3d 578, 588 (7th Cir. 1999). As the bankruptcy court noted in In

re Saturley, 131 B.R. 509 (Bankr. D. Me. 1991), carefully crafted, say-nothing disclosures are

"coy" and insufficient because they require the court to "ferret out pertinent information from other

sources." Id. at 517. The Court should not have to "rummage through files or conduct independent

fact-finding investigations' to determine if the professional is disqualified.'" Granite Partners, 219

B.R. at 35 (citations omitted); see also Rome v. Braunstein (In re Chestnut Hill Mort., Corp.), 158

B.R. 547, 551 n.3 (D. Mass. 1993) (observing that it is not the job of the bankruptcy judge to

review all documents in the file to determine whether the professional's affidavit is truthful and

comprehensive).

Although Rule 2014 does not explicitly require ongoing disclosure, see Granite Partners,

219 B.R. at 35, courts hold that professionals have an ongoing duty to update disclosures and to

promptly notify the court if a potential conflict arises. See West Delta Oil Co., 432 F.3d at 355

("Case law has uniformly held that under rule 2014(a), (1) full disclosure is a continuing

responsibility, and (2) [a professional] is under a duty to promptly notify the court if any potential

for conflict arises.") (citation omitted).  As one court explained, "[t]he need for professional self-

scrutiny and avoidance of conflicts of interest does not end upon appointment." Rome, 19 F.3d at

57-58; accord In re Unitcast, Inc., 214 B.R. 979, 986 (Bankr. N.D. Ohio 1997) (citation omitted).

Continuing disclosure is necessary to preserve the integrity of the bankruptcy system by ensuring

that the trustee's professionals remain conflict free.  See EWC, Inc., 138 B.R. at 280-81.

In addressing Rule 2014 violations, a bankruptcy court has wide discretion to determine

whether nondisclosure justifies remedial measures and, if so, which.  See Citation Corp., 493 F.3d

at 1321-22 ("[n]either Rule 2014 nor the Bankruptcy Code mandates a sanction for the violation

of Rule 2014.  In such situations, whether to impose a penalty and the nature and extent of the

penalty is generally a matter left to the bankruptcy court's discretion").  Decisions in this area are

fact-specific and have run the gamut, from nominal reductions to complete disallowance.

On the one hand, a willful or intentional failure to disclose merits the harshest

sanctions.  Banner v. Cohen, Estis & Assocs., LLP. (In re Balco Equities Ltd.), 345 B.R. 87, 112

(Bankr. S.D.N.Y. 2006) (citations omitted).  Given the important role of disclosure, bankruptcy

courts punish a willful failure to disclose connections required by Rule 2014 as severely as

attempts to put forth a fraud upon the court.  Crivello, 134 F.3d at 839.  Purposefully vague and

misleading disclosures also warrant considerable sanctions.  See In re Matco Elecs. Grp., Inc., 383

B.R. 848, 853, 856 (Bankr. N.D.N.Y. 2008).

On the other hand, a reduction in fees is generally not warranted when nondisclosure is

unintentional and harmless.  See e.g., In re Raymond Prof'l Group, Inc., 421 B.R. 891,0907 (Bankr.

N.D. Ill. 2009); In re Adam Furniture Indus. Inc., 191 B.R. 249, 260 (Bankr. S.D. Ga. 1996).  But,

"[a] professional may be sanctioned for incomplete disclosures even if proper disclosure would

have shown that the professional was disinterested". <u>Jacques H. Geisenberger, Jr., P.C. v.</u>
<u>DeAngelis</u>, 2011 WL 4458779, at *6 (M.D. Pa. 2011). For example, in <u>Vascular Access</u>, 613 B.R.
at 616, the law firm had an engagement letter with the partner of the ultimate debtor. The
representation lasted only a few days before the firm realized the debtor entity should be the entity
to file bankruptcy, and the firm did not receive any fees in connection with the representation. <u>Id.</u>
The law firm provided a very general disclosure in the bankruptcy case that eliminated the critical
fact of the execution of the engagement letter, the identity of the first "contact," and what was
really done. <u>Id.</u> While the court found disqualification was not required (the law firm merely had
a potential conflict of interest since the firm did not represent both parties at the same time), the
court found the firm's fees should be reduced due to the firm's failure to disclose all relevant
information. <u>Id.</u> at 616-17.

iii.   <u>Disqualification</u>

Movants ask the Court to disqualify GR. The request is now moot as GR's work is
complete and it no longer serves as financial advisor to the Trustee.

b.   <u>Mr. Glass</u>

i.   <u>Appointment of a Chapter 11 Trustee</u>

The standards for approval of a Chapter 11 Trustee are different from those that apply to
his professionals because a Chapter 11 trustee is not appointed under section 327. Rather, section
321 provides, in pertinent part, "A person may serve as trustee in a case under this title only if such
person is an individual that is competent to perform the duties of trustee[.]" 11 U.S.C. § 321(a)(1).

While former Rule 209(d) specifically required that a trustee have no interest adverse to
the estate, section 321 does not require that a trustee have no interest adverse to the estate. 3
Collier on Bankruptcy P 321.02 (16th 2020). However, the requirement that a trustee be a

31

"disinterested person" has been expressly incorporated under various sections of the Code including section 1104(d), which provides:

> If the court orders the appointment of a trustee . . ., then the United States trustee, after consultation with parties in interest, shall appoint, subject to the court's approval, one disinterested person other than the United States trustee to serve as trustee . . . in the case.

Thus, the same definition of disinterestedness discussed above applies to a Chapter 11 trustee. The disinterestedness definition includes some concept of adverse interest, but as discussed above, it is slightly different from section 327.

## ii.  Trustee Disclosure

A trustee is obligated under Rule 2007.1 to disclose connections. The "trustee is required to disclose all facts that may have a bearing on his disinterestedness." In re Bennett Funding Grp., Inc., 226 B.R. 331, 335 (Bankr. N.D.N.Y. 1998).

Rule 2007.1(c) provides:

> The application shall be accompanied by a verified statement of the person appointed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

The 1991 Advisory Committee Note to Rule 2007.1 explains that information about connections is required "in the interest of full disclosure and confidence in the appointment process and to give the court all information that may be relevant to the exercise of judicial discretion in approving the appointment of a trustee or examiner in a chapter 11 case."

As with disclosures required by Rule 2014, it is incumbent on the person seeking to serve as trustee to make full disclosure; the court should not have to rummage through files or conduct its own investigation to determine if the person is disinterested. Disclosure is particularly important because, while the U.S. Trustee appoints a Chapter 11 trustee, it is the court that must

approve the trustee. 11 U.S.C. § 1104(d); In re Plaza de Diego Shopping Ctr., Inc., 911 F.2d 820, 827 n.12 (1st Cir. 1990). The court can only make its evaluation and determine if approval is appropriate based on the information disclosed. It is not the job of the bankruptcy judge to review all documents in the file to determine whether an affidavit is truthful and comprehensive. Rome, 158 B.R. at 551 n.3.

### iii.  Removal of a Trustee

The Thakkars seek to remove Mr. Glass from serving as trustee. Section 324(a) provides the court may remove a trustee for cause. 11 U.S.C. § 324(a). "Removal of a bankruptcy trustee is probably as serious of an action as a bankruptcy judge could possibly decide. Accordingly, any allegations that a trustee should be removed must be proven by clear and convincing evidence, not by a mere preponderance of evidence." In re Walker, 2004 WL 3152787, at *1 (S.D. Fla. Dec. 1, 2004), aff'd sub nom. Walden v. Walker, 2006 WL 8451170 (S.D. Fla. Mar. 8, 2006), aff'd sub nom. In re Walker, 515 F.3d 1204 (11th Cir. 2008); see also In re Empire State Conglomerates, Inc., 546 B.R. 306, 317 (Bankr. S.D.N.Y. 2016).

"Cause" for removal is not defined and may exist in a variety of circumstances. Lack of disinterestedness may constitute cause and grounds for removal. For example, in Walker, 2004 WL 3152787, at *3, 14 (S.D. Fla. Dec. 1, 2004), the Chapter 7 trustee indicated on her verified statement that she had no connections with any creditors. The court found the trustee failed to disclose that she served as a registered agent for entities owned and controlled by an unsecured creditor and lied about the connections both on the verified statement and during oral testimony before the court. Id. The court found the trustee's statements amounted to fraud and constituted cause for removal under section 324(a). Id. at *15; see also Marvel Entm't Grp., 140 F.3d at 476.

33

The U.S. Trustee contends Mr. Glass cannot be removed as Trustee pursuant to section 324 because he is no longer serving as trustee. The Court agrees. Pursuant to section 1141(b), unless otherwise stated in the plan or the order confirming the plan, confirmation vests all of the property of the estate in the debtor. 11 U.S.C. § 1141(b). Accordingly, once the plan is confirmed, the duties of a Chapter 11 trustee appointed pursuant to section 1104 are essentially completed. A plan may provide for a "plan trustee" to perform post-confirmation duties; the "plan trustee," however, is a separate and distinct entity from the previously appointed Chapter 11 trustee. While a Chapter 11 trustee appointed pursuant to section 1104 is appointed by the U.S. Trustee and directed by statutory mandates of the Bankruptcy Code, the Bankruptcy Rules, and requirements of the U.S. Trustee, a "plan trustee" is selected and generally governed by the terms of the plan. This is true even if the Chapter 11 trustee and the "plan trustee" are the same person. See Department of Justice Chapter 11 Trustee Handbook. And, as other courts have noted, "[i]t is questionable whether [section] 324 applies to a post-confirmation liquidating trustee appointed pursuant to a plan or trust agreement." In re Syntax-Brillian Corp., 554 B.R. 723, 726 (Bankr. D. Del. 2016).

At the time the Motions were filed, Mr. Glass was no longer serving as Trustee of either Nilhan Developers or NRCT. Upon confirmation the Trustee was replaced by the Plan Agent and, accordingly, there is no Trustee who can be removed under section 324.

III.    **ANALYSIS**

a.    GR

The Court must decide whether GR, at any time during its employment, did not satisfy the disinterestedness and adverse interest criteria set forth in section 327(a). GR contends it was

disinterested and did not hold or represent an adverse interest because it did not actually represent
NCT since the Engagement Letter was not effective. The Court disagrees.

GR contends the Engagement Letter is not binding because assent to a proposed agreement
must be communicated. "As a general proposition, however, '[a]ssent to the terms of a contract
may be given other than by signatures.' . . . [A]cceptance may be inferred by part performance or
other facts, such as acceptance of benefits or performance." Ga. Contracts Law and Litigation
§ 3:3 (2d ed. 2020). See also, Terry Hunt Constr. v. AON Risk Svcs., 272 Ga. App. 547, 552
(2005).

Notably, assent may be implied from the circumstances and the conduct of the parties. See
Redmond & Co. v. Atlanta & Birmingham Air Line R., 129 Ga. 133, 142–143 (1907); Tom Brown
Contracting v. Fishman, 289 Ga. App. 601, 603–604 (2008). In Cox Broadcasting Corp. v.
National Collegiate Athletic Ass'n, 250 Ga. 391 (1982), the Georgia Supreme Court indicated that
"the circumstances surrounding the making of the contract, such as correspondence and
discussions, are relevant in deciding if there was a mutual assent to an agreement, and courts are
free to consider such extrinsic evidence." Id. at 395. A professional relationship can be inferred
from representations or conduct by the professional inducing a "reasonable belief on the part of
the would-be client that he/she was being represented" by the professional. Telematics Corp. v.
Networkfleet, Inc., 2011 WL 13217743, at *4 (N.D. Ga. Nov. 22, 2011) (citations omitted). An
engagement letter is just one of many pieces of evidence signifying mutual assent between the
parties. Meunier Carlin & Curfman, LLC v. Scidera, Inc., 2018 WL 10396435, at *2 (N.D. Ga.
Dec. 26, 2018).

Under the terms of the Engagement Letter, it became effective upon execution. While GR
did not receive the signed Engagement Letter or instructions to proceed with its representation of

35

NCT and Gateway, the Engagement Letter together with the actions of the parties created a contract for GR's engagement with NCT. The email communications surrounding the Engagement Letter show there was a meeting of the minds about the scope of the proposed engagement. The parties agreed to the language of the contract and to what was intended—Mr. Ratner was to serve as President and Director of NCT—and NCT's purpose in retaining GR—to ultimately gain control of Sugarloaf Centre Partners, LLC and Sugarloaf, the Debtor.

Further, the back-and-forth communications on September 7, 2018 indicate Mr. Ratner signed the Engagement Letter knowing it would be forwarded to Gateway for signature and knew timing was critical. In an email sent at 1:55 p.m. on September 7, 2018, Mr. Jones wrote: "Please let us know that this meets with your approval and Clay will have it executed." Mr. Townsend also emailed stating he was waiting for Mr. Ratner's approval before signing and sending to Mr. Good for signature. He wrote, "I would like to have Ian's and my signature on the final I send to Carson please." Mr. Ratner signed the Engagement Letter and Mr. Cristal emailed it to Mr. Jones and Mr. Townsend.

The Engagement Letter was then signed by Mr. Good on behalf of Good Gateway, LLC, just as Mr. Jones and Mr. Townsend said it would be. Mr. Jones received a fully executed copy of the Engagement Letter on September 10, 2018. While Mr. Jones did not forward the duly signed Engagement Letter, and GR had not seen the letter signed by Gateway until discovery related to this matter, it was signed on September 10, 2018. Given the communications between the parties, this should not have been a surprise. Mr. Ratner was told more than once, by both Mr. Jones and Mr. Townsend, that the Engagement Letter would be sent to Mr. Good for signature after he signed it.

Mr. Ratner testified he did not know he had been appointed as President and Director of NCT. However, Mr. Ratner was provided with a draft of a consent of shareholders appointing him as President, Secretary, and Director. Mr. Jones revised the Engagement Letter stating he was doing so to be consistent with the shareholder's consent. Further, Mr. Jones specifically asked for Mr. Ratner's "okay on the Shareholders Consent appointing Ian as President etc." Finally, Mr. Jones stated in his email on September 7, 2018 at 10:39 am, "We need to finalize the appointment as soon as possible because we have to file an objection to a motion to dismiss Sugarloaf Centre's bankruptcy." So, Mr. Ratner was told about his appointment, the reason for the appointment and the urgency for the appointment. Mr. Cristal responded, "[t]his all looks fine to me, subject to Ian's approval." Mr. Ratner then replied, "All good—thank you—proceed." The instruction to "proceed" convinces the Court that Mr. Ratner knew that he was engaged to serve as an officer and director, and he directed counsel to move forward with the steps to make that happen. Mr. Ratner was in fact identified as President and Director of NCT in the Florida Secretary of State's records. And NCT/Gateway filed their opposition to Sugarloaf's Motion to Dismiss on the same day as the Reinstatement, just as Mr. Jones had stated.

GR contends Mr. Cristal's email of September 17 shows GR did not know the letter had been signed. The Court does not read the email as addressing the execution of the Engagement Letter. Rather, Mr. Cristal was asking about next steps in the representation. The Court concludes the preponderance of the evidence shows the Engagement Letter was effective and Mr. Ratner was President and Director of NCT from September 10, 2018 until the 2019 Annual Report was filed listing a new President and Director on April 26, 2019. The question is whether he was disinterested as a result of serving in this capacity and, if so, whether that should be imputed to GR in each case, and whether GR held or represented an interest adverse to the estate as a result.

37

i. NRCT

Mr. Ratner was an insider of NRCT. An insider is, by definition, not a "disinterested person." 11 U.S.C. § 101(14). An insider is an entity "whose close relationship with the debtor subjects any transaction made between the debtor and such entity to heavy scrutiny." Miami Police Relief & Pension Fund v. Tabas (In re The Fla. Fund of Coral Gables, Ltd.), 144 F. App'x 72, 75-76 (11th Cir. 2005). Section 101(31) defines "insider" in an illustrative manner to include:

> (B) if the debtor is a corporation—
>     (i) director of the debtor;
>     (ii) officer of the debtor;
>     (iii) person in control of the debtor;
>     (iv) partnership in which the debtor is a general partner;
>     (v) general partner of the debtor; or
>     (vi) relative of a general partner, director, officer, or person in control of the debtor;
>     . . .
> (E) affiliate, or insider of an affiliate as if such affiliate were the debtor . . . .

11 U.S.C. § 101(31) (emphasis added).

Section 101(2), in turn, provides an affiliate is, among other things,

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, ...

> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities...

Id.

As President and Director of NCT, Mr. Ratner was an insider of NCT. NCT is an affiliate of Sugarloaf since it indirectly owns 50% of Sugarloaf. NRCT was also an affiliate, and therefore an insider, of Sugarloaf since it indirectly owns the other 50% of Sugarloaf. An insider of an affiliate is also considered an insider of the debtor, and, since Mr. Ratner was an insider of

Sugarloaf, the affiliate, he was also an insider of NRCT, the Debtor. Because Mr. Ratner was an insider of NRCT, he was not a disinterested person pursuant to section 101(14) during the time he served as an officer and director of NCT.

Mr. Ratner's role as an insider, however, does not automatically create a disqualifying connection for his firm. Here, though, GR's role in providing a President and Director to NCT made it not disinterested. NCT engaged GR, not just Mr. Ratner, to work on its behalf. This is evidenced by the Engagement Letter which stated the engagement was with the firm and contemplated Mr. Ratner and Mr. Cristal would work on the matter as well as "other staff as appropriate." Moreover, Mr. Ratner was not alone in communicating with counsel for NCT and Gateway on behalf of GR; several emails to and from Mr. Cristal show he was intimately involved in the discussions regarding GR's engagement. The Court concludes GR was not disinterested in the period while Mr. Ratner served as an officer and director of NCT pursuant to 11 U.S.C. § 101(14)(C) because it held an interest materially adverse to NRCT by reason of its direct and indirect relationship with NCT.

Even if Mr. Ratner is not an insider of NRCT, the Court finds GR represented an interest materially adverse to the estate while Mr. Ratner was an officer and director of NCT and therefore it was not qualified to be employed as a professional under section 327 during that period. At the time GR was approved as financial advisor in this case, it was engaged to represent NCT and, indirectly, Gateway, the 100% shareholder of NCT, which held and asserted several economic interests that would tend to lessen the value of the NRCT bankruptcy estate.

First, NCT/Gateway objected to Sugarloaf's Motion to Dismiss which was supported by NRCT, the other indirect 50% owner of Sugarloaf. According to Mr. Jones, opposing Sugarloaf

and NRCT was the reason for reactivating NCT at that time. So, the action of serving as an officer and director was an adverse action as to NRCT under the facts of this case.

Second, Gateway requested discovery from Sugarloaf and NRCT on July 31, 2018 (Case No. 15-58440 Docs. Nos. 856 & 857) relating to the management, organization, and formation of Sugarloaf's sole member, Sugarloaf Centre Partners, LLC, which is owned 50% by NCT and 50% by NRCT. Gateway explained it owned a 50% interest in Sugarloaf Centre Partners, LLC through NCT and sought additional information as to the management, organization, and formation of Sugarloaf and its sole owner to determine NCT's rights in the Debtor Sugarloaf and its owner. One of the purposes of GR's engagement was for it to serve as the controlling person in NCT and ultimately in Sugarloaf, certainly an interest adverse to Sugarloaf. Because NRCT co-owned the direct owner of Sugarloaf, such a move by NCT would also be adverse to the interest of NRCT which, at that point in time, continued to control Sugarloaf indirectly. This discovery request was outstanding when the Trustee was appointed and when GR was retained as financial advisor.

Third, by virtue of the Contribution Claim, Gateway held a replacement lien on the net proceeds of Bay Circle's claims for contribution and subrogation against the other Debtors. While Bay Circle may have a claim for contribution or subrogation (the Court has not determined Bay Circle has such a claim and has not fixed the amount of any such claim), Gateway is the real party in interest. And while the Court has not specified against whom Bay Circle might have a claim, because all the Debtors except NRCT liquidated property to satisfy Wells Fargo, NRCT is a likely target. The adversarial positions of Gateway and NRCT are evident since Gateway filed an adversary complaint on behalf of the Trustee against NRCT with respect to the Contribution Claim on August 13, 2019, initiating Adversary Proceeding No. 19-5284.

40

GR's role in this matter was central. When the Trustee was appointed, the Court specifically tasked him with investigating whether Bay Circle may have a claim, against whom, and the range of possible outcomes. The Trustee retained GR to use its financial analysis expertise to report to the Court about possible outcomes. GR conducted this analysis while Mr. Ratner was an officer and director of NCT, which was 100% owned by Gateway[6]. GR's relationship with Gateway creates at least the appearance of a conflict and a perception that it did not have the independence and impartial attitude required for an estate professional.

Fourth, Gateway asserted an interest in claims of Nilhan Financial in the NRCT case. The NRCT schedules listed claims in the amount of $13,953,776 and $91,524 held by Nilhan Financial. Thus, at the time the Engagement Letter was signed, Gateway stood to receive a significant sum (approximately $7 million if the Nilhan Financial claims were paid in full) from NRCT by virtue of its agreement with Nilhan Financial. Gateway's interest was evident by its zealous opposition to the objection of Niloy and Rohan Thakkar (NRCT's equity holders) to the payment of the claim. The Court ultimately disallowed Nilhan Financial's $13,953,776 claim but allowed the $91,524 claim to which no objection was made. It is important to note that the litigation over Nilhan Financial's claim occurred after Mr. Ratner was no longer an officer and director of NCT, but Gateway's interest in the Nilhan Financial claim existed while he was an officer and director.

These interests demonstrate NRCT and NCT/Gateway did not share an identity of interests and were directly contrary to each other. The interest of NCT, represented by GR, was material as described above, and the interest of NCT/Gateway represented by GR was on the very matters on which the Trustee was to serve and GR was to assist. NCT's and GR's role in the bankruptcy cases was identified in the Engagement Letter and known by GR from the start. The Court

---

[6] The Preliminary Report showing NRCT's potential liability was filed on March 29, 2019.

concludes GR was not disinterested based on its direct relationship and connection to NCT and GR represented a material interest adverse to the NRCT estate based on Mr. Ratner's role as officer and director of NCT for the period while he served in those roles.

ii.  Nilhan Developers

The relationship between NCT and Nilhan Developers is not as direct as the relationship between NCT and NRCT, but is nevertheless sufficient to find that GR was not disinterested and represented a material interest adverse to the estate during the time that Mr. Ratner served as an officer and director of NCT.

The Bankruptcy Code defines "insider" to include an affiliate.  The definition of "affiliate" includes a corporation, 20 percent or more of whose outstanding voting securities are directly or indirectly owned or controlled by the debtor or by an entity that directly or indirectly owns and controls 20 percent or more  of the stock of the debtor. 11 U.S.C. §101(2)(B).  Thus, corporations with common ownership are affiliates and, therefore, insiders of each other.  Redmond v. Ellis County Abstract & Title Co. (In re Liberty Livestock Co.), 198 B.R. 365, 371 (Bankr. D. Kan. 1996); In re Lettick Typografic, Inc., 103 B.R. 32, 38 n.7 (Bankr. D. Conn. 1989); In re TS Employment, Inc., 2015 WL 4940348 (Bankr. S.D.N.Y. Aug. 18, 2015).

In this case, the ownership of NRCT and Nilhan Developers is the same, with Niloy and Rohan Thakkar owning each.  As such, NRCT is an affiliate of Nilhan Developers.  The Court has ruled above that Mr. Ratner was an insider of NRCT while he served as an officer and director of NCT.  An insider of an affiliate is an insider of the debtor, 11 U.S.C § 101(31)(E), so he was also an insider of Nilhan Developers during the time he served NCT.  As discussed above, Mr. Ratner's insider status is imputed to GR under the facts of this case and GR is not disinterested under 11 U.S.C. § 101(14)(C).

42

But even if Mr. Ratner was not an insider of Nilhan Developers, GR represented a material interest adverse to the Nilhan Developers' estate while it represented NCT. As described above, Gateway (the 100% owner of NCT which appointed Mr. Ratner) held a financial interest in the claims of Nilhan Financial against Nilhan Developers. The Nilhan Developers schedules listed debts owed to Nilhan Financial in amounts of $9,500,000, $83,672, and $15,434.07. The equity owners (Niloy and Rohan Thakkar) objected to the $9.5 million claim as having been satisfied. As in the NRCT case, Gateway vigorously opposed the reductions in the claims as asserted by Niloy and Rohan Thakkar. The Court ultimately reduced the scheduled claim and allowed Nilhan Financial a claim in the Nilhan Developers case in the amount of $2,300,000 in addition to the claims of $83,672 and $15,434.07, to which no objections were made. Again, it is important to note the litigation on Nilhan Financial's claim occurred after Mr. Ratner was no longer an officer or director of NCT, but Gateway's interest in Nilhan Financial's claim existed while he was an officer and director.

Because GR was not disinterested and represented a material interest adverse to the Nilhan Developers' estate while Mr. Ratner served as an officer and director of NCT, it was not authorized to serve as a professional person under section 327 during that period.

### iii.   GR's Disclosures Were Inadequate

GR contends it adequately disclosed all connections it had with Gateway. The Court disagrees. GR made no disclosure of its relationship to NCT in its application to serve as financial advisor, nor did it supplement its disclosure. While Mr. Glass made some disclosure of the connection, that is not the same as GR disclosing its connection, and GR cannot fully rely on it, at least where it was not incorporated or referenced in any way.

Mr. McCaleb stated in his affidavit that GR "may have been engaged by certain creditors and other parties in interest or their attorneys, accountants, or professionals in other matters unrelated to the Debtors' jointly-administered cases." This broad statement is vague and misleading. It states GR may have represented creditors in unrelated matters, but GR's connection with NCT was directly related to these bankruptcy cases, as GR was retained specifically to file an action to gain control of Sugarloaf in its Chapter 11 bankruptcy case.

Later, when Mr. Ratner learned he had been listed in the Reinstatement as President and Director of NCT, GR remained silent. GR did not amend its disclosures despite its prior representations it would do so and despite the ongoing duty professionals have to update disclosures. In fact, Mr. McCaleb never amended his affidavit, and no subsequent disclosures were ever made to the Court. Were it not for the Motions, the Court would likely never have learned about GR's connections to Gateway and NCT and the Reinstatement.

GR contends its relationship with Gateway and NCT was brief and minimal, but there is no *de minimus* threshold excusing a professional from the disclosure requirements. Despite GR's representations, the Court finds the connection extremely significant and one that should have been disclosed under Rule 2014(a). The Court is not concerned merely with the technical questions of who an applicant represents and whether an applicant serves as an officer. Rather, it is the breadth of disclosure that allows the Court to determine if an applicant like GR, directly or indirectly, or for any reason, should be disqualified. GR was contacted to act on behalf of Sugarloaf Centre Partners, LLC, the owner of one of the Debtors in these cases, in a way directly adversarial to existing equity in the Debtors and Sugarloaf Partners. GR knew it, but it did not disclose it. Moreover, the pervasiveness of Gateway's interests in these cases makes a lack of disclosure

critical. Failing to disclose impairs the parties' confidence in the process where virtually every matter in the last three years has pitted a Thakkar interest against a Gateway interest.

GR ignored its obligations and the abundant case law that places the burden squarely on the professional to plainly, openly, and timely disclose all necessary information directly to the bankruptcy court. The lack of disclosure thwarted the ability of the Court and the parties in interest to fully vet their connections at the outset of the case. The discussion above shows full information about the connections between GR and Gateway by virtue of its ownership of NCT was critical and, if known, would likely have affected the Court's decision to approve GR as financial advisor.

b. Mr. Glass

Section 101(14)(C) provides a professional is not disinterested if a person has "an interest materially adverse to the interest of the estate . . . by reason of direct or *indirect* relationship to . . . the debtor." Further, the adverse interest may be based on "the specific reasons delineated in the statute or 'for any other reason.'" Marvel Entm't Grp., 140 F.3d at 476. The Court finds Mr. Glass was not disinterested by reason of his direct relationship with Mr. Ratner and his indirect connection to NCT and Gateway.

The Court found cause to appoint a Chapter 11 trustee in these cases to provide an objective, dispassionate, and disinterested view regarding various matters in these cases, including analysis and resolution of the Contribution Claim and all other contested matters. The Court desired a neutral party to mediate disputes between the Debtors and their creditors and to provide an independent analysis. Mr. Glass was appointed as Trustee and, rather than being a truly impartial third party, he had ties to Gateway, a creditor who had taken an active role in the Debtors' cases and has been involved in extensive and contentious litigation against the Debtors and their management for years.

Mr. Glass is a named partner in the GR firm which was engaged by NCT.  Mr. Glass has worked closely with Mr. Ratner for years.  This is not a case involving a professional who is engaged on a discrete matter and closed off from others in the firm.  Rather, the GR firm, of which Mr. Glass is a founder and integral part of the firm's continued operations, was engaged to do work by Gateway's counsel.  Further, when the parties discussed the engagement, Mr. Glass was listed as a co-CEO in drafts of the Engagement Letter.  Regardless of whether he knew he was included as a potential officer in NCT, the fact stands that he was considered when outlining GR's retention.  His firm represented NCT and indirectly represented Gateway, and he worked closely with Mr. Ratner who served as President and Director of NCT when he was appointed as Trustee.  These close relationships demonstrate Mr. Glass had at least a potential conflict of interest.

Moreover, Mr. Glass's disclosure was insufficient under Rule 2007.1.  Mr. Glass did make a partial disclosure, and the Engagement Letter was shared with the U.S. Trustee.  His communications with counsel for the U.S. Trustee, however, have turned out not to be entirely accurate. He stated the Engagement Letter was not executed (which evidence has shown to the contrary), and that "[n]o conversations or information was exchanged[.]" This statement was not accurate, as the abundant email communications demonstrate.  Information about Sugarloaf and Gateway's interest in the case was also shared with GR in several emails and in the text of the Engagement Letter itself, which Mr. Glass had and shared, and in the shareholder's consent.  Mr. Glass had to have known GR was retained specifically to take action against Sugarloaf; it was stated plainly in the Engagement Letter.  This demonstrates Mr. Glass's failure to fully disclose the Engagement Letter was not inadvertent.  He intentionally chose not to fully disclose the nature of the planned engagement.  Further, Mr. Glass did not supplement or amend his disclosures at

any time even though he was aware that Mr. Ratner was identified on the Secretary of State's website as an officer and director of NCT.

    c.   <u>Waiver</u>

GR and the Trustee contend the Court cannot order disgorgement of fees because the NRCT and Nilhan Developers Chapter 11 plans released all claims against professionals arising from the bankruptcy case.

Section 13.4a of NRCT's confirmed plan (Case No. 15-58444 Doc. No. 131) is an exculpation provision that releases parties, including the Trustee and GR, "from, any claim, obligation, cause of action or liability . . . for any act or omission in connection with, relating to, or arising out of the Bankruptcy Case, . . . the Plan . . . or other occurrence taking place before the Effective Date . . . provided, however, that nothing in the Plan shall release . . . claims due to . . . gross negligence or willful misconduct." Section 13.4b is an injunction to bring such claims. The Nilhan Developers Plan (Case No. 15-58443 Doc. No. 225) includes a similar exculpation provision in section 13.4a and an injunction in section 13.4b.

A similar argument was raised and rejected in <u>New River Dry Dock</u>, 451 B.R. 586. There, the debtor hired a broker to sell its primary asset. The broker did not disclose his connections to the buyers. After the sale, the court confirmed the debtor's reorganization plan, which included a release by the debtor and creditors of claims against professionals employed by the estate. Later, an unsecured creditor alerted the court to the broker's relationship with the buyer and sought disgorgement of the broker's commission fees. The brokers argued such a claim was precluded as a matter of law because the plan of reorganization did not expressly preserve the right to pursue a claim for disgorgement of fees. The bankruptcy court disagreed. The court stated "[i]t would be improper to allow fees which were obtained through dishonesty and non-compliance with the

Bankruptcy Code only because a plan has been confirmed." The court said it was particularly so because "the plan specifically carves out an exception to the clause releasing pre-confirmation professionals for 'gross-negligence or willful misconduct.'" The bankruptcy court concluded the broker's failure to disclose his prior relationship in derogation of the disclosure requirements of Rule 2014 constituted willful misconduct akin to a fraud on the court and on the debtor's estate and, accordingly, claims related to the failure to disclose were excluded from the plan's release. Id. at 589-90.

On appeal, the district court agreed. Denison, 2012 WL 75768, at *3. The court noted professionals should not profit while the estate and creditors suffer, by virtue of the withholding of material information which would have affected the decision to appoint the professionals in the first instance. On appeal, the Eleventh Circuit once again agreed that "[t]he plan's release of liability against professionals did not affect the bankruptcy court's authority over the fees paid to those professionals." New River Dry Dock, Inc., 497 F. App'x at 886. The bankruptcy court initially reviewed and approved the broker fee without knowledge that he had an interest adverse to the estate. Once the court learned this fact, it had the authority to revisit the fee award. Id.

The NRCT and Nilhan Developers' plans' release of liability against professionals does not affect the Court's authority over the fees paid to GR and the Trustee. Before a professional can be paid, a bankruptcy court must review and approve the fees to be paid. See 11 U.S.C. § 330(a); New River Dry Dock, 497 F. App'x at 886. A bankruptcy court retains jurisdiction over an award of fees even after the conclusion of the bankruptcy case. Id. The Court has not yet approved GR's and the Trustee's fee requests on a final basis. The Court has not examined the reasonableness of GR's or the Trustee's fees in the cases. The Court retains jurisdiction to do so,

notwithstanding the exculpating language in the plan. Further, as in <u>New River Dry Dock</u>, the exculpation provision in the plans did not release GR from willful misconduct.

Additionally, Section 3.3 of both plans set a deadline for the Trustee and his professionals to file applications for payment of administrative claims and for objections thereto. The Court finds this demonstrates the parties did not intend to bar objections to fee applications. The specific language of Section 3.3 contemplated parties would have an opportunity to raise objections to the Trustee's and his professional's requests for fees, notwithstanding the exculpating language of Section 13.4a. Reading the plan as a whole, and recognizing the Court's obligation to review all fees, the Court finds the plans do not bar the claims for disgorgement in the Motions.

GR and the Trustee also contend a settlement agreement entered in the Nilhan Developers case bars the disgorgement of and objection to fees now.[7] The Trustee filed a Motion for Entry of an Order Approving Settlement among the Trustee, Mr. Thakkar and his wife, Niloy Thakkar, Nilhan Developers (collectively the "Thakkar Parties"), and various parties related to Westplan (Case No. 15-58440 Doc. No. 1176). The Court granted the motion on September 13, 2019 (Case No. 15-58440 Doc. No. 1209).

The settlement agreement included a release in paragraph 4(c) that provided that the Thakkar Parties for themselves and on behalf of their, inter alia, agents, children, successors, and assigns:

> absolutely, forever, fully, and finally, releases, waives, acquits, and discharges the Trustee, both personally and in his capacity as the Chapter 11 Trustee . . . from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, actions, causes of action, liabilities, defenses, liens, costs, and expenses of any nature . . . from the beginning of the world to the Effective Date of this Agreement[.]

---

[7] The agreement did not involve NRCT and has no bearing on the NRCT case.

The agreement further provided the Thakkar Releasing Parties—other than Nilhan Developers—agreed they "shall not object, and hereby waive and relinquish any rights for making any objection, to any application for compensation of reasonable fees or expenses made on behalf of the Trustee or any professionals of the Trustee for work performed in the bankruptcy case." This latter provision specifically excluded Nilhan Developers.

The Court concludes the Settlement Agreement's release of liability does not affect the Court's authority over the fees paid to the Trustee and his professionals. See 11 U.S.C. §§ 328(c); 330(a)(2). As noted above, a bankruptcy court retains jurisdiction over an award of fees even after the conclusion of the bankruptcy case, and a bankruptcy court may deny fees to a professional "at any time" pursuant to section 328. "[T]he mandatory provisions of section 327(a) do not allow for waiver". Granite Partners, 219 B.R. at 34. The Court's responsibility to "monitor the integrity of the proceedings" is among the reasons the Court must address any improprieties coming to its attention. In re Vebeliunas, 231 B.R. 181, 187 (Bankr. S.D.N.Y. 1999). The disqualifying conflict was not known at the time the parties entered into the Settlement Agreement and, once the Court learned of the conflict, it had the authority to consider GR's and the Trustee's fees in light of it.

d.   Sanctions

Movants seek full disgorgement and denial of GR's and the Trustee's fees and expenses. The U.S. Trustee contends disallowance of all fees is not warranted but agrees GR's compensation should be reduced in light of the firm's failure to properly disclose its connections as required by Rule 2014. GR and the Trustee contend a reduction is not warranted. The Court finds a reduction of GR's and the Trustee's fees is appropriate under section 328 of the Bankruptcy Code and as a sanction for improper disclosure of both of their contacts with Gateway. The Court, however, declines to deny all fees.

The decision to discount or deny fees under section 328(c) is within the discretion of the bankruptcy court, and the bankruptcy court's power to deny fees under section 328(c) is permissive. The Court's decision must balance the acts of GR and the Trustee in failing to properly disclose connections and in failing to be qualified to serve against any harm caused to the estate and any benefit provided by GR and the Trustee. The mere fact that the estate may not have suffered or established any actual financial loss is not the issue. Rather it is whether even the perception that the Trustee or GR were not impartial is sufficient on the given facts to justify sanctions. The intent or willfulness of GR and the Trustee also contribute to a determination as to the proper sanction.

It is indisputable that neither GR nor the Trustee adequately disclosed the connections of Mr. Ratner and GR to the Gateway interests. It is unfathomable to the Court that an Engagement Letter specifically identifying these consolidated cases and this judge was not disclosed to the Court, even if GR thought it was unsigned. This is particularly true when the outcome sought in the Engagement Letter (replacing management in Sugarloaf with someone from GR) is exactly what happened when the Court appointed Mr. Glass as the Trustee and GR as his financial advisor. The innocuous description of the contact, compared to the actual relationship, is striking. It is most disappointing to the Court that although GR, the Trustee, the US Trustee, and Gateway's counsel all knew the details of the proposed and (the Court finds consummated) engagement, not a single person thought to mention it in the almost three years since the contact occurred, notwithstanding that all of the foregoing parties have been before the Court for virtually every single hearing in this case. The response that no one objected to the retention of GR or Mr. Glass is woefully short sighted. As the case law makes clear, it is the duty of the proposed professionals to inform the court; it is not the duty of the court to make inquiry. A failure to <u>fully</u> disclose a

connection, even one that a professional may assume is insignificant, leads to exactly the situation in which we now find ourselves—at the end of hotly contested cases with doubt now cast on virtually every step of the process.

Moreover, GR and the Trustee failed to update their disclosures when they learned of the Reinstatement. It is also very troubling that GR and the Trustee seemingly take no responsibility for their failure to disclose. They place the responsibility of "discovering" the issue on everyone else—the U.S. Trustee, their counsel Morris Manning and Martin, the Court, and Mr. Thakkar. To be clear, the responsibility of accurate disclosures is on the professional. While the U.S. Trustee must propose the specific trustee, it is the Court who approves the trustee, not the U.S. Trustee. So, it is the Court to whom the professional owes the duty, not the U.S. Trustee.

At the same time, the Court recognizes that Mr. Glass did disclose the full Engagement Letter to the U.S. Trustee, so an argument can be made that he did not attempt to hide the contact. Moreover, while doubt has been cast on the cases by these late disclosures, no evidence was presented of actual harm to the estate. To the contrary, the Court concludes GR and the Trustee did contribute to the NRCT and Nilhan Developers cases and did real work on which the Court relied. For example, GR prepared monthly operating reports for the Debtors and it acted as a property manager and collected money due to the Debtors. It assisted in making distributions and paying bills. The Trustee sold a major asset of Nilhan Developers, generating substantial cash for the estate. He proposed and confirmed both plans in these cases, a feat that would not have been possible without a trustee.

Balancing all of the facts, and using its discretion, the Court concludes that the appropriate sanction is to deny fees to the Trustee and GR for the period in which Mr. Ratner served as an

officer and director of NCT and/or his name appeared on the Secretary of State records as such. This period is from the inception of the Trustee's and GR's work through April 26, 2019.

As a further sanction, the Court will remove Mr. Glass as Plan Agent under both confirmed plans and remove GR from working for any Plan Agent in these cases. The issues raised here now make it most difficult to move forward with either of them involved in these cases.

The failure of GR and the Trustee to fully disclose their contacts, by itself, justifies these sanctions and, to be clear, the Court would impose these sanctions even if it found that GR and the Trustee were disinterested and did not represent a material interest adverse to the estate.

## I. CONCLUSION

The Court is very disappointed to find these cases and these parties in this situation. Disallowing fees and removing professionals is not something the Court looks forward to doing. But the bankruptcy process must be based on fairness and impartiality, both actual and perceived. The failure to properly disclose material contacts and the failure of the Trustee and GR to be disinterested and to be free of representation of adverse interests leads the Court to this conclusion

**IT IS THEREFORE ORDERED** that the fees otherwise allowable to GR and the Trustee for work performed from the date of inception through April 26, 2019 are disallowed. When the Court hears the actual fee applications, it will make appropriate orders as to the amounts and whether disgorgement is required based on the amounts allowed and the amounts paid.

**IT IS FURTHER ORDERED** that Mr. Glass is removed as Plan Agent in both the NRCT and Nilhan Developers plans and GR is also removed as professional to the Plan Agent and barred from being employed by any subsequent plan agent effective as of the appointment of a replacement agent.

**IT IS FURTHER ORDERED** that the Motion for Involuntary Dismissal is **DENIED**.

### END OF ORDER

### Distribution List

Frank W. DeBorde
Lisa Wolgast
Morris, Manning & Martin, LLP
3343 Peachtree Rd NE, Ste 1600
Atlanta, GA 30326

William A. DuPré, IV
Miller & Martin PLLC
1180 W Peachtree St NW, Ste 2100
Atlanta, GA 30309-3407

David Weidenbaum
Office of the U.S. Trustee
75 Ted Turner Dr SW, Rm 362
Atlanta, GA 30303

Frank B. Wilensky
Macey, Wilensky & Hennings, LLP
5500 Interstate Pkwy North, Ste 435
Atlanta, GA 30328

Ronald L. Glass
Glass Ratner Advisory & Capital Group
3445 Peachtree Rd NE, Ste 1225
Atlanta, GA 30326

M. Denise Dotson
M. Denise Dotson, LLC
PO Box 767
Avondale Estates, GA 30002

John A. Moffa
Moffa & Breuer, PLLC
3081 E. Commercial Blvd, #204
Fort Lauderdale, FL 33308

# EXHIBIT D

| From: | John A. Moffa <john@moffa.law> |
| Sent: | Monday, January 25, 2021 4:40 PM |
| To: | Walter Jones |
| Cc: | Kimberly Miller; 'ctownsend@forthepeople.com'; Todd Westfall |
| Subject: | Nilhan Developers |
| Attachments: | Motion to Remove Trustee EXHIBIT from SOS DOC.pdf |

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Walt:

I was able to review the filed response of GlassRather and Ronald Glass in this case at ECF 247. Your firm and you were implicated in Mr. Ratner's Affidavit regarding the information on the Florida Secretary of State's website for the Division of Corporations. While I understand Mr. Ratner's affidavit testimony, I am perplexed at two different issues, one of which impacts you and your clients. That issue relates to the attached filing with the Florida Secretary of State, Division of Corporations (SOS DOC) which is purportedly signed by Mr. Ratner, electronically, and by Mr. Townsend. I've attached that filing. In Florida, the filing of false information with the SOS DOC is a third-degree felony. If Mr. Ratner is to be believed, then someone else committed a felony. As this issue implicates hundreds of thousands of dollars of fees and expenses and is a criminal matter in Florida, I do not intend to just walk-away without getting answers regarding this matter.

I am proposing after an investigation into the facts surrounding the filing of the attached, you determine who is responsible for the filing of this with the SOS DOC. I would further ask that you provide an affidavit regarding this matter to see if we can avoid the formality taking your deposition, duces tecum. I would like to review your engagement letter with NCT Systems, Good Gateway, LLC, SEG Gateway, LLC, Morgan & Morgan and/or Clay Townsend to better to determine your responsibility, if any, in this felony investigation along with the letter sent by GlassRatner for their engagement.

I believe that Mr. Ratner's Affidavit implicates someone committed a felony. In addition, I am perplexed why GlassRatner and/or the Trustee failed to disclose the information they learned two years ago regarding the SOS DOC filing and chose to keep it a secret. It seems to me that more disclosure to the Court was warranted and necessary. Learning about this conflict is not enough, if after they became aware of this alleged felony and did nothing. But that is something else I need to explore.

We have a hearing on my Motions set for February 22, 2021. If I cannot get sufficient information from you this week, I will need to conduct a deposition of you and



Mr. Townsend rather than just Mr. Townsend.  Since Mr. Ratner asserts he was never hired by NCT, Good Gateway, SEG, M&M and/or Clay Townsend, any correspondence between any of you and Mr. Ratner are not privileged and need to be produced.

One final matter of which you should be aware.  In Florida, each entity is required to file an Annual Report by 4/30 each year.  The failure to file the report by that time increases the fee from about $150 to $550 for the failure to timely file an Annual Report with the additional fee.  NCT had every incentive to get the Annual Report filed by 4/30 regardless of when or whether Mr. Ratner learned of this alleged deception.  From my perspective, the filing of the Annual Report is certainly not correcting feloniously submitted false information.

Thanks for any help you can give me.



JOHN A. MOFFA
Board Certified  in Business Bankruptcy*
Board Certified  in Consumer Bankruptcy*
3081 East Commercial Blvd., Suite 204
Fort Lauderdale, FL 33308
Telephone:  954.634.4733
Direct: 954-607-3229
Mobile: 954-494-4084
Facsimile: 954.337.0637
Email:John@Moffa.Law
Website:  www.Moffa.Law
**\* By the American Board of Certification**

*****************************************************************************************************************************************
****************************************************************************
Disclaimer(s): This transmission is intended to be delivered only to the named addressee(s) and may contain information that is confidential, proprietary, attorney work-product and/or attorney-client privileged. If this information is received by anyone other than the named addressee(s), the recipient should immediately notify the sender by E-MAIL, and eliminate and/or discard the original message. In no event shall this material be read, used, copied, reproduced, stored or retained by anyone other than the named addressee(s), except with the express consent of the sender or the named addressee(s). The contents of this message may include information which is sent for settlement purposes and shall be treated accordingly.  Additionally, a portion of our practice also involves the collection of debt.  Any information provided may be used for that purpose.

# EXHIBIT E

## Glass/Bay Circle - contribution analysis

| | |
|---|---|
| From: | Lisa Wolgast <lwolgast@mmmlaw.com> |
| Sent: | April 25, 2019 4:17:02 PM EDT |
| Received: | April 25, 2019 4:17:03 PM EDT |
| To: | Jones, Walter <wjones@balch.com> |
| Cc: | Frank W. DeBorde <fwd@mmmlaw.com> |
| Attachments: | image001.jpg, image010.jpg, image012.jpg, P. Dopp Report.pdf, image011.jpg, image013.jpg |

Walt,

Attached is the report of GlassRatner's Paul Dopp, regarding Bay Circle's contribution claim against the other obligors.

The report analyzes the potential claim considering only the bankrupt debtors (excluding DCT, who is insolvent) and considering all obligors on the loan (excluding DCT). We intend to recommend to the Court that it consider all of the obligors (excluding DCT) in determining the amount of Bay Circle's contribution claim, which would set the claim at $2.675MM (the cap under the Court's order).

Please let us know if you have any questions. We intend to file Paul's report with Ron's recommendation soon.

Thanks.

**MORRIS, MANNING & MARTIN, LLP**
**mmmlaw.com**

**Lisa Wolgast**
Partner

Direct: 404-504-7748
lwolgast@mmmlaw.com
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, GA 30326

This e-mail message and its attachments are for the sole use of the designated recipient(s). They may contain confidential information, legally privileged information or other information subject to legal restrictions. If you are not a designated recipient of this message, please do not read, copy, use or disclose this message or its attachments, notify the sender by replying to this message and delete or destroy all copies of this message and attachments in all media. Thank you.

GLASS_003944

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

BAY CIRCLE PROPERTIES, LLC. *Et al.*

DEBTORS.

CASE NO. 15-58440-WLH
(Jointly Administered)

CHAPTER 11

## VERIFIED STATEMENT OF RONALD GLASS

I, Ronald L. Glass do hereby certify under penalty of perjury that the following information is true and correct to the best of my knowledge, information, and belief:

1.      I am a resident of the State of Florida. My mailing address is:

GlassRatner
3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

2.      I have no connections with the Debtors, creditors, any other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as follows: I have been involved in matter with and opposed to Schreeder, Wheeler, & Flint, LLP; Parker Hudson Raimer & Dobbs, and Balch & Bingham. I am not currently involved in any matters with those firms.

3.      To the best of my knowledge, information, and belief, I do not hold or represent any interest adverse (i) to the estate of the Debtors; or (ii) to any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

_i_ The Debtors and the last four digits of their respective taxpayer identification numbers are Bay Circle Properties, LLC (1578); DCT Systems Group, LLC (6978); Sugarloaf Centre, LLC (2467); Nilhan Developers, LLC (6335); and NRCT, LCC (1649).

EXHIBIT □□□

4.      In September 2018, my partner, Ian Ratner, was approached by Walter Jones, Esq.
of Balch & Bingham, on behalf of NCT Systems, Inc. to serve as an Officer and as a Board Member
Subsequently, an engagement letter was sent to NCT.  The letter was not executed. No conversations
or information was exchanged, and GlassRatner did no work on this matter.

5.      I will promptly advise the Bankruptcy Court and the Office of the United States
Trustee of any circumstances that cause the foregoing to change.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 12 | 10 | 18

RONALD L. GLASS

The foregoing instrument was acknowledged before me this  10  day of  12  , 20 18

Notary Public

My Commission Expires: November 21 , 2021



## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| NILHAN DEVELOPERS, LLC, | ) | CASE NO. 15-58443-WLH |
| | ) | |
| DEBTOR. | ) | CHIEF JUDGE WENDY L. HAGENAU |
| _____ | ) | |
| | ) | |
| ROHAN AND NILOY THAKKAR, | ) | |
| | ) | |
| MOVANTS, | ) | |
| | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| RONALD L. GLASS, IN HIS INDIVIDUAL | ) | |
| CAPACITY, AND GLASSRATNER ADVISORY | ) | |
| & CAPITAL GROUP, LLC D/B/A B. RILEY | ) | |
| ADVISORY SERVICES, IN ITS CORPORATE | ) | |
| CAPACITY, | ) | |
| | ) | |
| RESPONDENTS. | ) | |
| _____ | ) | |

## DECLARATION OF IAN RATNER IN SUPPORT OF RESPONSE IN OPPOSITION TO ROHAN AND NILOY THAKKAR'S EXPEDITED MOTION TO (1) REMOVE THE CHAPTER 11 TRUSTEE; (2) DISQUALIFY GLASSRATNER ADVISORY & CAPITAL GROUP, LLC; (3) DISGORGE ANY FEES AND EXPENSES OF THE TRUSTEE; AND (4) DISGORGE ANY FEES AND EXPENSES OF THE ACCOUNTANTS FOR THE TRUSTEE

I, Ian Ratner, declare under penalty of perjury as follows:

1.      My name is Ian Ratner, I am over 18 years of age, under no legal disability, and I am competent testify to the matters stated in this declaration.

2.      I am the Co-Chief Executive Officer of GlassRatner Advisory & Capital Group, LLC D/B/A B. Riley Advisory Services, and in that capacity I am familiar with GlassRatner's

EXHIBIT "1"

communications with attorney Walter Jones, of Balch & Bingham, relating to NCT Systems, Inc. and Good Gateway, LLC, as described in this declaration.

3.      The information in this declaration is based on my personal knowledge of the facts, as well as my review of the documents described below.

4.      This declaration is given in support of the response (the "Response") of Ronald L. Glass and GlassRatner in opposition to the expedited motion (the "Motion") to (1) remove the Trustee, (2) disqualify GlassRatner as accountants for the Trustee, (3) disgorge any fees and expenses of the Trustee, and (4) disgorge any fees and expenses of GlassRatner, filed by Rohan and Niloy Thakkar filed in this case on January 5, 2021, and for all lawful uses in this case.

5.      In or about July 2018, Mr. Jones contacted me by phone on behalf of attorney Clay Townsend (of Morgan & Morgan), Good Gateway and NCT Systems (whom I understood to be their mutual clients) for the purpose of possibly engaging me and GlassRatner to provide services that would involve my serving as an officer and/or director of NCT Systems.

6.      During the July 2018 call, Mr. Jones provided my colleague, Jason Cristal, and me with general background information needed to determine whether GlassRatner was interested in being engaged and, if so, the scope and terms of the potential engagement.

7.      Based on GlassRatner's standard operating procedures for opening a potential new engagement, I caused GlassRatner to run a conflict check.

8.      GlassRatner sent an engagement letter dated September 7, 2018 to Mr. Jones, outlining the proposed scope and terms of the proposed engagement. [1]

---

[1]   Out of an abundance of caution and in case Mr. Jones and/or his clients intend to assert that the engagement letter is protected as confidential for any reason, I am not attaching it to this declaration pending their confirming on the record that they have no objection to it being produced. I do not view the engagement letter as confidential and intend to provide it absent lawful objection or instruction by the Court otherwise.

9.      From a recent search of GlassRatner's records (conducted after we were served with the Motion) I learned that we were provided with an unsigned draft Shareholders Consent of NCT Systems, Inc. that would have named me as president and a director of NCT Systems, but I have no recollection of receiving or reviewing this draft consent at the time we were discussing the proposed engagement.[2]

10.     GlassRatner never received a copy of the engagement letter signed by the named counterparties: NCT Systems, Good Gateway, or Morgan & Morgan. Neither GlassRatner nor myself were ever engaged or instructed to perform any services for Good Gateway, NCT Systems, or Morgan & Morgan.

11.     GlassRatner never opened a file, performed any work, or billed for any work related to the proposed engagement.

12.     I have no record or recollection of any communications regarding the proposed engagement with Mr. Jones or any other attorneys or representatives of NCT Systems, Good Gateway, or Morgan & Morgan after September 7, 2018, until April 2019.

13.     At some point in or about April 2019, I learned that my name appeared on the Florida Secretary of State's website as the president and a director of NCT Systems.

14.     I have never served as president or director of NCT Systems, and in fact I have never held any position with NCT Systems at all.

15.     I never signed and never authorized anyone to sign my name on any record and never authorized anyone to submit any record with the Florida Secretary of State, or anywhere else, indicating that I held any position with NCT Systems.

16.     On or about April 22, 2019, I sent an email to Mr. Jones stating the following:

---

[2] As with the engagement letter, I will provide a copy of the unsigned draft shareholders consent absent lawful objection or instruction by the Court otherwise.

3

In the summer and fall of 2018 we discussed a possible retention by NCT Systems, Inc. as a corporate officer. The engagement was never consummated nor did I perform any services in this matter.

Please connect with the Secretary of State of Florida and have the records concerning my involvement with this company corrected.

17.    A genuine copy of my April 22, 2019, email to Walt Jones is attached to this declaration as **Exhibit "A."**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on the 24 day of January 2021.

Ian Ratner

**Jason Cristal**

| | |
|---|---|
| **From:** | Ian Ratner |
| **Sent:** | Monday, April 22, 2019 10:16 AM |
| **To:** | wjones@balch.com |
| **Cc:** | Jason Cristal |
| **Subject:** | NCT Systems, Inc. |

Dear Walt

In the summer and fall of 2018 we discussed a possible retention by NCT Systems, Inc. as a corporate officer.  The engagement was never consummated nor did I perform any services in this matter.

Please connect with the Secretary of State of Florida and have the records concerning my involvement with this company corrected.

Thank you in advance.

Ian



**GLASSRATNER**
a B. Riley Financial company
----
**3445 Peachtree Road**
**Suite 1225**
**Atlanta, GA 30326**

**Ian Ratner, CPA, ABV, ASA, CFE, CA, CBV**
CEO

**Direct:** 404.835.8840
**Mobile:** 404.931.7329
**Email:** iratner@glassratner.com
 | **LinkedIn** | **www.GlassRatner.com** | **www.brileyfin.com**

BTG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

## EXHIBIT "A"

**CC Schnapp**

| | |
|---|---|
| .fom: | Ian Ratner <iratner@glassratner.com> |
| Sent: | Friday, June 01, 2018 9:37 AM |
| To: | Jones, Walter |
| Subject: | example.... |
| Attachments: | Modified Document Glass Ratner CRO Engagement Letter(JG).docx |

[External Email] Please use caution.



**Ian Ratner, CPA, ABV, ASA, CFE, CA, CBV**
Principal

Direct: 404.835.8840
Mobile: 404.931.7329
Email: iratner@glassratner.com
VCard | LinkedIn | Website



3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the
dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message.

**CC Schnapp**

| | |
|---|---|
| From: | Ian Ratner <iratner@glassratner.com> |
| Sent: | Monday, July 23, 2018 7:07 PM |
| To: | Jones, Walter |
| Cc: | Retherford, Jeremy |
| Subject: | RE: example.... |

**[External Email] Please use caution.**

Walt can we discuss on Thursday.... I will be in a trial Tomorrow and Wednesday.

Ian



**Ian Ratner, CPA, ABV, ASA, CFE, CA, CBV**
**Principal**

Direct: 404.835.8840
Mobile: 404.931.7329
Email: iratner@glassratner.com
VCard | LinkedIn | Website

**GLASSRATNER**
WWW.GLASSRATNER.COM
----
9445 Peachtree Road
Suite 1225
Atlanta, GA 30926

B10 Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message :

**From:** Jones, Walter
**Sent:** Monday, July 23, 2018 8:21 AM
**To:** Ian Ratner
**Cc:** Retherford, Jeremy
**Subject:** RE: example....

Ian:

Good morning! Our client in the matter we discussed has asked for a proposal from you guys along the lines of the way you structured GR's compensation in the example engagement letter you sent me last month (*i.e.*, hourly with max monthly charge with some portion rolling over). He has asked for the proposal as soon as possible (ideally today or tomorrow). I am happy to discuss the engagement with you in more detail, but we would want you to serve as non-member manager/CRO for an entity called **Sugarloaf Centre Partners, LLC.** That entity is owned 50/50 by NCT Systems, Inc. and NRCT. Our client holds 100% of the stock in NCT Systems. NRCT is a debtor in a chapter 11 bankruptcy case before Judge Hagenau. Sugarloaf Centre Partners is the sole member in an entity called **Sugarloaf Centre, LLC,** which is also a chapter 11 debtor in bankruptcy.

The principal of NRCT is an individual named Chuck Thakkar. Our client and Thakkar have been engaged in litigation in Florida for nearly 10 years. Our client holds a $15 million judgment against Thakkar and various entities of his, although not against the Sugarloaf entities. Our client, on account of its 50% membership in Sugarloaf Centre Partners (by way of its 100% interest in NCT Systems), would like to assert control over Sugarloaf Centre Partners and thus assert control over Sugarloaf Centre, LLC, which owns valuable property in Atlanta. The Sugarloaf Centre, LLC property is subject to the lien of a DIP lender that we believe is affiliated with Thakkar.

1

Until recently, John Christy represented Thakkar, NRCT, and the Sugarloaf entities. Denise Dotson has recently stepped in. Either way, Thakkar is litigious. Florida counsel is providing us with corporate documentation concerning Sugarloaf Centre Partners so that our corporate guys can determine whether NCT Systems has an absolute contractual right to replace Thakkar or his entity as manager of Sugarloaf Centre Partners, LLC. Otherwise, we will be forced to file an adversary proceeding.

Please let me know whether you would like to discuss or whether this is enough info to provide a proposal. Jeremy Retherford, the head of our Creditor's Rights and Bankruptcy practice has been working with me on the matter and is copied.

Thanks, as always!

Walt

**BALCH**
& BINGHAM LLP

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

---

**From:** Ian Ratner [mailto:iratner@glassratner.com]
**Sent:** Friday, June 01, 2018 9:37 AM
**To:** Jones, Walter
**Subject:** example....

[External Email] Please use caution.



| | Ian Ratner, CPA, ABV, ASA, CFE, CA, CBV
Principal |
|---|---|
| **GLASSRATNER**
WWW.GLASSRATNER.COM
3445 Peachtree Road
Suite 1225
Atlanta, GA 30326 | Direct: 404.835.8840
Mobile: 404.931.7329
Email: iratner@glassratner.com
VCard | LinkedIn | Website
 |

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message

---

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

2

**CC Schnapp**

From:           Ian Ratner <Iratner@glassratner.com>
Sent:           Friday, September 07, 2018 3:24 PM
To:             CTownsend@ForThePeople.com; Jason Cristal; Jones, Walter
Cc:             Alexander, Austin
Subject:        RE: GR-Redline

[External Email] Please use caution.

All good – thank you – proceed
Ian

**GR**
**GLASSRATNER**
a B. Riley Financial company
————
**3445 Peachtree**
**Road**
**Suite 1225**
**Atlanta, GA 30326**

**Ian Ratner, CPA, ABV, ASA, CFE, CA, CBV**
CEO

**Direct:** 404.835.8840
**Mobile:** 404.931.7329
**Email:** iratner@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

BTIG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

From: CTownsend@ForThePeople.com
Sent: Friday, September 7, 2018 2:59 PM
To: Jason Cristal ; Jones, Walter ; Ian Ratner
Cc: Alexander, Austin
Subject: RE: GR-Redline

I will wait for Ian's approval before signing and sending to Carson. I would like to have Ian's and my signature on the final I send to Carson please. tx

**Clay Townsend**
Attorney
My Bio

P: 4074182075

1

F: 4072453346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801

**From:** Jason Cristal [mailto:jcristal@glassratner.com]
**Sent:** Friday, September 07, 2018 2:06 PM
**To:** Jones, Walter; Ian Ratner
**Cc:** Clay Townsend x5033; Alexander, Austin
**Subject:** *EXT* RE: GR-Redline

Walt -

This all looks fine to me, subject to Ian's approval.

Jason

-----Original Message-----
**From:** Jones, Walter <wjones@balch.com>
**Sent:** Friday, September 07, 2018 1:55 PM
**To:** Ian Ratner <iratner@glassratner.com>; Jason Cristal <jcristal@glassratner.com>
**Cc:** CTownsend@ForThePeople.com; Alexander, Austin <aalexander@balch.com>
Subject: Fwd: GR-Redline

Ian and Jason:

See below from Clay with a small revision to the paragraph concerning Morgan & Morgan. Please let us know that this meets with your approval and Clay will have it executed.

Also, we need the okay from you guys on the Shareholders Consent appointing Ian as President etc.

Thanks!

Walt

Sent from my iPhone

[[Image]]

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. * Suite 700 * Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com<http://www.balch.com>

Begin forwarded message:

2

From: "CTownsend@ForThePeople.com"
"CTownsend@ForThePeople.com<mailto:CTownsend@ForThePeople.com>>
Date: September 7, 2018 at 1:31:09 PM EDT
To: "Jones, Walter" (wjones@balch.com<mailto:wjones@balch.com>)"
<wjones@balch.com<mailto:wjones@balch.com>>
Subject: GR-Redline

[External Email] Please use caution.


I added an edit to the m and m reference. Ok?

Clay Townsend
Attorney
My Bio<https://www.forthepeople.com/attorneys/clay-m-townsend/>

P: 4074182075
F: 4072453346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801

[https://static.forthepeople.com/signatures/email-signature-mm-btg-logo-
x2.jpg]<https://www.businesstrialgroup.com/?utm_source=signature&utm_medium=email>

https://static.forthepeople.com/signatures/email-signature-practice-areas-
x2.jpg]<https://www.businesstrialgroup.com/practice-areas/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-locations-x2.jpg]
<https://www.businesstrialgroup.com/our-offices/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-links-referrals-x2.jpg]
<https://www.businesstrialgroup.com/attorney-referrals/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-results-x2.jpg]
<https://www.businesstrialgroup.com/about-us/verdicts-and-
settlements/?utm_source=signature&utm_medium=email>

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person
or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized
review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the
sender by reply e-mail and destroy all copies of the original message. Thank you.


CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore
protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us
immediately by replying to the sender and double deleting this copy and the reply from your system.


CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person

or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

4

**CC Schnapp**

| | |
|---|---|
| From: | Ian Ratner <iratner@glassratner.com> |
| Sent: | Friday, September 07, 2018 4:20 PM |
| To: | Jones, Walter |
| Cc: | CTownsend@ForThePeople.com; Jason Cristal; Alexander, Austin |
| Subject: | RE: GR-Redline |

[External Email] Please use caution.

Yes

----

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

Ian Ratner, CPA, ABV, ASA, CFE, CA, CBV
CEO

Direct: 404.835.8840
Mobile: 404.931.7329
Email: iratner@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

-----Original Message-----
From: Jones, Walter <wjones@balch.com>
Sent: Friday, September 7, 2018 3:40 PM
To: Ian Ratner <iratner@glassratner.com>
Cc: CTownsend@ForThePeople.com; Jason Cristal <jcristal@glassratner.com>; Alexander, Austin <aaalexander@balch.com>
Subject: Re: GR-Redline

Ian:

Are you in a position to sign today?  Clay wanted to have you sign and he would do the same before forwarding to Carson for execution.

1

Thanks!

Walt

Sent from my iPhone

[[Image]]

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. . Suite 700 . Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com www.balch.com<http://www.balch.com>

On Sep 7, 2018, at 3:24 PM, Ian Ratner <Iratner@glassratner.com<mailto:Iratner@glassratner.com>> wrote:

[External Email] Please use caution.

All good - thank you - proceed
Ian

<image001.png>

445 Peachtree Road
Suite 1225
Atlanta, GA 30326

Ian Ratner, CPA, ABV, ASA, CFE, CA, CBV
CEO

Direct: 404.835.8840
Mobile: 404.931.7329
Email: iratner@glassratner.com<mailto:iratner@glassratner.com>
VCard<https://dynamix-cdn.s3.amazonaws.com/glassratnercom/glassratnercom_283840457.vcf> |
LinkedIn<https://www.linkedin.com/in/ian-ratner-89b8733/> | www.GlassRatner.com<http://www.GlassRatner.com> |
www.brileyfin.com<http://www.brileyfin.com/>

<image002.png>

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

From: CTownsend@ForThePeople.com<mailto:CTownsend@ForThePeople.com>
<CTownsend@ForThePeople.com<mailto:CTownsend@ForThePeople.com>>
Sent: Friday, September 7, 2018 2:59 PM
To: Jason Cristal <jcristal@glassratner.com<mailto:jcristal@glassratner.com>>; Jones, Walter
<wjones@balch.com<mailto:wjones@balch.com>>; Ian Ratner
<iratner@glassratner.com<mailto:iratner@glassratner.com>>
Cc: Alexander, Austin <aalexander@balch.com<mailto:aalexander@balch.com>>
Subject: RE: GR-Redline

I will wait for Ian's approval before signing and sending to Carson. I would like to have Ian's and my signature on the
final I send to Carson please. tx


Clay Townsend
Attorney
My Bio<https://www.forthepeople.com/attorneys/clay-m-townsend/>

P: 4074182075
F: 4072453346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801 [https://static.forthepeople.com/signatures/email-signature-mm-
btg-logo-x2.jpg]<https://www.businesstrialgroup.com/?utm_source=signature&utm_medium=email>

[https://static.forthepeople.com/signatures/email-signature-practice-areas-
x2.jpg]<https://www.businesstrialgroup.com/practice-
areas/?utm_source=signature&utm_medium=email>[https://static.forthepeople.com/signatures/email-signature-
locations-x2.jpg]<https://www.businesstrialgroup.com/our-
offices/?utm_source=signature&utm_medium=email[https://static.forthepeople.com/signatures/email-signature-
links-referrals-x2.jpg]<https://www.businesstrialgroup.com/attorney-
referrals/?utm_source=signature&utm_medium=email[https://static.forthepeople.com/signatures/email-signature-
results-x2.jpg]<https://www.businesstrialgroup.com/about-us/verdicts-and-
settlements/?utm_source=signature&utm_medium=email>
From: Jason Cristal [mailto:jcristal@glassratner.com]
Sent: Friday, September 07, 2018 2:06 PM
To: Jones, Walter; Ian Ratner
Cc: Clay Townsend x5033; Alexander, Austin
Subject: *EXT* RE: GR-Redline


Walt -

This all looks fine to me, subject to Ian's approval.

Jason

-----Original Message-----
From: Jones, Walter <wjones@balch.com<mailto:wjones@balch.com>>
Sent: Friday, September 07, 2018 1:55 PM
To: Ian Ratner <iratner@glassratner.com<mailto:iratner@glassratner.com>>; Jason Cristal
jcristal@glassratner.com<mailto:jcristal@glassratner.com>>
Cc: CTownsend@ForThePeople.com<mailto:CTownsend@ForThePeople.com>; Alexander, Austin
<aalexander@balch.com<mailto:aalexander@balch.com>>

3

Subject: Fwd: GR-Redline

Ian and Jason:

See below from Clay with a small revision to the paragraph concerning Morgan & Morgan. Please let us know that this meets with your approval and Clay will have it executed.

Also, we need the okay from you guys on the Shareholders Consent appointing Ian as President etc.

Thanks!

Walt

Sent from my iPhone

[[Image]]
Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. * Suite 700 * Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com<mailto:wjones@balch.com>
www.balch.com<http://www.balch.com><http://www.balch.com>

Begin forwarded message:

From:
"CTownsend@ForThePeople.com<mailto:CTownsend@ForThePeople.com><mailto:CTownsend@ForThePeople.com%3c
mailto:CTownsend@ForThePeople.com%3e>"
<CTownsend@ForThePeople.com<mailto:CTownsend@ForThePeople.com><mailto:CTownsend@ForThePeople.com%3c
mailto:CTownsend@ForThePeople.com>>>
Date: September 7, 2018 at 1:31:09 PM EDT
To: "'Jones, Walter'
(wjones@balch.com<mailto:wjones@balch.com><mailto:wjones@balch.com%3cmailto:wjones@balch.com>>)"
<wjones@balch.com<mailto:wjones@balch.com><mailto:wjones@balch.com%3cmailto:wjones@balch.com>>>
Subject: GR-Redline

[External Email] Please use caution.

I added an edit to the m and m reference. Ok?

Clay Townsend
Attorney
My Bio<https://www.forthepeople.com/attorneys/clay-m-townsend/>

P: 4074182075
F: 4072453346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801

4

[https://static.forthepeople.com/signatures/email-signature-mm-btg-logo-
x2.jpg]<https://www.businesstrialgroup.com/?utm_source=signature&utm_medium=email>

[https://static.forthepeople.com/signatures/email-signature-practice-areas-
x2.jpg]<https://www.businesstrialgroup.com/practice-areas/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-locations-x2.jpg]
<https://www.businesstrialgroup.com/our-offices/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-links-referrals-x2.jpg]
<https://www.businesstrialgroup.com/attorney-referrals/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-results-x2.jpg]
<https://www.businesstrialgroup.com/about-us/verdicts-and-
settlements/?utm_source=signature&utm_medium=email>

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to
which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure
or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy
all copies of the original message. Thank you.

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected
against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by
replying to the sender and double deleting this copy and the reply from your system.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to
which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure
or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy
all copies of the original message. Thank you.

**CC Schnapp**

---

From:          Ian Ratner <iratner@glassratner.com>
Sent:          Thursday, September 06, 2018 12:43 PM
To:            Jones, Walter
Subject:       Re: NCT Systems and BOKF

[External Email] Please use caution.

3 PM??

Sent via the Samsung Galaxy S8, an AT&T 4G LTE smartphone

-------- Original message --------
From: "Jones, Walter"
Date: 9/6/18 12:26 PM (GMT-05:00)
To: Ian Ratner
Subject: NCT Systems and BOKF

Ian:

Good afternoon! Would you have any time today for a call concerning a couple of possible engagements, including the one we discussed previously? I am also happy to discuss with Jason.

Thanks, as always, and please forgive the short notice.

Walt

Sent from my iPhone

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. Suite 700 Atlanta, GA 30308-3036
t:(404) 962-3540c:(706) 575-6481 f:(866) 849-8952 e:wjones@balch.com
www.balch.com

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

1

**CC Schnapp**

| | |
|---|---|
| From: | Ian Ratner <iratner@glassratner.com> |
| Sent: | Thursday, September 06, 2018 3:11 PM |
| To: | Jones, Walter |
| Cc: | O'Laughlin, Jennifer |
| Subject: | RE: NCT Systems and BOKF |

[External Email] Please use caution.

Running 5 late... I will be good at 3:15

----

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

Ian Ratner, CPA, ABV, ASA, CFE, CA, CBV
CEO

Direct: 404.835.8840
Mobile: 404.931.7329
Email: iratner@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential
information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you
are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its
attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and
delete this message and all copies and backups thereof. Thank you.

-----Original Message-----
From: Jones, Walter <wjones@balch.com>
Sent: Thursday, September 6, 2018 1:36 PM
To: Ian Ratner <iratner@glassratner.com>
Cc: O'Laughlin, Jennifer <jolaughlin@balch.com>
Subject: Re: NCT Systems and BOKF

Sure! Can you call my cell at 706-585-6481? Jen, please calendar. Thanks!

Sent from my iPhone

On Sep 6, 2018, at 12:43 PM, Ian Ratner <iratner@glassratner.com<mailto:iratner@glassratner.com>> wrote:

1

[External Email] Please use caution.

~PM??

Sent via the Samsung Galaxy S8, an AT&T 4G LTE smartphone

-------- Original message --------
From: "Jones, Walter" <wjones@balch.com<mailto:wjones@balch.com>>
Date: 9/6/18 12:26 PM (GMT-05:00)
To: Ian Ratner <iratner@glassratner.com<mailto:iratner@glassratner.com>>
Subject: NCT Systems and BOKF

Ian:

Good afternoon!  Would you have any time today for a call concerning a couple of possible engagements, including the one we discussed previously?  I am also happy to discuss with Jason.

Thanks, as always, and please forgive the short notice.

Walt

Sent from my iPhone

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W.  Suite 700 Atlanta, GA 30308-3036
t:(404) 962-3540c:(706) 575-6481 f:(866) 849-8952 e:wjones@balch.com<mailto:wjones@balch.com>
www.balch.com<http://www.balch.com>

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

2

**CC Schnapp**

| | |
|---|---|
| ...om: | Ian Ratner <iratner@brileyfin.com> |
| Sent: | Wednesday, January 06, 2021 7:46 AM |
| To: | Jones, Walter |
| Cc: | Ron Glass; Jason Cristal |
| Subject: | Re: Pretty Urgent |

[External Email] Please use caution.

Let's say 1130. Perfect. Jason will send dial in. Thanks so much.

Sent from my iPhone

Ian Ratner
B. Riley Advisory Services
NASDAQ:RILY

iratner@brileyfin.com
404-931-7329 (cell)

> On Jan 6, 2021, at 7:39 AM, Jones, Walter wrote:

> [EXTERNAL]
> Yes, sir. I have a call at 10:00 ET that will last 45 minutes, but can be available any other time. Thanks, as always!

> Sent from my iPhone


> Walter E. Jones, Partner, Balch & Bingham LLP
> 30 Ivan Allen Jr. Boulevard, N.W. Suite 700 Atlanta, GA 30308-3036
> t:(404) 962-3540 c:(706) 575-6481 f:(866) 849-8952 e:wjones@balch.com
> www.balch.com

~~

> On Jan 6, 2021, at 7:31 AM, Ian Ratner wrote:
>
> [External Email] Please use caution.
>
>
> Walt are you available for a call today at 10 30 or 11 30. I don't think it will be long. It relates to Thacker and NTS.
> >
> > Ian

1

> Sent from my iPhone
>
> Ian Ratner
> B. Riley Advisory Services
> NASDAQ:RILY
>
> iratner@brileyfin.com
> 404-931-7329 (cell)
>
>_____
>
> PLEASE VISIT <https://brileyfin.com/disclosures/> FOR LEGAL DISCLOSURES.

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.
~~

---

PLEASE VISIT FOR LEGAL DISCLOSURES.

**CC Schnapp**

| | |
|---|---|
| From: | Jones, Walter |
| Sent: | Friday, September 07, 2018 1:55 PM |
| To: | Ian Ratner; Jason Cristal |
| Cc: | CTownsend@ForThePeople.com; Alexander, Austin |
| Subject: | Fwd: GR-Redline |
| Attachments: | GR-Redline.docx; ATT00001.htm |

Ian and Jason:

See below from Clay with a small revision to the paragraph concerning Morgan & Morgan. Please let us know that this meets with your approval and Clay will have it executed.

Also, we need the okay from you guys on the Shareholders Consent appointing Ian as President etc.

Thanks!

Walt

Sent from my iPhone

**BALCH**
& BINGHAM LLP

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

Begin forwarded message:

> From: "CTownsend@ForThePeople.com" <CTownsend@ForThePeople.com>
> Date: September 7, 2018 at 1:31:09 PM EDT
> To: "'Jones, Walter' (wjones@balch.com)" <wjones@balch.com>
> Subject: GR-Redline

> [External Email] Please use caution.

> I added an edit to the m and m reference. Ok?

> Clay Townsend
> Attorney
> My Bio

> P: 4074182075
> F: 4072453346
> A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801

1



CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

**CC Schnapp**

| | |
|---|---|
| **From:** | Jones, Walter |
| **Sent:** | Friday, September 07, 2018 10:19 AM |
| **To:** | 'Jason Cristal'; 'Ian Ratner' |
| **Subject:** | NCT Systems (Fiduciary Engagment) |
| **Attachments:** | ATLALIB-#265871-v1-Change-Pro_Redline_-_GlassRatner_FIDUCIARY_Engagement_Letter-265870-v1_and_GlassRatner_FIDUCIARY_Engagement_Letter-265870-v2.DOCX; ATLALIB-#265870-v2-GlassRatner_FIDUCIARY_Engagement_Letter.DOCX; Shareholder Written Consent. NCT Aug 18(1).docx |
| **Importance:** | High |

Ian and Jason:

As a follow up to my discussion with Ian yesterday, our clients Good Gateway, LLC and Carson Good, would like to proceed with engaging GlassRatner to first have Ian appointed as President/CEO of NCT Systems, Inc. and then to serve as manager of Sugarloaf Centre Partners, LLC and Sugarloaf Centre, LLC, assuming we are successful in gaining control of those two entities through a court action. As you will recall, Good Gateway, LLC is the sole shareholder of NCT Systems, Inc., which is a 50% owner of Sugarloaf Centre Partners, LLC, which is the sole member of Sugarloaf Centre, LCC, a chapter 11 debtor and the owner of valuable CRE in Atlanta.

Attached is redline and clean copy of the Engagement Letter you sent over, together with the corporate docs that counsel in Florida prepared concerning NCT Systems. Appointing Ian as President/CEO of NCT Systems is not adversarial considering Carson's entity, Good Gateway, is the sole shareholder. It's the first step in the ultimate action. We need to finalize the appointment as soon as possible because we have to file an Objection to a Motion to Dismiss Sugarloaf Centre's bankruptcy.

Please let me hear from you as soon as possible as to whether (1) you are okay with the revised Engagement Letter and (2) whether you are okay with the corporate docs.

Thanks, as always!

Walt

**BALCH**
& BINGHAM LLP

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

**From:** Jason Cristal [mailto:jcristal@glassratner.com]
**Sent:** Friday, August 10, 2018 4:44 PM
**To:** Jones, Walter
**Subject:** follow up

[External Email] Please use caution.

1

.Apologies...the day totally got away from me.

Let's talk Monday am...

Jason



| | Jason Cristal, CIRA, MAFF |
| | Managing Director |
| **GLASSRATNER** | |
| a B. Riley Financial company | Direct: 404.835.8877 |
| | Mobile: 404.863.6310 |
| 3445 Peachtree Road | Email: jcristal@glassratner.com |
| Suite 1225 | VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com |
| Atlanta, GA 30326 |  B'TG Global Advisory |

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

2

**CC Schnapp**

| | |
|---|---|
| From: | Jones, Walter |
| Sent: | Thursday, September 06, 2018 12:26 PM |
| To: | Ian Ratner |
| Subject: | NCT Systems and BOKF |

Ian:

Good afternoon! Would you have any time today for a call concerning a couple of possible engagements, including the one we discussed previously? I am also happy to discuss with Jason.

Thanks, as always, and please forgive the short notice.

Walt

Sent from my iPhone

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. Suite 700 Atlanta, GA 30308-3036
t:(404) 962-3540 c:(706) 575-6481 f:(866) 849-8952 e:wjones@balch.com www.balch.com

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

1

**CC Schnapp**

| | |
|---|---|
| **From:** | Ian Ratner <iratner@brileyfin.com> |
| **Sent:** | Wednesday, January 06, 2021 7:31 AM |
| **To:** | Ron Glass; Jones, Walter; Jason Cristal |
| **Subject:** | Pretty Urgent |

[External Email] Please use caution.

Walt are you available for a call today at 10 30 or 11 30. I don't think it will be long. It relates to Thacker and NTS.

Ian

Sent from my iPhone

Ian Ratner
B. Riley Advisory Services
NASDAQ:RILY

iratner@brileyfin.com
404-931-7329 (cell)

PLEASE VISIT <https://brileyfin.com/disclosures/> FOR LEGAL DISCLOSURES.

1

**CC Schnapp**

| | |
|---|---|
| **From:** | Jones, Walter |
| **Sent:** | Thursday, July 26, 2018 4:03 PM |
| **To:** | Ian Ratner |
| **Subject:** | RE: Able to talk at 4 today? |

Ian:

That would be great. Calling you now.

Thanks!

Walt

**BALCH**
**& BINGHAM LLP**

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

**From:** Allie Castillo On Behalf Of Ian Ratner
**Sent:** Thursday, July 26, 2018 2:53 PM
**To:** Jones, Walter
**Subject:** Able to talk at 4 today?

**[External Email]** Please use caution.

Hi Walt,

Are you able to talk at about 4pm today? Would only take about 30 minutes.

Thanks,
Ian

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against
copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and
double deleting this copy and the reply from your system.

**CC Schnapp**

| | |
|---|---|
| From: | Jones, Walter |
| Sent: | Monday, July 23, 2018 7:57 PM |
| To: | Ian Ratner |
| Cc: | Retherford, Jeremy |
| Subject: | Re: example.... |

Of course.

Sent from my iPhone

·On Jul 23, 2018, at 7:07 PM, Ian Ratner <iratner@glassratner.com> wrote:

[External Email] Please use caution.

Walt can we discuss on Thursday.... I will be in a trial Tomorrow and Wednesday.
Ian

| | |
|---|---|
| ---<br>3445 Peachtree Road<br>Suite 1225<br>Atlanta, GA 30326 | **Ian Ratner, CPA, ABV, ASA, CFE, CA, CBV**<br>Principal<br>Direct: 404.835.8840<br>Mobile: 404.931.7329<br>Email: iratner@glassratner.com<br>VCard \| LinkedIn \| Website |

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this me
dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete

From: Jones, Walter <wjones@balch.com>
Sent: Monday, July 23, 2018 8:21 AM
. To: Ian Ratner <iratner@glassratner.com>
Cc: Retherford, Jeremy <jretherford@balch.com>
Subject: RE: example....

Ian:

Good morning! Our client in the matter we discussed has asked for a proposal from you guys along the
lines of the way you structured GR's compensation in the example engagement letter you sent me last
month (i.e., hourly with max monthly charge with some portion rolling over). He has asked for the
proposal as soon as possible (ideally today or tomorrow). I am happy to discuss the engagement with
you in more detail, but we would want you to serve as non-member manager/CRO for an entity called
**Sugarloaf Centre Partners, LLC**. That entity is owned 50/50 by **NCT Systems, Inc.** and **NRCT**. Our client
holds 100% of the stock in NCT Systems. NRCT is a debtor in a chapter 11 bankruptcy case before Judge
Hagenau. Sugarloaf Centre Partners is the sole member in an entity called **Sugarloaf Centre, LLC**, which
is also a chapter 11 debtor in bankruptcy.
The principal of NRCT is an individual named Chuck Thakkar. Our client and Thakkar have been engaged
in litigation in Florida for nearly 10 years. Our client holds a $15 million judgment against Thakkar and
various entities of his, although not against the Sugarloaf entities. Our client, on account of its 50%
membership in Sugarloaf Centre Partners (by way of its 100% interest in NCT Systems), would like to
assert control over Sugarloaf Centre Partners and thus assert control over Sugarloaf Centre, LLC, which

1

owns valuable property in Atlanta. The Sugarloaf Centre, LLC property is subject to the lien of a DIP lender that we believe is affiliated with Thakkar.

Until recently, John Christy represented Thakkar, NRCT, and the Sugarloaf entities. Denise Dotson has recently stepped in. Either way, Thakkar is litigious, Florida counsel is providing us with corporate documentation concerning Sugarloaf Centre Partners so that our corporate guys can determine whether NCT Systems has an absolute contractual right to replace Thakkar or his entity as manager of Sugarloaf Centre Partners, LLC. Otherwise, we will be forced to file an adversary proceeding.

Please let me know whether you would like to discuss or whether this is enough info to provide a proposal. Jeremy Retherford, the head of our Creditor's Rights and Bankruptcy practice has been working with me on the matter and is copied.

Thanks, as always!

Walt

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

**From:** Ian Ratner [mailto:iratner@glassratner.com]
**Sent:** Friday, June 01, 2018 9:37 AM
**To:** Jones, Walter
**Subject:** example....
[External Email] Please use caution.

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

**Ian Ratner, CPA, ABV, ASA, CFE, CA, CBV**
Principal
Direct: 404.835.8840
Mobile: 404.931.7329
Email: iratner@glassratner.com
VCard | LinkedIn | Website

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this m dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and dele

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

**CC Schnapp**

| | |
|---|---|
| **From:** | Jones, Walter |
| **Sent:** | Friday, September 07, 2018 3:40 PM |
| **To:** | Ian Ratner |
| **Cc:** | CTownsend@ForThePeople.com; Jason Cristal; Alexander, Austin |
| **Subject:** | Re: GR-Redline |

Ian:

Are you in a position to sign today? Clay wanted to have you sign and he would do the same before forwarding to Carson for execution.

Thanks!

Walt

Sent from my iPhone

# BALCH
& BINGHAM LLP

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

On Sep 7, 2018, at 3:24 PM, Ian Ratner <iratner@glassratner.com> wrote:

[External Email] Please use caution.

All good -- thank you -- proceed
Ian

| ---- | Ian Ratner, CPA, ABV, ASA, CFE, CA, CBV |
|---|---|
| **3445 Peachtree Road Suite 1225 Atlanta, GA 30326** | CEO **Direct:** 404.835.8840 **Mobile:** 404.931.7329 **Email:** iratner@glassratner.com VCard \| LinkedIn \| www.GlassRatner.com \| www.brileyfin.com |

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

1

**From:** CTownsend@ForThePeople.com <CTownsend@ForThePeople.com>
**Sent:** Friday, September 7, 2018 2:59 PM
**To:** Jason Cristal <jcristal@glassratner.com>; Jones, Walter <wjones@balch.com>; Ian Ratner <iratner@glassratner.com>
**Cc:** Alexander, Austin <aalexander@balch.com>
**Subject:** RE: GR-Redline

I will wait for Ian's approval before signing and sending to Carson. I would like to have Ian's and my signature on the final I send to Carson please. tx


**Clay Townsend**
Attorney
My Bio .

**P:** 4074182075
**F:** 4072453346
**A:** 20 N Orange Ave, Suite 1600, Orlando, FL 32801



**From:** Jason Cristal [mailto:jcristal@glassratner.com]
**Sent:** Friday, September 07, 2018 2:06 PM
**To:** Jones, Walter; Ian Ratner
**Cc:** Clay Townsend x5033; Alexander, Austin
**Subject:** *EXT* RE: GR-Redline

Walt -

This all looks fine to me, subject to Ian's approval.

Jason

-----Original Message-----
From: Jones, Walter <wjones@balch.com>
Sent: Friday, September 07, 2018 1:55 PM
To: Ian Ratner <iratner@glassratner.com>; Jason Cristal <jcristal@glassratner.com>
Cc: CTownsend@ForThePeople.com; Alexander, Austin <aalexander@balch.com>
Subject: Fwd: GR-Redline

Ian and Jason:

See below from Clay with a small revision to the paragraph concerning Morgan & Morgan. Please let us know that this meets with your approval and Clay will have it executed.

Also, we need the okay from you guys on the Shareholders Consent appointing Ian as President etc.

Thanks!

. 2

Walt

Sent from my iPhone

[[image]]

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. * Suite 700 * Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com<http://www.balch.com>

Begin forwarded message:

From: "CTownsend@ForThePeople.com"
<CTownsend@ForThePeople.com<mailto:CTownsend@ForThePeople.com>>
Date: September 7, 2018 at 1:31:09 PM EDT
To: "'Jones, Walter' (wjones@balch.com<mailto:wjones@balch.com>)"
<wjones@balch.com<mailto:wjones@balch.com>>
Subject: GR-Redline

[External Email] Please use caution.


I added an edit to the m and m reference. Ok?

Clay Townsend
Attorney
My Bio<https://www.forthepeople.com/attorneys/clay-m-townsend/>

P: 4074182075
F: 4072453346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801

[https://static.forthepeople.com/signatures/email-signature-mm-btg-logo-
x2.jpg]<https://www.businesstrialgroup.com/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-practice-areas-
x2.jpg]<https://www.businesstrialgroup.com/practice-
areas/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-locations-x2.jpg]
<https://www.businesstrialgroup.com/our-offices/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-links-referrals-x2.jpg]
<https://www.businesstrialgroup.com/attorney-
referrals/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-results-x2.jpg]
<https://www.businesstrialgroup.com/about-us/verdicts-and-

3

settlements/?utm_source=signature&utm_medium=email>

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

**CC Schnapp**

| | |
|---|---|
| **From:** | Jones, Walter |
| **Sent:** | Friday, September 07, 2018 11:33 AM |
| **To:** | 'Jason Cristal'; 'Ian Ratner' |
| **Subject:** | RE: NCT Systems (Fiduciary Engagment) |
| **Attachments:** | ATLALIB-#265879-v1-Change- |
| | Pro_Redline_-_GlassRatner_FIDUCIARY_Engagement_Letter-265870-v1 |
| | _and_GlassRatner_FIDUCIARY_Engagement_Letter-265870-v3.DOCX; ATLALIB-#265870- |
| | v3-GlassRatner_FIDUCIARY_Engagement_Letter.DOCX |

Ian and Jason:

I spoke with the client and attached is a revised version of the Engagement Letter that incorporates the information I received. Morgan & Morgan, P.A. will advance all of the costs of the engagement on behalf of Good Gateway, LLC, sole shareholder of NCT Systems. As such, I have added a provision explaining that obligation, added Morgan & Morgan as a signatory, and removed Carson Good individually.

Also, to be consistent with the Consent I forwarded, I note the engagement as President.

Please let me know what revisions or questions you have.

Thanks!

Walt

# BALCH
### & BINGHAM LLP

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

**From:** Jones, Walter
**Sent:** Friday, September 07, 2018 10:19 AM
**To:** 'Jason Cristal'; 'Ian Ratner'
**Subject:** NCT Systems (Fiduciary Engagment)
**Importance:** High

Ian and Jason:

As a follow up to my discussion with Ian yesterday, our clients Good Gateway, LLC and Carson Good, would like to proceed with engaging GlassRatner to first have Ian appointed as President/CEO of NCT Systems, Inc. and then to serve as manager of Sugarloaf Centre Partners, LLC and Sugarloaf Centre, LLC, assuming we are successful in gaining control of those two entities through a court action. As you will recall, Good Gateway, LLC is the sole shareholder of NCT Systems, Inc., which is a 50% owner of Sugarloaf Centre Partners, LLC, which is the sole member of Sugarloaf Centre, LCC, a chapter 11 debtor and the owner of valuable CRE in Atlanta.

Attached is redline and clean copy of the Engagement Letter you sent over, together with the corporate docs that counsel in Florida prepared concerning NCT Systems. Appointing Ian as President/CEO of NCT Systems is not adversarial

1

.considering Carson's entity, Good Gateway, is the sole shareholder. It's the first step in the ultimate action. We need to finalize the appointment as soon as possible because we have to file an Objection to a Motion to Dismiss Sugarloaf Centre's bankruptcy.

Please let me hear from you as soon as possible as to whether (1) you are okay with the revised Engagement Letter and (2) whether you are okay with the corporate docs.

Thanks, as always!

Wait

**BALCH**
& BINGHAM LLP

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

**From:** Jason Cristal [mailto:jcristal@glassratner.com]
**Sent:** Friday, August 10, 2018 4:44 PM
**To:** Jones, Walter
**Subject:** follow up

**[External Email] Please use caution.**

Apologies...the day totally got away from me.

Let's talk Monday am...

Jason



**Jason Cristal, CIRA, MAFF**
Managing Director

Direct: 404.835.8877
Mobile: 404.863.6810
Email: jcristal@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com



3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

**CC Schnapp**

| | |
|---|---|
| **From:** | Jones, Walter |
| **Sent:** | Friday, September 07, 2018 12:11 PM |
| **To:** | 'Jason Cristal'; 'Ian Ratner' |
| **Subject:** | RE: NCT Systems (Fiduciary Engagment) |
| **Attachments:** | ATLALIB-#265870-v3-GlassRatner_FIDUCIARY_Engagement_Letter.DOCX |

Updated version of letter attached with address. Thanks!



Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

---

**From:** Jones, Walter
**Sent:** Friday, September 07, 2018 11:33 AM
**To:** 'Jason Cristal'; 'Ian Ratner'
**Subject:** RE: NCT Systems (Fiduciary Engagment)

Ian and Jason:

I spoke with the client and attached is a revised version of the Engagement Letter that incorporates the information I received. Morgan & Morgan, P.A. will advance all of the costs of the engagement on behalf of Good Gateway, LLC, sole shareholder of NCT Systems. As such, I have added a provision explaining that obligation, added Morgan & Morgan as a signatory, and removed Carson Good individually.

Also, to be consistent with the Consent I forwarded, I note the engagement as President.

Please let me know what revisions or questions you have.

Thanks!

Walt



Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

---

**From:** Jones, Walter
**Sent:** Friday, September 07, 2018 10:19 AM
**To:** 'Jason Cristal'; 'Ian Ratner'
**Subject:** NCT Systems (Fiduciary Engagment)
**Importance:** High

Ian and Jason:

1

As a follow up to my discussion with Ian yesterday, our clients Good Gateway, LLC and Carson Good, would like to proceed with engaging GlassRatner to first have Ian appointed as President/CEO of NCT Systems, Inc. and then to serve as manager of Sugarloaf Centre Partners, LLC and Sugarloaf Centre, LLC, assuming we are successful in gaining control of those two entities through a court action. As you will recall, Good Gateway, LLC is the sole shareholder of NCT Systems, Inc., which is a 50% owner of Sugarloaf Centre Partners, LLC, which is the sole member of Sugarloaf Centre, LCC, a chapter 11 debtor and the owner of valuable CRE in Atlanta.

Attached is redline and clean copy of the Engagement Letter you sent over, together with the corporate docs that counsel in Florida prepared concerning NCT Systems. Appointing Ian as President/CEO of NCT Systems is not adversarial considering Carson's entity, Good Gateway, is the sole shareholder. It's the first step in the ultimate action. We need to finalize the appointment as soon as possible because we have to file an Objection to a Motion to Dismiss Sugarloaf Centre's bankruptcy.

Please let me hear from you as soon as possible as to whether (1) you are okay with the revised Engagement Letter and (2) whether you are okay with the corporate docs.

Thanks, as always!

Walt

**BALCH**
& BINGHAM LLP

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

**From:** Jason Cristal [mailto:jcristal@glassratner.com]
**Sent:** Friday, August 10, 2018 4:44 PM
**To:** Jones, Walter
**Subject:** follow up

**[External Email] Please use caution.**

Apologies...the day totally got away from me.

Let's talk Monday am...

Jason



**Jason Cristal, CIRA, MAFF**
Managing Director

Direct: 404.835.8877
Mobile: 404.863.6310
Email: jcristal@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

**GLASSRATNER**
a B. Riley Financial company

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

BTG Global Advisory

2

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

3

**CC Schnapp**

| | |
|---|---|
| **From:** | Jones, Walter |
| **Sent:** | Thursday, September 06, 2018 3:16 PM |
| **To:** | Ian Ratner |
| **Cc:** | O'Laughlin, Jennifer |
| **Subject:** | Re: NCT Systems and BOKF |

No problem!

Sent from my iPhone

> On Sep 6, 2018, at 3:10 PM, Ian Ratner <Iratner@glassratner.com> wrote:
>
> [External Email] Please use caution.
>
>
> Running 5 late... I will be good at 3:15
>
>
>      .:
> ----
> 3445 Peachtree Road
> Suite 1225
> Atlanta, GA 30326
>
> Ian Ratner, CPA, ABV, ASA, CFE, CA, CBV CEO
>
> Direct: 404.835.8840
> Mobile: 404.931.7329
> Email: Iratner@glassratner.com
> VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com
>
>
>      .. :
> NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.
>
>
> -----Original Message-----
> From: Jones, Walter <wjones@balch.com>
> Sent: Thursday, September 6, 2018 1:36 PM
> To: Ian Ratner <Iratner@glassratner.com>
> Cc: O'Laughlin, Jennifer <jolaughlin@balch.com>
> Subject: Re: NCT Systems and BOKF
>
> Sure!  Can you call my cell at 706-585-6481?  Jen, please calendar.  Thanks!

1

>
> Sent from my IPhone
>
> On Sep 6, 2018, at 12:43 PM, Ian Ratner <Iratner@glassratner.com<mailto:Iratner@glassratner.com>> wrote:
>
> [External Email] Please use caution.
>
> 3 PM??
>
>
> Sent via the Samsung Galaxy S8, an AT&T 4G LTE smartphone
>
>
> -------- Original message --------
> From: "Jones, Walter" <wjones@balch.com<mailto:wjones@balch.com>>
> Date: 9/6/18 12:26 PM (GMT-05:00)
> To: Ian Ratner
> <Iratner@glassratner.com<mailto:Iratner@glassratner.com>>
> Subject: NCT Systems and BOKF
>
> Ian:
>
> Good afternoon!  Would you have any time today for a call concerning a couple of possible engagements, including the one we discussed previously?  I am also happy to discuss with Jason.
>
> Thanks, as always, and please forgive the short notice.
>
> Walt
>
> Sent from my IPhone
>
>
> Walter E. Jones, Partner, Balch & Bingham LLP
> 30 Ivan Allen Jr. Boulevard, N.W.  Suite 700 Atlanta, GA 30308-3036
> t:(404) 962-3540c:(706) 575-6481 f:(866) 849-8952
> e:wjones@balch.com<mailto:wjones@balch.com>
> www.balch.com<http://www.balch.com>
>
>
> ~~
>
>
>
>
> CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against.copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.
> ~~
>
>

**CC Schnapp**

| | |
|---|---|
| From: | Jones, Walter |
| Sent: | Thursday, September 06, 2018 1:36 PM |
| To: | Ian Ratner |
| Cc: | O'Laughlin, Jennifer |
| Subject: | Re: NCT Systems and BOKF |

Sure! Can you call my cell at 706-585-6481? Jen, please calendar. Thanks!

Sent from my iPhone

On Sep 6, 2018, at 12:43 PM, Ian Ratner <Iratner@glassratner.com> wrote:

> [External Email] Please use caution.
>
> 3 PM??
>
>
>
> Sent via the Samsung Galaxy S8, an AT&T 4G LTE smartphone
>
>
> -------- Original message --------
> From: "Jones, Walter" <wjones@balch.com>
> Date: 9/6/18 12:26 PM (GMT-05:00)
> To: Ian Ratner <Iratner@glassratner.com>
> Subject: NCT Systems and BOKF
>
> Ian:
>
> Good afternoon! Would you have any time today for a call concerning a couple of possible engagements, including the one we discussed previously? I am also happy to discuss with Jason.
>
> Thanks, as always, and please forgive the short notice.
>
> Walt
>
> Sent from my iPhone
>
>
> Walter E. Jones, Partner, Balch & Bingham LLP
> 30 Ivan Allen Jr. Boulevard, N.W. Suite 700 Atlanta, GA 30308-3036
> t:(404) 962-3540 c:(706) 575-6481 f:(866) 849-8952 e:wjones@balch.com
> www.balch.com
>
>
>
>
> CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore

1

protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

2

CC Schnapp

| | |
|---|---|
| **From:** | Jones, Walter |
| **Sent:** | Thursday, September 06, 2018 3:20 PM |
| **To:** | Ian Ratner |
| **Cc:** | O'Laughlin, Jennifer |
| **Subject:** | Re: NCT Systems and BOKF |

706-575-6481

Sent from my iPhone

> On Sep 6, 2018, at 3:18 PM, Ian Ratner <iratner@glassratner.com> wrote:
>
> [External Email] Please use caution.
>
>
> Number not good
>
>
>
> ----
> 3445 Peachtree Road
> Suite 1225
> Atlanta, GA 30326
>
> Ian Ratner, CPA, ABV, ASA, CFE, CA, CBV CEO
>
> Direct: 404.835.8840
> Mobile: 404.931.7329
> Email: iratner@glassratner.com
> VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com
>
>
>
> NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.
>
>
>
> -----Original Message-----
> From: Jones, Walter <wjones@balch.com>
> Sent: Thursday, September 6, 2018 1:36 PM
> To: Ian Ratner <iratner@glassratner.com>
> Cc: O'Laughlin, Jennifer <jolaughlin@balch.com>
> Subject: Re: NCT Systems and BOKF
>

1

\> Sure!  Can you call my cell at 706-585-6481? Jen, please calendar.  Thanks!
\>
\> Sent from my iPhone
\>
\> On Sep 6, 2018, at 12:43 PM, Ian Ratner <iratner@glassratner.com<mailto:iratner@glassratner.com>> wrote:
\>
\> [External Email] Please use caution.
\>
\> 3 PM??
\>
\>
\>
\> Sent via the Samsung Galaxy S8, an AT&T 4G LTE smartphone
\>
\>  st
\> -------- Original message --------
\> From: "Jones, Walter" <wjones@balch.com<mailto:wjones@balch.com>>
\> Date: 9/6/18 12:26 PM (GMT-05:00)
\> To: Ian Ratner
\> <iratner@glassratner.com<mailto:iratner@glassratner.com>>
\> Subject: NCT Systems and BOKF
\>
\> Ian:
\>
\> Good afternoon!  Would you have any time today for a call concerning a couple of possible engagements, including the one we discussed previously?  I am also happy to discuss with Jason.
\>  ;
\> Thanks, as always, and please forgive the short notice.
\>
\> Walt
\>
\> Sent from my iPhone
\>
\>
\> Walter E. Jones, Partner, Balch & Bingham LLP
\> 30 Ivan Allen Jr. Boulevard, N.W,  Suite 700 Atlanta, GA 30308-3036
\> t:(404) 962-3540c:(706) 575-6481 f:(866) 849-8952
\> e:wjones@balch.com<mailto:wjones@balch.com>
\> www.balch.com<http://www.balch.com>
\>
\>
\> ~~
\>
\>
\>
\>
\> CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.
\> ~~.
\>  ~~
\>

2

Case 15-58443-wlh    Doc 290    Filed 03/24/21    Entered 03/25/21 10:48:22    Desc Main
Document       Page 123 of 432

3

**CC Schnapp**

| | |
|---|---|
| **From:** | Jones, Walter |
| **Sent:** | Wednesday, January 06, 2021 7:39 AM |
| **To:** | Ian Ratner |
| **Cc:** | Ron Glass; Jason Cristal |
| **Subject:** | Re: Pretty Urgent |

Yes, sir. I have a call at 10:00 ET that will last 45 minutes, but can be available any other time. Thanks, as always!

Sent from my iPhone

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W.  Suite 700 Atlanta, GA 30308-3036
t:(404) 962-3540 c:(706) 575-6481 f:(866) 849-8952 e:wjones@balch.com www.balch.com

~~

> On Jan 6, 2021, at 7:31 AM, Ian Ratner <iratner@brileyfin.com> wrote:
>
> [External Email] Please use caution.
>
> ,.
> Walt are you available for a call today at 10 30 or 11 30. I don't think it will be long. It relates to Thacker and NTS.
>
> Ian
>
> Sent from my iPhone
>
> Ian Ratner
> B. Riley Advisory Services
> NASDAQ:RILY
>
> iratner@brileyfin.com
> 404-931-7329 (cell)
>
> _____
>
> PLEASE VISIT <https://brileyfin.com/disclosures/> FOR LEGAL DISCLOSURES.

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.
~~

1

2

**CC Schnapp**

| | |
|---|---|
| **From:** | Jones, Walter |
| **Sent:** | Wednesday, January 06, 2021 7:46 AM |
| **To:** | Ian Ratner |
| **Cc:** | Ron Glass; Jason Cristal |
| **Subject:** | Re: Pretty Urgent |

Thanks!

Sent from my iPhone

On Jan 6, 2021, at 7:45 AM, Ian Ratner wrote:

[External Email] Please use caution.

Let's say 1130. Perfect. Jason will send dial in. Thanks so much.

Sent from my iPhone

Ian Ratner
B. Riley Advisory Services
NASDAQ:RILY

iratner@brileyfin.com
404-931-7329 (cell)

On Jan 6, 2021, at 7:39 AM, Jones, Walter wrote:

[EXTERNAL]
Yes, sir. I have a call at 10:00 ET that will last 45 minutes, but can be available any other time. Thanks, as always!

Sent from my iPhone

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. Suite 700 Atlanta, GA 30308-3036
t:(404) 962-3540c:(706) 575-6481 f:(866) 849-8952 e:wjones@balch.com
www.balch.com

~~

> On Jan 6, 2021, at 7:31 AM, Ian Ratner wrote:
>

1

> [External Email] Please use caution.
>
>
> Wait are you available for a call today at 10 30 or 11 30. I don't think it will be long. It
relates to Thacker and NTS.
>
> Ian
>
> Sent from my iPhone
>
> Ian Ratner
> B. Riley Advisory Services
> NASDAQ:RILY
>
> iratner@brileyfin.com
> 404-931-7329 (cell)
>
> _____
>
> PLEASE VISIT <https://brileyfin.com/disclosures/> FOR LEGAL DISCLOSURES.


CONFIDENTIALITY: This email and any attachments may be confidential and/or
privileged and are therefore protected against copying, use, disclosure or distribution. If
you are not the intended recipient, please notify us immediately by replying to the
sender and double deleting this copy and the reply from your system.
~~

PLEASE VISIT FOR LEGAL DISCLOSURES.

2

**CC Schnapp**

| | |
|---|---|
| **From:** | Jones, Walter |
| **Sent:** | Thursday, September 06, 2018 3:16 PM |
| **To:** | Ian Ratner |
| **Cc:** | O'Laughlin, Jennifer |
| **Subject:** | Re: NCT Systems and BOKF |

No problem!

Sent from my iPhone

> On Sep 6, 2018, at 3:10 PM, Ian Ratner <iratner@glassratner.com> wrote:
>
> [External Email] Please use caution.
>
>
> Running 5 late... I will be good at 3:15
>
>
>     :'
> ----
> 3445 Peachtree Road
> Suite 1225
> Atlanta, GA 30326
>
> Ian Ratner, CPA, ABV, ASA, CFE, CA, CBV CEO
>
> Direct: 404.835.8840
> Mobile: 404.931.7329
> Email: iratner@glassratner.com
> VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com
>
>
>
> NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.
>
>
> -----Original Message-----
> From: Jones, Walter <wjones@balch.com>
> Sent: Thursday, September 6, 2018 1:36 PM
> To: Ian Ratner <iratner@glassratner.com>
> Cc: O'Laughlin, Jennifer <jolaughlin@balch.com>
> Subject: Re: NCT Systems and BOKF
>
> Sure! Can you call my cell at 706-585-6481? Jen, please calendar. Thanks!

1

> Sent from my iPhone
>
> On Sep 6, 2018, at 12:43 PM, Ian Ratner <iratner@glassratner.com<mailto:iratner@glassratner.com>> wrote:
>
> [External Email] Please use caution.
>
> 3 PM??
>
>
>
> Sent via the Samsung Galaxy S8, an AT&T 4G LTE smartphone
>
>
> -------- Original message --------
> From: "Jones, Walter" <wjones@balch.com<mailto:wjones@balch.com>>
> Date: 9/6/18 12:26 PM (GMT-05:00)
> To: Ian Ratner
> <iratner@glassratner.com<mailto:iratner@glassratner.com>>
> Subject: NCT Systems and BOKF
>
> Ian:
>
> Good afternoon!  Would you have any time today for a call concerning a couple of possible engagements, including the
one we discussed previously?  I am also happy to discuss with Jason.
>
> Thanks, as always, and please forgive the short notice.
>
> Walt
>
> Sent from my iPhone
>
>
> Walter E. Jones, Partner, Balch & Bingham LLP
> 30 Ivan Allen Jr. Boulevard, N.W.   Suite 700 Atlanta, GA 30308-3036
> t:(404) 962-3540c:(706) 575-6481 f:(866) 849-8952
> e:wjones@balch.com<mailto:wjones@balch.com>
> www.balch.com<http://www.balch.com>
>
>
> ~~
>
>
>
>
> CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected
against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by
replying to the sender and double deleting this copy and the reply from your system.
> ~~
>
>

**CC Schnapp**

| | |
|---|---|
| **From:** | Jones, Walter |
| **Sent:** | Thursday, September 06, 2018 1:36 PM |
| **To:** | Ian Ratner |
| **Cc:** | O'Laughlin, Jennifer |
| **Subject:** | Re: NCT Systems and BOKF |

Sure! Can you call my cell at 706-585-6481? Jen, please calendar. Thanks!

Sent from my iPhone

On Sep 6, 2018, at 12:43 PM, Ian Ratner <iratner@glassratner.com> wrote:

> [External Email] Please use caution.
>
> 3 PM??
>
> Sent via the Samsung Galaxy S8, an AT&T 4G LTE smartphone
>
> -------- Original message --------
> From: "Jones, Walter" <wjones@balch.com>
> Date: 9/6/18 12:26 PM (GMT-05:00)
> To: Ian Ratner <iratner@glassratner.com>
> Subject: NCT Systems and BOKF
>
> Ian:
>
> Good afternoon! Would you have any time today for a call concerning a couple of possible engagements, including the one we discussed previously? I am also happy to discuss with Jason.
>
> Thanks, as always, and please forgive the short notice.
>
> Walt
>
> Sent from my iPhone
>
> Walter E. Jones, Partner, Balch & Bingham LLP
> 30 Ivan Allen Jr. Boulevard, N.W. Suite 700 Atlanta, GA 30308-3036
> t:(404) 962-3540 c:(706) 575-6481 f:(866) 849-8952 e:wjones@balch.com
> www.balch.com
>
> CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore

1

protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us
immediately by replying to the sender and double deleting this copy and the reply from your system.

2

**CC Schnapp**

| | |
|---|---|
| **From:** | Jones, Walter |
| **Sent:** | Thursday, September 06, 2018 3:20 PM |
| **To:** | Ian Ratner |
| **Cc:** | O'Laughlin, Jennifer |
| **Subject:** | Re: NCT Systems and BOKF |

706-575-6481

Sent from my iPhone

> On Sep 6, 2018, at 3:18 PM, Ian Ratner <iratner@glassratner.com> wrote:
>
> [External Email] Please use caution.
>
>
> Number not good
>
>
>
> ----
> 3445 Peachtree Road
> Suite 1225
> Atlanta, GA 30326
>
> Ian Ratner, CPA, ABV, ASA, CFE, CA, CBV CEO
>
> Direct: 404.835.8840
> Mobile: 404.931.7329
> Email: iratner@glassratner.com
> VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com
>
>
>
> NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.
>
>
>
> -----Original Message-----
> From: Jones, Walter <wjones@balch.com>
> Sent: Thursday, September 6, 2018 1:36 PM
> To: Ian Ratner <iratner@glassratner.com>
> Cc: O'Laughlin, Jennifer <jolaughlin@balch.com>
> Subject: Re: NCT Systems and BOKF
>

1

> Sure! Can you call my cell at 706-585-6481? Jen, please calendar.  Thanks!
>
> Sent from my iPhone
>
> On Sep 6, 2018, at 12:43 PM, Ian Ratner <iratner@glassratner.com<mailto:iratner@glassratner.com>> wrote:
>
> [External Email] Please use caution.
>
> 3 PM??
>
>
>
> Sent via the Samsung Galaxy S8, an AT&T 4G LTE smartphone
>
> 𝔍
> -------- Original message --------
> From: "Jones, Walter" <wjones@balch.com<mailto:wjones@balch.com>>
> Date: 9/6/18 12:26 PM (GMT-05:00)
> To: Ian Ratner
> <iratner@glassratner.com<mailto:iratner@glassratner.com>>
> Subject: NCT Systems and BOKF
>
> Ian:
>
> Good afternoon!  Would you have any time today for a call concerning a couple of possible engagements, including the
> one we discussed previously?  I am also happy to discuss with Jason.
>
> Thanks, as always, and please forgive the short notice.
>
> Walt
>
> Sent from my iPhone
>
>
> Walter E. Jones, Partner, Balch & Bingham LLP
> 30 Ivan Allen Jr. Boulevard, N.W.  Suite 700 Atlanta, GA 30308-3036
> t:(404) 962-3540c;(706) 575-6481 f:(866) 849-8952
> e:wjones@balch.com<mailto:wjones@balch.com>
> www.balch.com<http://www.balch.com>
>
>
> ~~
>
>
>
>
> CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected
> against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by
> replying to the sender and double deleting this copy and the reply from your system.
> ~~
> ~
>

2

3

**CC Schnapp**

| | |
|---|---|
| **From:** | Jones, Walter |
| **Sent:** | Wednesday, January 06, 2021 7:39 AM |
| **To:** | Ian Ratner |
| **Cc:** | Ron Glass; Jason Cristal |
| **Subject:** | Re: Pretty Urgent |

Yes, sir. I have a call at 10:00 ET that will last 45 minutes, but can be available any other time. Thanks, as always!

Sent from my iPhone

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W.  Suite 700 Atlanta, GA 30308-3036
t:(404) 962-3540c:(706) 575-6481 f:(866) 849-8952 e:wjones@balch.com www.balch.com

~~

> On Jan 6, 2021, at 7:31 AM, Ian Ratner <iratner@brileyfin.com> wrote:
>
> [External Email] Please use caution.
>
>   ..
> Walt are you available for a call today at 10 30 or 11 30. I don't think it will be long.  It relates to Thacker and NTS.
>
> Ian
>
> Sent from my iPhone
>
> Ian Ratner
> B. Riley Advisory Services
> NASDAQ:RILY
>
> iratner@brileyfin.com
> 404-931-7329 (cell)
>   .:
>   .
>
> PLEASE VISIT <https://brileyfin.com/disclosures/> FOR LEGAL DISCLOSURES.

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.
~~

1

2

**CC Schnapp**

| | |
|---|---|
| **From:** | Jones, Walter |
| **Sent:** | Wednesday, January 06, 2021 7:46 AM |
| **To:** | Ian Ratner |
| **Cc:** | Ron Glass; Jason Cristal |
| **Subject:** | Re: Pretty Urgent |

Thanks!

Sent from my iPhone

On Jan 6, 2021, at 7:45 AM, Ian Ratner wrote:

[External Email] Please use caution.

Let's say 1130. Perfect. Jason will send dial in. Thanks so much.

Sent from my iPhone

Ian Ratner
B. Riley Advisory Services
NASDAQ:RILY

iratner@brileyfin.com
404-931-7329 (cell)


On Jan 6, 2021, at 7:39 AM, Jones, Walter wrote:

[EXTERNAL]
Yes, sir. I have a call at 10:00 ET that will last 45 minutes, but can be available any other
time. Thanks, as always!

Sent from my iPhone


Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. Suite 700 Atlanta, GA 30308-3036
t:(404) 962-3540 c:(706) 575-6481 f:(866) 849-8952 e:wjones@balch.com
www.balch.com


~~


> On Jan 6, 2021, at 7:31 AM, Ian Ratner wrote:
>

1

> [External Email] Please use caution.
>
>
> Walt are you available for a call today at 10 30 or 11 30. I don't think it will be long. It
relates to Thacker and NTS.
>
> Ian
>
> Sent from my iPhone
>
> Ian Ratner
> B. Riley Advisory Services
> NASDAQ:RILY
>
> iratner@brileyfin.com
> 404-931-7329 (cell)
>
> _____
>
> PLEASE VISIT <https://brileyfin.com/disclosures/> FOR LEGAL DISCLOSURES.


CONFIDENTIALITY: This email and any attachments may be confidential and/or
privileged and are therefore protected against copying, use, disclosure or distribution. If
you are not the intended recipient, please notify us immediately by replying to the
sender and double deleting this copy and the reply from your system.
~~

PLEASE VISIT FOR LEGAL DISCLOSURES.

**CC Schnapp**

| | |
|---|---|
| From: | Jason Cristal <jcristal@glassratner.com> |
| Sent: | Friday, August 10, 2018 4:44 PM |
| To: | Jones, Walter |
| Subject: | follow up |

[External Email] Please use caution.

Apologies...the day totally got away from me.

Let's talk Monday am...

Jason



**Jason Cristal, CIRA, MAFF**
Managing Director

Direct: 404.835.8877
Mobile: 404.863.6310
Email: jcristal@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

GLASSRATNER
a B.Riley Financial company

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

BTG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

1

Walt

Sent from my iPhone

[[image]]

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com<http://www.balch.com>


On Sep 7, 2018, at 3:59 PM, "CTownsend@ForThePeople.com"
<CTownsend@ForThePeople.com<mailto:CTownsend@ForThePeople.com>> wrote:

[External Email] Please use caution.


Will do. please re send the final execution copy again.


Clay Townsend
Attorney
My Bio<https://www.forthepeople.com/attorneys/clay-m-townsend/>

P: 4074182075
F: 4072453346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801

[https://static.forthepeople.com/signatures/email-signature-mm-btg-logo-
x2.jpg]<https://www.businesstrialgroup.com/?utm_source=signature&utm_medium=email>

[https://static.forthepeople.com/signatures/email-signature-practice-areas-
x2.jpg]<https://www.businesstrialgroup.com/practice-areas/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-locations-x2.jpg]
<https://www.businesstrialgroup.com/our-offices/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-links-referrals-x2.jpg]
<https://www.businesstrialgroup.com/attorney-referrals/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-results-x2.jpg]
<https://www.businesstrialgroup.com/about-us/verdicts-and-
settlements/?utm_source=signature&utm_medium=email>


From: Jason Cristal [mailto:jcristal@glassratner.com]
Sent: Friday, September 07, 2018 3:40 PM
To: Clay Townsend x5033; Jones, Walter; Ian Ratner
Cc: Alexander, Austin
Subject: *EXT* RE: GR-Redline

2

Clay –

If you will execute final on your end and send back to me, I will get Ian's signature and return.
Thank you.

Jason.

From: CTownsend@ForThePeople.com<mailto:CTownsend@ForThePeople.com>
<CTownsend@ForThePeople.com<mailto:CTownsend@ForThePeople.com>>
Sent: Friday, September 07, 2018 2:59 PM
To: Jason Cristal <jcristal@glassratner.com<mailto:jcristal@glassratner.com>>; Jones, Walter
<wjones@balch.com<mailto:wjones@balch.com>>; Ian Ratner
<iratner@glassratner.com<mailto:iratner@glassratner.com>>
Cc: Alexander, Austin <aalexander@balch.com<mailto:aalexander@balch.com>>
Subject: RE: GR-Redline

I will wait for Ian's approval before signing and sending to Carson. I would like to have Ian's and my signature
on the final I send to Carson please. tx

Clay Townsend
Attorney
My Bio<https://www.forthepeople.com/attorneys/clay-m-townsend/>

P: 4074182075
F: 4072453346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801
[https://static.forthepeople.com/signatures/email-signature-mm-btg-logo-
x2.jpg]<https://www.businesstrialgroup.com/?utm_source=signature&utm_medium=email>

[https://static.forthepeople.com/signatures/email-signature-practice-areas-
x2.jpg]<https://www.businesstrialgroup.com/practice-
areas/?utm_source=signature&utm_medium=email>[https://static.forthepeople.com/signatures/email-signature-
locations-x2.jpg]<https://www.businesstrialgroup.com/our-
offices/?utm_source=signature&utm_medium=email>[https://static.forthepeople.com/signatures/email-
signature-links-referrals-x2.jpg]<https://www.businesstrialgroup.com/attorney-
referrals/?utm_source=signature&utm_medium=email>[https://static.forthepeople.com/signatures/email-
signature-results-x2.jpg]<https://www.businesstrialgroup.com/about-us/verdicts-and-
settlements/?utm_source=signature&utm_medium=email>
From: Jason Cristal [mailto:jcristal@glassratner.com]
Sent: Friday, September 07, 2018 2:06 PM
To: Jones, Walter; Ian Ratner
Cc: Clay Townsend x5033; Alexander, Austin
Subject: *EXT* RE: GR-Redline

Walt –

This all looks fine to me, subject to Ian's approval.

3

Jason

-----Original Message-----
From: Jones, Walter <wjones@balch.com<mailto:wjones@balch.com>>
Sent: Friday, September 07, 2018 1:55 PM
To: Ian Ratner <iratner@glassratner.com<mailto:iratner@glassratner.com>>; Jason Cristal
<jcristal@glassratner.com<mailto:jcristal@glassratner.com>>
Cc: CTownsend@ForThePeople.com<mailto:CTownsend@ForThePeople.com>>; Alexander, Austin
<aalexander@balch.com<mailto:aalexander@balch.com>>
Subject: Fwd: GR-Redline

Ian and Jason:

See below from Clay with a small revision to the paragraph concerning Morgan & Morgan. Please let us know
that this meets with your approval and Clay will have it executed.

Also, we need the okay from you guys on the Shareholders Consent appointing Ian as President etc.

Thanks!

Walt

Sent from my iPhone


[[image]]

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. * Suite 700 * Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com<mailto:wjones@balch.com>
www.balch.com<http://www.balch.com><http://www.balch.com>


Begin forwarded message:

From: "CTownsend@ForThePeople.com"
<CTownsend@ForThePeople.com<mailto:CTownsend@ForThePeop
le.com%3cmailto:CTownsend@ForThePeople.com>>>
Date: September 7, 2018 at 1:31:09 PM EDT
To: "'Jones, Walter'
(wjones@balch.com<mailto:wjones@balch.com%3cmailto:wjones@balch.com>>)
"
<wjones@balch.com<mailto:wjones@balch.com<mailto:wjones@balch.com%3cmailto:wjones@balch.com>>
>
Subject: GR-Redline

[External Email] Please use caution.

4

I added an edit to the m and m reference. Ok?

Clay Townsend
Attorney
My Bio<https://www.forthepeople.com/attorneys/clay-m-townsend/>

P: 4074182075
F: 4072453346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801

[https://static.forthepeople.com/signatures/email-signature-mm-btg-logo-x2.jpg]<https://www.businesstrialgroup.com/?utm_source=signature&utm_medium=email>

[https://static.forthepeople.com/signatures/email-signature-practice-areas-x2.jpg]<https://www.businesstrialgroup.com/practice-areas/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-locations-x2.jpg]
<https://www.businesstrialgroup.com/our-offices/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-links-referrals-x2.jpg]
<https://www.businesstrialgroup.com/attorney-referrals/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-results-x2.jpg]
<https://www.businesstrialgroup.com/about-us/verdicts-and-settlements/?utm_source=signature&utm_medium=email>

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person

or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

**CC Schnapp**

| | |
|---|---|
| **From:** | Jason Cristal <jcristal@glassratner.com> |
| **Sent:** | Friday, September 07, 2018 3:40 PM |
| **To:** | Jones, Walter |
| **Subject:** | RE: GR-Redline |

[External Email] Please use caution.

Great minds....

-----Original Message-----
From: Jones, Walter <wjones@balch.com>
Sent: Friday, September 07, 2018 3:40 PM
To: Ian Ratner <iratner@glassratner.com>
Cc: CTownsend@ForThePeople.com; Jason Cristal <jcristal@glassratner.com>; Alexander, Austin <aalexander@balch.com>
Subject: Re: GR-Redline

Ian:

Are you in a position to sign today?  Clay wanted to have you sign and he would do the same before forwarding to Carson for execution.

Thanks!

Walt

Sent from my iPhone


[[image]]

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. * Suite 700 * Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com www.balch.com<http://www.balch.com>


On Sep 7, 2018, at 3:24 PM, Ian Ratner <iratner@glassratner.com<mailto:iratner@glassratner.com>> wrote:

[External Email] Please use caution.

All good - thank you - proceed
Ian


<image001.png>

1

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326


Ian Ratner, CPA, ABV, ASA, CFE, CA, CBV
CEO

Direct: 404.835.8840
Mobile: 404.931.7329
Email: iratner@glassratner.com<mailto:iratner@glassratner.com>
VCard<https://dynamix-cdn.s3.amazonaws.com/glassratnercom/glassratnercom_283840457.vcf> |
LinkedIn<https://www.linkedin.com/in/ian-ratner-89b8733/> | www.GlassRatner.com<http://www.GlassRatner.com> |
www.brileyfin.com<http://www.brileyfin.com/>

<image002.png>


NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential
information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you
are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its
attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and
delete this message and all copies and backups thereof. Thank you.

From: CTownsend@ForThePeople.com<mailto:CTownsend@ForThePeople.com>
<CTownsend@ForThePeople.com<mailto:CTownsend@ForThePeople.com>>
Sent: Friday, September 7, 2018 2:59 PM
To: Jason Cristal <jcristal@glassratner.com<mailto:jcristal@glassratner.com>>; Jones, Walter
<wjones@balch.com<mailto:wjones@balch.com>>; Ian Ratner
<iratner@glassratner.com<mailto:iratner@glassratner.com>>
Cc: Alexander, Austin <aalexander@balch.com<mailto:aalexander@balch.com>>
Subject: RE: GR-Redline


I will wait for Ian's approval before signing and sending to Carson.  I would like to have Ian's and my signature on the
final I send to Carson please. tx


Clay Townsend
Attorney
My Bio<https://www.forthepeople.com/attorneys/clay-m-townsend/>

P: 4074182075
F: 4072453346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801 [https://static.forthepeople.com/signatures/email-signature-mm-
btg-logo-x2.jpg]<https://www.businesstrialgroup.com/?utm_source=signature&utm_medium=email>

[https://static.forthepeople.com/signatures/email-signature-practice-areas-
x2.jpg]<https://www.businesstrialgroup.com/practice-
areas/?utm_source=signature&utm_medium=email][https://static.forthepeople.com/signatures/email-signature-
locations-x2.jpg]<https://www.businesstrialgroup.com/our-

2

offices/?utm_source=signature&utm_medium=email>[https://static.forthepeople.com/signatures/email-signature-
links-referrals-x2.jpg]<https://www.businesstrialgroup.com/attorney-
referrals/?utm_source=signature&utm_medium=email>[https://static.forthepeople.com/signatures/email-signature-
results-x2.jpg]<https://www.businesstrialgroup.com/about-us/verdicts-and-
settlements/?utm_source=signature&utm_medium=email>

From: Jason Cristal [mailto:jcristal@glassratner.com]
Sent: Friday, September 07, 2018 2:06 PM
To: Jones, Walter; Ian Ratner
Cc: Clay Townsend x5033; Alexander, Austin
Subject: *EXT* RE: GR-Redline

Walt -

This all looks fine to me, subject to Ian's approval.

Jason

-----Original Message-----
From: Jones, Walter <wjones@balch.com<mailto:wjones@balch.com>>
Sent: Friday, September 07, 2018 1:55 PM
To: Ian Ratner <iratner@glassratner.com<mailto:iratner@glassratner.com>>; Jason Cristal
<jcristal@glassratner.com<mailto:jcristal@glassratner.com>>
Cc: CTownsend@ForThePeople.com<mailto:CTownsend@ForThePeople.com>; Alexander, Austin
<aalexander@balch.com<mailto:aalexander@balch.com>>
Subject: Fwd: GR-Redline

Ian and Jason:

See below from Clay with a small revision to the paragraph concerning Morgan & Morgan. Please let us know that this
meets with your approval and Clay will have it executed.

Also, we need the okay from you guys on the Shareholders Consent appointing Ian as President etc.

Thanks!

Walt

Sent from my iPhone


[[Image]]

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. * Suite 700 * Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com<mailto:wjones@balch.com>
www.balch.com<http://www.balch.com><http://www.balch.com>


Begin forwarded message:

3

From:
"CTownsend@ForThePeople.com<mailto:CTownsend@ForThePeople.com><mailto:CTownsend@ForThePeople.com%3c
mailto:CTownsend@ForThePeople.com%3e>"
<CTownsend@ForThePeople.com<mailto:CTownsend@ForThePeople.com><mailto:CTownsend@ForThePeople.com%3c
mailto:CTownsend@ForThePeople.com>>>
Date: September 7, 2018 at 1:31:09 PM EDT
To: "'Jones, Walter'
(wjones@balch.com<mailto:wjones@balch.com><mailto:wjones@balch.com%3cmailto:wjones@balch.com>>)"
<wjones@balch.com<mailto:wjones@balch.com><mailto:wjones@balch.com%3cmailto:wjones@balch.com>>>
Subject: GR-Redline

[External Email] Please use caution.


I added an edit to the m and m reference. Ok?

Clay Townsend
Attorney
My Blog<https://www.forthepeople.com/attorneys/clay-m-townsend/>

P: 4074182075
F: 4072453346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801

[https://static.forthepeople.com/signatures/email-signature-mm-btg-logo-
x2.jpg]<https://www.businesstrialgroup.com/?utm_source=signature&utm_medium=email>
_____

[https://static.forthepeople.com/signatures/email-signature-practice-areas-
x2.jpg]<https://www.businesstrialgroup.com/practice-areas/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-locations-x2.jpg]
<https://www.businesstrialgroup.com/our-offices/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-links-referrals-x2.jpg]
<https://www.businesstrialgroup.com/attorney-referrals/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-results-x2.jpg]
<https://www.businesstrialgroup.com/about-us/verdicts-and-
settlements/?utm_source=signature&utm_medium=email>

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to
which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure
or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy
all copies of the original message. Thank you.
_____

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected
against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by
replying to the sender and double deleting this copy and the reply from your system.

4

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

5

**CC Schnapp**

| | |
|---|---|
| **From:** | Jason Cristal <jcristal@glassratner.com> |
| **Sent:** | Friday, September 07, 2018 3:40 PM |
| **To:** | CTownsend@ForThePeople.com; Jones, Walter; Ian Ratner |
| **Cc:** | Alexander, Austin |
| **Subject:** | RE: GR-Redline |

[External Email] Please use caution.

Clay –

If you will execute final on your end and send back to me, I will get Ian's signature and return.
Thank you.

Jason

**From:** CTownsend@ForThePeople.com
**Sent:** Friday, September 07, 2018 2:59 PM
**To:** Jason Cristal; Jones, Walter ; Ian Ratner
**Cc:** Alexander, Austin
**Subject:** RE: GR-Redline

I will wait for Ian's approval before signing and sending to Carson. I would like to have Ian's and my signature on the final I send to Carson please. tx

**Clay Townsend**
Attorney
My Bio

P: 4074182075
F: 4072453346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801





**From:** Jason Cristal [mailto:jcristal@glassratner.com]
**Sent:** Friday, September 07, 2018 2:06 PM
**To:** Jones, Walter; Ian Ratner
**Cc:** Clay Townsend x5033; Alexander, Austin
**Subject:** *EXT* RE: GR-Redline

1

Walt -

This all looks fine to me, subject to Ian's approval.

Jason

-----Original Message-----
From: Jones, Walter <wjones@balch.com>
Sent: Friday, September 07, 2018 1:55 PM
To: Ian Ratner <iratner@glassratner.com>; Jason Cristal <jcristal@glassratner.com>
Cc: CTownsend@ForThePeople.com; Alexander, Austin <aalexander@balch.com>
Subject: Fwd: GR-Redline

Ian and Jason:

See below from Clay with a small revision to the paragraph concerning Morgan & Morgan. Please let us know that this meets with your approval and Clay will have it executed.

Also, we need the okay from you guys on the Shareholders Consent appointing Ian as President etc.

Thanks!

Walt

Sent from my iPhone


[[image]]

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. * Suite 700 * Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com<http://www.balch.com>


Begin forwarded message:

From: "CTownsend@ForThePeople.com"
<CTownsend@ForThePeople.com<mailto:CTownsend@ForThePeople.com>>
Date: September 7, 2018 at 1:31:09 PM EDT
To: "'Jones, Walter' (wjones@balch.com<mailto:wjones@balch.com>)"
<wjones@balch.com<mailto:wjones@balch.com>>
Subject: GR-Redline

[External Email] Please use caution.


I added an edit to the m and m reference. Ok?

2

Clay Townsend
Attorney
My Bio<https://www.forthepeople.com/attorneys/clay-m-townsend/>

P: 4074182075
F: 4072453346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801

[https://static.forthepeople.com/signatures/email-signature-mm-btg-logo-
x2.jpg]<https://www.businesstrialgroup.com/?utm_source=signature&utm_medium=email>

[https://static.forthepeople.com/signatures/email-signature-practice-areas-
x2.jpg]<https://www.businesstrialgroup.com/practice-areas/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-locations-x2.jpg]
<https://www.businesstrialgroup.com/our-offices/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-links-referrals-x2.jpg]
<https://www.businesstrialgroup.com/attorney-referrals/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-results-x2.jpg]
<https://www.businesstrialgroup.com/about-us/verdicts-and-
settlements/?utm_source=signature&utm_medium=email>

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person
or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized
review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the
sender by reply e-mail and destroy all copies of the original message. Thank you.

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore
protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us
immediately by replying to the sender and double deleting this copy and the reply from your system.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person
or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized
review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the
sender by reply e-mail and destroy all copies of the original message. Thank you.

**CC.Schnapp**

| | |
|---|---|
| **From:** | Jason Cristal <jcristal@glassratner.com> |
| **Sent:** | Friday, September 07, 2018 2:06 PM |
| **To:** | Jones, Walter; Ian Ratner |
| **Cc:** | CTownsend@ForThePeople.com; Alexander, Austin |
| **Subject:** | RE: GR-Redline |

[External Email] Please use caution.

Walt~

This all looks fine to me, subject to Ian's approval.

Jason

-----Original Message-----
From: Jones, Walter <wjones@balch.com>
Sent: Friday, September 07, 2018 1:55 PM
To: Ian Ratner <lratner@glassratner.com>; Jason Cristal <jcristal@glassratner.com>
Cc: CTownsend@ForThePeople.com; Alexander, Austin <aalexander@balch.com>
Subject: Fwd: GR-Redline

Ian and Jason:

See below from Clay with a small revision to the paragraph concerning Morgan & Morgan.  Please let us know that this meets with your approval and Clay will have it executed.

Also, we need the okay from you guys on the Shareholders Consent appointing Ian as President etc.

Thanks!

Walt

Sent from my iPhone

[[image]]

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. * Suite 700 * Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481  f: (866) 849-8952  e: wjones@balch.com www.balch.com<http://www.balch.com>

Begin forwarded message:

From: "CTownsend@ForThePeople.com<mailto:CTownsend@ForThePeople.com>"
<CTownsend@ForThePeople.com<mailto:CTownsend@ForThePeople.com>>

1

Date: September 7, 2018 at 1:31:09 PM EDT
To: "'Jones, Walter' (wjones@balch.com<mailto:wjones@balch.com>)"
<wjones@balch.com<mailto:wjones@balch.com>>
Subject: GR-Redline

[External Email] Please use caution.


I added an edit to the m and m reference. Ok?

Clay Townsend
Attorney
My Bio<https://www.forthepeople.com/attorneys/clay-m-townsend/>

P: 4074182075
F: 4072453346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801

[https://static.forthepeople.com/signatures/email-signature-mm-btg-logo-
x2.jpg]<https://www.businesstrialgroup.com/?utm_source=signature&utm_medium=email>

[https://static.forthepeople.com/signatures/email-signature-practice-areas-
x2.jpg]<https://www.businesstrialgroup.com/practice-areas/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-locations-x2.jpg]
<https://www.businesstrialgroup.com/our-offices/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-links-referrals-x2.jpg]
<https://www.businesstrialgroup.com/attorney-referrals/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-results-x2.jpg]
<https://www.businesstrialgroup.com/about-us/verdicts-and-
settlements/?utm_source=signature&utm_medium=email>

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to
which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure
or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy
all copies of the original message. Thank you.


CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected
against copying, use, disclosure or distribution.  If you are not the intended recipient, please notify us immediately by
replying to the sender and double deleting this copy and the reply from your system.

**CC Schnapp**

| | |
|---|---|
| From: | Jason Cristal <jcristal@glassratner.com> |
| Sent: | Monday, September 17, 2018 11:46 AM |
| To: | CTownsend@ForThePeople.com; Jones, Walter; Ian Ratner |
| Cc: | Alexander, Austin |
| Subject: | RE: GR-Redline |

**[External Email] Please use caution.**

Team –

Good morning. I just wanted to follow up on the Engagement letter.
Is there anything additional you need from us.

Further, can we schedule a call, perhaps later this week, to update case status, plan, etc.

Regards,

Jason

**From:** CTownsend@ForThePeople.com
**Sent:** Friday, September 07, 2018 2:59 PM
**To:** Jason Cristal ; Jones, Walter ; Ian Ratner
**Cc:** Alexander, Austin
**Subject:** RE: GR-Redline

I will wait for Ian's approval before signing and sending to Carson. I would like to have Ian's and my signature on the final I send to Carson please. tx

**Clay Townsend**
Attorney
My Bio

**P:** 4074182075
**F:** 4072453346
**A:** 20 N Orange Ave, Suite 1600, Orlando, FL 32801

**From:** Jason Cristal [mailto:jcristal@glassratner.com]
**Sent:** Friday, September 07, 2018 2:06 PM
**To:** Jones, Walter; Ian Ratner

1

Cc: Clay Townsend x5033; Alexander, Austin
Subject: *EXT* RE: GR-Redline

Walt -

This all looks fine to me, subject to Ian's approval.

Jason

-----Original Message-----
From: Jones, Walter <wjones@balch.com>
Sent: Friday, September 07, 2018 1:55 PM
To: Ian Ratner <iratner@glassratner.com>; Jason Cristal <jcristal@glassratner.com>
Cc: CTownsend@ForThePeople.com; Alexander, Austin <aalexander@balch.com>
Subject: Fwd: GR-Redline

Ian and Jason:

See below from Clay with a small revision to the paragraph concerning Morgan & Morgan. Please let us know
that this meets with your approval and Clay will have it executed.

Also, we need the okay from you guys on the Shareholders Consent appointing Ian as President etc.

Thanks!

Walt

Sent from my iPhone


[[image]]

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. * Suite 700 * Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com<http://www.balch.com>


Begin forwarded message:

From: "CTownsend@ForThePeople.com"
<CTownsend@ForThePeople.com<mailto:CTownsend@ForThePeople.com>>
Date: September 7, 2018 at 1:31:09 PM EDT
To: "'Jones, Walter' (wjones@balch.com<mailto:wjones@balch.com>)"
<wjones@balch.com<mailto:wjones@balch.com>>
Subject: GR-Redline

[External Email] Please use caution.

2

I added an edit to the m and m reference. Ok?

Clay Townsend
Attorney
My Bio<https://www.forthepeople.com/attorneys/clay-m-townsend/>

P: 4074182075
F: 4072453346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801

[https://static.forthepeople.com/signatures/email-signature-mm-btg-logo-x2.jpg]<https://www.businesstrialgroup.com/?utm_source=signature&utm_medium=email>

[https://static.forthepeople.com/signatures/email-signature-practice-areas-x2.jpg]<https://www.businesstrialgroup.com/practice-areas/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-locations-x2.jpg]
<https://www.businesstrialgroup.com/our-offices/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-links-referrals-x2.jpg]
<https://www.businesstrialgroup.com/attorney-referrals/?utm_source=signature&utm_medium=email>
[https://static.forthepeople.com/signatures/email-signature-results-x2.jpg]
<https://www.businesstrialgroup.com/about-us/verdicts-and-settlements/?utm_source=signature&utm_medium=email>

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

3

**CC Schnapp**

| | |
|---|---|
| **From:** | Jason Cristal <jcristal@glassratner.com> |
| **Sent:** | Friday, September 07, 2018 12:50 PM |
| **To:** | Jones, Walter; Ian Ratner |
| **Subject:** | RE: NCT Systems (Fiduciary Engagment) |
| **Attachments:** | GR-Redline.docx |

[External Email] Please use caution.

Walt –

Please see attached redline. We stand ready to assist and are available to discuss if needed.

We made minor changes to the letter, removing Ronald Glass and making Mr. Ratner the sole "President". We also modified the fee terms such that we will bill hourly for the first 3 months and then propose a fixed fee. This allows us to better gauge what will ultimately be involved in this matter as we get up to speed and running.

Regards,

Jason

**From:** Jones, Walter
**Sent:** Friday, September 07, 2018 12:11 PM
**To:** Jason Cristal ; Ian Ratner
**Subject:** RE: NCT Systems (Fiduciary Engagment)

Updated version of letter attached with address. Thanks!

**BALCH**
& BINGHAM LLP

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 952-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

**From:** Jones, Walter
**Sent:** Friday, September 07, 2018 11:33 AM
**To:** 'Jason Cristal'; 'Ian Ratner'
**Subject:** RE: NCT Systems (Fiduciary Engagment)

Ian and Jason:

I spoke with the client and attached is a revised version of the Engagement Letter that incorporates the information I received. Morgan & Morgan, P.A. will advance all of the costs of the engagement on behalf of Good Gateway, LLC, sole shareholder of NCT Systems. As such, I have added a provision explaining that obligation, added Morgan & Morgan as a signatory, and removed Carson Good individually.

Also, to be consistent with the Consent I forwarded, I note the engagement as President.

1

Please let me know what revisions or questions you have.

Thanks!

Walt



Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

**From:** Jones, Walter
**Sent:** Friday, September 07, 2018 10:19 AM
**To:** 'Jason Cristal'; 'Ian Ratner'
**Subject:** NCT Systems (Fiduciary Engagment)
**Importance:** High

Ian and Jason:

As a follow up to my discussion with Ian yesterday, our clients Good Gateway, LLC and Carson Good, would like to proceed with engaging GlassRatner to first have Ian appointed as President/CEO of NCT Systems, Inc. and then to serve as manager of Sugarloaf Centre Partners, LLC and Sugarloaf Centre, LLC, assuming we are successful in gaining control of those two entities through a court action. As you will recall, Good Gateway, LLC is the sole shareholder of NCT Systems, Inc.; which is a 50% owner of Sugarloaf Centre Partners, LLC, which is the sole member of Sugarloaf Centre, LCC, a chapter 11 debtor and the owner of valuable CRE in Atlanta.

Attached is redline and clean copy of the Engagement Letter you sent over, together with the corporate docs that counsel in Florida prepared concerning NCT Systems. Appointing Ian as President/CEO of NCT Systems is not adversarial considering Carson's entity, Good Gateway, is the sole shareholder. It's the first step in the ultimate action. We need to finalize the appointment as soon as possible because we have to file an Objection to a Motion to Dismiss Sugarloaf Centre's bankruptcy.

Please let me hear from you as soon as possible as to whether (1) you are okay with the revised Engagement Letter and (2) whether you are okay with the corporate docs.

Thanks, as always!

Walt



Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

**From:** Jason Cristal [mailto:jcristal@glassratner.com]
**Sent:** Friday, August 10, 2018 4:44 PM

2

**To:** Jones, Walter
**Subject:** follow up

[External Email] Please use caution.

Apologies...the day totally got away from me.

Let's talk Monday am...

Jason



**Jason Cristal, CIRA, MAFF**
Managing Director

Direct: 404.835.8877
Mobile: 404.863.6310
Email: jcristal@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

**GLASSRATNER**
a B. Riley Financial company

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

B RILEY BTG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

3

**CC Schnapp**

| | |
|---|---|
| **From:** | Ron Glass <rglass@glassratner.com> |
| **Sent:** | Friday, December 27, 2019 12:38 PM |
| **To:** | CTownsend@ForThePeople.com; Jones, Walter |
| **Cc:** | Lisa Wolgast |
| **Subject:** | FW: Bay Circle Properties, LLC case no.15-58440-wlh ; DCT Systems Group, ,LLC case no 15-58441 |

[External Email] Please use caution.

Clay & Walt,
Please see the email below from the acting U.S. Trustee. I do not know, if the Judge will dismiss the case or not. If your client would pay the UST quarterly fees, I should have enough money to cover the bank charges. This cannot be a loan and it will never be repaid.
I suspect it is your client's best interest to keep this case in Chapter 11.
Sorry to be the messenger of this news.
Hope you had a great Christmas and wishing you a Happy 2020!
Ron



Ronald L. Glass
Principal

Direct: 470.346.6840
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

 BTG Global Advisory

GLASSRATNER
a B. Riley Financial company
····
3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Treace, Jeneane (USTP)
**Sent:** Monday, December 16, 2019 4:47 AM
**To:** Ron Glass
**Cc:** Lisa Wolgast ; Cabrera, Anne M (USTP) ; Jackson, Deborah R. (USTP) ; Streete, Alisa K. (USTP) ; Dworschak, Tom W. (USTP)
**Subject:** RE: Bay Circle Properties, LLC case no.15-58440-wlh ; DCT Systems Group, ,LLC case no 15-58441

Good morning.

I will not be in the office today.

As I am sure you understand, we cannot condone this case remaining in chapter 11 if the estate is administratively insolvent – and becoming more so every day. Will you move to convert to chapter 7? What is the plan for paying the United States Trustee's fees?

1

R. Jeneane Treace
Assistant United States Trustee
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Building & U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
(404) 331-4437

---

**From:** Ron Glass <rglass@glassratner.com>
**Sent:** Sunday, December 15, 2019 9:22 PM
**To:** Dworschak, Tom W. (USTP) <Thomas.W.Dworschak@UST.DOJ.GOV>
**Cc:** Treace, Jeneane (USTP) <Jeneane.Treace@UST.DOJ.GOV>; Lisa Wolgast <lwolgast@mmmlaw.com>; Cabrera, Anne M (USTP) <Anne.M.Cabrera@UST.DOJ.GOV>; Jackson, Deborah R. (USTP) <Deborah.R.Jackson@UST.DOJ.GOV>; Streete, Alisa K. (USTP) <Alisa.K.Streete@UST.DOJ.GOV>
**Subject:** RE: Bay Circle Properties, LLC case no.15-58440-wlh ; DCT Systems Group, ,LLC case no 15-58441

Tom,
I am generally Monday morning.
Please provide a time that works for you and the UST's office.
Hope you had a nice weekend.
Ron



**Ronald L. Glass**
Principal

Direct: 470.346.6840
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com


BTG Global Advisory

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

---

**From:** Dworschak, Tom W. (USTP) <Thomas.W.Dworschak@usdoj.gov>
**Sent:** Friday, December 13, 2019 4:20 PM
**To:** Ron Glass <rglass@glassratner.com>
**Cc:** Treace, Jeneane (USTP) <Jeneane.Treace@usdoj.gov>; Lisa Wolgast <lwolgast@mmmlaw.com>; Cabrera, Anne M (USTP) <Anne.M.Cabrera@usdoj.gov>; Jackson, Deborah R. (USTP) <Deborah.R.Jackson@usdoj.gov>; Streete, Alisa K. (USTP) <Alisa.K.Streete@usdoj.gov>
**Subject:** RE: Bay Circle Properties, LLC case no.15-58440-wlh ; DCT Systems Group, ,LLC case no 15-58441

Thanks Ron – let's discuss on Monday

Have a good weekend

2

Tom D

**From:** Ron Glass <rglass@glassratner.com>
**Sent:** Friday, December 13, 2019 3:42 PM
**To:** Dworschak, Tom W. (USTP) <Thomas.W.Dworschak@UST.DOJ.GOV>
**Cc:** Treace, Jeneane (USTP) <Jeneane.Treace@UST.DOJ.GOV>; Lisa Wolgast <lwolgast@mmmlaw.com>
**Subject:** Bay Circle Properties, LLC case no.15-58440-wlh ; DCT Systems Group, ,LLC case no 15-58441

Tom,
I have just complete a review of the November 30, 2019 monthly operating reports and wanted to call the following to your attention:
The current funds available in the Bay Circle case are $307.15. This will be inadequate to pay the upcoming quarterly UST fees and bank charges. The debtor has $42,375.96 in unpaid post-petition professional fees.

DCT Systems Group, LLC has current funds available of $931.88. The debtor has $41,900.31 in unpaid post-petition professional fees.

Bay Circle is the lead case the other three debtors have the following cash balance as of November 30th:
    Nilhan Developers, LLC $8,244,105.79
NRCT, LLC $1,958,141.88
    Sugarloaf Centre, LLC $1,663,728.67

Please let me know, if I need to take any action at this point.
Ron .



**Ronald L. Glass**
Principal

Direct: 470.346.6840
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

**GLASSRATNER**
a B. Riley Financial company
----
3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

BRG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**CC Schnapp**

| | |
|---|---|
| **From:** | Ron Glass <rglass@glassratner.com> |
| **Sent:** | Friday, June 28, 2019 5:53 PM |
| **To:** | Jones, Walter; Good, Carson |
| **Cc:** | Frank W. DeBorde (fwd@mmmlaw.com); Lisa Wolgast; Joel Murovitz |
| **Subject:** | FW: Emerson Center - 8.7 ac. Near SunTrust Park / The Battery |

[External Email] Please use caution.

Walt,

Below please see the original marketing piece. Once there was an expression of interest the prospect signed a confidentially agreement. If they requested additional information, e.g. leases CBRE would accommodate.

Ron



**GLASSRATNER**
a B. Riley Financial company

3445 Peachtree
Road
Suite 1225
Atlanta, GA 30326

**Ronald L. Glass**
Principal

**Direct:** 404.835.8830
**Mobile:** 404.822.0264
**Email:** rglass@glassratner.com
**VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com**

BTG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Scott McGregor
**Sent:** Tuesday, June 11, 2019 10:07 AM
**To:** Ron Glass
**Subject:** Emerson Center - 8.7 ac. Near SunTrust Park / The Battery




Click here to view with images.
To ensure delivery to your inbox, please add scott.mcgregor@cbre.com to your address book.



1

**CC Schnapp**

| | |
|---|---|
| **From:** | Ron Glass <rglass@glassratner.com> |
| **Sent:** | Thursday, October 24, 2019 2:59 PM |
| **To:** | Jones, Walter; carsongood@goodcapital.com |
| **Subject:** | FW: Sugarloaf properties |
| **Attachments:** | leases-surgarloaf-5-6-19.xlsx; Declaration DB 48978 PG 465.pdf; ALTA 092617-pg1.pdf; ALTA 092617-pg2.pdf; ALTA 102417 parcel 9.pdf |

[External Email] Please use caution.



**Ronald L. Glass**
Principal

**GLASSRATNER**
a B. Riley Financial company

Direct: 470.346.6840
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

Ⓑ BTIG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Joel Murovitz
**Sent:** Monday, May 06, 2019 5:09 PM
**To:** Ron Glass ; Carson Good
**Cc:** wjones@balch.com
**Subject:** RE: Sugarloaf properties

Hi Carson,

I have attached a rent roll, surveys of all 3 parcels and the table below summarizes the property taxes. Landscaping runs $600/mo, water ~ $1,600/mo, trash ~ $2,500/mo, lighting is ~$2,700, quarterly alarm monitoring ~$90/quarter and phone lines for panels ~$220/mo. Insurance for 2019 totaled just under $19,600 and this year's Association dues are as follows: multi-tenant retail = $4,359.08/quarter plus ~$1,000 electrical reimbursement (only billed 1x so far in 2019), bank parcel = $2995.35/quarter, undeveloped/vacant parcel = $2,246.04/quarter. I am awaiting a response from the association as to why electrical wasn't billed on the 2nd Q invoices since nearly the same amount was billed/paid in December as January with no amount billed on the April 2nd Q statements.

Regarding leasing, Cowboy Chicken had a fully executed lease, but due to delays with landlord work, tenant never took possession and apparently moved on. However, recently, we heard from their tenant rep who has expressed their interest in negotiating a new lease and taking over the 2,800 sf vacant space in building B that Fresh 2 Order recently vacated.

I will send the four current lease files in a separate email.

Please let me know what additional you may need.

1





## Property overview

Thank you for your interest in one of the last prime developable sites for office, hotel, and multifamily in the Cumberland/Galleria Submarket. The site has excellent visibility from I-285, and immediate access to I-75, I-285 and US-41 (Cobb Parkway/Northside Parkway).

The property's proximity Cumberland CID location has tremendous upside momentum. The district is already home to Fortune 500 headquarters The Home Depot, HD Supply, Coca-Cola Enterprises and Genuine Parts. The location provides walkability to Cobb/Galleria Convention Center, Cobb Energy Performing Arts Center, Cumberland Mall and numerous retail, hotel and dining options.

## CONTACT US



**SCOTT MCGREGOR**

+1 404 812 5048
scott.mcgregor@cbre.com
www.cbre.us
Lic. 118133

**JOHN HAYNES**

+1 404 504 0038
john.haynes@cbre.com
www.cbre.us
Lic. 283033

2

**CBRE**

+1 404 504 7900
www.cbre.us

---

**VIEW listings**

**DOWNLOAD Offering Memorandum**

To unsubscribe visit: https://cbreemail.com/ro/ff00f886688005462e01d92c14897092f71c707

You may also unsubscribe by calling toll-free +1 877 CBRE 330 (+1 877 227 3330).

Please consider the environment before printing this email.

CBRE respects your privacy. A copy of our Privacy Policy is available online. If you have questions or concerns about our compliance with this policy, please email PrivacyAdministrator@cbre.com or write to Attn: Marketing Department, Privacy Administrator, CBRE, 200 Park Ave. 19-22 Floors, New York, NY 10166.

Address: 3280 Peachtree Road Suite 1400, Atlanta Georgia 30305

**THIS IS A MARKETING COMMUNICATION**

3

© 2019 CBRE, Inc. All rights reserved. This information has been obtained from sources believed reliable, but has not been verified for accuracy or completeness. You should conduct a careful, independent investigation of the property and verify all information. Any reliance on this information is solely at your own risk.

CBRE and the CBRE logo are service marks of CBRE, Inc. All other marks displayed on this document are the property of their respective owners, and the use of such logos does not imply any affiliation with or endorsement of CBRE.

Photos herein are the property of their respective owners. Use of these images without the express written consent of the owner is prohibited.

4

| Ownership Entity | Parcel | Type | Acres | Improved Area | Address |
|---|---|---|---|---|---|
| SUGARLOAF CENTRE LLC | R7122 224 | unimproved land | 2.68 | | 1930 Sate |
| SUGARLOAF CENTRE LLC | R7115 062 | bank | 1.19 | 5,858 | 1970 Sate |
| SUGARLOAF CENTRE LLC | R7122 226 | strip shopping center | 4 | 20,320 | 1950 Sate |



**Joel Murovitz, LEED AP**
Managing Director – Real Estate & Construction Services
Court Appointed Receiver

Direct: 404.835.8838
Mobile: 404.808.3252
Email: jmurovitz@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

GLASSRATNER
a B. Riley Financial company

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

BTIG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Ron Glass <rglass@glassratner.com>
**Sent:** Monday, May 6, 2019 4:09 PM
**To:** Carson Good <m.carsongood@gmail.com>
**Cc:** wjones@balch.com; Joel Murovitz <jmurovitz@glassratner.com>
**Subject:** RE: Sugarloaf properties

Carson,
The monthly income is approximately $45,000/month. In addition, to monthly expenses the property pays quarterly association fees, taxes and insurance.

Joel, please have someone send Carson some detail.
Ron



**Ronald L. Glass**
Principal

Direct: 404.835.8830
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

GLASSRATNER
a B. Riley Financial company

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

BTIG Global Advisory

TICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this sage in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

m: Carson Good <m.carsongood@gmail.com>
it: Monday, May 06, 2019 2:22 PM
Ron Glass <rglass@glassratner.com>

2

Cc: wjones@balch.com; Joel Murovitz <jmurovitz@glassratner.com>
Subject: RE: Sugarloaf properties

Ron, what is the income/expense? Without paying debt service, there should be monthly cash flow.

From: Ron Glass <rglass@glassratner.com>
Sent: Monday, May 06, 2019 11:57 AM
To: Carson Good <m.carsongood@gmail.com>
Cc: wjones@balch.com; Joel Murovitz <jmurovitz@glassratner.com>
Subject: RE: Sugarloaf properties

Carson,
Joel Murovitz will be sending you the financial information. As you may know, there are only 4 tenants paying rent. The remainder is vacant.
Ron



**Ronald L. Glass**
Principal

Direct: 404.895.8830
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

BRG Global Advisory

**GLASSRATNER**
a B. Riley Financial company

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

From: Carson Good <m.carsongood@gmail.com>
Sent: Saturday, May 04, 2019 11:03 AM
To: Ron Glass <rglass@glassratner.com>
Cc: wjones@balch.com
Subject: Sugarloaf properties

Good morning, Ron. Could you send me information on the various Sugarloaf properties you are managing on behalf of the trust? I have a group who is very interested in purchasing.

- The 2.68 vacant parcel. How are you marketing it? Is it on a website, do you have a flyer or marketing brochure? Do you have an appraisal that would show how much is usable, entitlements, topography, etc?
- The income producing property. Same questions. I'd like the website you are advertising it for lease (and for sale if you are), what are you asking for lease for each of the vacant bays? Can you send me
  - Leases and amendments
  - Any reported tenant sales (particularly marlow's tavern)
  - List of any past due tenants
  - Market studies and appraisals you conducted or ordered, demonstrating tenant demand for vacant spaces, which potential tenants to target, what the competitive shopping centers are being leased for in today's market (comparable actual leases signed in the market, as well as

asking rents in the market), any comparison to how our center competes—good and bad—with the other centers, etc
o  Insurance
o  Real estate taxes
o  Any additional expenses
o  Marketing brochures, websites, etc
o  What are you asking for lease on each of the vacant spaces
o  Any letters of intent or leases in progress
o  Any tenants asking for concessions?

I'd like to proceed on this as quickly as possible. Thanks so much for your help—Carson

M. Carson Good

4

| Sugarloaf Centre Tenant | Building | Area | Gross Rent | Recent Payment Amts. | Base Rent | CAM |
|---|---|---|---|---|---|---|
| Vacant | C | 4,025 | - dark shell; mostly without complete slab; RTU's in place, no interio | | | |
| Vacant | B | 3,200 | | | | |
| | | | - dark shell; mostly without complete slab; RTU's in place, no interio | | | |
| Vacant | B | 2,650 | fully executed Cowboy Chicken lease; tenant rep expressed interest | | | |
| vacant | B | 2,800 | - built-out space with kitchen equipment remaining; recently vacate | | | |
| Kali's Hari Studio | A | 2,700 | none | $ 4,077.22 | $ 2,909.25 | $ 1,091.25 |
| Firehouse Subs | A | 1,751 | none | $ 4,977.22 | $ 4,268.07 | $ 328.31 |
| Corner Bar Parnters | A | 3,500 | none | $ 12,895.44 | $ 10,587.50 | $ 350.00 |
| Bank of Atlanta | Bank | 5,800 | none | $ 26,629.14 | $ 19,217.33 | $ 2,054.17 |
| **Sugarloaf Centre Totals** | | **26,426** | | $ 48,579.02 | $ 36,982.15 | $ 3,823.73 |

| Taxes | Insurance | commencement | termination | options | .deposit |
|---|---|---|---|---|---|
| or duct work; electrical service unknown | | | | | |
| or duct work; electrical service unknown; previously leased to Fuzzy Taco who terminated due to delivery delay | | | | | |
| in pursuing; need to confirm if landlord work complete and TI reimbursement; slab complete | | | | | |
| ed by Fresh 2 Order | | | | | |
| $ 618.75 | $ 90.00 | 3/18/17 (est. need commencement exhibit) | 3/17/22 | none | $ 4,001 |
| $ 291.83 | inc. in CAM | 10/1/09 (est. need commencement exhibit) | 09/30/2019 | 1 of two 5-year options presumably exercised | $ – |
| $ 802.08 | $ 87.50 | 12/2/07 (est. need commencement exhibit) | 12/01/2022 | 1 of two 5-year options presumably exercised | $ 9,990 |
| tenant – no charge details | | 10/1/07 (est. need commencement exhibit) | 09/30/2022 | two 5-year | none |
| $ 1,712.67 | $ 177.50 | | | | $ 13,990 |

GSCCCA.org - Image Index                                Page 1 of 50

48978
00465

BK**48978**PG**0465**
FILED & RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA.

2008 JUL 18 AM 11: 18

TOM LAWLER, CLERK

Recorder's Cross Reference
Deed Book:    47544
Page:    157
Deed Book:    48424
Page:    351

306992

## AMENDED AND RESTATED DECLARATION OF CROSS EASEMENTS AND RESTRICTIONS

ANDERSEN, TATE & CARR, P.C.
1505 Lakes Parkway, Suite 100
P.O. Box 2000 (30046)
Lawrenceville, Georgia 30043

* This Declaration modifies and supercedes that certain Declaration of Cross Easements and Restrictions dated January 31, 2007, recorded on February 5, 2007 in Deed Book 47544, Page 157, *et seq.* of the property recorded on the Clerk of Superior Court of Gwinnett County, Georgia.

0074237







**CC Schnapp**

| | |
|---|---|
| **From:** | Ron Glass <rglass@glassratner.com> |
| **Sent:** | Thursday, September 19, 2019 5:06 PM |
| **To:** | Denise Dotson; Henry Sewell; Jones, Walter |
| **Cc:** | Frank DeBorde (fwd@mmmlaw.com); Lisa Wolgast |
| **Subject:** | Mediation October 24th & 25th |

**[External Email] Please use caution.**

It is my understanding that all of the parties have agreed to mediate on October 24th & 25th. If this mediation is successful, I believe it will save the debtors costs, expenses and time. It is essential that Chuck Thakkar, Niloy and/or Rohan Thakkar, and Carson Good attend.

I had planned to be in New York on these dates for two important events, however recognizing the importance of this mediation I am willing to cancel New York, if you and your clients are available. If any of you cannot attend, please let me know, so I can keep my obligations in New York.

I look forward to a successful outcome.

Ron



**Ronald L. Glass**
Principal

Direct: 470.346.6840
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

GlassRatner
a B. Riley Financial company
----
3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

B. Riley Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

1

**CC Schnapp**

| | |
|---|---|
| **From:** | Ron Glass <rglass@glassratner.com> |
| **Sent:** | Thursday, September 03, 2020 10:10 PM |
| **To:** | Jones, Walter |
| **Cc:** | Lisa Wolgast |
| **Subject:** | RE: 15-58443/Nilhan Developers, LLC |

**[External Email] Please use caution.**

I did not think the hearing was in person. Please let me know the status.
Ron



**Ronald L. Glass**
Principal

Direct: 470.346.6840
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com


B|G B'RG Global Advisory



3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

Soon, we will be changing our name in an effort to drive synergies across B. Riley's expansive platform to unlock incremental value for clients. GlassRatner will become:

**B | RILEY** *Advisory Services*

New name. Broader platform. Same exceptional team.

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Jones, Walter
**Sent:** Thursday, September 03, 2020 2:42 PM
**To:** 'Lisa Wolgast' ; 'Frank W. DeBorde' ; 'Denise Dotson' ; 'Nicole Williams'
**Cc:** 'hsewell@sewellfirm.com' ; Ron Glass ; CTownsend@ForThePeople.com
**Subject:** RE: 15-58443/Nilhan Developers, LLC

**[EXTERNAL]**
Good afternoon! I have conferred with Clay Townsend and he is available October 27 and would need to fly up from Florida.

1

Thanks!

Walt



Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

---

**From:** Jones, Walter <wjones@balch.com>
**Sent:** Wednesday, September 2, 2020 12:43 PM
**To:** 'Lisa Wolgast' <lwolgast@mmmlaw.com>; 'Frank W. DeBorde' <fwd@mmmlaw.com>; 'Denise Dotson' <ddotsonlaw@me.com>; 'Nicole Williams' <Nicole_Williams@ganb.uscourts.gov>
**Cc:** 'hsewell@sewellfirm.com' <hsewell@sewellfirm.com>; 'Glass, Ron' <rglass@glassratner.com>
**Subject:** RE: 15-58443/Nilhan Developers, LLC

Good afternoon, everyone. I am confirming with Clay Townsend and his partner their availability and will be back in touch.

Thanks,

Walt

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

---

**From:** Lisa Wolgast <lwolgast@mmmlaw.com>
**Sent:** Wednesday, September 2, 2020 12:41 PM
**To:** Frank W. DeBorde <fwd@mmmlaw.com>; Denise Dotson <ddotsonlaw@me.com>; Nicole Williams <Nicole_Williams@ganb.uscourts.gov>
**Cc:** hsewell@sewellfirm.com; Jones, Walter <wjones@balch.com>; Glass, Ron <rglass@glassratner.com>
**Subject:** RE: 15-58443/Nilhan Developers, LLC

[External Email] Please use caution.

I can do October 20 or 27.


                    Lisa Wolgast
                    Partner

                                        2



Direct: 404-504-7748
lwolgast@mmmlaw.com
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, GA 30326

mmmlaw.com

This e-mail message and its attachments are for the sole use of the designated recipient(s). They may contain confidential information, legally privileged information or other information subject to legal restrictions. If you are not a designated recipient of this message, please do not read, copy, use or disclose this message or its attachments, notify the sender by replying to this message and delete or destroy all copies of this message and attachments in all media. Thank you.

**From:** Frank W. DeBorde <fwd@mmmlaw.com>
**Sent:** Wednesday, September 02, 2020 12:34 PM
**To:** Denise Dotson <ddotsonlaw@me.com>; Nicole Williams <Nicole_Williams@ganb.uscourts.gov>
**Cc:** hsewell@sewellfirm.com; Jones, Walter <wjones@balch.com>; Lisa Wolgast <lwolgast@mmmlaw.com>; Glass, Ron <rglass@glassratner.com>
**Subject:** RE: 15-58443/Nilhan Developers, LLC

I can do either, but prefer the 20th. not sure about ron/ lisa. I cannot do the 28th to 30th if its spills over




**Frank W. DeBorde**
Partner

Direct: 404-504-7714
fwd@mmmlaw.com
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, GA 30326

mmmlaw.com

This e-mail message and its attachments are for the sole use of the designated recipient(s). They may contain confidential information, legally privileged information or other information subject to legal restrictions. If you are not a designated recipient of this message, please do not read, copy, use or disclose this message or its attachments, notify the sender by replying to this message and delete or destroy all copies of this message and attachments in all media. Thank you.

**From:** Denise Dotson <ddotsonlaw@me.com>
**Sent:** Wednesday, September 02, 2020 12:06 PM
**To:** Nicole Williams <Nicole_Williams@ganb.uscourts.gov>
**Cc:** hsewell@sewellfirm.com; Frank W. DeBorde <fwd@mmmlaw.com>; Jones, Walter <wjones@balch.com>
**Subject:** Re: 15-58443/Nilhan Developers, LLC

CAUTION: External Email

October 27th works for me. Thanks.

Sent from my IPad

On Sep 2, 2020, at 11:48 AM, Nicole Williams <Nicole_Williams@ganb.uscourts.gov> wrote:

| 09/01/2020 | 181 | Motion Requesting Scheduling of Hearing filed by M. Denise Dotson on behalf of Chittranjan K. Thakkar. (Dotson, M.) Modified on 9/1/2020 (jlc). |
|---|---|---|

Good morning everyone. In response to Ms. Dotson's Motion Request to Schedule a Hearing in the above referenced case, Judge Hagenau has selected October 20th or October 27th. Please let the court know which date is agreeable for all parties.

Sincerely,

**Nicole Williams**
**Relief Courtroom Deputy**
**USBC, Atlanta Division**
**(404)215-1098**
nicole_williams@ganb.uscourts.gov
www.ganb.uscourts.gov

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

4

**CC Schnapp**

| | |
|---|---|
| **From:** | Ron Glass <rglass@glassratner.com> |
| **Sent:** | Monday, April 29, 2019 9:09 PM |
| **To:** | CTownsend@ForThePeople.com; Jennie Santos; Jones, Walter; Joel Murovitz |
| **Subject:** | RE: 1244937 (GG - ORL) Good Gateway v. Thakkar et al: Bay Circle/Thakkar et al. |

**[External Email] Please use caution.**

I will ask the US trustee's office regarding using a charge card.
Ron



**GLASSRATNER**
a 'B. Riley Financial company
----
3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

**Ronald L. Glass**
Principal

Direct: 404.835.8830
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

BRG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

From: CTownsend@ForThePeople.com
Sent: Monday, April 29, 2019 1:41 PM
To: Jennie Santos ; Ron Glass ; Jones, Walter ; Joel Murovitz
Subject: RE: 1244937 (GG - ORL) Good Gateway v. Thakkar et al: Bay Circle/Thakkar et al.


We will call accounting and get a status. Amex card?? Thanks for your patience?


**Clay Townsend**
Attorney
My Bio
. . ' .

P: (407) 418-2075
F: (407) 245-3346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801

| ☒ |
|---|

| ☒ | | | ☒ | | | ☒ | | | ☒ | |
|---|---|---|---|---|---|---|---|---|---|---|

From: Jennie Santos x5031
Sent: Monday, April 29, 2019 1:39 PM

1

**To:** Clay Townsend x5033; Ron Glass; Jones, Walter; Joel Murovitz
**Subject:** RE: 1244937 (GG - ORL) Good Gateway v. Thakkar et al; Bay Circle/Thakkar et al.

I requested the check and I'm waiting for my accounting department to cut the check.

**Jennie Santos**
Legal Assistant

**P:** (407) 418-2073
**F:** (407) 245-3337
**A:** 20 N Orange Ave, Suite 1600, Orlando, FL 32801



---

**From:** Clay Townsend x5033
**Sent:** Monday, April 29, 2019 1:38 PM
**To:** Ron Glass; Jones, Walter; Joel Murovitz
**Cc:** Jennie Santos x5031
**Subject:** RE: Bay Circle/Thakkar et al.

I will check with Jennie now. My understanding was that a check went out. I am happy to put in on an Amex card immediately as well.
Thanks.

**Clay Townsend**
Attorney
My Bio

**P:** (407) 418-2075
**F:** (407) 245-3346
**A:** 20 N Orange Ave, Suite 1600, Orlando, FL 32801





---

**From:** Ron Glass [mailto:rglass@glassratner.com]
**Sent:** Monday, April 29, 2019 1:08 PM
**To:** Jones, Walter; Clay Townsend x5033; Joel Murovitz
**Cc:** Jennie Santos x5031
**Subject:** *EXT* Re: Bay Circle/Thakkar et al.

Walt,

2

I have not heard from your client.
Ron.

Sent via the Samsung Galaxy S® 6, an AT&T 4G LTE smartphone

-------- Original message --------
From: "Jones, Walter" <wjones@balch.com>
Date: 4/29/19 10:45 AM (GMT-05:00)
To: "'CTownsend@ForThePeople.com'" <CTownsend@ForThePeople.com>, Joel Murovitz <lmurovitz@glassratner.com>
Cc: 'Jennie Santos' <JSantos@forthepeople.com>, Ron Glass <rglass@glassratner.com>
Subject: RE: Bay Circle/Thakkar et al.

Clay and Joel:

Good morning! I wanted to make certain that arrangements were made last week for the payment of the U.S. Trustee's
fees. Please let me know as soon as possible today.

Thanks!

Walt

**BALCH**
**& BINGHAM LLP**
Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

---

From: CTownsend@ForThePeople.com [mailto:CTownsend@ForThePeople.com]
Sent: Thursday, April 18, 2019 4:14 PM
To: Joel Murovitz; Jones, Walter
Cc: Jennie Santos
Subject: RE: Bay Circle/Thakkar et al.

[External Email] Please use caution.

Jennie will get it out. If urgent, I can send a personal check or use credit card.
Thanks

**Clay Townsend**
Attorney
My Bio

P: (407) 418-2075
F: (407) 245-3346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801

3





**From:** Joel Murovitz [mailto:lmurovitz@glassratner.com]
**Sent:** Thursday, April 18, 2019 3:04 PM
**To:** Jones, Walter
**Cc:** Clay Townsend x5033
**Subject:** *EXT* RE: Bay Circle/Thakkar et al.

Hi Walt – great seeing you as well!

Clay – we can accept a check issued to Bay Circle Properties LLC and sent to:

GlassRatner
Re: Bay Circle
3445 Peachtree Rd, Ste 1225
Atlanta, GA 30326

Thanks,

**Joel Murovitz, LEED AP**
Managing Director – Real Estate & Construction Services
Court Appointed Receiver

Direct: 404.835.8838
Mobile: 404.808.3252
Email: lmurovitz@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

BTIG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank

**From:** Jones, Walter <wjones@balch.com>
**Sent:** Thursday, April 18, 2019 11:13 AM
**To:** Joel Murovitz <lmurovitz@glassratner.com>
**Cc:** 'CTownsend@ForThePeople.com' <CTownsend@ForThePeople.com>
**Subject:** Bay Circle/Thakkar et al.

Joel:

It has been great seeing you recently after so long. I spoke with Ron yesterday concerning the U.S. Trustee's fees that need to be paid for the Bay Circle case. Ron said he would need $1,000 to cover that expense. I have copied lease counsel on this matter, Clay Townsend. Will you please let Clay know how payment should be made.

Thanks!

Walt



4

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

**CC Schnapp**

| | |
|---|---|
| **From:** | Ron Glass <rglass@glassratner.com> |
| **Sent:** | Tuesday, April 30, 2019 6:00 PM |
| **To:** | CTownsend@ForThePeople.com; Jennie Santos; Jones, Walter; Joel Murovitz |
| **Subject:** | RE: 1244937 (GG - ORL) Good Gateway v. Thakkar et al: Bay Circle/Thakkar et al. |
| **Attachments:** | 20190430172524.pdf |

[External Email] Please use caution.

Clay,
Attached please find the bill from the UST.
Ron



Ronald L. Glass
Principal

Direct: 404.835.8830
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

GLASSRATNER
a B. Riley Financial company

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

BRG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential Information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** CTownsend@ForThePeople.com
**Sent:** Tuesday, April 30, 2019 9:46 AM
**To:** Jennie Santos ; Ron Glass ; Jones, Walter ; Joel Murovitz
**Subject:** RE: 1244937 (GG - ORL) Good Gateway v. Thakkar et al: Bay Circle/Thakkar et al.

Ron,
Can you send brief explanation of the purpose of the check? I did not see an invoice. Thanks.

**Clay Townsend**
Attorney
My Bio

P: (407) 418-2075
F: (407) 245-3346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801

1

**From:** Jennie Santos x5031
**Sent:** Tuesday, April 30, 2019 9:42 AM
**To:** Clay Townsend x5033; Ron Glass; Jones, Walter; Joel Murovitz
**Subject:** RE: 1244937 (GG - ORL) Good Gateway v. Thakkar et al: Bay Circle/Thakkar et al.

Good morning,

Please find the attached which I'll be sending today

**Jennie Santos**
Legal Assistant

P: (407) 418-2073
F: (407) 245-3337
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801





**From:** Clay Townsend x5033
**Sent:** Tuesday, April 30, 2019 9:19 AM
**To:** Ron Glass; Jennie Santos x5031; Jones, Walter; Joel Murovitz
**Subject:** RE: 1244937 (GG - ORL) Good Gateway v. Thakkar et al: Bay Circle/Thakkar et al.

I can confirm check is cut and on the way. Will send an image asap. Thanks.

**Clay Townsend**
Attorney
My Bio

P: (407) 418-2075
F: (407) 245-3346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801





**From:** Ron Glass [mailto:rglass@glassratner.com]
**Sent:** Monday, April 29, 2019 9:09 PM
**To:** Clay Townsend x5033; Jennie Santos x5031; Jones, Walter; Joel Murovitz
**Subject:** *EXT* RE: 1244937 (GG - ORL) Good Gateway v. Thakkar et al: Bay Circle/Thakkar et al.

I will ask the US trustee's office regarding using a charge card.

2

Ron



**Ronald L. Glass**
Principal

Direct: 404.835.8830
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

GLASSRATNER
*a B. Riley Financial company*

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

 BRG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** CTownsend@ForThePeople.com <CTownsend@ForThePeople.com>
**Sent:** Monday, April 29, 2019 1:41 PM
**To:** Jennie Santos <JSantos@forthepeople.com>; Ron Glass <rglass@glassratner.com>; Jones, Walter <wjones@balch.com>; Joel Murovitz <jmurovitz@glassratner.com>
**Subject:** RE: 1244937 (GG - ORL) Good Gateway v. Thakkar et al: Bay Circle/Thakkar et al.

We will call accounting and get a status. Amex card?? Thanks for your patience?

**Clay Townsend**
Attorney
My Bio

P: (407) 418-2075
F: (407) 245-3346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801



**From:** Jennie Santos x5031
**Sent:** Monday, April 29, 2019 1:39 PM
**To:** Clay Townsend x5033; Ron Glass; Jones, Walter; Joel Murovitz
**Subject:** RE: 1244937 (GG - ORL) Good Gateway v. Thakkar et al: Bay Circle/Thakkar et al.

I requested the check and I'm waiting for my accounting department to cut the check.

**Jennie Santos**
Legal Assistant

3

P: (407) 418-2073
F: (407) 245-3337
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801



**From:** Clay Townsend x5033
**Sent:** Monday, April 29, 2019 1:38 PM
**To:** Ron Glass; Jones, Walter; Joel Murovitz
**Cc:** Jennie Santos x5031
**Subject:** RE: Bay Circle/Thakkar et al.

I will check with Jennie now. My understanding was that a check went out. I am happy to put in on an Amex card
immediately as well.
Thanks.

**Clay Townsend**
Attorney
My Bio

P: (407) 418-2075
F: (407) 245-3346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801



**From:** Ron Glass [mailto:rglass@glassratner.com]
**Sent:** Monday, April 29, 2019 1:08 PM
**To:** Jones, Walter; Clay Townsend x5033; Joel Murovitz
**Cc:** Jennie Santos x5031
**Subject:** *EXT* Re: Bay Circle/Thakkar et al.

Walt,
I have not heard from your client.
Ron

Sent via the Samsung Galaxy S® 6, an AT&T 4G LTE smartphone

-------- Original message --------
**From:** "Jones, Walter" <wjones@balch.com>
**Date:** 4/29/19 10:45 AM (GMT-05:00)
**To:** "'CTownsend@ForThePeople.com'" <CTownsend@ForThePeople.com>, Joel Murovitz <jmurovitz@glassratner.com>

4

Cc: 'Jennie Santos' <JSantos@forthepeople.com>, Ron Glass <rglass@glassratner.com>
Subject: RE: Bay Circle/Thakkar et al.

Clay and Joel:

Good morning! I wanted to make certain that arrangements were made last week for the payment of the U.S. Trustee's fees. Please let me know as soon as possible today.

Thanks!

Walt
**BALCH**
& BINGHAM LLP
Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

---

From: CTownsend@ForThePeople.com [mailto:CTownsend@ForThePeople.com]
Sent: Thursday, April 18, 2019 4:14 PM
To: Joel Murovitz; Jones, Walter
Cc: Jennie Santos
Subject: RE: Bay Circle/Thakkar et al.

**[External Email] Please use caution.**

Jennie will get it out. If urgent, i can send a personal check or use credit card.
Thanks

**Clay Townsend**
Attorney
My Bio

P: (407) 418-2075
F: (407) 245-3346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801





---

From: Joel Murovitz [mailto:lmurovitz@glassratner.com]
Sent: Thursday, April 18, 2019 3:04 PM
To: Jones, Walter
Cc: Clay Townsend x5033
Subject: *EXT* RE: Bay Circle/Thakkar et al.

Hi Walt – great seeing you as well!

5

Clay – we can accept a check issued to Bay Circle Properties LLC and sent to:

GlassRatner
Re: Bay Circle
3445 Peachtree Rd, Ste 1225
Atlanta, GA 30326

Thanks,



Joel Murovitz, LEED AP
Managing Director – Real Estate & Construction Services
Court Appointed Receiver

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

Direct: 404.835.8838
Mobile: 404.808.9252
Email: jmurovitz@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

BTG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank

**From:** Jones, Walter <wjones@balch.com>
**Sent:** Thursday, April 18, 2019 11:13 AM
**To:** Joel Murovitz <jmurovitz@glassratner.com>
**Cc:** 'CTownsend@ForThePeople.com' <CTownsend@ForThePeople.com>
**Subject:** Bay Circle/Thakkar et al.

Joel:

It has been great seeing you recently after so long. I spoke with Ron yesterday concerning the U.S. Trustee's fees that need to be paid for the Bay Circle case Ron said he would need $1,000 to cover that expense. I have copied lease counsel on this matter, Clay Townsend. Will you please let Clay know how payment should be made.

Thanks!

Walt

**BALCH**
& BINGHAM LLP
Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

6

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Office of the U. S. Trustee
75 Spring Street SW
Room 362
Atlanta, GA 30303-3309

404-331-4775

**********AUTO**MIXED AADC 170
BAY CIRCLE PROPERTIES, LLC
6050 PEACHTREE INDUSTRIAL BOUL
SUITE 801
NORCROSS, GA 30071-1311



Page 1 of 1          Rev. 4/18

Account No.: 321-15-58440
Process Date: 04-03-19

APR 1 7 2019

UNITED STATES
DEPARTMENT OF JUSTICE
U.S. TRUSTEE PROGRAM

See Instructions
On Reverse Side

### Chapter 11 Quarterly Fees Statement

| | | |
|---|---|---|
| 03-07-19 | Balance Forward | 650.00 |
| 04-03-19 | Quarter 1, 2019 Fee Due {Disbursements = $192.} (6) | 325.00 |
| | **Estimated Balance Due Based On Disbursement Record** | 975.00 |

Fee estimated based on available disbursements data.

- - - - fold and tear - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - fold and tear - - - - - - -

**DISBURSEMENTS STUB:** Enter information, sign, detach, and return this stub in the window envelope.

**ADDRESS STUB:** Print address correction on reverse side. Place an "X" in the box if a correction is entered.  ☐

Failure to file monthly operating reports may result in a motion filed by the U.S. Trustee office to compel compliance, or convert or dismiss the case. In the section below, please enter the disbursements for the indicated months/years for which data is missing in the U.S.Trustee file. For post-confirmation cases, consult your local U.S. Trustee office regarding whether monthly or quarterly reports are required; if quarterly, enter data just in the quarter's ending month and write a "Q" after it. Using this payment stub. This is not a substitute for filing the required report.

### BAY CIRCLE PROPERTIES, LLC   Account Number: 321-15-58440

| | | |
|---|---|---|
| Apr 2018 _____ | Jul 2018 _____ | Oct 2018 _____ |
| May 2018 _____ | Aug 2018 _____ | Nov 2018 _____ |
| Jun 2018 _____ | Sep 2018 _____ | Jan 2019 _____ |

I certify under penalty of perjury that to the best of my knowledge the above disbursement information is true and correct.

_____     _____
Signature                                               Date

- - - fold and tear - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - fold and tear - - - - - - - - - -

**QUARTERLY FEE PAYMENT STUB:** Enter amount enclosed, detach, and return this stub with your payment to: U.S. Trustee Payment Center.

Account Number,
**3211558440**

Amount Enclosed
$_____ ¢____

Make check payable to U.S. Trustee.
Write your Account Number on your check.
Anything other than your check and payment form sent to the below address will be destroyed (such material should be sent to your local U.S. Trustee office).

BAY CIRCLE PROPERTIES, LLC
6050 PEACHTREE INDUSTRIAL BOUL
SUITE 801
NORCROSS, GA 30071-1311

U.S. Trustee Payment Center
P.O. Box 530202
Atlanta, GA 30353-0202          0006908

**CC Schnapp**

| | |
|---|---|
| **From:** | Ron Glass <rglass@glassratner.com> |
| **Sent:** | Monday, April 29, 2019 1:08 PM |
| **To:** | Jones, Walter; 'CTownsend@ForThePeople.com'; Joel Murovitz |
| **Cc:** | 'Jennie Santos' |
| **Subject:** | Re: Bay Circle/Thakkar et al. |

[External Email] Please use caution.

Walt,
I have not heard from your client.
Ron-

Sent via the Samsung Galaxy S® 6, an AT&T 4G LTE smartphone

-------- Original message --------
From: "Jones, Walter"
Date: 4/29/19 10:45 AM (GMT-05:00)
To: "'CTownsend@ForThePeople.com'" , Joel Murovitz
Cc: 'Jennie Santos' , Ron Glass
Subject: RE: Bay Circle/Thakkar et al.

Clay and Joel:
Good morning! I wanted to make certain that arrangements were made last week for the payment of the U.S. Trustee's fees. Please let me know as soon as possible today.
Thanks!

Walt

**BALCH**
& BINGHAM LLP
Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

From: CTownsend@ForThePeople.com [mailto:CTownsend@ForThePeople.com]
Sent: Thursday, April 18, 2019 4:14 PM
To: Joel Murovitz; Jones, Walter
Cc: Jennie Santos
Subject: RE: Bay Circle/Thakkar et al.
[External Email] Please use caution.

Jennie will get it out. If urgent, I can send a personal check or use credit card.
Thanks

Clay Townsend
Attorney

1

My Bio

P: (407) 418-2075
F: (407) 245-3346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801

---

**From:** Joel Murovitz [mailto:jmurovitz@glassratner.com]
**Sent:** Thursday, April 18, 2019 3:04 PM
**To:** Jones, Walter
**Cc:** Clay Townsend x5033
**Subject:** *EXT* RE: Bay Circle/Thakkar et al.

Hi Walt – great seeing you as well!

Clay – we can accept a check issued to Bay Circle Properties LLC and sent to:

GlassRatner
Re: Bay Circle
3445 Peachtree Rd, Ste 1225
Atlanta, GA 30326

Thanks,

**Joel Murovitz, LEED AP**
Managing Director – Real Estate & Construction Services
Court Appointed Receiver
Direct: 404.835.8838
Mobile: 404.808.3252
Email: jmurovitz@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com
B Riley Global Advisory

GLASSRATNER
a B. Riley Financial company
----
3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank

**From:** Jones, Walter <wjones@balch.com>
**Sent:** Thursday, April 18, 2019 11:13 AM
**To:** Joel Murovitz <jmurovitz@glassratner.com>
**Cc:** 'CTownsend@ForThePeople.com' <CTownsend@ForThePeople.com>
**Subject:** Bay Circle/Thakkar et al.

Joel:

It has been great seeing you recently after so long. I spoke with Ron yesterday concerning the U.S. Trustee's fees that need to be paid for the Bay Circle case Ron said he would need $1,000 to cover that expense. I have copied lease counsel on this matter, Clay Townsend. Will you please let Clay know how payment should be made.

Thanks!

Walt

BALCH
& BINGHAM LLP
Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036

2

t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore
protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us
immediately by replying to the sender and double deleting this copy and the reply from your system.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to
which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure
or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy
all copies of the original message. Thank you.

## CC Schnapp

| | |
|---|---|
| **From:** | Ron Glass <rglass@glassratner.com> |
| **Sent:** | Monday, December 09, 2019 10:06 AM |
| **To:** | Frank W. DeBorde; CTownsend@ForThePeople.com; Lara R. Fernandez; Lisa Wolgast |
| **Cc:** | Jones, Walter |
| **Subject:** | Re: Nilhan Financial, LLC - purchase offer |

**[External Email] Please use caution.**

The same with me. Please forward the letter of Intent.
Thanks,
Ron

**Ronald L. Glass**
Principal, GlassRatner
Direct: 470.346.6840
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com
NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential Information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender Immediately, and delete this message and all copies and backups thereof. Thank you.

---

**From:** Frank W. DeBorde
**Sent:** Monday, December 9, 2019 9:48 AM
**To:** CTownsend@ForThePeople.com ; Lara R. Fernandez ; Lisa Wolgast
**Cc:** 'Jones, Walter' (wjones@balch.com)
**Subject:** RE: Nilhan Financial, LLC - purchase offer
Fyi there is no LOI that I have seen on sugarloaf.



**Frank W. DeBorde**
Partner

Direct: 404-504-7714
fwd@mmmlaw.com
1600 Atlanta Financial Center
3343 Peachtree Road, NE
mmmlaw.com  Atlanta, GA 30326

This e-mail message and its attachments are for the sole use of the designated recipient(s). They may contain confidential Information, legally privileged Information or other Information subject to legal restrictions. If you are not a designated recipient of this message, please do not read, copy, use or disclose this message or its attachments, notify the sender by replying to this message and delete or destroy all copies of this message and attachments in all media. Thank you.

---

**From:** CTownsend@ForThePeople.com
**Sent:** Monday, December 09, 2019 9:30 AM
**To:** JR Patel ; Lara R. Fernandez ; dmenchise@verizon.net; DProsser@ForThePeople.com;
BWebster@ForThePeople.com; Jennie Santos ; Frank W. DeBorde ; Lisa Wolgast

i

**Cc:** A Todd Almassian ; Michael Almassian ; Raj Patel ; Sonial Patel ; 'Jones, Walter' (wjones@balch.com)
**Subject:** RE: Nilhan Financial, LLC - purchase offer

CAUTION: External Email.

Good morning Jay,

I have forwarded your LOI's to the trustees and we have been in touch. As for closing a transaction before year end, I wanted to make you and your counsel aware that both trustees' counsel may provide you with what steps would be necessary to complete a transaction( i.e. court approvals). Please note that there is a hearing set in Atlanta for January 16, 2020 related to employing a broker for Sugarloaf, and Mr. Thakkar's renewed attempt to have Sugarloaf dismissed( he has made several similar motions in the past which have been denied).

I would encourage you to contact both trustees' counsel as soon as is convenient and we look forward to working with you.

Thank you,

Clay

**Clay Townsend**
Attorney
My Bio

P: (407) 418-2075
F: (407) 245-3346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801

**From:** JR Patel [mailto:jay@jmsfamilylp.com]
**Sent:** Saturday, December 07, 2019 6:02 PM
**To:** Lara R. Fernandez; dmenchise@verizon.net; Damien Prosser x5291; Benjamin Webster x5228; Clay Townsend x5033; Jennie Santos x5031
**Cc:** A Todd Almassian; Michael Almassian; Raj Patel; Sonial Patel
**Subject:** *EXT* RE: Nilhan Financial, LLC - purchase offer

Hi Lara,

Any update? I have since engaged counsel with the Almassian Firm and ready to close this transaction before year-end all-cash. Also, attaching LOI's sent to Morgan + Morgan as largest creditor for Sugarloaf Centre, LLC and Nilhan Hospitality, LLC / Nilhan Financial, LLC. Hopefully, you may approve these purchases under your powers of sale for the various estates.

Please see attached.

Jay



Jay Patel
Principal
Phone: 678-468-4253
Email: Jay@JMSFamilyLP.com

*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and all obligors/all the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

**From:** Lara R. Fernandez <LFernandez@trenam.com>
**Sent:** Tuesday, November 26, 2019 12:14 PM

**To:** JR Patel <jay@jmsfamilylp.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilylp.com>; Raj Patel <raj@jmsfamilylp.com>
**Subject:** RE: Nilhan Financial, LLC- purchase offer

Jay, thanks for the inquiry. I will discuss this after the Thanksgiving holiday with the Trustee and other parties who are involved.

Lara



**LARA R. FERNANDEZ**
Board Certified - Business Bankruptcy Law
Dir: 813-227-7404 | Fax: 813-227-0404 | email | vcard | bio
101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-223-7474 | www.trenam.com

Confidentiality Notice: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** JR Patel <jay@jmsfamilylp.com>
**Sent:** Monday, November 25, 2019 10:57 AM
**To:** Lara R. Fernandez <LFernandez@trenam.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilylp.com>; Raj Patel <raj@jmsfamilylp.com>
**Subject:** RE: Nilhan Financial, LLC- purchase offer

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you know the content is safe.

Hi Lara,
Just following up on this. Are you available to discuss a sale of the Nilhan Financial – Nilhan Hospitality property? We would purchase the 3.57 acres of raw land for $625,000, and would also purchase the adjacent retail center Sugarloaf Centre, LLC for $2,500,000. Please advise next steps and process.

Thanks,
Jay



Jay Patel
Principal
Phone: 678-468-4253
Email: Jay@JMSFamilyLP.com
*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and all obligors/all the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

**From:** Lara R. Fernandez <LFernandez@trenam.com>
**Sent:** Tuesday, October 15, 2019 9:24 PM
**To:** JR Patel <jay@jmsfamilylp.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilylp.com>; Raj Patel <raj@jmsfamilylp.com>
**Subject:** RE: Nilhan Financial, LLC- purchase offer

Thank you. I will discuss with the Trustee, Doug Menchise. We believe that we have a valid lien on the property.
Lara



**LARA R. FERNANDEZ**
Board Certified - Business Bankruptcy Law
Dir: 813-227-7404 | Fax: 813-227-0404 | email | vcard | bio
101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-223-7474 | www.trenam.com

3

Confidentiality Notice: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** JR Patel [mailto:jay@jmsfamilylp.com]
**Sent:** Tuesday, October 15, 2019 10:30 AM
**To:** Lara R. Fernandez; dmenchise@verizon.net
**Cc:** Sonial Patel; Raj Patel
**Subject:** RE: Nilhan Financial, LLC - purchase offer

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you know the content is safe.

Hi Lara,
Attached are the exhibits to title. I look forward to discussing after your review.
Thanks,
Jay



Jay Patel
Principal
Phone: 678-468-4253
Email: Jay@JMSFamilyLP.com
*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and all obligors/all the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

**From:** JR Patel
**Sent:** Tuesday, October 15, 2019 10:08 AM
**To:** 'Lara R. Fernandez' <LFernandez@trenam.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilylp.com>; Raj Patel <raj@jmsfamilylp.com>
**Subject:** RE: Nilhan Financial, LLC - purchase offer

Please see attached. Let me know if you have time later this week to discuss.
Regards,
Jay



Jay Patel
Principal
Phone: 678-468-4253
Email: Jay@JMSFamilyLP.com
*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and all obligors/all the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

**From:** Lara R. Fernandez <LFernandez@trenam.com>
**Sent:** Thursday, October 10, 2019 9:38 PM
**To:** JR Patel <jay@jmsfamilylp.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilylp.com>
**Subject:** RE: Nilhan Financial, LLC - purchase offer

4

Thank you for the information. I would need to see all of the recorded documents in order to assess the priority of the various liens. In any event, I could speak to you mid-next week. I'll be out of town towards the end of the week. Could the person who gave you the report give you the back up and then could you send it to me?

Lara



**LARA R. FERNANDEZ**
Board Certified - Business Bankruptcy Law
Dir: 813-227-7404 | Fax: 813-227-0404 | email | vcard | bio
101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-223-7474 | www.trenam.com

Confidentiality Notice: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** JR Patel [mailto:jay@jmsfamilylp.com]
**Sent:** Thursday, October 10, 2019 4:16 PM
**To:** Lara R. Fernandez; dmenchise@verizon.net
**Cc:** Sonial Patel
**Subject:** RE: Nilhan Financial, LLC - purchase offer

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you know the content is safe.

Hi Lara,
I just received title on this property and it appears there is a large judgement recorded before the mortgage loan, essentially making the loan worthless. How may I submit a bid to acquire the fee-simple interest in the property? Please let me know if you have some time mid-late next week to discuss.

Thanks,
Jay



Jay Patel
Principal
Phone: 678-468-4253
Email: Jay@JMSFamilyLP.com

*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and all obligors/all the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

**From:** Lara R. Fernandez <LFernandez@trenam.com>
**Sent:** Friday, September 27, 2019 1:03 PM
**To:** JR Patel <jay@jmsfamilylp.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilylp.com>
**Subject:** RE: Nilhan Financial, LLC - purchase offer

Jay, thank you for the proposal. I will speak with the Trustee and will let you know. It may not be until the week after next as I am out of the office for the majority of next week.

Thank you,
Lara



**LARA R. FERNANDEZ**
Board Certified - Business Bankruptcy Law
Dir: 813-227-7404 | Fax: 813-227-0404 | email | vcard | bio

 101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-223-7474 | www.trenam.com

Confidentiality Notice: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** JR Patel <jay@jmsfamilylp.com>
**Sent:** Tuesday, September 24, 2019 3:04 PM
**To:** Lara R. Fernandez <LFernandez@trenam.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilylp.com>
**Subject:** RE: Nilhan Financial, LLC - purchase offer

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you know the content is safe.

Hi Lara,

Please see attached our $625,000 offer to purchase the first mortgage loan from the FL bankruptcy estate of Nilhan Financial, LLC.

Separately, I understand the loan's borrower Nilhan Hospitality, LLC is involved in a GA bankruptcy and our offer is reflective of this litigation and collateral value at $175,000/acre. Let me know if you have any questions and we may discuss further.

Regards,
Jay



Jay Patel
Principal
Phone: 678-468-4253
Email: Jay@JMSFamilyLP.com

*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and all obligors/all the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

**From:** Lara R. Fernandez <LFernandez@trenam.com>
**Sent:** Tuesday, September 24, 2019 11:48 AM
**To:** JR Patel <jay@jmsfamilylp.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilylp.com>
**Subject:** RE: Nilhan Financial, LLC - purchase offer

Thank you for your inquiry. We would entertain a purchase of the mortgage. Please go ahead and provide us with your offer so we can analyze it. All sales would be disclosed and go through a formal process with the bankruptcy court. Thank you. Look forward to your response.

Lara

**LARA R. FERNANDEZ**
Board Certified - Business Bankruptcy Law
Dir: 813-227-7404 | Fax: 813-227-0404 | email | vcard | bio

101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-223-7474 | www.trenam.com

Confidentiality Notice: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** JR Patel <jay@Jmsfamilyip.com>
**Sent:** Sunday, September 22, 2019 10:45 AM
**To:** dmenchise@verizon.net; Lara R. Fernandez <L.Fernandez@trenam.com>
**Cc:** Sonial Patel <sonial@Jmsfamilyip.com>
**Subject:** Nilhan Financial, LLC – purchase offer

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you know the content is safe.

Dear Mr. Menchise & Ms. Fernandez:

I represent JMS Family LP, an investment fund focused on distressed commercial real estate investments and development. I understand you both act as Attorney for Trustee in the Nilhan Financial, LLC bankruptcy.

I am very interested in acquiring certain assets of the estate, specifically the properties located in Duluth, GA. Attached is a recorded $5MM mortgage secured by the properties at (i) 1964 Sugarloaf Parkway, Duluth, GA, (ii) 1966 Sugarloaf Parkway, Duluth, GA, and (iii) 1968 Sugarloaf Parkway, Duluth, GA.

Would you entertain a purchase of the $5MM mortgage? If so, please advise on next steps and I will prepare an LOI for your consideration.

Regards,

Jay



Jay Patel
**Principal**
Phone: 678-468-4253
Email: Jay@JMSFamilyLP.com

*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and obligor(s)/all the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

**CC Schnapp**

| | |
|---|---|
| **From:** | Ron Glass <rglass@glassratner.com> |
| **Sent:** | Monday, December 09, 2019 10:44 PM |
| **To:** | CTownsend@ForThePeople.com; Frank W. DeBorde (fwd@mmmlaw.com); lwolgast@mmmlaw.com |
| **Cc:** | Jones, Walter; Lfernandez@trenam.com |
| **Subject:** | RE: Nilhan Financial, LLC - purchase offer |

[External Email] Please use caution.

Clay,

I received an offer a few weeks ago with a purchase price of $3,450,000 from an Atlanta based owner operator. They has completed due diligence.

If the Judge allows me to engage a broker, I plan on allowing this offer to be the "stalking horse" for the sale.

Ron



**Ronald L. Glass**
Principal

**GLASSRATNER**
a B. Riley Financial company
————
3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

Direct: 470.346.6840
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

BTG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** CTownsend@ForThePeople.com
**Sent:** Monday, December 09, 2019 11:37 AM
**To:** Frank W. DeBorde (fwd@mmmlaw.com) ; lwolgast@mmmlaw.com; Ron Glass
**Cc:** 'Jones, Walter' (wjones@balch.com) ; Lfernandez@trenam.com
**Subject:** FW: Nilhan Financial, LLC - purchase offer

**Clay Townsend**
Attorney
My Bio

**P:** (407) 418-2075
**F:** (407) 245-3346
**A:** 20 N Orange Ave, Suite 1600, Orlando, FL 32801

[x]

1



**From:** JR Patel [mailto:jay@jmsfamilylp.com]
**Sent:** Saturday, December 07, 2019 6:02 PM
**To:** Lara R. Fernandez; dmenchise@verizon.net; Damien Prosser x5291; Benjamin Webster x5228; Cley Townsend x5033; Jennie Santos x5031
**Cc:** A Todd Almassian; Michael Almassian; Raj Patel; Sonial Patel
**Subject:** *EXT* RE: Nilhan Financial, LLC - purchase offer

Hi Lara,

Any update? I have since engaged counsel with the Almassian Firm and ready to close this transaction before year-end all-cash. Also, attaching LOI's sent to Morgan + Morgan as largest creditor for Sugarloaf Centre, LLC and Nilhan Hospitality, LLC / Nilhan Financial, LLC. Hopefully, you may approve these purchases under your powers of sale for the various estates.

Please see attached.

Jay



Jay Patel
Principal
Phone: 678-468-4253
Email: Jay@JMSFamilyLP.com

*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and all obligors/all the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

**From:** Lara R. Fernandez <LFernandez@trenam.com>
**Sent:** Tuesday, November 26, 2019 12:14 PM
**To:** JR Patel <jay@jmsfamilylp.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilylp.com>; Raj Patel <raj@jmsfamilylp.com>
**Subject:** RE: Nilhan Financial, LLC - purchase offer

Jay, thanks for the inquiry. I will discuss this after the Thanksgiving holiday with the Trustee and other parties who are involved.
Lara



**LARA R. FERNANDEZ**
Board Certified - Business Bankruptcy Law
Dir: 813-227-7404 | Fax: 813-227-0404 | email | vcard | bio
101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-223-7474 | www.trenam.com

Confidentiality Notice: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure,

2

copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** JR Patel <jay@jmsfamilylp.com>
**Sent:** Monday, November 25, 2019 10:57 AM
**To:** Lara R. Fernandez <LFernandez@trenam.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilylp.com>; Raj Patel <raj@jmsfamilylp.com>
**Subject:** RE: Nilhan Financial, LLC - purchase offer

CAUTION: This email originated from outside of this organization. Do not click links or open attachments unless you know the content is safe.

Hi Lara,

Just following up on this. Are you available to discuss a sale of the Nilhan Financial – Nilhan Hospitality property? We would purchase the 3.57 acres of raw land for $625,000, and would also purchase the adjacent retail center Sugarloaf Centre, LLC for $2,500,000. Please advise next steps and process.

Thanks,
Jay



Jay Patel
Principal
Phone: 678-468-4253
Email: Jay@JMSFamilyLP.com

*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and obligor(s)/all the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

**From:** Lara R. Fernandez <LFernandez@trenam.com>
**Sent:** Tuesday, October 15, 2019 9:24 PM
**To:** JR Patel <jay@jmsfamilylp.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilylp.com>; Raj Patel <raj@jmsfamilylp.com>
**Subject:** RE: Nilhan Financial, LLC - purchase offer

Thank you. I will discuss with the Trustee, Doug Menchise. We believe that we have a valid lien on the property.

Lara

  **LARA R. FERNANDEZ**
Board Certified – Business Bankruptcy Law
Dir: 813-227-7404 | Fax: 813-227-0404 | email | vcard | bio

3



101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-223-7474 | www.trenam.com

Confidentiality Notice: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** JR Patel [mailto:jav@jmsfamilylp.com]
**Sent:** Tuesday, October 15, 2019 10:30 AM
**To:** Lara R. Fernandez; dmenchise@verizon.net
**Cc:** Sonial Patel; Raj Patel
**Subject:** RE: Nilhan Financial, LLC - purchase offer

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you know the content is safe.

Hi Lara,

Attached are the exhibits to title. I look forward to discussing after your review.

Thanks,
Jay

**JMS**
**FAMILY**

Jay Patel
Principal
Phone: 678-468-4253
Email: Jav@JMSFamilyLP.com

*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and all obligors/all the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

**From:** JR Patel
**Sent:** Tuesday, October 15, 2019 10:08 AM
**To:** 'Lara R. Fernandez' <LFernandez@trenam.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilylp.com>; Raj Patel <raj@jmsfamilylp.com>
**Subject:** RE: Nilhan Financial, LLC - purchase offer

Please see attached. Let me know if you have time later this week to discuss.

Regards,
Jay

4



**Jay Patel**
**Principal**
Phone: 678-468-4259
Email: Jay@JMSFamilyLP.com

*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and all obligors/all the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

**From:** Lara R. Fernandez <LFernandez@trenam.com>
**Sent:** Thursday, October 10, 2019 9:38 PM
**To:** JR Patel <jay@jmsfamilylp.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilylp.com>
**Subject:** RE: Nilhan Financial, LLC - purchase offer

Thank you for the information. I would need to see all of the recorded documents in order to assess the priority of the various liens. In any event, I could speak to you mid-next week. I'll be out of town towards the end of the week. Could the person who gave you the report give you the back up and then could you send it to me?

Lara

 **LARA R. FERNANDEZ**
Board Certified - Business Bankruptcy Law
Dir: 813-227-7404 | Fax: 813-227-0404 | email | vcard | bio
101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-223-7474 | www.trenam.com

Confidentiality Notice: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** JR Patel [mailto:jay@jmsfamilylp.com]
**Sent:** Thursday, October 10, 2019 4:16 PM
**To:** Lara R. Fernandez; dmenchise@verizon.net
**Cc:** Sonial Patel
**Subject:** RE: Nilhan Financial, LLC - purchase offer


CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you know the content is safe.

Hi Lara,

5

I just received title on this property and it appears there is a large judgement recorded before the mortgage loan, essentially making the loan worthless. How may I submit a bid to acquire the fee-simple interest in the property? Please let me know if you have some time mid-late next week to discuss.

Thanks,
Jay



**Jay Patel**
Principal
Phone: 678-468-4258
Email: Jay@JMSFamilyLP.com

*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and all obligors/all the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

**From:** Lara R. Fernandez <LFernandez@trenam.com>
**Sent:** Friday, September 27, 2019 1:03 PM
**To:** JR Patel <jay@jmsfamilylp.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilylp.com>
**Subject:** RE: Nilhan Financial, LLC - purchase offer

Jay, thank you for the proposal. I will speak with the Trustee and will let you know. It may not be until the week after next as I am out of the office for the majority of next week.
Thank you.

Lara

   

**LARA R. FERNANDEZ**
Board Certified - Business Bankruptcy Law
Dir: 813-227-7404 | Fax: 813-227-0404 | email | vcard | bio
101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-223-7474 | www.trenam.com

Confidentiality Notice: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** JR Patel <jay@jmsfamilylp.com>
**Sent:** Tuesday, September 24, 2019 3:04 PM
**To:** Lara R. Fernandez <LFernandez@trenam.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilylp.com>
**Subject:** RE: Nilhan Financial, LLC - purchase offer

6

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you know the content is safe.

Hi Lara,

Please see attached our $625,000 offer to purchase the first mortgage loan from the FL bankruptcy estate of Nilhan Financial, LLC.

Separately, I understand the loan's borrower Nilhan Hospitality, LLC is involved in a GA bankruptcy and our offer is reflective of this litigation and collateral value at $175,000/acre. Let me know if you have any questions and we may discuss further.

Regards,
Jay



Jay Patel
Principal
Phone: 678-468-4253
Email: Jay@JMSFamilyLP.com

>The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and all obligors/all the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc, shall have no effect whatsoever and shall not be binding on any party.

**From:** Lara R. Fernandez <LFernandez@trenam.com>
**Sent:** Tuesday, September 24, 2019 11:48 AM
**To:** JR Patel <jay@jmsfamilylp.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilylp.com>
**Subject:** RE: Nilhan Financial, LLC - purchase offer

Thank you for your inquiry. We would entertain a purchase of the mortgage. Please go ahead and provide us with your offer so we can analyze it. All sales would be disclosed and go through a formal process with the bankruptcy court.

Thank you. Look forward to your response.

Lara

 

**LARA R. FERNANDEZ**
Board Certified - Business Bankruptcy Law
Dir: 813-227-7404 | Fax: 813-227-0404 | email | vcard | bio
101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-223-7474 | www.trenam.com

Confidentiality Notice: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

7

**From:** JR Patel <jay@jmsfamilylp.com>
**Sent:** Sunday, September 22, 2019 10:45 AM
**To:** dmenchise@verizon.net; Lara R. Fernandez <LFernandez@trenam.com>
**Cc:** Sonial Patel <sonial@jmsfamilylp.com>
**Subject:** Nilhan Financial, LLC – purchase offer

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you know the content is safe.

Dear Mr. Menchise & Ms. Fernandez:

I represent JMS Family LP, an investment fund focused on distressed commercial real estate investments and development. I understand you both act as Attorney for Trustee in the Nilhan Financial, LLC bankruptcy.

I am very interested in acquiring certain assets of the estate, specifically the properties located in Duluth, GA. Attached is a recorded $5MM mortgage secured by the properties at (i) 1964 Sugarloaf Parkway, Duluth, GA, (ii) 1966 Sugarloaf Parkway, Duluth, GA, and (iii) 1968 Sugarloaf Parkway, Duluth, GA.

Would you entertain a purchase of the $5MM mortgage? If so, please advise on next steps and I will prepare an LOI for your consideration.

Regards,
Jay



Jay Patel
Principal
Phone: 678-468-4253
Email: Jay@JMSFamilyLP.com

*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and all obligors/all the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

8

**CC Schnapp**

| | |
|---|---|
| **From:** | Ron Glass <rglass@glassratner.com> |
| **Sent:** | Thursday, June 13, 2019 2:16 PM |
| **To:** | Good, Carson |
| **Cc:** | Joel Murovitz; Jones, Walter |
| **Subject:** | Re: Sugarloaf properties |

[External Email] Please use caution.

Carson,
I am in Washington DC. Returning tomorrow evening.
Sorry,
Ron

Sent via the Samsung Galaxy S® 6, an AT&T 4G LTE smartphone

-------- Original message --------
From: "Good, Carson"
Date: 6/13/19 1:33 PM (GMT-05:00)
To: Ron Glass
Cc: Joel Murovitz , wjones@balch.com
Subject: RE: Sugarloaf properties

Ron, late notice I realize, but it looks like I'm going to be stranded in Atlanta this afternoon and not able to
make my connecting flight to Ohio for a dinner engagement.
So its short notice, but might you have any time to meet with me late this afternoon/evening, or for breakfast
tomorrow?
**From:** Carson Good
**Sent:** Monday, May 13, 2019 9:31 AM
**To:** Ron Glass
**Cc:** Joel Murovitz ; wjones@balch.com
**Subject:** Re: Sugarloaf properties
Yes.
On Mon, May 13, 2019 at 8:55 AM Ron Glass <rglass@glassratner.com> wrote:

Carson,
I have another meeting at 9:00. Will 10:30 work?
Ron

1



**Ronald L. Glass**
Principal
Direct: 404.835.8830
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com
BTG Global Advisory

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Carson Good <m.carsongood@gmail.com>
**Sent:** Monday, May 13, 2019 12:05 AM
**To:** Ron Glass <rglass@glassratner.com>
**Cc:** Joel Murovitz <jmurovitz@glassratner.com>; wjones@balch.com
**Subject:** Re: Sugarloaf properties
Ok. I'll call you at 10. Thanks
On Sun, May 12, 2019 at 11:51 PM Ron Glass <rglass@glassratner.com> wrote:

I should be in my office from 10:00 until 5:00.



**Ronald L. Glass**
Principal
Direct: 404.835.8830
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com
BTG Global Advisory

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Carson Good <m.carsongood@gmail.com>
**Sent:** Sunday, May 12, 2019 11:49 PM
**To:** Joel Murovitz <jmurovitz@glassratner.com>
**Cc:** Ron Glass <rglass@glassratner.com>; wjones@balch.com
**Subject:** Re: Sugarloaf properties
How can I reach you guys? I called on Thursday and left a voice messege. Love to speak
On Tue, May 7, 2019 at 11:31 AM Joel Murovitz <jmurovitz@glassratner.com> wrote:

See attached tax map with aerials to give you an idea. The 3 pins correspond to the 3 parcels



**Joel Murovitz, LEED AP**
Managing Director – Real Estate & Construction Services
Court Appointed Receiver
Direct: 404.835.8838
Mobile: 404.808.3252
Email: jmurovitz@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com
BTG Global Advisory

2

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Carson Good <m.carsongood@gmail.com>
**Sent:** Tuesday, May 7, 2019 9:36 AM
**To:** Joel Murovitz <jmurovitz@glassratner.com>; Ron Glass <rglass@glassratner.com>
**Cc:** wjones@balch.com
**Subject:** RE: Sugarloaf properties

So where is the vacant land that is under contract?

**From:** Joel Murovitz <jmurovitz@glassratner.com>
**Sent:** Monday, May 06, 2019 5:09 PM
**To:** Ron Glass <rglass@glassratner.com>; Carson Good <m.carsongood@gmail.com>
**Cc:** wjones@balch.com
**Subject:** RE: Sugarloaf properties

Hi Carson,

I have attached a rent roll, surveys of all 3 parcels and the table below summarizes the property taxes. Landscaping runs $600/mo, water ~ $1,600/mo, trash ~ $2,500/mo, lighting is ~$2,700, quarterly alarm monitoring ~$90/quarter and phone lines for panels ~$220/mo. Insurance for 2019 totaled just under $19,600 and this year's Association dues are as follows: multi-tenant retail = $4,359.08/quarter plus ~$1,000 electrical reimbursement (only billed 1x so far in 2019), bank parcel = $2995.35/quarter, undeveloped/vacant parcel = $2,246.04/quarter. I am awaiting a response from the association as to why electrical wasn't billed on the 2nd Q invoices since nearly the same amount was billed/paid in December as January with no amount billed on the April 2nd Q statements.

Regarding leasing, Cowboy Chicken had a fully executed lease, but due to delays with landlord work, tenant never took possession and apparently moved on. However, recently, we heard from their tenant rep who has expressed their interest in negotiating a new lease and taking over the 2,800 sf vacant space in building B that Fresh 2 Order recently vacated.

I will send the four current lease files in a separate email.

Please let me know what additional you may need.

| Ownership Entity | Parcel | Type | Acres | Improved Area | Address | C |
|---|---|---|---|---|---|---|
| SUGARLOAF CENTRE LLC | R7122 224 | unimproved land | 2.68 | | | |
| SUGARLOAF CENTRE LLC | R7115 062 | bank | 1.19 | 5,858 | | |
| SUGARLOAF CENTRE LLC | R7122 226 | strip shopping center | 4 | 20,320 | | |

3



**Joel Murovitz, LEED AP**
Managing Director – Real Estate & Construction Services
Court Appointed Receiver
**Direct:** 404.835.8838
**Mobile:** 404.808.3252
**Email:** jmurovitz@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com
BTG Global Advisory

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Ron Glass <rglass@glassratner.com>
**Sent:** Monday, May 6, 2019 4:09 PM
**To:** Carson Good <m.carsongood@gmail.com>
**Cc:** wjones@balch.com; Joel Murovitz <jmurovitz@glassratner.com>
**Subject:** RE: Sugarloaf properties
Carson,
The monthly income is approximately $45,000/month. In addition, to monthly expenses the property pays quarterly association fees, taxes and insurance.
Joel, please have someone send Carson some detail.
Ron



**Ronald L. Glass**
Principal
**Direct:** 404.835.8830
**Mobile:** 404.822.0264
**Email:** rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com
BTG Global Advisory

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Carson Good <m.carsongood@gmail.com>
**Sent:** Monday, May 06, 2019 2:22 PM
**To:** Ron Glass <rglass@glassratner.com>
**Cc:** wjones@balch.com; Joel Murovitz <jmurovitz@glassratner.com>
**Subject:** RE: Sugarloaf properties
Ron, what is the income/expense? Without paying debt service, there should be monthly cash flow.

**From:** Ron Glass <rglass@glassratner.com>
**Sent:** Monday, May 06, 2019 11:57 AM
**To:** Carson Good <m.carsongood@gmail.com>
**Cc:** wjones@balch.com; Joel Murovitz <jmurovitz@glassratner.com>
**Subject:** RE: Sugarloaf properties
Carson,
Joel Murovitz will be sending you the financial information. As you may know, there are only 4 tenants paying rent. The remainder is vacant.
Ron

4



**Ronald L. Glass**
Principal
Direct: 404.835.8830
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com
BTG Global Advisory

**3445 Peachtree Road**
**Suite 1225**
**Atlanta, GA 30326**

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Carson Good <m.carsongood@gmail.com>
**Sent:** Saturday, May 04, 2019 11:03 AM
**To:** Ron Glass <rglass@glassratner.com>
**Cc:** wjones@balch.com
**Subject:** Sugarloaf properties

Good morning, Ron. Could you send me information on the various Sugarloaf properties you are managing on behalf of the trust? I have a group who is very interested in purchasing.

- The 2.68 vacant parcel. How are you marketing it? Is it on a website, do you have a flyer or marketing brochure? Do you have an appraisal that would show how much is usable, entitlements, topography, etc?
- The income producing property. Same questions. I'd like the website you are advertising it for lease (and for sale if you are), what are you asking for lease for each of the vacant bays? Can you send me
  - o  Leases and amendments
  - o  Any reported tenant sales (particularly marlow's tavern)
  - o  List of any past due tenants
  - o  Market studies and appraisals you conducted or ordered, demonstrating tenant demand for vacant spaces, which potential tenants to target, what the competitive shopping centers are being leased for in today's market (comparable actual leases signed in the market, as well as asking rents in the market), any comparison to how our center competes—good and bad—with the other centers, etc
  - o  Insurance
  - o  Real estate taxes
  - o  Any additional expenses
  - o  Marketing brochures, websites, etc
  - o  What are you asking for lease on each of the vacant spaces
  - o  Any letters of intent or leases in progress
  - o  Any tenants asking for concessions?

I'd like to proceed on this as quickly as possible. Thanks so much for your help—Carson

M. Carson Good



<u>One of the 2019 World's Most Ethical Companies®</u>

Jones Lang LaSalle

For more information about how JLL processes your personal data, please click here.

This email is for the use of the intended recipient(s) only. If you have received this email in error, please notify the sender immediately and then delete it. If you are not the intended recipient, you must not keep, use, disclose, copy or distribute this email without the author's prior permission. We have taken precautions to

5

minimize the risk of transmitting software viruses, but we advise you to carry out your own virus checks on any attachment to this message. We cannot accept liability for any loss or damage caused by software viruses. The information contained in this communication may be confidential and may be subject to the attorney-client privilege. If you are the intended recipient and you do not wish to receive similar electronic messages from us in the future then please, respond to the sender to this effect.

6

**CC Schnapp**

| | |
|---|---|
| **From:** | Ron Glass <rglass@glassratner.com> |
| **Sent:** | Monday, May 13, 2019 8:56 AM |
| **To:** | Carson Good |
| **Cc:** | Joel Murovitz; Jones, Walter |
| **Subject:** | RE: Sugarloaf properties |

[External Email] Please use caution.

Carson,
I have another meeting at 9:00. Will 10:30 work?
Ron



Ronald L. Glass
Principal

**GLASSRATNER**
a B. Riley Financial company

3445 Peachtree
Road
Suite 1225
Atlanta, GA 30326

**Direct:** 404.835.8830
**Mobile:** 404.822.0264
**Email:** rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com


BTIG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Carson Good
**Sent:** Monday, May 13, 2019 12:05 AM
**To:** Ron Glass
**Cc:** Joel Murovitz ; wjones@balch.com
**Subject:** Re: Sugarloaf properties

Ok. I'll call you at 10. Thanks

On Sun, May 12, 2019 at 11:51 PM Ron Glass <rglass@glassratner.com> wrote:

I should be in my office from 10:00 until 5:00.

1



Ronald L. Glass

Principal

**Direct:** 404.835.8830

**Mobile:** 404.822.0264

**Email:** rglass@glassratner.com

**VCard** | **LinkedIn** | www.GlassRatner.com | www.brileyfin.com



**GLASSRATNER**
a B. Riley Financial company

3445 Peachtree Road

Suite 1225

Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Carson Good <m.carsongood@gmail.com>
**Sent:** Sunday, May 12, 2019 11:49 PM
**To:** Joel Murovitz <jmurovitz@glassratner.com>
**Cc:** Ron Glass <rglass@glassratner.com>; wjones@balch.com
**Subject:** Re: Sugarloaf properties

How can I reach you guys? I called on Thursday and left a voice messege. Love to speak

On Tue, May 7, 2019 at 11:31 AM Joel Murovitz <jmurovitz@glassratner.com> wrote:

See attached tax map with aerials to give you an idea. The 3 pins correspond to the 3 parcels

2



**Joel Murovitz, LEED AP**

Managing Director – Real Estate & Construction Services

Court Appointed Receiver

**GLASSRATNER**

a B. Riley Financial company

3445 Peachtree Road

Suite 1225

Atlanta, GA 30326

Direct: 404.835.8838

Mobile: 404.808.3252

Email: jmurovitz@glassratner.com

VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

 BTG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank

**From:** Carson Good <m.carsongood@gmail.com>
**Sent:** Tuesday, May 7, 2019 9:36 AM
**To:** Joel Murovitz <jmurovitz@glassratner.com>; Ron Glass <rglass@glassratner.com>
**Cc:** wjones@balch.com
**Subject:** RE: Sugarloaf properties

So where is the vacant land that is under contract?

**From:** Joel Murovitz <jmurovitz@glassratner.com>
**Sent:** Monday, May 06, 2019 5:09 PM
**To:** Ron Glass <rglass@glassratner.com>; Carson Good <m.carsongood@gmail.com>
**Cc:** wjones@balch.com
**Subject:** RE: Sugarloaf properties

3

Hi Carson,

I have attached a rent roll, surveys of all 3 parcels and the table below summarizes the property taxes. Landscaping runs $600/mo, water ~ $1,600/mo, trash ~ $2,500/mo, lighting is ~$2,700, quarterly alarm monitoring ~$90/quarter and phone lines for panels ~$220/mo. Insurance for 2019 totaled just under $19,600 and this year's Association dues are as follows: multi-tenant retail = $4,359.08/quarter plus ~$1,000 electrical reimbursement (only billed 1x so far in 2019), bank parcel = $2995.35/quarter, undeveloped/vacant parcel = $2,246.04/quarter. I am awaiting a response from the association as to why electrical wasn't billed on the 2nd Q invoices since nearly the same amount was billed/paid in December as January with no amount billed on the April 2nd Q statements.

Regarding leasing, Cowboy Chicken had a fully executed lease, but due to delays with landlord work, tenant never took possession and apparently moved on. However, recently, we heard from their tenant rep who has expressed their interest in negotiating a new lease and taking over the 2,800 sf vacant space in building B that Fresh 2 Order recently vacated.

I will send the four current lease files in a separate email.

Please let me know what additional you may need.

| Ownership Entity | Parcel | Type | Acres | Improved Area | Addre |
|---|---|---|---|---|---|
| SUGARLOAF CENTRE LLC | R7122 224 | unimproved land | 2.68 | | |
| SUGARLOAF CENTRE LLC | R7115 062 | bank | 1.19 | 5,858 | |
| SUGARLOAF CENTRE LLC | R7122 226 | strip shopping center | 4 | 20,320 | |

4



**Joel Murovitz, LEED AP**

Managing Director – Real Estate & Construction Services

Court Appointed Receiver

**GLASSRATNER**

a B. Riley Financial company

3445 Peachtree Road

Suite 1225

Atlanta, GA 30326

Direct: 404.835.8838

Mobile: 404.808.3252

Email: jmurovitz@glassratner.com

VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

BTG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank

**From:** Ron Glass <rglass@glassratner.com>
**Sent:** Monday, May 6, 2019 4:09 PM
**To:** Carson Good <m.carsongood@gmail.com>
**Cc:** wjones@balch.com; Joel Murovitz <jmurovitz@glassratner.com>
**Subject:** RE: Sugarloaf properties

Carson,

The monthly income is approximately $45,000/month. In addition, to monthly expenses the property pays quarterly association fees, taxes and insurance.

Joel, please have someone send Carson some detail.

Ron

5



**Ronald L. Glass**

Principal

Direct: 404.835.8830

Mobile: 404.822.0264

Email: rglass@glassratner.com

VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

BTG Global Advisory

3445 Peachtree Road

Suite 1225

Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the sender of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Carson Good <m.carsongood@gmail.com>
**Sent:** Monday, May 06, 2019 2:22 PM
**To:** Ron Glass <rglass@glassratner.com>
**Cc:** wjones@balch.com; Joel Murovitz <jmurovitz@glassratner.com>
**Subject:** RE: Sugarloaf properties

Ron, what is the income/expense? Without paying debt service, there should be monthly cash flow.

**From:** Ron Glass <rglass@glassratner.com>
**Sent:** Monday, May 06, 2019 11:57 AM
**To:** Carson Good <m.carsongood@gmail.com>
**Cc:** wjones@balch.com; Joel Murovitz <jmurovitz@glassratner.com>
**Subject:** RE: Sugarloaf properties

Carson,

6

Joel Murovitz will be sending you the financial information. As you may know, there are only 4 tenants paying rent. The remainder is vacant.

Ron



**Ronald L. Glass**

Principal

Direct: 404.835.8830

Mobile: 404.822.0264

Email: rglass@glassratner.com

VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

3445 Peachtree Road

Suite 1225

Atlanta, GA 30326

BTG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Carson Good <m.carsongood@gmail.com>
**Sent:** Saturday, May 04, 2019 11:03 AM
**To:** Ron Glass <rglass@glassratner.com>
**Cc:** wjones@balch.com
**Subject:** Sugarloaf properties

Good morning, Ron. Could you send me information on the various Sugarloaf properties you are managing on behalf of the trust? I have a group who is very interested in purchasing.

7

- The 2.68 vacant parcel. How are you marketing it? is it on a website, do you have a flyer or marketing brochure? Do you have an appraisal that would show how much is usable, entitlements, topography, etc?
- The income producing property. Same questions, I'd like the website you are advertising it for lease (and for sale if you are), what are you asking for lease for each of the vacant bays? Can you send me

  o Leases and amendments
  o Any reported tenant sales (particularly marlow's tavern)
  o List of any past due tenants
  o Market studies and appraisals you conducted or ordered, demonstrating tenant demand for vacant spaces, which potential tenants to target, what the competitive shopping centers are being leased for in today's market (comparable actual leases signed in the market, as well as asking rents in the market), any comparison to how our center competes—good and bad—with the other centers, etc
  o Insurance
  o Real estate taxes
  o Any additional expenses
  o Marketing brochures, websites, etc
  o What are you asking for lease on each of the vacant spaces
  o Any letters of intent or leases in progress
  o Any tenants asking for concessions?


I'd like to proceed on this as quickly as possible. Thanks so much for your help—Carson


M. Carson Good

8

**CC Schnapp**

| | |
|---|---|
| From: | Ron Glass <rglass@glassratner.com> |
| Sent: | Sunday, May 12, 2019 11:52 PM |
| To: | Carson Good; Joel Murovitz |
| Cc: | Jones, Walter |
| Subject: | RE: Sugarloaf properties |

**[External Email]** Please use caution.

I should be in my office from 10:00 until 5:00.



**Ronald L. Glass**
Principal

**Direct:** 404.835.8830
**Mobile:** 404.822.0264
**Email:** rglass@glassratner.com
**VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com**

 Global Advisory

GLASSRATNER
a B. Riley Financial company

3445 Peachtree
Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Carson Good
**Sent:** Sunday, May 12, 2019 11:49 PM
**To:** Joel Murovitz
**Cc:** Ron Glass ; wjones@balch.com
**Subject:** Re: Sugarloaf properties

How can I reach you guys? I called on Thursday and left a voice messege. Love to speak

On Tue, May 7, 2019 at 11:31 AM Joel Murovitz <jmurovitz@glassratner.com> wrote:

See attached tax map with aerials to give you an idea. The 3 pins correspond to the 3 parcels

1



**Joel Murovitz, LEED AP**

Managing Director – Real Estate & Construction Services

Court Appointed Receiver

Direct: 404.835.8838

Mobile: 404.808.3252

Email: jmurovitz@glassratner.com

VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

BTG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank

**From:** Carson Good <m.carsongood@gmail.com>
**Sent:** Tuesday, May 7, 2019 9:36 AM
**To:** Joel Murovitz <jmurovitz@glassratner.com>; Ron Glass <rglass@glassratner.com>
**Cc:** wjones@balch.com
**Subject:** RE: Sugarloaf properties

So where is the vacant land that is under contract?

**From:** Joel Murovitz <jmurovitz@glassratner.com>
**Sent:** Monday, May 06, 2019 5:09 PM
**To:** Ron Glass <rglass@glassratner.com>; Carson Good <m.carsongood@gmail.com>
**Cc:** wjones@balch.com
**Subject:** RE: Sugarloaf properties

Hi Carson,

2

I have attached a rent roll, surveys of all 3 parcels and the table below summarizes the property taxes. Landscaping runs $600/mo, water ~ $1,600/mo, trash ~ $2,500/mo, lighting is ~$2,700, quarterly alarm monitoring ~$90/quarter and phone lines for panels ~$220/mo. Insurance for 2019 totaled just under $19,600 and this year's Association dues are as follows: multi-tenant retail = $4,359.08/quarter plus ~$1,000 electrical reimbursement (only billed 1x so far in 2019), bank parcel = $2995.35/quarter, undeveloped/vacant parcel = $2,246.04/quarter. I am awaiting a response from the association as to why electrical wasn't billed on the 2nd Q invoices since nearly the same amount was billed/paid in December as January with no amount billed on the April 2nd Q statements.

Regarding leasing, Cowboy Chicken had a fully executed lease, but due to delays with landlord work, tenant never took possession and apparently moved on. However, recently, we heard from their tenant rep who has expressed their interest in negotiating a new lease and taking over the 2,800 sf vacant space in building B that Fresh 2 Order recently vacated.

I will send the four current lease files in a separate email.

Please let me know what additional you may need.

| Ownership Entity | Parcel | Type | Acres | Improved Area | Addres |
|---|---|---|---|---|---|
| SUGARLOAF CENTRE LLC | R7122 224 | unimproved land | 2.68 | | |
| SUGARLOAF CENTRE LLC | R7115 062 | bank | 1.19 | 5,858 | |
| SUGARLOAF CENTRE LLC | R7122 226 | strip shopping center | 4 | 20,320 | |

3



**Joel Murovitz, LEED AP**

Managing Director – Real Estate & Construction Services

Court Appointed Receiver

Direct: 404.835.8838

Mobile: 404.808.3252

Email: jmurovitz@glassratner.com

VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

BTG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank

**From:** Ron Glass <rglass@glassratner.com>
**Sent:** Monday, May 6, 2019 4:09 PM
**To:** Carson Good <m.carsongood@gmail.com>
**Cc:** wjones@balch.com; Joel Murovitz <jmurovitz@glassratner.com>
**Subject:** RE: Sugarloaf properties

Carson,

The monthly income is approximately $45,000/month. In addition, to monthly expenses the property pays quarterly association fees, taxes and insurance.

Joel, please have someone send Carson some detail.

Ron



**GLASSRATNER**
a B. Riley Financial company

3445 Peachtree Road

Suite 1225

Atlanta, GA 30326

**Ronald L. Glass**

Principal

Direct: 404.835.8830

Mobile: 404.822.0264

Email: rglass@glassratner.com

VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

BTIG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

---

**From:** Carson Good <m.carsongood@gmail.com>
**Sent:** Monday, May 06, 2019 2:22 PM
**To:** Ron Glass <rglass@glassratner.com>
**Cc:** wjones@balch.com; Joel Murovitz <jmurovitz@glassratner.com>
**Subject:** RE; Sugarloaf properties

Ron, what is the income/expense? Without paying debt service, there should be monthly cash flow.

---

**From:** Ron Glass <rglass@glassratner.com>
**Sent:** Monday, May 06, 2019 11:57 AM
**To:** Carson Good <m.carsongood@gmail.com>
**Cc:** wjones@balch.com; Joel Murovitz <jmurovitz@glassratner.com>
**Subject:** RE: Sugarloaf properties

Carson,

5

Joel Murovitz will be sending you the financial information. As you may know, there are only 4 tenants paying rent. The remainder is vacant.

Ron.



Ronald L. Glass

Principal

Direct: 404.835.8830

Mobile: 404.822.0264

Email: rglass@glassratner.com

VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

GLASSRATNER
a B. Riley Financial company

3445 Peachtree Road

Suite 1225

Atlanta, GA 30326

BTG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.



**From:** Carson Good <m.carsongood@gmail.com>
**Sent:** Saturday, May 04, 2019 11:03 AM
**To:** Ron Glass <rglass@glassratner.com>
**Cc:** wjones@balch.com
**Subject:** Sugarloaf properties

Good morning, Ron. Could you send me information on the various Sugarloaf properties you are managing on behalf of the trust? I have a group who is very interested in purchasing.

- The 2.68 vacant parcel. How are you marketing it? is it on a website, do you have a flyer or marketing brochure? Do you have an appraisal that would show how much is usable, entitlements, topography, etc?
- The income producing property. Same questions. I'd like the website you are advertising it for lease (and for sale if you are), what are you asking for lease for each of the vacant bays? Can you send me
  - o Leases and amendments
  - o Any reported tenant sales (particularly marlow's tavern)
  - o List of any past due tenants
  - o Market studies and appraisals you conducted or ordered, demonstrating tenant demand for vacant spaces, which potential tenants to target, what the competitive shopping centers are being leased for in today's market (comparable actual leases signed in the market, as well as asking rents in the market), any comparison to how our center competes—good and bad—with the other centers, etc
  - o Insurance
  - o Real estate taxes
  - o Any additional expenses
  - o Marketing brochures, websites, etc
  - o What are you asking for lease on each of the vacant spaces
  - o Any letters of intent or leases in progress
  - o Any tenants asking for concessions?


I'd like to proceed on this as quickly as possible. Thanks so much for your help—Carson


M. Carson Good


7

**CC Schnapp**

| | |
|---|---|
| From: | Ron Glass <rglass@glassratner.com> |
| Sent: | Monday, May 06, 2019 4:09 PM |
| To: | Carson Good |
| Cc: | Jones, Walter; Joel Murovitz |
| Subject: | RE: Sugarloaf properties |

[External Email] Please use caution.

Carson,
The monthly income is approximately $45,000/month. In addition, to monthly expenses the property pays quarterly association fees, taxes and insurance.

Joel, please have someone send Carson some detail.
Ron



**Ronald L. Glass**
Principal

Direct: 404.835.8830
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

 BTO Global Advisory

GLASSRATNER
a B. Riley Financial company
----
3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

---

From: Carson Good
Sent: Monday, May 06, 2019 2:22 PM
To: Ron Glass
Cc: wjones@balch.com; Joel Murovitz
Subject: RE: Sugarloaf properties

Ron, what is the income/expense? Without paying debt service, there should be monthly cash flow.

---

From: Ron Glass <rglass@glassratner.com>
Sent: Monday, May 06, 2019 11:57 AM
To: Carson Good <m.carsongood@gmail.com>
Cc: wjones@balch.com; Joel Murovitz <jmurovitz@glassratner.com>
Subject: RE: Sugarloaf properties

Carson,
Joel Murovitz will be sending you the financial information. As you may know, there are only 4 tenants paying rent. The remainder is vacant.
Ron



**Ronald L. Glass**
Principal

Direct: 404.835.8830
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

**GLASSRATNER**
a B. Riley Financial company

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

B Riley Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Carson Good <m.carsongood@gmail.com>
**Sent:** Saturday, May 04, 2019 11:03 AM
**To:** Ron Glass <rglass@glassratner.com>
**Cc:** wjones@balch.com
**Subject:** Sugarloaf properties

Good morning, Ron. Could you send me information on the various Sugarloaf properties you are managing on behalf of the trust? I have a group who is very interested in purchasing.

- The 2.68 vacant parcel. How are you marketing it? Is it on a website, do you have a flyer or marketing brochure? Do you have an appraisal that would show how much is usable, entitlements, topography, etc?
- The income producing property. Same questions. I'd like the website you are advertising it for lease (and for sale if you are), what are you asking for lease for each of the vacant bays? Can you send me
  - Leases and amendments
  - Any reported tenant sales (particularly marlow's tavern)
  - List of any past due tenants
  - Market studies and appraisals you conducted or ordered, demonstrating tenant demand for vacant spaces, which potential tenants to target, what the competitive shopping centers are being leased for in today's market (comparable actual leases signed in the market, as well as asking rents in the market), any comparison to how our center competes—good and bad—with the other centers, etc
  - Insurance
  - Real estate taxes
  - Any additional expenses
  - Marketing brochures, websites, etc
  - What are you asking for lease on each of the vacant spaces
  - Any letters of Intent or leases in progress
  - Any tenants asking for concessions?

  I'd like to proceed on this as quickly as possible. Thanks so much for your help—Carson

  M. Carson Good

2

3

**CC Schnapp**

| | |
|---|---|
| **From:** | Ron Glass <rglass@glassratner.com> |
| **Sent:** | Monday, May 06, 2019 11:57 AM |
| **To:** | Carson Good |
| **Cc:** | Jones, Walter; Joel Murovitz |
| **Subject:** | RE: Sugarloaf properties |
| **Attachments:** | Carson.docx |

[External Email] Please use caution.

Carson,
Joel Murovitz will be sending you the financial information. As you may know, there are only 4 tenants paying rent. The remainder is vacant.
Ron



**Ronald L. Glass**
Principal

Direct: 404.835.8830
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

BRG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

---

**From:** Carson Good
**Sent:** Saturday, May 04, 2019 11:03 AM
**To:** Ron Glass
**Cc:** wjones@balch.com
**Subject:** Sugarloaf properties

Good morning, Ron. Could you send me information on the various Sugarloaf properties you are managing on behalf of the trust? I have a group who is very interested in purchasing.

- The 2.68 vacant parcel. How are you marketing it? Is it on a website, do you have a flyer or marketing brochure? Do you have an appraisal that would show how much is usable, entitlements, topography, etc?
- The income producing property. Same questions. I'd like the website you are advertising it for lease (and for sale if you are), what are you asking for lease for each of the vacant bays? Can you send me
  - Leases and amendments
  - Any reported tenant sales (particularly marlow's tavern)
  - List of any past due tenants
  - Market studies and appraisals you conducted or ordered, demonstrating tenant demand for vacant spaces, which potential tenants to target, what the competitive shopping centers are

1

being leased for in today's market (comparable actual leases signed in the market, as well as asking rents in the market), any comparison to how our center competes—good and bad—with the other centers, etc

o   Insurance
o   Real estate taxes
o   Any additional expenses
o   Marketing brochures, websites, etc
o   What are you asking for lease on each of the vacant spaces
o   Any letters of intent or leases in progress
o   Any tenants asking for concessions?

I'd like to proceed on this as quickly as possible. Thanks so much for your help—Carson

M. Carson Good

2

Carson,

A sale of the 2.68 acres , known as 1930 Satellite Blvd has been approved.  The purchase price is
$1,500,000.  The purchaser has $50,000 at risk.  The proposed closing date is in early August.

There is no active marketing program for the vacant space.  The Shopping Center Group was handling
the leasing last year.  The ownership has no money for tenant improvement or leasing commissions.
Some of the vacant space is "white box" others have no floor, walls or ceilings.
The current rental rates are approximately $30/sq.ft.

The Judge rejected my motion to employ Ackerman & Company as broker to market the property.
Therefore, there is not active marketing program.  I have received unsolicited calls and offers for the
improved property, 1950 & 1970 Satellite Blvd.  The high offer has been $4,000,000.

At this time there are 4 tenants all are current.

Recognizing that the debtor has insufficient money to pay operating expenses and debt service, I do not
have money for appraisals or market studies.  The rents are in line with the market at $30+/sq.ft.

I will make the additional information available to you.

Ron

**CC Schnapp**

| | |
|---|---|
| **From:** | Ron Glass <rglass@glassratner.com> |
| **Sent:** | Thursday, June 13, 2019 4:24 PM |
| **To:** | Good, Carson |
| **Cc:** | Joel Murovitz; Jones, Walter |
| **Subject:** | RE: Sugarloaf properties |

**[External Email] Please use caution.**

Carson,
I am generally available next week.
'Ron



Ronald L. Glass
Principal

Direct: 404.835.8890
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

B. Riley Global Advisory

GLASSRATNER
a B. Riley Financial company
----
3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Good, Carson
**Sent:** Thursday, June 13, 2019 3:05 PM
**To:** Ron Glass
**Cc:** Joel Murovitz ; wjones@balch.com
**Subject:** RE: Sugarloaf properties

Ok, let me know when you can speak and catch up

**From:** Ron Glass <rglass@glassratner.com>
**Sent:** Thursday, June 13, 2019 2:16 PM
**To:** Good, Carson <Carson.Good@am.jll.com>
**Cc:** Joel Murovitz <jmurovitz@glassratner.com>; wjones@balch.com
**Subject:** [EXTERNAL] Re: Sugarloaf properties

Carson,
I am in Washington DC. Returning tomorrow evening.
Sorry,
Ron

Sent via the Samsung Galaxy S® 6, an AT&T 4G LTE smartphone

1

-------- Original message --------
From: "Good, Carson" <Carson.Good@am.jll.com>
Date: 6/13/19 1:33 PM (GMT-05:00)
To: Ron Glass <rglass@glassratner.com>
Cc: Joel Murovitz <jmurovitz@glassratner.com>, wjones@balch.com
Subject: RE: Sugarloaf properties

Ron, late notice I realize, but it looks like I'm going to be stranded in Atlanta this afternoon and not able to make my connecting flight to Ohio for a dinner engagement.

So its short notice, but might you have any time to meet with me late this afternoon/evening, or for breakfast tomorrow?

From: Carson Good <m.carsongood@gmail.com>
Sent: Monday, May 13, 2019 9:31 AM
To: Ron Glass <rglass@glassratner.com>
Cc: Joel Murovitz <jmurovitz@glassratner.com>; wjones@balch.com
Subject: Re: Sugarloaf properties

Yes!.

On Mon, May 13, 2019 at 8:55 AM Ron Glass <rglass@glassratner.com> wrote:

Carson,
I have another meeting at 9:00. Will 10:30 work?
Ron



Ronald L. Glass
Principal

Direct: 404.835.8830
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

 BRG Global Advisory

GLASSRATNER
a B. Riley Financial company
••••
3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

From: Carson Good <m.carsongood@gmail.com>
Sent: Monday, May 13, 2019 12:05 AM
To: Ron Glass <rglass@glassratner.com>
Cc: Joel Murovitz <jmurovitz@glassratner.com>; wjones@balch.com
Subject: Re: Sugarloaf properties

Ok. I'll call you at 10. Thanks

On Sun, May 12, 2019 at 11:51 PM Ron Glass <rglass@glassratner.com> wrote:

I should be in my office from 10:00 until 5:00.



**Ronald L. Glass**
Principal

Direct: 404.835.8830
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

 BTG Global Advisory

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Carson Good <m.carsongood@gmail.com>
**Sent:** Sunday, May 12, 2019 11:49 PM
**To:** Joel Murovitz <lmurovitz@glassratner.com>
**Cc:** Ron Glass <rglass@glassratner.com>; wjones@balch.com
**Subject:** Re: Sugarloaf properties

How can I reach you guys? I called on Thursday and left a voice message. Love to speak

On Tue, May 7, 2019 at 11:31 AM Joel Murovitz <lmurovitz@glassratner.com> wrote:

See attached tax map with aerials to give you an idea. The 3 pins correspond to the 3 parcels



**Joel Murovitz, LEED AP**
Managing Director – Real Estate & Construction Services
Court Appointed Receiver

Direct: 404.835.8838
Mobile: 404.808.3252
Email: lmurovitz@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

 BTG Global Advisory

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you

3

**From:** Carson Good <m.carsongood@gmail.com>
**Sent:** Tuesday, May 7, 2019 9:36 AM
**To:** Joel Murovitz <jmurovitz@glassratner.com>; Ron Glass <rglass@glassratner.com>
**Cc:** wjones@balch.com
**Subject:** RE: Sugarloaf properties

So where is the vacant land that is under contract?

**From:** Joel Murovitz <jmurovitz@glassratner.com>
**Sent:** Monday, May 06, 2019 5:09 PM
**To:** Ron Glass <rglass@glassratner.com>; Carson Good <m.carsongood@gmail.com>
**Cc:** wjones@balch.com
**Subject:** RE: Sugarloaf properties

Hi Carson,

I have attached a rent roll, surveys of all 3 parcels and the table below summarizes the property taxes. Landscaping runs $600/mo, water ~ $1,600/mo, trash ~ $2,500/mo, lighting is ~$2,700, quarterly alarm monitoring ~$90/quarter and phone lines for panels ~$220/mo. Insurance for 2019 totaled just under $19,600 and this year's Association dues are as follows: multi-tenant retail = $4,359.08/quarter plus ~$1,000 electrical reimbursement (only billed 1x so far in 2019), bank parcel = $2995.35/quarter, undeveloped/vacant parcel = $2,246.04/quarter. I am awaiting a response from the association as to why electrical wasn't billed on the 2nd Q invoices since nearly the same amount was billed/paid in December as January with no amount billed on the April 2nd Q statements.

Regarding leasing, Cowboy Chicken had a fully executed lease, but due to delays with landlord work, tenant never took possession and apparently moved on. However, recently, we heard from their tenant rep who has expressed their interest in negotiating a new lease and taking over the 2,800 sf vacant space in building B that Fresh 2 Order recently vacated.

I will send the four current lease files in a separate email.

Please let me know what additional you may need.

| Ownership Entity | Parcel | Type | Acres | Improved Area | Address | |
|---|---|---|---|---|---|---|
| SUGARLOAF CENTRE LLC | R7122 224 | unimproved land | 2.68 | | | |
| SUGARLOAF CENTRE LLC | R7115 062 | bank | 1.19 | 5,858 | | |
| SUGARLOAF CENTRE LLC | R7122 226 | strip shopping center | 4 | 20,320 | | |

4



**Joel Murovitz, LEED AP**
Managing Director – Real Estate & Construction Services
Court Appointed Receiver

Direct: 404.835.8838
Mobile: 404.808.3252
Email: jmurovitz@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com



3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

---

**From:** Ron Glass <rglass@glassratner.com>
**Sent:** Monday, May 6, 2019 4:09 PM
**To:** Carson Good <m.carsongood@gmail.com>
**Cc:** wjones@balch.com; Joel Murovitz <jmurovitz@glassratner.com>
**Subject:** RE: Sugarloaf properties

Carson,
The monthly income is approximately $45,000/month. In addition, to monthly expenses the property pays quarterly association fees, taxes and insurance.

Joel, please have someone send Carson some detail.
Ron



**Ronald L. Glass**
Principal

Direct: 404.835.8830
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com



3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

---

**From:** Carson Good <m.carsongood@gmail.com>
**Sent:** Monday, May 06, 2019 2:22 PM
**To:** Ron Glass <rglass@glassratner.com>
**Cc:** wjones@balch.com; Joel Murovitz <jmurovitz@glassratner.com>
**Subject:** RE: Sugarloaf properties

Ron, what is the income/expense? Without paying debt service, there should be monthly cash flow.

**From:** Ron Glass <rglass@glassratner.com>
**Sent:** Monday, May 06, 2019 11:57 AM
**To:** Carson Good <m.carsongood@gmail.com>
**Cc:** wjones@balch.com; Joel Murovitz <jmurovitz@glassratner.com>
**Subject:** RE: Sugarloaf properties

Carson,
Joel Murovitz will be sending you the financial information. As you may know, there are only 4 tenants paying rent. The remainder is vacant.
Ron



Ronald L. Glass
Principal

Direct: 404.835.8830
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com



3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

---

**From:** Carson Good <m.carsongood@gmail.com>
**Sent:** Saturday, May 04, 2019 11:03 AM
**To:** Ron Glass <rglass@glassratner.com>
**Cc:** wjones@balch.com
**Subject:** Sugarloaf properties

Good morning, Ron. Could you send me information on the various Sugarloaf properties you are managing on behalf of the trust? I have a group who is very interested in purchasing.

- The 2.68 vacant parcel. How are you marketing it? Is it on a website, do you have a flyer or marketing brochure? Do you have an appraisal that would show how much is usable, entitlements, topography, etc?
- The income producing property. Same questions. I'd like the website you are advertising it for lease (and for sale if you are), what are you asking for lease for each of the vacant bays? Can you send me
  - Leases and amendments
  - Any reported tenant sales (particularly marlow's tavern)
  - List of any past due tenants
  - Market studies and appraisals you conducted or ordered, demonstrating tenant demand for vacant spaces, which potential tenants to target, what the competitive shopping centers are being leased for in today's market (comparable actual leases signed in the market, as well as asking rents in the market), any comparison to how our center competes—good and bad—with the other centers, etc
  - Insurance

6

- o  Real estate taxes
- o  Any additional expenses
- o  Marketing brochures, websites, etc
- o  What are you asking for lease on each of the vacant spaces
- o  Any letters of intent or leases in progress
- o  Any tenants asking for concessions?

I'd like to proceed on this as quickly as possible. Thanks so much for your help—Carson

M. Carson Good



<u>One of the 2019 World's Most Ethical Companies®</u>

Jones Lang LaSalle

For more information about how JLL processes your personal data, please click <u>here</u>.

This email is for the use of the intended recipient(s) only. If you have received this email in error, please notify the sender immediately and then delete it. If you are not the intended recipient, you must not keep, use, disclose, copy or distribute this email without the author's prior permission. We have taken precautions to minimize the risk of transmitting software viruses, but we advise you to carry out your own virus checks on any attachment to this message. We cannot accept liability for any loss or damage caused by software viruses. The information contained in this communication may be confidential and may be subject to the attorney-client privilege. If you are the intended recipient and you do not wish to receive similar electronic messages from us in the future then please respond to the sender to this effect.

## CC Schnapp

| | |
|---|---|
| **From:** | Ron Glass <rglass@glassratner.com> |
| **Sent:** | Monday, December 02, 2019 12:17 PM |
| **Subject:** | Updated Contact Information |

[External Email] Please use caution.

Please update my contact information by clicking on the VCard icon below.
I am always available on my cell phone: 404.822.0264.
Take care,
Ron



**Ronald L. Glass**
Principal

Direct: 470.346.6840
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

GLASSRATNER
a B. Riley Financial company
----
3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

BTG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

1

**CC Schnapp**

| | |
|---|---|
| **From:** | Jones, Walter |
| **Sent:** | Friday, September 07, 2018 10:19 AM |
| **To:** | 'Jason Cristal'; 'Ian Ratner' |
| **Subject:** | NCT Systems (Fiduciary Engagment) |
| **Attachments:** | ATLALIB-#265871-v1-Change-Pro_Redline_-_GlassRatner_FIDUCIARY_Engagement_Letter-265870-v1_and_GlassRatner_FIDUCIARY_Engagement_Letter-265870-v2.DOCX; ATLALIB-#265870-v2-GlassRatner_FIDUCIARY_Engagement_Letter.DOCX; Shareholder Written Consent, NCT Aug 18(1).docx |

| | |
|---|---|
| **Importance:** | High |

Ian and Jason:

As a follow up to my discussion with Ian yesterday, our clients Good Gateway, LLC and Carson Good, would like to proceed with engaging GlassRatner to first have Ian appointed as President/CEO of NCT Systems, Inc. and then to serve as manager of Sugarloaf Centre Partners, LLC and Sugarloaf Centre, LLC, assuming we are successful in gaining control of those two entities through a court action. As you will recall, Good Gateway, LLC is the sole shareholder of NCT Systems, Inc., which is a 50% owner of Sugarloaf Centre Partners, LLC, which is the sole member of Sugarloaf Centre, LCC, a chapter 11 debtor and the owner of valuable CRE in Atlanta.

Attached is redline and clean copy of the Engagement Letter you sent over, together with the corporate docs that counsel in Florida prepared concerning NCT Systems. Appointing Ian as President/CEO of NCT Systems is not adversarial considering Carson's entity, Good Gateway, is the sole shareholder. It's the first step in the ultimate action. We need to finalize the appointment as soon as possible because we have to file an Objection to a Motion to Dismiss Sugarloaf Centre's bankruptcy.

Please let me hear from you as soon as possible as to whether (1) you are okay with the revised Engagement Letter and (2) whether you are okay with the corporate docs.

Thanks, as always!

Walt



**BALCH**
& BINGHAM LLP

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

**From:** Jason Cristal [mailto:jcristal@glassratner.com]
**Sent:** Friday, August 10, 2018 4:44 PM
**To:** Jones, Walter
**Subject:** follow up

**[External Email] Please use caution.**

1

Apologies...the day totally got away from me.

Let's talk Monday am...

Jason



**Jason Cristal, CIRA, MAFF**
Managing Director

Direct: 404.835.8877
Mobile: 404.863.6310
Email: jcristal@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

 BTO Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

CC Schnapp

| | |
|---|---|
| **From:** | Jones, Walter |
| **Sent:** | Friday, September 07, 2018 11:33 AM |
| **To:** | 'Jason Cristal'; 'Ian Ratner' |
| **Subject:** | RE: NCT Systems (Fiduciary Engagment) |
| **Attachments:** | ATLALIB-#265879-v1-Change-<br>Pro_Redline_-_GlassRatner_FIDUCIARY_Engagement_Letter-265870-v1<br>_and_GlassRatner_FIDUCIARY_Engagement_Letter-265870-v3.DOCX; ATLALIB-#265870-<br>v3-GlassRatner_FIDUCIARY_Engagement_Letter.DOCX |

Ian and Jason:

I spoke with the client and attached is a revised version of the Engagement Letter that incorporates the information I received. Morgan & Morgan, P.A. will advance all of the costs of the engagement on behalf of Good Gateway, LLC, sole shareholder of NCT Systems. As such, I have added a provision explaining that obligation, added Morgan & Morgan as a signatory, and removed Carson Good individually.

Also, to be consistent with the Consent I forwarded, I note the engagement as President.

Please let me know what revisions or questions you have.

Thanks!

Walt

**BALCH**
**& BINGHAM LLP**

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

**From:** Jones, Walter
**Sent:** Friday, September 07, 2018 10:19 AM
**To:** 'Jason Cristal'; 'Ian Ratner'
**Subject:** NCT Systems (Fiduciary Engagment)
**Importance:** High

Ian and Jason:

As a follow up to my discussion with Ian yesterday, our clients Good Gateway, LLC and Carson Good, would like to proceed with engaging GlassRatner to first have Ian appointed as President/CEO of NCT Systems, Inc. and then to serve as manager of Sugarloaf Centre Partners, LLC and Sugarloaf Centre, LLC, assuming we are successful in gaining control of those two entities through a court action. As you will recall, Good Gateway, LLC is the sole shareholder of NCT Systems, Inc., which is a 50% owner of Sugarloaf Centre Partners, LLC, which is the sole member of Sugarloaf Centre, LCC, a chapter 11 debtor and the owner of valuable CRE in Atlanta.

Attached is redline and clean copy of the Engagement Letter you sent over, together with the corporate docs that counsel in Florida prepared concerning NCT Systems. Appointing Ian as President/CEO of NCT Systems is not adversarial

1

considering Carson's entity, Good Gateway, is the sole shareholder. It's the first step in the ultimate action. We need to finalize the appointment as soon as possible because we have to file an Objection to a Motion to Dismiss Sugarloaf Centre's bankruptcy.

Please let me hear from you as soon as possible as to whether (1) you are okay with the revised Engagement Letter and (2) whether you are okay with the corporate docs.

Thanks, as always!

Walt

**BALCH**
& BINGHAM LLP

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

**From:** Jason Cristal [mailto:jcristal@glassratner.com]
**Sent:** Friday, August 10, 2018 4:44 PM
**To:** Jones, Walter
**Subject:** follow up

**[External Email] Please use caution.**

Apologies...the day totally got away from me.

Let's talk Monday am...

Jason



**Jason Cristal, CIRA, MAFF**
Managing Director

Direct: 404.835.8877
Mobile: 404.863.6310
Email: jcristal@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com



3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

2

CC Schnapp

**From:** Jones, Walter
**Sent:** Friday, September 07, 2018 12:11 PM
**To:** 'Jason Cristal'; 'Ian Ratner'
**Subject:** RE: NCT Systems (Fiduciary Engagment)
**Attachments:** ATLALIB-#265870-v3-GlassRatner_FIDUCIARY_Engagement_Letter.DOCX

Updated version of letter attached with address. Thanks!



Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

**From:** Jones, Walter
**Sent:** Friday, September 07, 2018 11:33 AM
**To:** 'Jason Cristal'; 'Ian Ratner'
**Subject:** RE: NCT Systems (Fiduciary Engagment)

Ian and Jason:

I spoke with the client and attached is a revised version of the Engagement Letter that incorporates the information I received. Morgan & Morgan, P.A. will advance all of the costs of the engagement on behalf of Good Gateway, LLC, sole shareholder of NCT Systems. As such, I have added a provision explaining that obligation, added Morgan & Morgan as a signatory, and removed Carson Good individually.

Also, to be consistent with the Consent I forwarded, I note the engagement as President.

Please let me know what revisions or questions you have.

Thanks!

Walt



Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

**From:** Jones, Walter
**Sent:** Friday, September 07, 2018 10:19 AM
**To:** 'Jason Cristal'; 'Ian Ratner'
**Subject:** NCT Systems (Fiduciary Engagment)
**Importance:** High

Ian and Jason:

1

As a follow up to my discussion with Ian yesterday, our clients Good Gateway, LLC and Carson Good, would like to proceed with engaging GlassRatner to first have Ian appointed as President/CEO of NCT Systems, Inc. and then to serve as manager of Sugarloaf Centre Partners, LLC and Sugarloaf Centre, LLC, assuming we are successful in gaining control of those two entities through a court action. As you will recall, Good Gateway, LLC is the sole shareholder of NCT Systems, Inc.; which is a 50% owner of Sugarloaf Centre Partners, LLC, which is the sole member of Sugarloaf Centre, LCC, a chapter 11 debtor and the owner of valuable CRE in Atlanta.

Attached is redline and clean copy of the Engagement Letter you sent over, together with the corporate docs that counsel in Florida prepared concerning NCT Systems. Appointing Ian as President/CEO of NCT Systems is not adversarial considering Carson's entity, Good Gateway, is the sole shareholder. It's the first step in the ultimate action. We need to finalize the appointment as soon as possible because we have to file an Objection to a Motion to Dismiss Sugarloaf Centre's bankruptcy.

Please let me hear from you as soon as possible as to whether (1) you are okay with the revised Engagement Letter and (2) whether you are okay with the corporate docs.

Thanks, as always!

Walt

**BALCH**
& BINGHAM LLP

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

---

**From:** Jason Cristal [mailto:jcristal@glassratner.com]
**Sent:** Friday, August 10, 2018 4:44 PM
**To:** Jones, Walter
**Subject:** follow up

**[External Email] Please use caution.**

Apologies...the day totally got away from me.

Let's talk Monday am...

Jason



**Jason Cristal, CIRA, MAFF**
Managing Director

Direct: 404.835.8877
Mobile: 404.863.6310
Email: jcristal@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

GLASSRATNER
a B. Riley Financial company
----
3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

BTG Global Advisory

2

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

3

**CC Schnapp**

| | |
|---|---|
| **From:** | CTownsend@ForThePeople.com |
| **Sent:** | Monday, September 10, 2018 2:06 PM |
| **To:** | Jones, Walter; Retherford, Jeremy; Alexander, Austin |
| **Subject:** | Fwd: *EXT* FW: Scan from a Xerox Color |
| **Attachments:** | img-910112533-0001.pdf; ATT00001.htm |

[External Email] Please use caution.

Sent from my iPhone

Clay Townsend
Attorney
My Bio

P: 4074182075
F: 4072453346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801

[x]

[x] [x] [x] [x]

Begin forwarded message:

> **From:** Carson Good <m.carsongood@gmail.com>
> **Date:** September 10, 2018 at 8:27:36 AM PDT
> **To:** <CTownsend@ForThePeople.com>
> **Subject:** *EXT* FW: Scan from a Xerox Color

> -----Original Message-----
> **From:** Color 560 [mailto:Xerox_560@am.jll.com]
> **Sent:** Monday, September 10, 2018 11:26 AM
> **To:** Good, Carson <Carson.Good@am.jll.com>
> **Subject:** Scan from a Xerox Color

> Please open the attached document. It was scanned and sent to you using a
> Xerox Color.

> Number of Images: 6
> Attachment File Type: PDF

1

Device Name: Color 560
Device Location:

For more information on Xerox products and solutions, please visit
http://www.xerox.com/

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to
which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure
or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy
all copies of the original message. Thank you.

2

**CC Schnapp**

| | |
|---|---|
| **From:** | CTownsend@ForThePeople.com |
| **Sent:** | Monday, September 10, 2018 2:06 PM |
| **To:** | Jones, Walter; Retherford, Jeremy; Alexander, Austin |
| **Subject:** | Fwd: *EXT* FW: Scan from a Xerox Color |
| **Attachments:** | img-910112533-0001.pdf; ATT00001.htm |

[External Email] Please use caution.

Sent from my iPhone

**Clay Townsend**
Attorney
My Bio

P: 4074182075
F: 4072453346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801



Begin forwarded message:

> **From:** Carson Good <m.carsongood@gmail.com>
> **Date:** September 10, 2018 at 8:27:36 AM PDT
> **To:** <CTownsend@ForThePeople.com>
> **Subject:** *EXT* FW: Scan from a Xerox Color
>
>
> -----Original Message-----
> **From:** Color 560 [mailto:Xerox_560@am.jll.com]
> **Sent:** Monday, September 10, 2018 11:26 AM
> **To:** Good, Carson <Carson.Good@am.jll.com>
> **Subject:** Scan from a Xerox Color
>
> Please open the attached document. It was scanned and sent to you using a
> Xerox Color.
>
> Number of Images: 6
> Attachment File Type: PDF

Device Name: Color 560
Device Location:

For more information on Xerox products and solutions, please visit
http://www.xerox.com/

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to
which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure
or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy
all copies of the original message. Thank you.

2





**Ronald L. Glass**
Principal
Direct: 404.835.8838
Mobile: 404.822.0254
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com
BTG Global Advisory

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete the message and all copies and backups thereof. Thank you.

**From:** Carson Good <m.carsongood@gmail.com>
**Sent:** Saturday, May 04, 2019 11:03 AM
**To:** Ron Glass <rglass@glassratner.com>
**Cc:** wjones@balch.com
**Subject:** Sugarloaf properties

Good morning, Ron. Could you send me information on the various Sugarloaf properties you are managing on behalf of the trust? I have a group who is very interested in purchasing.

- The 2.68 vacant parcel. How are you marketing it? Is it on a website, do you have a flyer or marketing brochure? Do you have an appraisal that would show how much is usable, entitlements, topography, etc?
- The income producing property. Same questions. I'd like the website you are advertising it for lease (and for sale if you are), what are you asking for lease for each of the vacant bays? Can you send me
  - Leases and amendments
  - Any reported tenant sales (particularly marlow's tavern)
  - List of any past due tenants
  - Market studies and appraisals you conducted or ordered, demonstrating tenant demand for vacant spaces, which potential tenants to target, what the competitive shopping centers are being leased for in today's market (comparable actual leases signed in the market, as well as asking rents in the market), any comparison to how our center competes—good and bad—with the other centers, etc
  - Insurance
  - Real estate taxes
  - Any additional expenses
  - Marketing brochures, websites, etc
  - What are you asking for lease on each of the vacant spaces
  - Any letters of intent or leases in progress
  - Any tenants asking for concessions?

  I'd like to proceed on this as quickly as possible. Thanks so much for your help—Carson

  M. Carson Good

One of the 2019 World's Most Ethical Companies®

Jones Lang LaSalle

For more information about how JLL processes your personal data, please click here.

This email is for the use of the intended recipient(s) only. If you have received this email in error, please notify the sender immediately and then delete it. If you are not the intended recipient, you must not keep, use, disclose, copy or distribute this email without the author's prior permission. We have taken precautions to



**Joel Murovitz, LEED AP**
Managing Director – Real Estate & Construction Services
Court Appointed Receiver
Direct: 404.835.8838
Mobile: 404.808.3252
Email: jmurovitz@glassratner.com
VCard | Linkedin | www.GlassRatner.com | www.brileyfin.com
BTG Global Advisory

**GLASSRATNER**
a B. Riley Financial company

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Ron Glass <rglass@glassratner.com>
**Sent:** Monday, May 6, 2019 4:09 PM
**To:** Carson Good <m.carsongood@gmail.com>
**Cc:** wjones@balch.com; Joel Murovitz <jmurovitz@glassratner.com>
**Subject:** RE: Sugarloaf properties

Carson,

The monthly income is approximately $45,000/month. In addition, to monthly expenses the property pays quarterly association fees, taxes and insurance.

Joel, please have someone send Carson some detail.

Ron



**Ronald L. Glass**
Principal
Direct: 404.835.8830
Mobile: 404.822.0254
Email: rglass@glassratner.com
VCard | Linkedin | www.GlassRatner.com | www.brileyfin.com
BTG Global Advisory

**GLASSRATNER**
a B. Riley Financial company

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Carson Good <m.carsongood@gmail.com>
**Sent:** Monday, May 06, 2019 2:22 PM
**To:** Ron Glass <rglass@glassratner.com>
**Cc:** wjones@balch.com; Joel Murovitz <jmurovitz@glassratner.com>
**Subject:** RE: Sugarloaf properties

Ron, what is the income/expense? Without paying debt service, there should be monthly cash flow.

**From:** Ron Glass <rglass@glassratner.com>
**Sent:** Monday, May 06, 2019 11:57 AM
**To:** Carson Good <m.carsongood@gmail.com>
**Cc:** wjones@balch.com; Joel Murovitz <jmurovitz@glassratner.com>
**Subject:** RE: Sugarloaf properties

Carson,

Joel Murovitz will be sending you the financial information. As you may know, there are only 4 tenants paying rent. The remainder is vacant.

Ron

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326



NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all attachments. Thank you.

**From:** Carson Good <m.carsongood@gmail.com>
**Sent:** Tuesday, May 7, 2019 9:36 AM
**To:** Joel Murovitz <jmurovitz@glassratner.com>; Ron Glass <rglass@glassratner.com>
**Cc:** wjones@balch.com
**Subject:** RE: Sugarloaf properties

So where is the vacant land that is under contract?

**From:** Joel Murovitz <jmurovitz@glassratner.com>
**Sent:** Monday, May 06, 2019 5:09 PM
**To:** Ron Glass <rglass@glassratner.com>; Carson Good <m.carsongood@gmail.com>
**Cc:** wjones@balch.com
**Subject:** RE: Sugarloaf properties

Hi Carson,

I have attached a rent roll, surveys of all 3 parcels and the table below summarizes the property taxes. Landscaping runs $600/mo, water ~ $1,600/mo, trash ~ $2,500/mo, lighting is ~$2,700, quarterly alarm monitoring ~$90/quarter and phone lines for panels ~$220/mo. Insurance for 2019 totaled just under $19,600 and this year's Association dues are as follows: multi-tenant retail = $4,359.08/quarter plus ~$1,000 electrical reimbursement (only billed 1x so far in 2019), bank parcel = $2995.35/quarter, undeveloped/vacant parcel = $2,246.04/quarter. I am awaiting a response from the association as to why electrical wasn't billed on the 2nd Q invoices since nearly the same amount was billed/paid in December as January with no amount billed on the April 2nd Q statements.

Regarding leasing, Cowboy Chicken had a fully executed lease, but due to delays with landlord work, tenant never took possession and apparently moved on. However, recently, we heard from their tenant rep who has expressed their interest in negotiating a new lease and taking over the 2,800 sf vacant space in building B that Fresh 2 Order recently vacated.

I will send the four current lease files in a separate email.

Please let me know what additional you may need.

| Ownership Entity | Parcel | Type | Acres | Improved Area | Address | |
|---|---|---|---|---|---|---|
| SUGARLOAF CENTRE LLC | R7122 224 | unimproved land | 2.68 | | | |
| SUGARLOAF CENTRE LLC | R7115 062 | bank | 1.19 | 5,858 | | |
| SUGARLOAF CENTRE LLC | R7122 226 | strip shopping center | 4 | 20,320 | | |



**Ronald L. Glass**
Principal
Direct: 404.835.8830
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com
BTG Global Advisory

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Carson Good <m.carsongood@gmail.com>
**Sent:** Monday, May 13, 2019 12:05 AM
**To:** Ron Glass <rglass@glassratner.com>
**Cc:** Joel Murovitz <jmurovitz@glassratner.com>; wjones@balch.com
**Subject:** Re: Sugarloaf properties

Ok. I'll call you at 10. Thanks

On Sun, May 12, 2019 at 11:51 PM Ron Glass <rglass@glassratner.com> wrote:

I should be in my office from 10:00 until 5:00.



**Ronald L. Glass**
Principal
Direct: 404.835.8830
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com
BTG Global Advisory

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Carson Good <m.carsongood@gmail.com>
**Sent:** Sunday, May 12, 2019 11:49 PM
**To:** Joel Murovitz <jmurovitz@glassratner.com>
**Cc:** Ron Glass <rglass@glassratner.com>; wjones@balch.com
**Subject:** Re: Sugarloaf properties

How can I reach you guys? I called on Thursday and left a voice message. Love to speak

On Tue, May 7, 2019 at 11:31 AM Joel Murovitz <jmurovitz@glassratner.com> wrote:

See attached tax map with aerials to give you an idea. The 3 pins correspond to the 3 parcels



**Joel Murovitz**, LEED AP
Managing Director – Real Estate & Construction Services
Court Appointed Receiver
Direct: 404.835.8838
Mobile: 404.808.9252
Email: jmurovitz@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com
BTG Global Advisory



**From:** JR Patel <jay@jmsfamilylp.com>
**Sent:** Sunday, September 22, 2019 10:45 AM
**To:** dmenchise@verizon.net; Lara R. Fernandez <LFernandez@trenam.com>
**Cc:** Sonial Patel <sonia@jmsfamilylp.com>
**Subject:** Nilhan Financial, LLC – purchase offer

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you know the content is safe.

Dear Mr. Menchise & Ms. Fernandez:

I represent JMS Family LP, an investment fund focused on distressed commercial real estate investments and development. I understand you both act as Attorney for Trustee in the Nilhan Financial, LLC bankruptcy.

I am very interested in acquiring certain assets of the estate, specifically the properties located in Duluth, GA. Attached is a recorded $5MM mortgage secured by the properties at (i) 1964 Sugarloaf Parkway, Duluth, GA, (ii) 1966 Sugarloaf Parkway, Duluth, GA, and (iii) 1958 Sugarloaf Parkway, Duluth, GA.

Would you entertain a purchase of the $5MM mortgage? If so, please advise on next steps and I will prepare an LOI for your consideration.

Regards,
Jay



Jay Patel
Principal
Phone: 678-468-4253
Email: Jay@JMSFamilyLP.com

*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and all obligor(s)/all the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

## CC Schnapp

| | |
|---|---|
| **From:** | Ron Glass <rglass@glassratner.com> |
| **Sent:** | Thursday, June 13, 2019 2:16 PM |
| **To:** | Good, Carson |
| **Cc:** | Joel Murovitz; Jones, Walter |
| **Subject:** | Re: Sugarloaf properties |

[External Email] Please use caution.

Carson,
I am in Washington DC. Returning tomorrow evening.
Sorry,
Ron

Sent via the Samsung Galaxy S® 6, an AT&T 4G LTE smartphone

------ Original message ------
From: "Good, Carson"
Date: 6/13/19 1:33 PM (GMT-05:00)
To: Ron Glass
Cc: Joel Murovitz , wjones@balch.com
Subject: RE: Sugarloaf properties

Ron, late notice I realize, but it looks like I'm going to be stranded in Atlanta this afternoon and not able to
make my connecting flight to Ohio for a dinner engagement.
So its short notice, but might you have any time to meet with me late this afternoon/evening, or for breakfast
tomorrow?
From: Carson Good
Sent: Monday, May 13, 2019 9:31 AM
To: Ron Glass
Cc: Joel Murovitz ; wjones@balch.com
Subject: Re: Sugarloaf properties
Yes.
On Mon, May 13, 2019 at 8:55 AM Ron Glass <rglass@glassratner.com> wrote:

Carson,
I have another meeting at 9:00. Will 10:30 work?
Ron

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you know the content is safe.

Hi Lara,

Please see attached our $625,000 offer to purchase the first mortgage loan from the FL bankruptcy estate of Nilhan Financial, LLC.

Separately, I understand the loan's borrower Nilhan Hospitality, LLC is involved in a GA bankruptcy and our offer is reflective of this litigation and collateral value at $175,000/acre. Let me know if you have any questions and we may discuss further.

Regards,
Jay



Jay Patel
Principal
Phone: 678-468-4253
Email: Jay@IMSFamilyLP.com

The contents of this email are the property of IMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until IMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by IMS Family LP and all obligors/all the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

**From:** Lara R. Fernandez <LFernandez@trenam.com>
**Sent:** Tuesday, September 24, 2019 11:48 AM
**To:** JR Patel <jay@imsfamilylp.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@imsfamilylp.com>
**Subject:** RE: Nilhan Financial, LLC - purchase offer

Thank you for your inquiry. We would entertain a purchase of the mortgage. Please go ahead and provide us with your offer so we can analyze it. All sales would be disclosed and go through a formal process with the bankruptcy court.

Thank you. Look forward to your response.

Lara

 

**LARA R. FERNANDEZ**
Board Certified - Business Bankruptcy Law
Dir: 813-227-7404 | Fax: 813-227-0404 | email | vcard | bio

101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-223-7474 | www.trenam.com

Confidentiality Notice: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

I just received title on this property and it appears there is a large judgement recorded before the mortgage loan, essentially making the loan worthless. How may I submit a bid to acquire the fee-simple interest in the property? Please let me know if you have some time mid-late next week to discuss.

Thanks,
Jay



Jay Patel
Principal
Phone: 678-468-4253
Email: jay@JMSFamilyLP.com

*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement in modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and all obligors/all the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

---

**From:** Lara R. Fernandez <LFernandez@trenam.com>
**Sent:** Friday, September 27, 2019 1:08 PM
**To:** JR Patel <jay@jmsfamilyip.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilyip.com>
**Subject:** RE: Nilhan Financial, LLC - purchase offer

Jay, thank you for the proposal. I will speak with the Trustee and let you know. It may not be until the week after next as I am out of the office for the majority of next week.
Thank you.

Lara

   

**LARA R. FERNANDEZ**
Board Certified - Business Bankruptcy Law
Dir: 813-227-7404 | Fax: 813-227-0404 | email | vcard | bio
101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-223-7474 | www.trenam.com

Confidentiality Notice: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

---

**From:** JR Patel <jay@jmsfamilyip.com>
**Sent:** Tuesday, September 24, 2019 3:04 PM
**To:** Lara R. Fernandez <LFernandez@trenam.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilyip.com>
**Subject:** RE: Nilhan Financial, LLC - purchase offer



Jay Patel
Principal
Phone: 678-468-4253
Email: Jay@JMSfamilyLP.com

*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender, the not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/s) the other parties to be bound have reached agreement on all terms, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and the obligor(s)/at the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

**From:** Lara R. Fernandez <LFernandez@trenam.com>
**Sent:** Thursday, October 10, 2019 9:38 PM
**To:** JR Patel <jay@jmsfamilylp.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilylp.com>
**Subject:** RE: Nilhan Financial, LLC – purchase offer

Thank you for the information. I would need to see all of the recorded documents in order to assess the priority of the various liens. In any event, I could speak to you mid-next week. I'll be out of town towards the end of the week. Could the person who gave you the report give you the back up and then could you send it to me?

Lara



**LARA R. FERNANDEZ**
Board Certified – Business Bankruptcy Law
Dir: 813-227-7404 | Fax: 813-227-0404 | email | vcard | bio

101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-223-7474 | www.trenam.com

Confidentiality Notice: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** JR Patel [mailto:jay@jmsfamilylp.com]
**Sent:** Thursday, October 10, 2019 4:16 PM
**To:** Lara R. Fernandez; dmenchise@verizon.net
**Cc:** Sonial Patel
**Subject:** RE: Nilhan Financial, LLC – purchase offer



CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you know the content is safe.

Hi Lara,



101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-223-7474 | www.trenam.com

Confidentiality Notice: This e-mail transmission, and any document, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

From: JR Patel [mailto:jay@jmsfamilyvip.com]
Sent: Tuesday, October 15, 2019 10:30 AM
To: Lara R. Fernandez; dmenchise@verizon.net
Cc: Sonial Patel; Raj Patel
Subject: RE: Nilhan Financial, LLC - purchase offer

> *[highlighted/redacted banner — illegible]*

Hi Lara,

Attached are the exhibits to title. I look forward to discussing after your review.

Thanks,
Jay

**JMS**
**FAMILY**

Jay Patel
Principal
Phone: 678-468-4253
Email: Jay@JMSFamilyLP.com

*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such written agreement shall have been reduced to a written statement that is duly executed by JMS Family LP and all obligors/all the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

From: JR Patel
Sent: Tuesday, October 15, 2019 10:08 AM
To: 'Lara R. Fernandez' <LFernandez@trenam.com>; dmenchise@verizon.net
Cc: Sonial Patel <sonial@jmsfamilyvip.com>; Raj Patel <raj@jmsfamilyvip.com>
Subject: RE: Nilhan Financial, LLC – purchase offer

Please see attached. Let me know if you have time later this week to discuss.

Regards,
Jay

copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** JR Patel <jay@jmsfamilylp.com>
**Sent:** Monday, November 25, 2019 10:57 AM
**To:** Lara R. Fernandez <LFernandez@trenam.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilylp.com>; Raj Patel <raj@jmsfamilylp.com>
**Subject:** RE: Nilhan Financial, LLC – purchase offer

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you know the content is safe.

Hi Lara,

Just following up on this. Are you available to discuss a sale of the Nilhan Financial – Nilhan Hospitality property? We would purchase the 3.57 acres of raw land for $625,000, and would also purchase the adjacent retail center Sugarloaf Centre, LLC for $2,500,000. Please advise next steps and process.

Thanks,
Jay



Jay Patel
Principal
Phone: 678-468-4293
Email: Jay@JMSFamilyLP.com

*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither this matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and to other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and all subject/all the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

**From:** Lara R. Fernandez <LFernandez@trenam.com>
**Sent:** Tuesday, October 15, 2019 9:24 PM
**To:** JR Patel <jay@jmsfamilylp.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilylp.com>; Raj Patel <raj@jmsfamilylp.com>
**Subject:** RE: Nilhan Financial, LLC – purchase offer

Thank you. I will discuss with the Trustee, Doug Menchise. We believe that we have a valid lien on the property.

Lara

 LARA R. FERNANDEZ
Board Certified – Business Bankruptcy Law
Dir: 813-227-7404 | Fax: 813-227-0404 | email | vcard | bio



**From:** JR Patel [mailto:jay@imsfamilyip.com]
**Sent:** Saturday, December 07, 2019 6:02 PM
**To:** Lara R. Fernandez; dmenchise@verizon.net; Damien Prosser x5291; Benjamin Webster x5228; Cley Townsend x5033; Jennie Santos x5031
**Cc:** A Todd Almassian; Michael Almassian; Raj Patel; Sonial Patel
**Subject:** *EXT* RE: Nilhan Financial, LLC - purchase offer

Hi Lara,

Any update? I have since engaged counsel with the Almassian Firm and ready to close this transaction before year-end all-cash. Also, attaching LOI's sent to Morgan + Morgan as largest creditor for Sugarloaf Centre, LLC and Nilhan Hospitality, LLC / Nilhan Financial, LLC. Hopefully, you may approve these purchases under your powers of sale for the various estates.

Please see attached.

Jay



Jay Patel
Principal
Phone: 678-468-4253
Email: Jay@IMSFamilyLP.com

*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and all obligors/all the other parties to be bound. Oral agreements, emails, memorandum of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

**From:** Lara R. Fernandez <LFernandez@trenam.com>
**Sent:** Tuesday, November 26, 2019 12:14 PM
**To:** JR Patel <jay@imsfamilyip.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@imsfamilyip.com>; Raj Patel <raj@imsfamilyip.com>
**Subject:** RE: Nilhan Financial, LLC - purchase offer

Jay, thanks for the inquiry. I will discuss this after the Thanksgiving holiday with the Trustee and other parties who are involved.
Lara

    **LARA R. FERNANDEZ**
Board Certified – Business Bankruptcy Law
Dir: 813-227-7404 | Fax: 813-227-0404 | email | vcard | bio
101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-223-7474 | www.trenam.com

Confidentiality Notice: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure,

12

**CC Schnapp**

| | |
|---|---|
| From: | Ron Glass <rglass@glassratner.com> |
| Sent: | Monday, December 09, 2019 10:44 PM |
| To: | CTownsend@ForThePeople.com; Frank W. DeBorde (fwd@mmmlaw.com); lwolgast@mmmlaw.com |
| Cc: | Jones, Walter; Lfernandez@trenam.com |
| Subject: | RE: Nilhan Financial, LLC - purchase offer |

**[External Email] Please use caution.**

Clay,

I received an offer a few weeks ago with a purchase price of $3,450,000 from an Atlanta based owner operator. They has completed due diligence.

If the Judge allows me to engage a broker, I plan on allowing this offer to be the "stalking horse" for the sale.

Ron



**Ronald L. Glass**
Principal

Direct: 470.346.6840
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

BRG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

From: CTownsend@ForThePeople.com
Sent: Monday, December 09, 2019 11:37 AM
To: Frank W. DeBorde (fwd@mmmlaw.com); lwolgast@mmmlaw.com; Ron Glass
Cc: Jones, Walter [wjones@balch.com]; Lfernandez@trenam.com
Subject: FW: Nilhan Financial, LLC - purchase offer

**Clay Townsend**
Attorney
My Bio

P: (407) 418-2075
F: (407) 245-3346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801



1

From: JR Patel <jay@jmsfamilylp.com>
Sent: Sunday, September 22, 2019 10:45 AM
To: dmenchise@verizon.net; Lara R. Fernandez <LFernandez@trenam.com>
Cc: Sonial Patel <sonial@jmsfamilylp.com>
Subject: Nilhan Financial, LLC - purchase offer

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless
> you know the content is safe.

Dear Mr. Menchise & Ms. Fernandez:

I represent JMS Family LP, an investment fund focused on distressed commercial real estate investments and development. I understand you both act as Attorney for Trustee in the Nilhan Financial, LLC bankruptcy.

I am very interested in acquiring certain assets of the estate, specifically the properties located in Duluth, GA. Attached is a recorded $5MM mortgage secured by the properties at (i) 1964 Sugarloaf Parkway, Duluth, GA, (ii) 1966 Sugarloaf Parkway, Duluth, GA, and (iii) 1968 Sugarloaf Parkway, Duluth, GA.

Would you entertain a purchase of the $5MM mortgage? If so, please advise on next steps and i will prepare an LOI for your consideration.

Regards,
Jay



Jay Patel
Principal
Phone: 678-468-4253
Email: Jay@JMSFamilyLP.com

*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding up any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and all obligors/all the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

 101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-223-7474 | www.trenam.com

Confidentiality Notice: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** JR Patel <jay@imsfamilylp.com>
**Sent:** Tuesday, September 24, 2019 3:04 PM
**To:** Lara R. Fernandez <LFernandez@trenam.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@imsfamilylp.com>
**Subject:** RE: Nilhan Financial, LLC – purchase offer

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you know the content is safe.

Hi Lara,

Please see attached our $825,000 offer to purchase the first mortgage loan from the FL bankruptcy estate of Nilhan Financial, LLC.

Separately, I understand the loan's borrower Nilhan Hospitality, LLC is involved in a GA bankruptcy and our offer is reflective of this litigation and collateral value at $175,000/acre. Let me know if you have any questions and we may discuss further.

Regards,
Jay



Jay Patel
Principal
Phone: 678-468-4253
Email: Jay@IMSFamilyLP.com

*The contents of this email are the property of IMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitute a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until IMS Family LP and obligor(s) of the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by IMS Family LP and all obligees/all the other parties to be bound. That agreements, emails, memoranda of meetings, statements of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

**From:** Lara R. Fernandez <LFernandez@trenam.com>
**Sent:** Tuesday, September 24, 2019 11:48 AM
**To:** JR Patel <jay@imsfamilylp.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@imsfamilylp.com>
**Subject:** RE: Nilhan Financial, LLC – purchase offer

Thank you for your inquiry. We would entertain a purchase of the mortgage. Please go ahead and provide us with your offer so we can analyze it. All sales would be disclosed and go through a formal process with the bankruptcy court.

Thank you. Look forward to your response.

Lara

**LARA R. FERNANDEZ**
Board Certified - Business Bankruptcy Law
Dir: 813-227-7404 | Fax: 813-227-0404 | email | vcard | bio
101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-223-7474 | www.trenam.com

Confidentiality Notice: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

Thank you for the information. I would need to see all of the recorded documents in order to assess the priority of the various liens. In any event, I could speak to you mid-next week. I'll be out of town towards the end of the week. Could the person who gave you the report give you the back up and then could you send it to me?

Lara



**LARA R. FERNANDEZ**
Board Certified - Business Bankruptcy Law
Dir: 813-227-7404 | Fax: 813-227-0404 | email | vcard | bio



101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-229-7474 | www.trenam.com

Confidentiality Notice: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** JR Patel [mailto:jay@jmsfamilylp.com]
**Sent:** Thursday, October 10, 2019 4:16 PM
**To:** Lara R. Fernandez; dmenchise@verizon.net
**Cc:** Sonial Patel
**Subject:** RE: Nilhan Financial, LLC - purchase offer

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you know the content is safe.

Hi Lara,

I just received title on this property and it appears there is a large judgement recorded before the mortgage loan, essentially making the loan worthless. How may I submit a bid to acquire the fee-simple interest in the property? Please let me know if you have some time mid-late next week to discuss.

Thanks,
Jay



**Jay Patel**
Principal
Phone: 678-468-4253
Email: jay@JMSFamilyLP.com

*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and all obligor/all the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

**From:** Lara R. Fernandez <LFernandez@trenam.com>
**Sent:** Friday, September 27, 2019 1:03 PM
**To:** JR Patel <jay@jmsfamilylp.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilylp.com>
**Subject:** RE: Nilhan Financial, LLC - purchase offer

Jay, thank you for the proposal. I will speak with the Trustee and will let you know. It may not be until the week after next as I am out of the office for the majority of next week.

Thank you.
Lara



**LARA R. FERNANDEZ**
Board Certified - Business Bankruptcy Law
Dir: 813-227-7404 | Fax: 813-227-0404 | email | vcard | bio

Confidentiality Notice: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** JR Patel [mailto:jay@jmsfamilyip.com]
**Sent:** Tuesday, October 15, 2019 10:30 AM
**To:** Lara R. Fernandez; dmenchise@verizon.net
**Cc:** Sonial Patel; Raj Patel
**Subject:** RE: Nilhan Financial, LLC - purchase offer

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you know the content is safe.

Hi Lara,
Attached are the exhibits to title. I look forward to discussing after your review.
Thanks,
Jay



Jay Patel
Principal
Phone: 678-468-4253
Email: Jay@JMSFamilyLP.com
*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and all obligors/all the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

**From:** JR Patel
**Sent:** Tuesday, October 15, 2019 10:08 AM
**To:** 'Lara R. Fernandez' <LFernandez@trenam.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilyip.com>; Raj Patel <raj@jmsfamilyip.com>
**Subject:** RE: Nilhan Financial, LLC - purchase offer

Please see attached. Let me know if you have time later this week to discuss.
Regards,
Jay



Jay Patel
Principal
Phone: 678-468-4253
Email: Jay@JMSFamilyLP.com
*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and all obligors/all the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

**From:** Lara R. Fernandez <LFernandez@trenam.com>
**Sent:** Thursday, October 10, 2019 9:38 PM
**To:** JR Patel <jay@jmsfamilyip.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@jmsfamilyip.com>
**Subject:** RE: Nilhan Financial, LLC - purchase offer

**To:** JR Patel <jay@imsfamilyip.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@imsfamilyip.com>; Raj Patel <raj@imsfamilyip.com>
**Subject:** RE: Nilhan Financial, LLC - purchase offer

Jay, thanks for the inquiry. I will discuss this after the Thanksgiving holiday with the Trustee and other parties who are involved.

Lara



**LARA R. FERNANDEZ**
Board Certified - Business Bankruptcy Law
Dir: 813-227-7404 | Fax: 813-227-0404 | email | vcard | bio
101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-223-7474 | www.trenam.com

Confidentiality Notice: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at the direct dial number above and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** JR Patel <jay@imsfamilyip.com>
**Sent:** Monday, November 25, 2019 10:57 AM
**To:** Lara R. Fernandez <LFernandez@trenam.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@imsfamilyip.com>; Raj Patel <raj@imsfamilyip.com>
**Subject:** RE: Nilhan Financial, LLC - purchase offer



Hi Lara,

Just following up on this. Are you available to discuss a sale of the Nilhan Financial — Nilhan Hospitality property? We would purchase the 3.57 acres of raw land for $625,000, and would also purchase the adjacent retail center Sugarloaf Centre, LLC for $2,500,000. Please advise next steps and process.

Thanks,
Jay



Jay Patel
Principal
Phone: 678-468-4253
Email: jay@IMSFamilyLP.com
*The contents of this email are the property of IMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the contents contemplated by this communication, nor any discussions with subject(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until IMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by IMS Family LP and all obligor(s)/the other parties to be bound. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

**From:** Lara R. Fernandez <LFernandez@trenam.com>
**Sent:** Tuesday, October 15, 2019 9:24 PM
**To:** JR Patel <jay@imsfamilyip.com>; dmenchise@verizon.net
**Cc:** Sonial Patel <sonial@imsfamilyip.com>; Raj Patel <raj@imsfamilyip.com>
**Subject:** RE: Nilhan Financial, LLC - purchase offer

Thank you. I will discuss with the Trustee, Doug Menchise. We believe that we have a valid lien on the property.

Lara



**LARA R. FERNANDEZ**
Board Certified - Business Bankruptcy Law
Dir: 813-227-7404 | Fax: 813-227-0404 | email | vcard | bio
101 East Kennedy Boulevard, Suite 2700, Tampa, FL 33602
Main: 813-223-7474 | www.trenam.com

Cc: A Todd Almassian ; Michael Almassian ; Raj Patel ; Sonial Patel ; 'Jones, Walter' (wjones@botch.com)
Subject: RE: Nilhan Financial, LLC - purchase offer

CAUTION: External Email.

Good morning Jay,

I have forwarded your LOI's to the trustees and we have been in touch. As for closing a transaction before year end, I wanted to make you and your counsel aware that both trustees' counsel may provide you with what steps would be necessary to complete a transaction( i.e. court approvals). Please note that there is a hearing set in Atlanta for January 16, 2020 related to employing a broker for Sugarloaf, and Mr. Thakkar's renewed attempt to have Sugarloaf dismissed( he has made several similar motions in the past which have been denied).

I would encourage you to contact both trustees' counsel as soon as is convenient and we look forward to working with you.

Thank you,

Clay

Clay Townsend
Attorney
My Bio

P: (407) 418-2075
F: (407) 245-3346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801



---

From: JR Patel [mailto:Jay@Jmsfamilylp.com]
Sent: Saturday, December 07, 2019 6:02 PM
To: Lara R. Fernandez; dmenchise@verizon.net; Damien Prosser x5291; Benjamin Webster x5228; Clay Townsend x5033; Jonnie Santos x5031
Cc: A Todd Almassian; Michael Almassian; Raj Patel; Sonial Patel
Subject: *EXT* RE: Nilhan Financial, LLC - purchase offer

Hi Lara,

Any update? I have since engaged counsel with the Almassian Firm and ready to close this transaction before year-end all-cash. Also, attaching LOI's sent to Morgan + Morgan as largest creditor for Sugarloaf Centre, LLC and Nilhan Hospitality, LLC / Nilhan Financial, LLC. Hopefully, you may approve these purchases under your powers of sale for the various estates.

Please see attached.

Jay

JMS
FAMILY LP

Jay Patel
Principal
Phone: 678-468-4253
Email: Jay@JMSFamilyLP.com

*The contents of this email are the property of JMS Family LP. If this email was not addressed to you, you have no legal right to read it. If you think you received it in error, please notify the sender. Do not forward or copy without permission of the sender. Neither the matters contemplated by this communication, nor any discussions with obligor(s) and/or its representatives constitutes a binding agreement to modify any loan documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on any party unless and until JMS Family LP and obligor(s)/all the other parties to be bound have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that is duly executed by JMS Family LP and all obligors/all the other parties to be bound. Oral agreement, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on any party.

From: Lara R. Fernandez <LFernandez@trenam.com>
Sent: Tuesday, November 26, 2019 12:14 PM

**CC Schnapp**

| | |
|---|---|
| From: | Ron Glass <rglass@glassratner.com> |
| Sent: | Monday, December 09, 2019 10:06 AM |
| To: | Frank W. DeBorde; CTownsend@ForThePeople.com; Lara R. Fernandez; Lisa Wolgast |
| Cc: | Jones, Walter |
| Subject: | Re: Nilhan Financial, LLC - purchase offer |

[External Email] Please use caution.

The same with me. Please forward the letter of Intent.
Thanks,
Ron

Ronald L. Glass
Principal, GlassRatner
Direct: 470.346.6840
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com
NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

From: Frank W. DeBorde
Sent: Monday, December 9, 2019 9:48 AM
To: CTownsend@ForThePeople.com ; Lara R. Fernandez ; Lisa Wolgast
Cc: 'Jones, Walter' (wjones@balch.com)
Subject: RE: Nilhan Financial, LLC – purchase offer
Fyi there is no LOI that I have seen on sugarloaf.




**Frank W. DeBorde**
Partner

Direct: 404-504-7714
fwd@mmmlaw.com
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, GA 30326
mmmlaw.com

This e-mail message and its attachments are for the sole use of the designated recipient(s). They may contain confidential information, legally privileged information or other information subject to legal restrictions. If you are not a designated recipient of this message, please do not read, copy, use or disclose this message or its attachments, notify the sender by replying to this message and delete or destroy all copies of this message and attachments in all media. Thank you.

From: CTownsend@ForThePeople.com
Sent: Monday, December 09, 2019 9:30 AM
To: 'JR Patel ; Lara R. Fernandez ; dmenchisu@verizon.net; DProsser@ForThePeople.com;
BWebster@ForThePeople.com; Jennie Santos ; Frank W. DeBorde ; Lisa Wolgast

t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wlopez@balch.com
www.balch.com

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore
protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us
immediately by replying to the sender and double deleting this copy and the reply from your system.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to
which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure
or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy
all copies of the original message. Thank you.

My Bio

P: (407) 418-2075
F: (407) 245-3346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801





From: Joel Murovitz [mailto:jmurovitz@glassratner.com]
Sent: Thursday, April 18, 2019 3:04 PM
To: Jones, Walter
Cc: Clay Townsend x5033
Subject: *EXT* RE: Bay Circle/Thakkar et al.

Hi Walt -- great seeing you as well!

Clay -- we can accept a check issued to Bay Circle Properties LLC and sent to:

GlassRatner
Re: Bay Circle
3445 Peachtree Rd, Ste 1225
Atlanta, GA 30326

Thanks,

**GLASSRATNER**
a B. Riley Financial company

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

Joel Murovitz, LEED AP
Managing Director -- Real Estate & Construction Services
Court Appointed Receiver
Direct: 404.835.8838
Mobile: 404.808.3252
Email: jmurovitz@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com
BRG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

From: Jones, Walter <wjones@balch.com>
Sent: Thursday, April 18, 2019 11:19 AM
To: Joel Murovitz <jmurovitz@glassratner.com>
Cc: 'CTownsend@ForThePeople.com' <CTownsend@ForThePeople.com>
Subject: Bay Circle/Thakkar et al.

Joel:

It has been great seeing you recently after so long. I spoke with Ron yesterday concerning the U.S. Trustee's fees that need to be paid for the Bay Circle case Ron said he would need $2,000 to cover that expense. I have copied lease counsel on this matter, Clay Townsend. Will you please let Clay know how payment should be made.

Thanks!

Walt

**BALCH**
& BINGHAM LLP
Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036

13

**CC Schnapp**

| | |
|---|---|
| **From:** | Ron Glass <rglass@glassratner.com> |
| **Sent:** | Friday, December 27, 2019 12:38 PM |
| **To:** | CTownsend@ForThePeople.com; Jones, Walter |
| **Cc:** | Lisa Wolgast |
| **Subject:** | FW: Bay Circle Properties, LLC case no.15-58440-wlh ; DCT Systems Group, ,LLC case no 15-58441 |

[External Email] Please use caution.

Clay & Walt,
Please see the email below from the acting U.S. Trustee. I do not know, if the Judge will dismiss the case or not. If your client would pay the UST quarterly fees, I should have enough money to cover the bank charges. This cannot be a loan and it will never be repaid.
I suspect it is your client's best interest to keep this case in Chapter 11.
Sorry to be the messenger of this news.
Hope you had a great Christmas and wishing you a Happy 2020!
Ron



**Ronald L. Glass**
Principal

Direct: 470.346.6840
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

B Riley Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

---

**From:** Treace, Jeneane (USTP)
**Sent:** Monday, December 16, 2019 4:47 AM
**To:** Ron Glass
**Cc:** Lisa Wolgast ; Cabrera, Anne M (USTP) ; Jackson, Deborah K. (USTP) ; Streete, Alisa K. (USTP) ; Dworschak, Tom W. (USTP)
**Subject:** RE: Bay Circle Properties, LLC case no.15-58440-wlh ; DCT Systems Group, ,LLC case no 15-58441

Good morning.

I will not be in the office today.

As I am sure you understand, we cannot condone this case remaining in chapter 11 if the estate is administratively insolvent – and becoming more so every day. Will you move to convert to chapter 7? What is the plan for paying the United States Trustee's fees?

1

**CC Schnapp**

| | |
|---|---|
| **From:** | Ron Glass <rglass@glassratner.com> |
| **Sent:** | Thursday, September 19, 2019 5:06 PM |
| **To:** | Denise Dotson; Henry Sewell; Jones, Walter |
| **Cc:** | Frank DeBorde (fwd@mmmlaw.com); Lisa Wolgast |
| **Subject:** | Mediation October 24th & 25th |

[External Email] Please use caution.

It is my understanding that all of the parties have agreed to mediate on October 24th & 25th. If this mediation is successful, I believe it will save the debtors costs, expenses and time. It is essential that Chuck Thakkar, Niloy and/or Rohan Thakkar, and Carson Good attend.

I had planned to be in New York on these dates for two important events, however recognizing the importance of this mediation I am willing to cancel New York, if you and your clients are available. If any of you cannot attend, please let me know, so I can keep my obligations in New York.

I look forward to a successful outcome.

Ron



**Ronald L. Glass**
Principal

Direct: 470.346.6840
Mobile: 404.822.0764
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

B. Riley Global Advisory

**GLASSRATNER**
a B. Riley Financial company
––
3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**CC Schnapp**

| | |
|---|---|
| **From:** | Ron Glass <rglass@glassratner.com> |
| **Sent:** | Thursday, September 03, 2020 10:10 PM |
| **To:** | Jones, Walter |
| **Cc:** | Lisa Wolgast |
| **Subject:** | RE: 15-58443/Nilhan Developers, LLC |

**[External Email] Please use caution.**

I did not think the hearing was in person. Please let me know the status.
Ron



**Ronald L. Glass**
Principal

Direct: 470.346.6840
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com


B│RG Global Advisory

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326



NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

**From:** Jones, Walter
**Sent:** Thursday, September 03, 2020 2:42 PM
**To:** 'Lisa Wolgast' ; 'Frank W. DeBorde' ; 'Denise Dotson' ; 'Nicole Williams'
**Cc:** 'hsewell@sewellfirm.com' ; Ron Glass ; CTownsend@ForThePeople.com
**Subject:** RE: 15-58443/Nilhan Developers, LLC

**[EXTERNAL]**
Good afternoon! I have conferred with Clay Townsend and he is available October 27 and would need to fly up from
Florida.



Thanks!

Walt

**BALCH**
**& BINGHAM LLP**

Walter F. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

From: Jones, Walter <wjones@balch.com>
Sent: Wednesday, September 2, 2020 12:43 PM
To: 'Lisa Wolgast' <lwolgast@mmmlaw.com>; 'Frank W. DeBorde' <fwd@mmmlaw.com>; 'Denise Dotson'
<ddotsonlaw@me.com>; 'Nicole Williams' <Nicole_Williams@ganb.uscourts.gov>
Cc: 'hsewell@sewellfirm.com' <hsewell@sewellfirm.com>; 'Glass, Ron' <rglass@glassratner.com>
Subject: RE: 15-58443/Nilhan Developers, LLC

Good afternoon, everyone. I am confirming with Clay Townsend and his partner their availability and will be back in touch.

Thanks,

Walt

**BALCH**
**& BINGHAM LLP**

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

From: Lisa Wolgast <lwolgast@mmmlaw.com>
Sent: Wednesday, September 2, 2020 12:41 PM
To: Frank W. DeBorde <fwd@mmmlaw.com>; Denise Dotson <ddotsonlaw@me.com>; Nicole Williams
<Nicole_Williams@ganb.uscourts.gov>
Cc: hsewell@sewellfirm.com; Jones, Walter <wjones@balch.com>; Glass, Ron <rglass@glassratner.com>
Subject: RE: 15-58443/Nilhan Developers, LLC

[External Email] Please use caution.

I can do October 20 or 27.


                    Lisa Wolgast
                    Partner



Direct: 404-504-7748
lwolgast@mmmlaw.com
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, GA 30326

mmmlaw.com

This e-mail message and its attachments are for the sole use of the designated recipient(s). They may contain confidential information, legally privileged information or other information subject to legal restrictions. If you are not a designated recipient of this message, please do not read, copy, use or disclose this message or its attachments, notify the sender by replying to this message and delete or destroy all copies of this message and attachments in all media. Thank you.

From: Frank W. DeBorde <fwd@mmmlaw.com>
Sent: Wednesday, September 02, 2020 12:34 PM
To: Denise Dotson <ddotsonlaw@me.com>; Nicole Williams <Nicole_Williams@ganb.uscourts.gov>
Cc: hsewell@sewellfirm.com; Jones, Walter <wjones@balch.com>; Lisa Wolgast <lwolgast@mmmlaw.com>; Glass, Ron <rglass@glassratner.com>
Subject: RE: 15-58443/Nilhan Developers, LLC

I can do either, but prefer the 20th, not sure about ron/ lisa, I cannot do the 28th to 30th if its spills over




Frank W. DeBorde
Partner

Direct: 404-504-7714
fwd@mmmlaw.com
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, GA 30326

mmmlaw.com

This e-mail message and its attachments are for the sole use of the designated recipient(s). They may contain confidential information, legally privileged information or other information subject to legal restrictions. If you are not a designated recipient of this message, please do not read, copy, use or disclose this message or its attachments, notify the sender by replying to this message and delete or destroy all copies of this message and attachments in all media. Thank you.

From: Denise Dotson <ddotsonlaw@me.com>
Sent: Wednesday, September 02, 2020 12:06 PM
To: Nicole Williams <Nicole_Williams@ganb.uscourts.gov>
Cc: hsewell@sewellfirm.com; Frank W. DeBorde <fwd@mmmlaw.com>; Jones, Walter <wjones@balch.com>
Subject: Re: 15-58443/Nilhan Developers, LLC

October 27th works for me. Thanks.

Sent from my iPad

On Sep 2, 2020, at 11:48 AM, Nicole Williams <Nicole_Williams@ganb.uscourts.gov> wrote:

| | | |
|---|---|---|
| 09/01/2020 | 181 | Motion Requesting Scheduling of Hearing filed by M. Denise Dotson on behalf of Chittranjan K. Thakkar. (Dotson, M.) Modified on 9/1/2020 (jlc). |

Good morning everyone. In response to Ms. Dotson's Motion Request to Schedule a Hearing in the above referenced case, Judge Hagenau has selected October 20th or October 27th. Please let the court know which date is agreeable for all parties.

Sincerely,

**Nicole Williams**
**Relief Courtroom Deputy**
**USBC, Atlanta Division**
**(404)215-1098**
**nicole_williams@ganb.uscourts.gov**
**www.ganb.uscourts.gov**

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

**CC Schnapp**

| | |
|---|---|
| From: | Ron Glass <rglass@glassratner.com> |
| Sent: | Monday, April 29, 2019 9:09 PM |
| To: | CTownsend@ForThePeople.com; Jannie Santos; Jones, Walter; Joel Murovitz |
| Subject: | RE: 1244937 (GG – ORL) Good Gateway v. Thakkar et al: Bay Circle/Thakkar et al. |

[External Email] Please use caution.

I will ask the US trustee's office regarding using a charge card.

Ron



**Ronald L. Glass**
Principal

Direct: 404.835.8830
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

a B. Riley Financial company

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

B710 Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

From: CTownsend@ForThePeople.com
Sent: Monday, April 29, 2019 1:41 PM
To: Jennie Santos ; Ron Glass ; Jones, Walter ; Joel Murovitz
Subject: RE: 1244937 (GG – ORL) Good Gateway v. Thakkar et al: Bay Circle/Thakkar et al.

We will call accounting and get a status. Amex card?? Thanks for your patience?

**Clay Townsend**
Attorney
My Bio

P: (407) 418-2075
F: (407) 245-3346
A: 20 N Orange Ave, Suite 1600, Orlando, Fl. 32801

From: Jennie Santos x5031

I have not heard from your client.
Ron,


Sent via the Samsung Galaxy S® 6, an AT&T 4G LTE smartphone


------- Original message -------
From: "Jones, Walter" <wjones@balch.com>
Date: 4/29/19 10:45 AM (GMT-05:00)
To: "'CTownsend@ForThePeople.com'" <CTownsend@ForThePeople.com>, Joel Murovitz <lmurovitz@glassratner.com>
Cc: 'Jennie Santos' <jSantos@forthepeople.com>, Ron Glass <rglass@glassratner.com>
Subject: RE: Bay Circle/Thakkar et al.

Clay and Joel:

Good morning! I wanted to make certain that arrangements were made last week for the payment of the U.S. Trustee's
fees. Please let me know as soon as possible today.

Thanks!

Walt
**BALCH**
& BINGHAM LLP
Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com


From: CTownsend@ForThePeople.com [mailto:CTownsend@ForThePeople.com]
Sent: Thursday, April 18, 2019 4:14 PM
To: Joel Murovitz; Jones, Walter
Cc: Jennie Santos
Subject: RE: Bay Circle/Thakkar et al.

**[External Email] Please use caution.**


Jennie will get it out. If urgent, I can send a personal check or use credit card.
Thanks


**Clay Townsend**
Attorney
My Bio

P: (407) 418-2075
F: (407) 245-3346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801

**To:** Clay Townsend x5033; Ron Glass; Jones, Walter; Joel Murovitz
**Subject:** RE: 1244937 (GG - ORL) Good Gateway v. Thakkar et al: Bay Circle/Thakkar et al.

I requested the check and I'm waiting for my accounting department to cut the check.

**Jennie Santos**
Legal Assistant

P: (407) 418-2073
F: (407) 245-3337
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801



---

**From:** Clay Townsend x5033
**Sent:** Monday, April 29, 2019 1:38 PM
**To:** Ron Glass; Jones, Walter; Joel Murovitz
**Cc:** Jennie Santos x5031
**Subject:** RE: Bay Circle/Thakkar et al.

I will check with Jennie now. My understanding was that a check went out. I am happy to put in on an Amex card immediately as well.
Thanks.

**Clay Townsend**
Attorney
My Bio

P: (407) 418-2075
F: (407) 245-3346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801



**From:** Ron Glass [mailto:rglass@glassratner.com]
**Sent:** Monday, April 29, 2019 1:08 PM
**To:** Jones, Walter; Clay Townsend x5033; Joel Murovitz
**Cc:** Jennie Santos x5031
**Subject:** *EXT* Re: Bay Circle/Thakkar et al.

Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8852 e: wjones@balch.com
www.balch.com

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.



**From:** Joel Murovitz [mailto:lmurovitz@glassratner.com]
**Sent:** Thursday, April 18, 2019 3:04 PM
**To:** Jones, Walter
**Cc:** Clay Townsend x5093
**Subject:** *EXT* RE: Bay Circle/Thakkar et al.

Hi Walt – great seeing you as well!

Clay – we can accept a check issued to Bay Circle Properties LLC and sent to:

GlassRatner
Re: Bay Circle
3445 Peachtree Rd, Ste 1225
Atlanta, GA 30326

Thanks,





**Joel Murovitz, LEED AP**
Managing Director – Real Estate & Construction Services
Court Appointed Receiver

Direct: 404.835.8835
Mobile: 404.808.3252
Email: lmurovitz@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete this message and all copies and backups thereof. Thank

**From:** Jones, Walter <wjones@bsich.com>
**Sent:** Thursday, April 18, 2019 11:13 AM
**To:** Joel Murovitz <lmurovitz@glassratner.com>
**Cc:** 'CTownsend@ForThePeople.com' <CTownsend@ForThePeople.com>
**Subject:** Bay Circle/Thakkar et al.

Joel:

It has been great seeing you recently after so long. I spoke with Ron yesterday concerning the U.S. Trustee's fees that need to be paid for the Bay Circle case Ron said he would need $1,000 to cover that expense. I have copied lease counsel on this matter, Clay Townsend. Will you please let Clay know how payment should be made.

Thanks!

Walt

From: Jennie Santos x5031
Sent: Tuesday, April 30, 2019 9:42 AM
To: Clay Townsend x5033; Ron Glass; Jones, Walter; Joel Murovitz
Subject: RE: 1244937 (GG - ORL) Good Gateway v. Thakkar et al: Bay Circle/Thakkar et al.

Good morning,

Please find the attached which I'll be sending today

**Jennie Santos**
Legal Assistant

P: (407) 418-2073
F: (407) 245-3337
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801





From: Clay Townsend x5033
Sent: Tuesday, April 30, 2019 9:19 AM
To: Ron Glass; Jennie Santos x5031; Jones, Walter; Joel Murovitz
Subject: RE: 1244937 (GG - ORL) Good Gateway v. Thakkar et al: Bay Circle/Thakkar et al.

I can confirm check is cut and on the way. Will send an image asap. Thanks.

**Clay Townsend**
Attorney
My Bio

P: (407) 418-2075
F: (407) 245-3346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801



From: Ron Glass [mailto:rglass@glassratner.com]
Sent: Monday, April 29, 2019 9:09 PM
To: Clay Townsend x5033; Jennie Santos x5031; Jones, Walter; Joel Murovitz
Subject: *EXT* RE: 1244937 (GG - ORL) Good Gateway v. Thakkar et al: Bay Circle/Thakkar et al.

I will ask the US trustee's office regarding using a charge card.

CC Schnapp

| | |
|---|---|
| **From:** | Ron Glass <rglass@glassratner.com> |
| **Sent:** | Tuesday, April 30, 2019 6:00 PM |
| **To:** | CTownsend@ForThePeople.com; Jennie Santos; Jones, Walter; Joel Murovitz |
| **Subject:** | RE: 1244937 (GG - ORL) Good Gateway v. Thakkar et al; Bay Circle/Thakkar et al. |
| **Attachments:** | 20190430172524.pdf |

[External Email] Please use caution.

Clay,
Attached please find the bill from the UST.
Ron



**Ronald L. Glass**
Principal

Direct: 404.835.8830
Mobile: 404.822.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

GLASSRATNER
a B. Riley Financial company

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

B Riley Global Advisory

NOTICE: This e-mail message and attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

---

**From:** CTownsend@ForThePeople.com
**Sent:** Tuesday, April 30, 2019 9:46 AM
**To:** Jennie Santos ; Ron Glass ; Jones, Walter ; Joel Murovitz
**Subject:** RE: 1244937 (GG - ORL) Good Gateway v. Thakkar et al; Bay Circle/Thakkar et al.

Ron,
Can you send brief explanation of the purpose of the check? I did not see an invoice. Thanks.

**Clay Townsend**
Attorney
My Bio

P: (407) 418-2075
F: (407) 245-3346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801

P: (407) 418-2073
F: (407) 245-3337
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801



**From:** Clay Townsend x5033
**Sent:** Monday, April 29, 2019 1:38 PM
**To:** Ron Glass; Jones, Walter; Joel Murovitz
**Cc:** Jennie Santos x5031
**Subject:** RE: Bay Circle/Thakkar et al.

I will check with Jennie now. My understanding was that a check went out. I am happy to put in on an Amex card immediately as well.
Thanks.

**Clay Townsend**
Attorney
My Bio

P: (407) 418-2075
F: (407) 245-3346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801



**From:** Ron Glass [mailto:rglass@glassratner.com]
**Sent:** Monday, April 29, 2019 1:08 PM
**To:** Jones, Walter; Clay Townsend x5033; Joel Murovitz
**Cc:** Jennie Santos x5031
**Subject:** *EXT* Re: Bay Circle/Thakkar et al.

Walt, -
I have not heard from your client.
Ron.

Sent via the Samsung Galaxy S® G, an AT&T 4G LTE smartphone

-----Original message-----
**From:** "Jones, Walter" <wjones@balch.com>
**Date:** 4/29/19 10:45 AM (GMT-05:00)
**To:** "'CTownsend@ForThePeople.com'" <CTownsend@ForThePeople.com>, Joel Murovitz <jmurovitz@glassratner.com>

Ron



**Ronald L. Glass**
Principal

Direct: 404.835.8830
Mobile: 404.827.0264
Email: rglass@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com


B. Riley Global Advisory

344S Peachtree Road
Suite 1225
Atlanta, GA 30326

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank you.

From: CTownsend@ForThePeople.com <CTownsend@ForThePeople.com>
Sent: Monday, April 29, 2019 1:41 PM
To: Jennie Santos <jsantos@forthepeople.com>; Ron Glass <rglass@glassratner.com>; Jones, Walter <wjones@balch.com>; Joel Murovitz <jmurovitz@glassratner.com>
Subject: RE: 1244937 (GG - ORL) Good Gateway v. Thakkar et al; Bay Circle/Thakkar et al.

We will call accounting and get a status. Amex card?? Thanks for your patience?

**Clay Townsend**
Attorney
My Bio

P: (407) 418-2075
F: (407) 245-3346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801



From: Jennie Santos x5031
Sent: Monday, April 29, 2019 1:39 PM
To: Clay Townsend x5033; Ron Glass; Jones, Walter; Joel Murovitz
Subject: RE: 1244937 (GG - ORL) Good Gateway v. Thakkar et al; Bay Circle/Thakkar et al.

I requested the check and I'm waiting for my accounting department to cut the check.

**Jennie Santos**
Legal Assistant

Clay – we can accept a check issued to Bay Circle Properties LLC and sent to:

GlassRatner
Re: Bay Circle
3445 Peachtree Rd, Ste 1225
Atlanta, GA 30326

Thanks,



**GLASSRATNER**
a B. Riley Financial company

3445 Peachtree Road
Suite 1225
Atlanta, GA 30326

**Joel Murovitz, LEED AP**
Managing Director – Real Estate & Construction Services
Court Appointed Receiver

Direct: 404.835.8858
Mobile: 404.808.3252
Email: jmurovitz@glassratner.com
VCard | LinkedIn | www.GlassRatner.com | www.brileyfin.com

BRG Global Advisory

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately, and delete this message and all copies and backups thereof. Thank

---

From: Jones, Walter <wjones@balch.com>
Sent: Thursday, April 18, 2019 11:13 AM
To: Joel Murovitz <jmurovitz@glassratner.com>
Cc: 'CTownsend@ForThePeople.com' <CTownsend@ForThePeople.com>
Subject: Bay Circle/Thakkar et al.

Joel:

It has been great seeing you recently after so long. I spoke with Ron yesterday concerning the U.S. Trustee's fees that need to be paid for the Bay Circle case. Ron said he would need $1,000 to cover that expense. I have copied lease counsel on this matter, Clay Townsend. Will you please let Clay know how payment should be made.

Thanks!

Walt
**BALCH**
& BINGHAM LLP
Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 n: wjones@balch.com
www.balch.com

---

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

Cc: 'Jennie Santos' <JSantos@forthepeople.com>, Ron Glass <rglass@glassratner.com>
Subject: RE: Bay Circle/Thakkar et al.

Clay and Joel:

Good morning! I wanted to make certain that arrangements were made last week for the payment of the U.S. Trustee's fees. Please let me know as soon as possible today.

Thanks!

Walt

**BALCH**
& BINGHAM LLP
Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-5481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

---

From: CTownsend@ForThePeople.com [mailto:CTownsend@ForThePeople.com]
Sent: Thursday, April 18, 2019 4:14 PM
To: Joel Murovitz; Jones, Walter
Cc: Jennie Santos
Subject: RE: Bay Circle/Thakkar et al.

[External Email] Please use caution.

Jennie will get it out. If urgent, I can send a personal check or use credit card.
Thanks

**Clay Townsend**
Attorney
My Bio

T: (407) 418-2075
F: (407) 245-3346
A: 20 N Orange Ave, Suite 1600, Orlando, FL 32801

---

From: Joel Murovitz [mailto:jmurovitz@glassratner.com]
Sent: Thursday, April 18, 2019 3:04 PM
To: Jones, Walter
Cc: Clay Townsend x5033
Subject: *EXT* RE: Bay Circle/Thakkar et al.

Hi Walt – great seeing you as well!

Office of the U. S. Trustee
75 Spring Street SW
Room 362
Atlanta, GA 30303-3309

404-331-4775

**********AUTO**MIXED AADC 170
BAY CIRCLE PROPERTIES, LLC
6050 PEACHTREE INDUSTRIAL BOUL
SUITE 801
NORCROSS, GA 30071-1311



UNITED STATES
DEPARTMENT OF JUSTICE
U.S. TRUSTEE PROGRAM

Page 1 of 1        Rev. 4/06

Account No.: 321-15-58440
Process Date: 04-03-19

APR 1 7 2019

See Instructions
On Reverse Side

## Chapter 11 Quarterly Fees Statement

| | | |
|---|---|---|
| 03-07-19 | Balance Forward | 650.00 |
| 04-03-19 | Quarter 1, 2019 Fee Due (Disbursements = $192.) (6) | 325.00 |
| | Estimated Balance Due Based On Disbursement Record | 975.00 |

Fee estimated based on available disbursements data.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

CC Schnapp

| | |
|---|---|
| **From:** | Ron Glass <rglass@glassratner.com> |
| **Sent:** | Monday, April 29, 2019 1:08 PM |
| **To:** | Jones, Walter; 'CTownsend@ForThePeople.com'; Joel Murovitz |
| **Cc:** | 'Jennie Santos' |
| **Subject:** | Re: Bay Circle/Thakkar et al. |

[External Email] Please use caution.

Walt,
I have not heard from your client.
Ron

Sent via the Samsung Galaxy S® 6, an AT&T 4G LTE smartphone

------- Original message ---------
From: "Jones, Walter"
Date: 4/29/19 10:45 AM (GMT-05:00)
To: "'CTownsend@ForThePeople.com'" , Joel Murovitz
Cc: 'Jennie Santos' , Ron Glass
Subject: RE: Bay Circle/Thakkar et al.

Clay and Joel:
Good morning! I wanted to make certain that arrangements were made last week for the payment of the U.S. Trustee's fees. Please let me know as soon as possible today.
Thanks!

Walt
**BALCH**
**& BINGHAM LLP**
Walter E. Jones, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3540 c: (706) 575-6481 f: (866) 849-8952 e: wjones@balch.com
www.balch.com

---

From: CTownsend@ForThePeople.com [mailto:CTownsend@ForThePeople.com]
Sent: Thursday, April 18, 2019 4:14 PM
To: Joel Murovitz; Jones, Walter
Cc: Jennie Santos
Subject: RE: Bay Circle/Thakkar et al.
[External Email] Please use caution.

Jennie will get it out. If urgent, I can send a personal check or use credit card.
Thanks

Clay Townsend
Attorney