**IT IS ORDERED as set forth below:**



Date: August 8, 2022

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 15-58442-WLH |
| SUGARLOAF CENTRE, LLC, | CHAPTER 11 |
| Debtor, | |

**ORDER DENYING CHITTRANJAN THAKKAR'S MOTION TO DISQUALIFY AND BAR MORRIS, MANNING & MARTIN, LLP LEGAL COUNSEL FOR THE TRUSTEE; AND DISGORGE ANY FEES AND EXPENSES OF LEGAL COUNSEL EMPLOYED BY THE TRUSTEE AND CHITTRANJAN THAKKAR'S MOTION TO APPOINT A SUCCESSOR TRUSTEE TO CONDUCT PROCEEDINGS TO EXAMINE THE BASIS FOR THE DISQUALIFICATION AND BAR OF MORRIS, MANNING & MARTIN, LLP, LEGAL COUNSEL FOR THE CURRENT TRUSTEE; TO DISGORGE ALL FEES AND EXPENSES OF LEGAL COUNSEL EMPLOYED BY THE TRUSTEE; TO ORDER A RULE 2004 EXAMINATION OF LEGAL COUNSEL; AND TO CONDUCT DISCOVERY**

**THIS MATTER** is before the Court on Chittranjan ("Chuck") Thakkar's Motion to

Disqualify and Bar Morris, Manning & Martin, LLP Legal Counsel for the Trustee; and Disgorge

1

Any Fees and Expenses of Legal Counsel Employed by the Trustee (Doc. No. 300) and Chittranjan Thakkar's Motion to Appoint a Successor Trustee to Conduct Proceedings to Examine the Basis for the Disqualification and Bar of Morris, Manning & Martin, LLP, Legal Counsel for the Current Trustee; to Disgorge all Fees and Expenses of Legal Counsel Employed by the Trustee; to Order a Rule 2004 Examination of Legal Counsel; and to Conduct Discovery (Doc. No. 304) (collectively the "Motions"). Morris, Manning & Martin LLP ("MMM") filed a response in opposition to the Motions (Doc. No. 305), and Mr. Thakkar filed a reply in support of the Motions (Doc. No. 307).

The Court held a hearing on the Motions on July 28, 2022. Representatives for Chuck, Thakkar; Morris, Manning, & Martin, LLP ("MMM"); Ron Glass; Glass Ratner Advisory & Capital Group, LLC ("GR"); the United States Trustee; and Westmoore Lending Partners, IV, LLC appeared.

**Background and Facts**

Sugarloaf Centre, LLC ("Sugarloaf"), with Nilhan Developers, LLC ("Nilhan Developers"), NRCT, LLC ("NRCT"), Bay Circle Properties, LLC ("Bay Circle"), and DCT Systems Group, LLC ("DCT") (collectively the "Debtors"), each filed a petition for relief under Chapter 11 of the Bankruptcy Code on May 4, 2015. The cases were procedurally consolidated.

On December 11, 2018, after notice and a hearing, the Court appointed a Chapter 11 Trustee in all five cases (Case No. 15-58440 Doc. No. 919). The appointment was triggered by Mr. Thakkar's actions in the Nilhan Developers case. The Court appointed Ronald L. Glass as Chapter 11 Trustee for all the Debtors (Case No. 15-58440 Doc. No. 922). The Trustee sought to retain MMM as his counsel. Mr. Thakkar objected. The Court considered the Application to Retain MMM at a hearing on January 17, 2019 and held a continued hearing on February 7, 2019, after

2

which the Court approved the retention of MMM (Case No. 15-58440 Doc. No. 976).

The Trustee moved forward in each case to bring matters to a posture to be decided by the Court. At that point, the cases were all taking different paths to resolution and the cases were severed on May 5, 2020 (Case No. 15-58440 Doc. No. 1420).

In Sugarloaf, the Trustee sold real property and initially filed a Chapter 11 plan. After the secured lender filed a proof of claim that far exceeded the amount anticipated, the Trustee determined dismissal was in the best interest of all parties. The Trustee objected to and settled the lender's claim, and then moved to dismiss the case on August 5, 2020 (Case No. 15-58442 Doc. No. 147). The Court granted the Motion to Dismiss on August 28, 2020, subject to final fee applications being approved (Case No. 15-58442 Doc. No. 164).

MMM filed five interim fee applications and a Sixth and Final Fee Application and Supplement. Mr. Thakkar objected to MMM's fee applications. The Court held an evidentiary hearing on the final fee application (which encompassed all of the fee applications and supplements) and objections thereto on October 6, 14, and 15, 2020. On November 17, 2020, the Court entered its order on MMM's final fee application (Doc. No. 201) (the "Fee Order"), approving payment to MMM of fees and expenses in the amount of $257,027.41. Mr. Thakkar appealed the Fee Order to the District Court and the Eleventh Circuit Court of Appeals.

On January 8, 2021, while the Fee Order was on appeal, motions were filed in the Nilhan Developers and NRCT cases to (1) Remove the Chapter 11 Trustee; (2) Disqualify GR, Accountants for the Trustee; (3) Disgorge Any Fees and Expenses of the Trustee; and (4) Disgorge Any Fees and Expenses of the Accountants for the Trustee (Case No. 15-58443 Doc. No. 238 & Case No. 15-58444 Doc. No. 178) (the "Removal Motions"). The motions did not request any relief as to MMM. The motions argued that Mr. Ratner, Mr. Glass's business partner

3

at GR, represented an adversary of the equity holders of Nilhan Developers and NRCT when he served as the President and Director of NCT Systems, Inc., which is 100% owned by Good Gateway, LLC and SEG Gateway, LLC (collectively "Gateway")[1] and an indirect owner of Sugarloaf.[2] The Court held an evidentiary hearing on the Removal Motions on February 21, 2021.

On April 19, 2021, the Court issued an order an order removing Mr. Glass as Plan Agent in both the NRCT and Nilhan Developers cases, removing GR as a professional to the Plan Agent and barring it from being employed by any subsequent plan agent, and disallowing fees otherwise allowable to GR and Mr. Glass through April 26, 2019 (Case No. 15-58444 Doc. No. 230; Case No. 15-584443 Doc. No. 300) (the "Removal Order"). The Court did not make any findings or order any relief against MMM.

After the entry of the Removal Order, and while the Fee Order was still on appeal, Chuck Thakkar filed a motion pursuant to Rule 8008(a)(3) requesting an order (i) Removing Chapter 11 Trustee; (ii) Removing GR; (iii) Disgorging Fees and Expenses of Trustee and GR; and (iv) Determining the Involvement or Lack Thereof of MMM (Doc. No. 249) ("Rule 8008 Motion"). Mr. Thakkar asked the Court to reconsider the Fee Order and requested additional time to conduct discovery regarding MMM's knowledge of the conflict. MMM opposed the motion (Doc. No. 254).

The Court held a hearing on Mr. Thakkar's Rule 8008 motion on June 3, 2021. The Court explained the Rule 8008 Motion alleged no basis for reconsideration under Rule 59 because it presented no new evidence to suggest MMM knew of the facts leading to the removal of the

---

[1] Pre-petition, Gateway obtained judgments pre-petition against Mr. Thakkar and other non-Debtor entities, and litigation between Mr. Thakkar (and his family) and Gateway has impacted and driven these bankruptcy cases.
[2] Sugarloaf is owned 100% by Sugarloaf Centre Partners, LLC (Case No. 15-58442 Doc. No. 18 p. 5), which in turn is owned 50% by NRCT (one of the Debtors) and 50% by NCT.

4

Trustee and had failed to comply with the Bankruptcy Code requirements of disinterestedness and disclosure. Instead, Mr. Thakkar sought an opportunity to develop such evidence. Further, Mr. Glass and GR's relationship with Gateway did not provide a basis to disqualify MMM as MMM had no relationship with NCT or Gateway, received nothing from the engagement, and no basis existed to impute the lack of disinterestedness of Mr. Glass and GR to MMM. Mr. Thakkar had also not established any grounds for relief under Rule 60. Accordingly, the Court denied the Rule 8008 Motion as to MMM on June 3, 2022 (Doc. No. 257).[3]

The Eleventh Circuit Court of Appeals ultimately dismissed the appeal of the Fee Order on March 4, 2022. On June 27, 2022, Mr. Glass, as Trustee, filed a Notice of Proposed Final Distribution (Doc. No. 294). Mr. Thakkar filed the Motions in response. Mr. Thakkar contends reconsideration of the Fee Order is warranted because: 1) MMM was involved in or knew of the conflict and 2) because MMM advised the Trustee to take actions adverse to him when it provided advice regarding Bay Circle's claim for contribution.

**Reconsideration Standard**

Federal Rule of Civil Procedure 59, made applicable by Bankruptcy Rule 9023, permits bankruptcy courts to alter or amend an order or judgment. Fed. R. Civ. P. 59(e), Fed. R. Bankr. P. 9023. As explained by the Supreme Court, the rule "may not be used to re-litigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486, n.5 (2008) (citing 11 C. Wright & A. Miller, Fed. Prac. & Proc. § 2810.1, pp. 127-128 (2nd ed. 1995)). Accordingly, to prevail on a motion for reconsideration, the movant must present either newly discovered evidence or establish a manifest

---

[3] The Court deferred considering any request to require disgorgement of fees, removal of the Trustee or financial advisor to the Trustee, and/or the standing of Chuck Thakkar until the resolution of the appeal of the final fee orders for the Trustee and GR.

5

error of law or fact. In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citations omitted). Such motions should not be used to relitigate issues already decided, to pad the record for an appeal, or to substitute for an appeal. A motion to reconsider "is frivolous if it raises no manifest errors of law or misapprehensions of fact to explain why the court should change the original order." In re Miles, 453 B.R. 449, 450-51 (Bankr. N.D. Ga. 2011).

Another ground for setting aside an order of this Court exists under Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60. The rule permits relief from a final judgment, order, or proceeding in certain circumstances. Fed. R. Civ. P. 60(b); Fed. R. Bankr. P. 9024. The decision to alter or amend a judgment is highly discretionary. Am. Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir. 1985). Rule 60(b) lists six categories of reasons or grounds on which to base a motion seeking relief from a final judgment, order, or proceeding. The rule provides the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) was not intended to provide relief for error on the part of the court or to afford a substitute for appeal." Matter of E.C. Bishop & Son, Inc., 32 B.R. 534 , 536

(Bankr. W.D. Mo. 1983) (quoting Title v. U.S., 263 F.2d 28 , 31 (9th Cir. 1959)).

**Legal Analysis**

Standing

MMM contends Mr. Thakkar does not have standing to bring the Motions. Mr. Thakkar argues that as the guarantor of Sugarloaf's debt, he has standing. Federal Rule of Civil Procedure 60(b) states a court may grant relief from judgment to "a party or its legal representative." In re Remington Park Owners Ass'n, 548 B.R. 108, 115 (Bankr. E.D. Va. 2016). The Court may also consider relief under Rule 60(b) on its own. Rule 60(b) authorizes a court to grant relief from judgment "[o]n motion and just terms." Appellate courts construing this language have routinely concluded that a trial court may grant such relief *sua sponte*. In re Parr, 2019 WL 365748, at *6 (10th Cir. BAP Jan. 30, 2019), aff'd, 778 F. App'x 569 (10th Cir. 2019); see e.g., In re Andrews, 2007 Bankr. LEXIS 3333, at *8 (Bankr. N.D. Ala. Sep. 26, 2007).

The Court has not determined whether Mr. Thakkar has standing to bring the Motions. But, even if he does not have standing to bring the Motions, the Court will consider whether reconsideration of the Fee Order is appropriate *sua sponte*.

Timing of Motions

MMM contends the Motions are not timely because they were filed more than a year after the Fee Order was entered. A motion under Federal Rule of Bankruptcy Procedure 9023, which incorporates Fed. R. Civ. P. 59 must "be filed . . . no later than 14 days after entry of judgment." Fed. R. Bankr. P. 9023. There is no dispute both the Rule 8008 motion and the current Motions were filed more than 14 days after the Fee Orders were entered.

A motion under Rule 60(b), incorporated into Fed. R. Bankr. P. 9024, must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the

7

judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c). The Motions seek reconsideration of the Fee Order under Rule 60(b)(2) on the basis of evidence that was not discovered, or discoverable, before the Fee Order was entered. Accordingly, the request for relief must have been made no more than a year after the entry of the orders.

Mr. Thakkar previously sought the same relief he now seeks in his Rule 8008 Motion, which he filed on May 3, 2021, which was within a year of the Fee Order being entered. The Court considered and denied his request for relief against MMM then (Doc. No. 257). Rule 8008(a) makes clear, though "that after an appeal has been pursued, a party seeking under Fed. R. 60(b) to pursue relief from a final order of a bankruptcy court must timely file that motion in the bankruptcy court." In re Salas, 2020 WL 6054783, at *9 (Bankr. D.D.C. Oct. 13, 2020), aff'd, 2022 WL 1154596 (D.D.C. Apr. 19, 2022). The Motions were filed four months after the appeal was dismissed. Accordingly, the Court will consider the relief requested in the Motions.

Grounds for Reconsideration

Addressing the merits, though, Mr. Thakkar has not presented any newly discovered evidence or established a manifest error of law or fact to warrant reconsideration of the Fee Order under either Bankruptcy Rule 9023 or 9024. Mr. Thakkar seeks reconsideration of the Fee Order on the basis that MMM was involved in the Trustee's and GR's disqualifying conflict and that MMM advocated a position adverse to him when it advised the Trustee regarding the Dopp Report on contribution. These arguments do not establish a basis for reconsideration.

MMM's Lack of Involvement in and Knowledge of the Conflict

Mr. Thakkar contends the Court should reconsider the Fee Order because he believes MMM was somehow involved in or had knowledge of the Trustee's and GR's conflict. But Mr. Thakkar presents no evidence to suggest MMM had any involvement in or knowledge of the

8

conflict. His real goal is to conduct discovery.

For MMM to be disqualified as counsel, <u>MMM</u> must not have been disinterested or must have failed to disclose a connection <u>MMM</u> had. The Bankruptcy Code provides "the trustee . . . may employ one or more attorneys . . . that does not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327. To be disinterested, the professional (here MMM) must not have an interest materially adverse to the interest of the estate, or any class of creditors or equity holders. 11 U.S.C. § 101(14). Courts have held a party is "adverse" to the estate if it possesses "either an 'economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant . . . or . . . a predisposition under the circumstances that render such a bias against the estate.'" <u>In re Prince</u>, 40 F.3d 356, 361 (11th Cir. 1994) (citation omitted).

There is no evidence MMM had an interest or relationship with Gateway through NCT or otherwise. There is no evidence MMM represented NCT or Gateway, and there is no evidence MMM worked closely with Mr. Ratner who served as president and director of NCT. MMM is distinct from the Trustee and GR, and the disqualification of the Trustee and GR provides no basis to assume MMM was not disinterested. It was <u>GR</u>'s contact that caused the problem, not MMM's. There is simply no evidence of a relationship between MMM and NCT that would color its independence. Mr. Thakkar has not presented new evidence to suggest such a relationship existed.

At the hearing on the Removal Motions, the Court asked Mr. Glass whether MMM was aware of the NCT engagement letter and GR's involvement with NCT. When asked, "did they have the engagement letter?" Mr. Glass replied, "I do not recall." Mr. Glass was then asked, "[w]ere there ever discussions about the fact GR was retained to be in control of entity with

9

MMM?" Mr. Glass answered, "Not that I recall."

When Mr. Thakkar filed his Rule 8008 Motion, the Court held a hearing on June 3, 2021 at which it heard the same arguments Mr. Thakkar presents now. A motion to reconsider "is not an opportunity to renew arguments considered and rejected by the court, nor is it an opportunity for a party to re-argue a motion because it is dissatisfied with the original outcome." Devinsky v. Kingsford, 2008 WL2704338, at *2 (S.D.N.Y. July 10, 2008). Mr. Thakkar has not presented any new evidence or argument that he did not, or could not have, presented earlier to suggest that MMM had a connection with Gateway through NCT and, accordingly, has not established grounds for reconsideration of the Fee Order.

### MMM's Actions Relating to the Dopp Report

Mr. Thakkar's real problem with MMM is that it advised the Trustee to take or represented the Trustee in taking actions adverse to his interests. Early in the Bay Circle case, the Court awarded Gateway an adequate protection lien on the proceeds of certain contribution claims Bay Circle may have. When the Trustee was appointed, the Court tasked him with investigating whether Bay Circle had a contribution claim, against whom, and the range of possible outcomes. The Trustee retained GR to assist in this. MMM advised Paul Dopp of GR to conduct the analysis for a certain time frame and using a certain number of entities. The Trustee filed a preliminary report regarding the potential contribution claim and then a motion to determine Bay Circle had a contribution claim of $2,675,000 against NRCT. Ultimately, parties were substituted, and the Court tried the case on May 9-11, 2022. The Court has not issued its ruling yet.

Mr. Thakkar believes MMM's advice was weighted in favor of Gateway. He points to an email from counsel at MMM to Walter Jones, counsel for Gateway, sending Mr. Dopp's report regarding Bay Circle's contribution claim in advance of filing the report with the Court. He notes

10

he was not sent a similar email. The Court holds this email is not evidence justifying reconsideration. The email was sent originally on April 25, 2018 and produced as part of discovery provided to Mr. Thakkar's team on September 4, 2020, prior to the entry of the Fee Order. With reasonable diligence, it could have been discovered and presented earlier. Moreover, the email does not establish MMM acted improperly or colluded with Gateway. Since Gateway was prosecuting the motion, it was appropriate for it to see what the Trustee proposed to file. No changes were made between the version sent to Gateway and the version filed with the Court. The Court views this as only a courtesy copy.

Further, the decisions MMM made were about legal theories, and it was MMM's job to advise the Trustee on alternative ways to analyze the contribution claim. The questions about the time period and the denominator are both legal questions. The Court has not yet ruled on which number is proper, but there is a legal basis for both theories. The fact MMM advanced a legal theory different from Mr. Thakkar's, or took actions with which Mr. Thakkar disagreed, is not a basis to conclude MMM was "not disinterested."

More importantly, Mr. Dopp's report has no bearing on the outcome of this case—Mr. Dopp was tasked with conducting an analysis of Bay Circle's contribution claim against NRCT. There is no dispute Sugarloaf paid more than its fair share of the Wells Fargo/Bay Point debt, and the contribution claim does not impact Sugarloaf. The allegations regarding the Dopp Report do not constitute newly discovered evidence or establish a manifest error of law in this case and, accordingly, the Court finds no basis to reconsider the Fee Order under Rule 59.

The foregoing arguments do not establish a basis for reconsideration under Rule 59 or Rule 60(b)(1), (b)(2), or (b)(3). They do not show newly discovered evidence, manifest error of law, or fraud or misrepresentations. Nor do they show "mistake, inadvertence, surprise, or excusable

11

neglect."

Mr. Thakkar has also not established a basis under Rule 60(b)(4) because the Fee Order is not void. The concept of a void judgment is narrowly construed. "A judgment is not void . . . simply because it is or may have been erroneous. . . . . Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) (cites omitted). The Fee Order is not based on any jurisdictional error. Thus, the judgment is not void.

No basis exists for setting aside the Fee Order under Rule 60(b)(5). Most often, Rule 60(b)(5) arises in the context of "institutional reform litigation" or prospective injunctions where the prospective actions are "reviewed for inequitable application because of changed circumstances." Lee v. Marvel Enters., Inc., 765 F.Supp. 2d 440, 451 (S.D. N.Y. 2011). Here, the Fee Order has not been satisfied, released or discharged. It was not based on any earlier judgment that has been reversed or vacated.

Mr. Thakkar has not articulated any basis that justifies relief under Rule 60(b)(6) as to the Fee Order. This section affords the Court some discretion to address issues raised by the parties that necessitate the setting aside of a prior order or judgment. However, it is not meant to supersede the requirements of Rule 60(b)(1) through (5). In other words, a Rule 60(b)(6) motion must be based on some reason other than those stated in clauses (1)-(5). Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1133 (11th Cir. 1986); see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993). The relief available under Rule 60(b)(6) is limited and is meant "only for extraordinary circumstances." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000). To justify relief under Rule 60(b)(6), "a

12

party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." Pioneer, 507 U.S. at 393 (citing Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863 (1988)). The circumstances are not extraordinary to warrant reconsideration of the Fee Order.

**Conclusion**

For the reasons stated above and on the record on July 28, 2022, the Court finds reconsideration is not warranted. The Motions attempt to relitigate matters and raise arguments previously presented; they do not present either newly discovered evidence or establish a manifest error of law or fact. Accordingly, the Court finds no basis for relief under either Rule 59 or Rule 60.

**IT IS ORDERED** that the Motions are **DENIED.**

**END OF DOCUMENT**

**Distribution List**

| | |
|---|---|
| Frank W. DeBorde<br>Lisa Wolgast<br>Morris, Manning & Martin, LLP<br>3343 Peachtree Rd NE, Ste 1600<br>Atlanta, GA 30326 | Ronald L. Glass<br>Glass Ratner Advisory & Capital Group<br>3445 Peachtree Rd NE, Ste 1225<br>Atlanta, GA 30326 |
| Paul Alexander<br>Miller & Martin PLLC<br>1180 W Peachtree St NW, Ste 2100<br>Atlanta, GA 30309-3407 | M. Denise Dotson<br>M. Denise Dotson, LLC<br>PO Box 767<br>Avondale Estates, GA 30002 |
| David Weidenbaum<br>Office of the U.S. Trustee<br>75 Ted Turner Dr SW, Rm 362<br>Atlanta, GA 30303 | Walter E. Jones<br>Balch & Bingham LLP<br>30 Ivan Allen, Jr. Blvd., N.W.<br>Suite 700<br>Atlanta, Georgia 30308 |
| Chittranjan Thakkar<br>3985 Steve Reynolds Blvd<br>Suite L-101<br>Norcross, GA 30093 | Brian J. Levy<br>Valerie K. Richmond<br>Burr & Forman LLP<br>171 17th Street, Suite 1100<br>Atlanta, Georgie 30363 |